UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN HOLINKA,

        Plaintiff,

v.

A.W. CHESTERTON COMPANY, et al.,

        Defendants.

---

**07 CIV 8019**

CIVIL ACTION NO.

NOTICE OF REMOVAL


RECEIVED SEP 12 2007 U.S.D.C. S.D.N.Y. CASHIERS

    PLEASE TAKE NOTICE THAT defendant Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), by and through its undersigned attorneys, hereby removes the above-captioned matter from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C § 1332, on the following grounds:

    1.    On or about September 29, 2006, plaintiff Christian F. Holinka ("Plaintiff") filed a Verified Complaint in the Supreme Court of the State of New York, County of New York, under Index No. 114120-06, *Christian F. Holinka v. A.W. Chesterton Company, et al.* ("State Court Action"). The Verified Complaint repeats and realleges the NYAL – Weitz & Luxenberg, P.C. Standard Asbestos Complaint For Personal Injury No. 7 filed in the Supreme Court of the State of New York, County of New York, under Index No. 40,000/88. A true and correct copy of the Verified

Complaint and the Master Complaint are annexed hereto as **Exhibit A** to the accompanying Declaration of Timothy J. Fraser.[1]

2. Federal diversity jurisdiction now exists in this matter pursuant to 28 U.S.C. § 1332, as amended, which provides for original jurisdiction of all civil actions in the District Court between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Plaintiff Holinka is a resident of New York.

4. Defendant Baxter is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois.. *See* Fraser Decl. at ¶ 4.

5. Defendant Fisher is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Hampshire. *See* Fraser Decl. ¶5

8. Defendant VWR is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania. See Fraser Decl. ¶6.

9. Defendant Univar USA, Inc. is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Washington. See Fraser Decl. ¶7.

10. On September 12, 2007, counsel for Plaintiff, Mr. James Long, notified the State Court, Justice Joan A. Madden presiding, in open court, and all parties that all defendants in the State Court Action have been dismissed, with the exception of Baxter,

---

[1] All remaining Exhibits cited in this Notice of Removal are Exhibits to the Declaration of Brenda N. Buonaiuto.

Fisher Scientific International, Inc. ("Fisher"), and VWR International, Inc. ("VWR").[2] *See* Fraser Decl. ¶3. Mr. Long confirmed this verbal statement through a written document, entitled May 2007 IN EXTREMIS GROUP – J. MADDEN TRIAL GROUP – WEITZ and LUXENBERG, which he provided in person, by hand, to counsel for Baxter, on September 12, 2007. *Id.* This document is attached as **Exhibit B** and lists the only remaining defendants in this action as Baxter, Fisher, and VWR.[3] *Id.* This notice received on September 12, 2007 is the first notice that Baxter had that complete diversity exists in this action. *Id.* Indeed, as of September 11, 2007, the New York City Asbestos Ligitation ("NYCAL") website indicated that the list of defendants then still in each case included Union Carbide, a non-diverse defendant. *Id.*, Exh. C.

11.    Accordingly, diversity of citizenship now exists between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332, as amended.

12.    Plaintiff's Master Complaint alleges several causes of action, each of which seeks recovery against each defendant in the sum of $10,000,000 in compensatory damages and $10,000,000 in punitive damages. Further, I have reviewed reports of verdicts and settlements in cases in this judicial district, in actions claiming injuries of the nature alleged by plaintiff from alleged exposure to asbestos. Based on that review, it is reasonably believed that if Plaintiff succeeded in proving his allegations in this action, he would recover in excess of $75,000, exclusive of interest and costs. In addition, Plaintiff's settlement demands are well in excess of this jurisdictional minimum. See Fraser Decl. ¶ 9.

---

[2] The remaining defendants are in fact Baxter, Fisher, VWR and Univar USA, Inc. Plaintiff has consistently referred to VWR and Univar collectively as "VWR" in this litigation. VWR disputes that it is a successor in interest to Van Waters & Rogers.

13. Accordingly, this action is one over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This action thus may be removed to this Court pursuant 28 U.S.C. § 1441(a).

14. This Notice is filed within the time prescribed by 28 U.S.C. § 1446(b), as amended. Defendants have filed this Notice of Removal within one (1) year of commencement of the action and within thirty (30) days of when this case first became removable.

15. All defendants remaining in this action have consented in the removal of this action federal court. See Fraser Decl. . ¶ 8, Exh. D.

/ / /

/ / /

/ / /

---

[3] See footnote 1, above.

16. A copy of a Notice of Filing of Notice of Removal is annexed to the accompanying Declaration of Timothy J. Fraser as **Exhibit E**. Promptly after filing this Notice, Baxter will file a copy of the Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of New York and will serve that Notice on Plaintiff as required under 28 U.S.C. § 1446(d).

*Dated*: September 12, 2007

    New York, New York

                      Respectfully submitted,
                      **DRINKER BIDDLE & REATH LLP**

                      By: Timothy Fraser
                      140 Broadway, 39th Floor
                      New York, NY 10005
                      Tel. (212) 248-3140
                      Attorneys for Defendant
                      BAXTER HEALTHCARE CORPORATION

TO:    **WEITZ & LUXENBERG, P.C.**
        James Long
        180 Maiden Lane
        New York, NY 10038-4925
        Phone: (212) 558-5500
        Attorneys for Plaintiff

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**
Kristy Kulina Lyons
40 Paterson Street
New Brunswick, New Jersey 08901
(732) 545-4717
Attorneys for Defendant
Fisher Scientific International Inc.

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Carol M. Tempesta, Esq.
530 Saw Mill River Road
Elmsford, NY 10523
Attorneys for Defendant
VWR International, Inc. and Univar USA Inc.