UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN HOLINKA,

    Plaintiff,

v.

A.W. CHESTERTON COMPANY, et al.,

    Defendants.

---

CIVIL ACTION NO.

07 CIV 8019

**DECLARATION OF TIMOTHY J. FRASER IN SUPPORT OF NOTICE OF REMOVAL**

JUDGE STEIN

I, Timothy J. Fraser, declare:

  1. I am an attorney licensed to practice in the State of New York and am admitted to practice in the Southern District of New York. I am an associate with Drinker Biddle & Reath, LLP, attorneys for Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter") in this action. I make this Declaration based on my personal knowledge, in support of Baxter's removal of *Christian F. Holinka v. A.W. Chesterton Company, et al.*, Supreme Court of the State of New York, County of New York, Index No. 114120-06 (the "State Court Action"), to this Court. I would and could competently testify to the matters stated in this Declaration if called as a witness.

  2. A true and correct copy of the Complaint in this action, filed by plaintiff Christian F. Holinka ("Plaintiff") in the State Court Action, together with the NYAL – Weitz & Luxenberg, P.C. Standard Asbestos Complaint For Personal Injury No. 7, on September 29, 2006, is attached hereto as **Exhibit A**.

3.  On September 12, 2007, counsel for Plaintiff, Mr. James Long, notified the State Court, Justice Joan A. Madden presiding, in open court, and all parties that all defendants in the State Court Action have been dismissed, with the exception of Baxter, Fisher Scientific International, Inc. ("Fisher"), and VWR International, Inc. ("VWR").[1] Counsel for Plaintiff, Mr. James Long, confirmed this verbal statement through a written document, entitled May 2007 IN EXTREMIS GROUP – J. MADDEN TRIAL GROUP – WEITZ and LUXENBERG, which he provided in person, by hand, to counsel for Baxter, on September 12, 2007. This document is attached as **Exhibit B** and lists the only remaining defendants in this action as Baxter, Fisher, and VWR.[2] This notice received on September 12, 2007 is the first notice that Baxter had that complete diversity exists in this action. (Indeed, as of September 11, 2007, the New York City Asbestos Ligitation ("NYCAL") website indicated that the list of defendants then still in each case included Union Carbide, a non-diverse defendant. A true and correct copy of that listing is attached as **Exhibit C**.)

4.  Defendant Baxter is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois.

5.  Defendant Fisher is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Hampshire.

---

[1] The remaining defendants are in fact Baxter, Fisher, VWR and Univar USA, Inc. Plaintiff has consistently referred to VWR and Univar collectively as "VWR" in this litigation. VWR disputes that it is a successor in interest to Van Waters & Rogers.

[2] See footnote 1, above.

2

6.  Defendant VWR is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania.

7.  Defendant Univar USA, Inc. is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Washington.

8.  All defendants remaining in this action have consented in the removal of this action federal court. Attached as **Exhibit D** are consents to this removal on behalf of Fisher, VWR, and Univar USA, Inc. (VWR and Univar are represented in this action by the same counsel).

9.  Plaintiff's Master Complaint alleges several causes of action, each of which seeks recovery against each defendant in the sum of $10,000,000 in compensatory damages and $10,000,000 in punitive damages. Further, I have reviewed reports of verdicts and settlements in cases in this judicial district, in actions claiming injuries of the nature alleged by plaintiff from alleged exposure to asbestos. Based on that review, it is reasonably believed that if Plaintiff succeeded in proving his allegations in this action, he would recover in excess of $75,000, exclusive of interest and costs. In addition, Plaintiff's settlement demands are well in excess of this jurisdictional minimum.

/ / /

/ / /

/ / /

10. A copy of a Notice of Filing of Notice of Removal is annexed hereto as **Exhibit E**. Promptly after filing the Notice of Filing of Notice of Removal, Defendants will serve that Notice on Plaintiff and file a copy of the Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, as required under 28 U.S.C. § 1446(d).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 12, 2007.

_____
Timothy J. Fraser