Timothy J. Fraser, Esq. (TF 8021)
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
Tel. (973) 360-1100
Attorneys for Defendant
Baxter Healthcare Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN HOLINKA,<br><br>          Plaintiff,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION, FISHER SCIENTIFIC INTERNATIONAL, INC., VWR INTERNATIONAL, INC., and UNIVAR USA, INC.,<br><br>          Defendants. | ECF CASE<br><br>Civil Action No. 07 CIV 8019 (SHS)<br><br>**DEFENDANT BAXTER HEALTHCARE CORPORATION'S APPLICATION TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION** |

Defendant Baxter Healthcare Corporation ("Baxter") hereby applies to the Court for a stay of all proceedings in this case pending transfer to MDL 875, *In Re Asbestos Products Liability Litigation* ("MDL 875") and as grounds submits the following:

### I. INTRODUCTION

This case is one of many which have been filed by plaintiffs in various courts around the country alleging asbestos-related injury. On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML") created MDL 875, ruling that all federal actions involving allegations of personal injury or wrongful death caused by asbestos be centralized for pre-trial purposes in the United States District Court for the Eastern District of Pennsylvania, Case Number 2:01-MD-00875-JG. Thousands of cases have since been transferred to MDL 875, via the JPML "tag-

along" procedures. Baxter is requesting, concurrently with the filing of this Application, that the JPML deem this action a "tag-along" and transfer it to MDL 875.

Accordingly, to conserve judicial resources and to prevent inconsistent pretrial orders, Baxter applies to this Court for a stay of this case pending transfer to MDL 875.

## II.    A STAY OF PROCEEDINGS IS WARRANTED AND APPROPRIATE

The proceedings in this case should be stayed pending transfer to MDL 875, as such a stay would facilitate the uniform and efficient resolution of pretrial issues common to all federal asbestos cases. Title 28, section 1407(a) of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." The primary purpose of consolidating such cases is "to eliminate duplicative discovery, prevent inconsistent pretrial rulings [ ]; conserve the resources of the parties, their counsel and the judiciary" and avoid conflicting scheduling requirements. *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp.2d 1383, 1384 (J.P.M.L. 2001): *In re Eastern Airlines, Inc., Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same).

To serve the purposes of consolidation, stays are frequently granted pending the issuance of a conditional transfer order by the JPML deeming an action a "tag-along." *See, e.g., Bonilla v. Merck & Co., Inc.*, Slip Op., 2007 WL 952040 (W.D.N.Y.) (stay of removed case warranted pending transfer to JPML). Indeed, the absence such stays would invite the very problems the MDL proceedings were designed to avoid.

### III. CONCLUSION

The JPML has consolidated the federal asbestos litigation, and the MDL Court has been coordinating pretrial proceedings in that litigation for over a decade. As such, the Court should stay this action pending transfer to MDL 875 to achieve the judicial economies that underlie the MDL Litigation Procedures.

> DRINKER BIDDLE & REATH LLP
> Attorneys for Defendant
> Baxter Healthcare Corporation
>
> By: */s/ Timothy J. Fraser*
>      Timothy J. Fraser (TF 8021)

## CERTIFICATE OF SERVICE

TIMOTHY J. FRASER, being of full age, declares as follows:

1. I am an attorney at law of the State of New York, admitted to the Southern District of New York and associated with the law firm of Drinker Biddle & Reath LLP, attorneys for defendant Baxter Healthcare Corporation ("Baxter"). I have personal knowledge of the facts set forth herein.

2. On September 14, 2007, I caused Baxter's application to stay proceedings pending transfer to multidistrict litigation to be filed electronically with the Southern District of New York and to be served by Federal Express upon:

> James Long, Esq.
> Weitz & Luxenberg
> 180 Maiden Lane
> New York, New York 10038-4925
>
> Kristy K. Lyons, Esq.
> Hoagland, Longo, Moran, Dunst & Doukas, LLP
> 40 Patterson Street
> P.O. Box 480
> New Brunswick, NJ 08903
>
> Carol M. Tempesta, Esq.
> Marks, O'Neill, O'Brien & Courtney, P.C.
> 530 Saw Mill River Road
> Elmsford, NY 10523

3. The foregoing statements made by me are true. I am aware that if any of these statements are willfully false, I may be subject to punishment.

/s/ Timothy J. Fraser
Timothy J. Fraser

Dated: September 14, 2007