Timothy J. Fraser (TF 8021)
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
Tel. (973) 360-1100
Attorneys for Defendant
Baxter Healthcare Corporation

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN HOLINKA,<br><br>      Plaintiff,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION, FISHER SCIENTIFIC INTERNATIONAL, INC., VWR INTERNATIONAL, INC., and UNIVAR USA, INC.,<br><br>      Defendants. | ECF CASE<br><br>Civil Action No. 07-8019 (SHS)<br><br>**AMENDED NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT defendant Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), by and through its undersigned attorneys, hereby removes the above-captioned matter from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C § 1332, on the following grounds:

  1.  On or about September 29, 2006, plaintiff Christian F. Holinka ("Plaintiff") filed a Verified Complaint in the Supreme Court of the State of New York,

County of New York, under Index No. 114120-06, *Christian F. Holinka v. A.W. Chesterton Company, et al.* ("State Court Action"). The Verified Complaint repeats and realleges the NYAL – Weitz & Luxenberg, P.C. Standard Asbestos Complaint For Personal Injury No. 7 filed in the Supreme Court of the State of New York, County of New York, under Index No. 40,000/88. A true and correct copy of the Verified Complaint and the Master Complaint are annexed hereto as **Exhibit A** to the Declaration of Timothy J. Fraser, dated September 12, 2007 ("Fraser Decl.").[1]

2. Federal diversity jurisdiction now exists in this matter pursuant to 28 U.S.C. § 1332, as amended, which provides for original jurisdiction of all civil actions in the District Court between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Plaintiff is a resident of New York.

4. Defendant Baxter is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois. *See* Fraser Decl. at ¶ 4. Baxter was served with the Verified Complaint on or about October 17, 2006. *See* Supplemental Declaration of Timothy J. Fraser, dated September 19, 2007 ("Supp. Decl."), at ¶ 2.

5. At the time of the filing of the State Court Action, Defendant Fisher Scientific, Inc. ("Fisher") was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Hampshire. Fisher is now a corporation organized and existing under the laws of the State of Delaware, with its

---

[1] All remaining Exhibits cited in this Notice of Removal are Exhibits to the Declaration of Timothy J. Fraser.

2

principal place of business in Massachusetts. Fisher was served with the Verified Complaint on or about October 19, 2006. *See* Supp. Decl. at ¶ 3.

6.  Defendant VWR International, Inc. ("VWR") is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania. *See* Fraser Decl. at ¶6. VWR was served with the Verified Complaint on or about October 13, 2006. *See* Supp. Decl. at ¶ 4.

7.  Defendant Univar USA, Inc. ("Univar") is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Washington. *See* Fraser Decl. at ¶7. Univar was served with the Verified Complaint on or about October 11, 2006. *See* Supp. Decl. at ¶ 5.

8.  On September 12, 2007, counsel for Plaintiff, Mr. James Long, notified the State Court, Justice Joan A. Madden presiding, in open court, and all parties that all defendants in the State Court Action have been dismissed, with the exception of Baxter, Fisher, and VWR.[2] *See* Fraser Decl. at ¶3. Mr. Long confirmed this verbal statement through a written document, entitled May 2007 IN EXTREMIS GROUP – J. MADDEN TRIAL GROUP – WEITZ and LUXENBERG, which he provided in person, by hand, to counsel for Baxter, on September 12, 2007. *Id.* This document is attached as **Exhibit B** and lists the only remaining defendants in this action as Baxter, Fisher, and VWR.[3] *Id.* This notice received on September 12, 2007, is the first notice that Baxter had that

---

[2] The remaining defendants are in fact Baxter, Fisher, VWR and Univar. Plaintiff has consistently referred to VWR and Univar collectively as "VWR" in this litigation. VWR disputes that it is a successor in interest to Van Waters & Rogers.

complete diversity exists in this action. *Id.* Indeed, as of September 11, 2007, the New York City Asbestos Ligitation ("NYCAL") website indicated that the list of defendants then still in each case included Union Carbide, a non-diverse defendant. *Id.*, Exh. C.

9.  Accordingly, diversity of citizenship now exists between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332, as amended.

10. Plaintiff's Master Complaint alleges several causes of action, each of which seeks recovery against each defendant in the sum of $10,000,000 in compensatory damages and $10,000,000 in punitive damages. Further, I have reviewed reports of verdicts and settlements in cases in this judicial district, in actions claiming injuries of the nature alleged by plaintiff from alleged exposure to asbestos. Based on that review, it is reasonably believed that if Plaintiff succeeded in proving his allegations in this action, he would recover in excess of $75,000, exclusive of interest and costs. In addition, Plaintiff's settlement demands are well in excess of this jurisdictional minimum. *See* Fraser Decl. at ¶ 9.

11. Accordingly, this action is one over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This action thus may be removed to this Court pursuant 28 U.S.C. § 1441(a).

12. This Amended Notice of Removal is filed within the time prescribed by 28 U.S.C. § 1446(b), as amended. Defendants have filed this Amended Notice of Removal within one (1) year of commencement of the action and within thirty (30) days of when this case first became removable.

---

[3] See footnote 2, above.

13.     All defendants remaining in this action have consented in the removal of this action federal court. *See* Fraser Decl. at ¶ 8, Ex. D.

14.     A copy of a Notice of Filing of Notice of Removal is annexed as **Exhibit E** to the Declaration of Timothy J. Fraser, dated September 12, 2007. On September 12, 2007, promptly after filing the Notice of Removal, Baxter filed a copy of the Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of New York and served that Notice on Plaintiff as required under 28 U.S.C. § 1446(d). *See* Supp. Decl. at ¶ 6.

*Dated*: September 19, 2007
        New York, New York

                                Respectfully submitted,
                                **DRINKER BIDDLE & REATH LLP**


                                    */s/ Timothy J. Fraser*
                            By: Timothy Fraser
                                140 Broadway, 39th Floor
                                New York, NY 10005
                                Tel. (212) 248-3140
                                Attorneys for Defendant
                                BAXTER HEALTHCARE CORPORATION

TO:     **WEITZ & LUXENBERG, P.C.**
        James Long
        180 Maiden Lane
        New York, NY 10038-4925
        Phone: (212) 558-5500
        Attorneys for Plaintiff

        **HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**
        Kristy Kulina Lyons
        40 Paterson Street
        New Brunswick, New Jersey 08901
        (732) 545-4717
        Attorneys for Defendant
        Fisher Scientific International Inc.

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Carol M. Tempesta, Esq.
530 Saw Mill River Road
Elmsford, NY 10523
Attorneys for Defendant
VWR International, Inc. and Univar USA Inc.

## CERTIFICATE OF SERVICE

TIMOTHY J. FRASER, being of full age, declares as follows:

1. I am an attorney at law of the State of New York, admitted to the Southern District of New York and associated with the law firm of Drinker Biddle & Reath LLP, attorneys for defendant Baxter Healthcare Corporation ("Baxter"). I have personal knowledge of the facts set forth herein.

2. On September 19, 2007, I caused Baxter's Amended Notice of Removal and the Supplemental Declaration of Timothy J. Fraser to be filed electronically with the Southern District of New York and to be served by Federal Express upon:

> James Long, Esq.
> Weitz & Luxenberg
> 180 Maiden Lane
> New York, New York 10038-4925
>
> Kristy K. Lyons, Esq.
> Hoagland, Longo, Moran, Dunst & Doukas, LLP
> 40 Patterson Street
> P.O. Box 480
> New Brunswick, NJ 08903
>
> Carol M. Tempesta, Esq.
> Marks, O'Neill, O'Brien & Courtney, P.C.
> 530 Saw Mill River Road
> Elmsford, NY 10523

3. The foregoing statements made by me are true. I am aware that if any of these statements are willfully false, I may be subject to punishment.

/s/ Timothy J. Fraser
Timothy J. Fraser

Dated: September 19, 2007

SFN.BFN.B3393429v1