SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

CHRISTIAN F. HOLINKA,

                Plaintiff(s)

        -v-

A.W. CHESTERTON COMPANY, et al.

               Defendants.

---------------------------------------------------------------x

NYCAL

Index No. 114120-06

**VERIFIED ANSWER
AND CROSS-CLAIMS
OF DEFENDANT
LENNOX INDUSTRIES
INC.**

FILED

OCT 1 9 2006

NEW YORK
COUNTY CLERK'S OFFICE

      Defendant Lennox Industries Inc. ("Lennox"), by its attorneys, Darger & Errante, LLP, answers the Verified Complaint (the "Complaint") of Christian F. Holinka as follows:

      1.      The allegations contained in paragraph 1 of the Complaint are conclusions to which no response is required; to the extent a response is required, Lennox denies the allegations contained in paragraph 1 of the Complaint.

      2.      Lennox denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 15 (inclusive) of the Complaint.

      3.      Lennox denies the allegations contained in paragraph 16 of the Complaint.

      4.      Lennox denies the allegations contained in paragraph 17 of the Complaint, states that the allegations are vague as to the time period referenced and as to the meaning of the phrase "should have expected its acts to have consequences within the State of New York," except admits that it is a foreign corporation and does business in the State of New York.

      5.      Lennox denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs 18 through 25 (inclusive) of the Complaint.

## ANSWER TO ALLEGATIONS OF NYAL-WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7 (THE "STANDARD COMPLAINT")

1.      Lennox denies the truth of the allegations contained in paragraphs 1 through 235 (inclusive) of the Standard Complaint insofar as they are directed at Lennox, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs.

### FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state cognizable claims as against Lennox.

### FOR A SECOND AFFIRMATIVE DEFENSE

While denying plaintiff's allegations with respect to liability, to the extent that negligence or culpable conduct may be proven, the acts of Lennox are not a proximate cause of any injuries to plaintiff.

### FOR A THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to comply with the most minimal pleading requirements.

### FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint herein and the claims made by plaintiff was not commenced within the time limited by law, the Amended Complaint is barred by the applicable statute of limitations, and/or laches.

### FOR A FIFTH AFFIRMATIVE DEFENSE

That in the event that plaintiff used any asbestos-containing product(s), said product(s) was misused, or improperly used, which misuse or improper use proximately caused and

2

contributed, in whole or in part, to the claims alleged by plaintiff in the Amended Complaint.

### FOR A SIXTH AFFIRMATIVE DEFENSE

That to the extent that plaintiff failed and neglected to maintain this action in a swift, diligent and timely fashion, the plaintiff's Amended Complaint is barred by waiver and laches.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

That the injuries and/or illnesses to plaintiff, if any, is unrelated to any act or omission of Lennox or any individual acting under its direction or control.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in this Amended Complaint.

### FOR A NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries and damages as alleged, the same were caused, in whole or in part, by the conduct of one or more persons or entities over whom Lennox exercised no control and with whom Lennox had no legal relationship.

### FOR A TENTH AFFIRMATIVE DEFENSE

That to the extent that Lennox conformed to the scientific knowledge and research data available to industry and the scientific community, Lennox shall have fulfilled its obligations, if any, herein, and the plaintiff's claims shall be barred, in whole or in part.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE

That to the extent that the plaintiff alleges rights hereunder assertedly derived from oral warranties, statements, or undertakings on the part of Lennox, the Amended Complaint is barred by the applicable statute of frauds.

3

## FOR A TWELFTH AFFIRMATIVE DEFENSE

That to the extent that the claims pleaded by plaintiff herein fail to accord with the Uniform Commercial Code, including, but not limited to Section 2-725 thereof, plaintiff's Amended Complaint is barred.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That to the extent that any of the products for which liability is charged herein to Lennox, which is denied, were modified, altered, qualified, assembled or in any other way materially varied, which same may be causally related to the claims of plaintiff, the action of plaintiff is barred herein.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

That the cause(s) of action pleaded in the Amended Complaint insofar as they assert an alleged cause of action for express and/or implied warranties and the alleged breaches thereof, as against Lennox, is legally insufficient by reason of the failure to allege privity of contract and/or privity of warranties between the plaintiff and Lennox.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, that insofar as the plaintiff relies upon allegations of negligence, breaches of warranties, fraudulent representations, and violations of obligations of strict products liability as against Lennox prior to September 1, 1975, said causes of action fail to state facts sufficient to constitute causes of action against Lennox by reason of the failure to allege the freedom of the plaintiff from contributory negligence or fault; and that if plaintiff sustained the injuries, losses and other damages complained of in the Amended Complaint, they were caused and brought about, in whole or in part, by the negligence, carelessness, assumptions of risks, fault or the culpable conduct of plaintiff.

4

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE

That the injuries and/or illnesses to plaintiff, if any, arose, in whole or in part out of the risks, hazards and dangers incident to the occupation of the plaintiff, all of which, whether related to asbestos or not, were open, obvious and well known to plaintiff, and the plaintiff's claims are barred by virtue of its assumption of the risks thereof.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Lennox complied with all safety rules and regulations in effect at the relevant times and acted reasonably in all of its activities.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

That to the extent that the use, application, employment, surrounding conditions, safety precautions and other circumstances attendant upon the material allegedly used by the plaintiff were determined, controlled, selected or limited by him and/or by others for whose acts, omissions, or breach Lennox is not liable, the Amended Complaint is barred, in whole or in part.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE

That the injuries and/or illnesses to plaintiff, if any, are governed by the applicable Workmen's Compensation statutes and shall have constituted an industrial disability and the exclusive remedy, if any, shall lie within the terms and ambit of said statutes.

5

### FOR A TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, that if plaintiff sustained any of the injuries, losses and damages complained of in the Amended Complaint, such injuries, losses and damages were caused or brought about, in whole or in part, by the negligence, carelessness, assumptions of risks, fault or other culpable conduct of parties or third parties to this action, other than Lennox and over whom Lennox had neither control nor right of control.

### FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, that if plaintiff sustained any of the injuries, losses and damages complained of in the Amended Complaint, such injuries, losses and damages were caused or brought about, in whole or in part, by the negligence, carelessness, assumptions of risks, fault or other culpable conduct of plaintiff.

### FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, that any recovery herein by the plaintiff, if any, must be diminished and reduced in the proportion which the said culpable conduct of the plaintiff bears to the alleged culpable conduct of Lennox, if any, which allegedly caused said injuries, losses and damages.

### FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

At all times during the conduct of their corporate operations, the agents, servants and/or employees of Lennox complied with all applicable law, regulations, standards and the available knowledge and technology of the medical, scientific and industrial communities.

6

## FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all times material hereto, the state of the medical, industrial and scientific arts, knowledge and technology was that there was no generally accepted or recognized nature of asbestos-containing products when used in the manner and for the purposes intended, so that there was no duty by Lennox to know of such character or nature or to warn plaintiff or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

## FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

The parties, other than Lennox, who were responsible for the conditions of the plaintiff's work environment were sophisticated purchasers upon whom devolved all responsibility for the use of the products referred to in plaintiff's Amended Complaint.

## FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event it should be proven at the time of trial that all the defendants are subject to liability, then, Lennox's share of such liability would be of such a *de minimus* amount as to make its contribution for damages negligible, and Lennox would be entitled to contribution, either in whole or in part, from the co-defendants not represented by this Verified Answer.

## FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The action cannot proceed in the absence of all parties who should be named in accordance with Rule 19 of the Federal Rules of Civil Procedure and/or CPLR 1001.

## FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Proceeding in this matter without Johns-Manville, Unarco, Amatex, Pacor, Forty-Eight Insulation, Owens-Corning and/or Standard Insulations, W.R. Grace and all other entities in

7

Bankruptcy relating thereto, would be in violation of Lennox's constitutional rights.

## FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff relies on the New York Law, L. 1986. c. 682, Section 4 as grounds for reviving or maintaining the action, said statute(s) is unconstitutional and deprives Lennox of its constitutional rights and is wholly void and unenforceable.

## FOR A THIRTIETH AFFIRMATIVE DEFENSE

To the extent that any breach of warranty is alleged, plaintiff failed to give proper and prompt notice of any such breach of warranty to Lennox.

## FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Any recovery by the plaintiff herein must be reduced by collateral source payments pursuant to CPLR Section 4545.

## FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiff contributed to its injuries by the use or misuse, either in whole or in part, of other substances, products, medications and drugs, including, but not limited to any tobacco products, any liability should be reduced by the extent of any use and/or injuries related thereto or caused thereby pursuant to the Restatement of Torts (Second) §433A.

## FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

That if plaintiff was caused to sustain personal injuries at the time and place set forth in the Amended Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than that of plaintiff, then the said damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or warranty and/or contract in fact or implied-in-

8

law, upon the part of the co-defendants and third-party defendants now or hereafter named, with

indemnification and/or contribution due to Lennox as implied-in-fact or implied-in-law; and if

Lennox is found liable as to plaintiff and/or any third-party plaintiffs for the injuries and damages set

forth in plaintiff's Amended Complaint and/or the third-party complaints, then the said co-

defendants and third-party defendants now or hereafter named will be liable jointly and severally to

Lennox and will be bound to fully indemnify and hold Lennox harmless for the full amount of any

verdict or judgment; and/or Lennox is entitled to contribution, in whole or in part, from each of the

co-defendants and third-party defendants now or hereafter named, together with the costs and

disbursements incurred in the defense of this action.

### FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff was exposed to welding fumes or other foreign toxic

substances, any liability should be reduced to the extent any injuries are related to thereto or caused

thereby.

### FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks punitive damages against Lennox and relies on Section 4 of

the New York Laws 1986, c. 682 as grounds for reviving or maintaining the action, such damages

are improper and are not authorized by law since this statute does not revive any claims for punitive

damages, leaving such claims time barred in their entirety.

## FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks punitive damages against Lennox, these damages are improper and unwarranted, not authorized by law, and are unconstitutional. Subjecting Lennox to multiple trials and the multiple imposition of punitive damages for a single course of conduct is a violation of both substantive and procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York. Furthermore, the standard governing the award of punitive damages is constitutionally void for vagueness.

## FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

That the injuries and/or illnesses, if any, sustained by plaintiff, were caused or contributed to by the fault, neglect, and want of care on the part of the plaintiff, or on the part of others for whose acts or omissions or breach of legal duty, and Lennox is not liable.

## FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under New York state law by a jury would violate defendant's privileges and immunities, due process and equal protection rights guaranteed under the Fourteenth Amendment to the United States Constitution, and the Commerce Clause under Article I to the United States Constitution, as well as the New York Constitution; and would be improper under the common law and public policies of New York.

## FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Lennox pleads comment k to the Restatement (Second) of Torts, Section 402A.

## FOR A FORTIETH AFFIRMATIVE DEFENSE

Each of plaintiff's claims are barred by prior accord and satisfaction.

10

**FOR A FORTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that the physically injured plaintiff's alleged asbestos exposure occurred prior to the date of his/her marriage, no loss of consortium claim may be asserted.

**FOR A FORTY-SECOND AFFIRMATIVE DEFENSE**

The plaintiff's claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

**FOR A FORTY-THIRD AFFIRMATIVE DEFENSE**

Article 16 of the Civil Practice Law and Rules applies to this action and pursuant to the law of New York, the liability, if any, of Lennox for non-economic loss is not joint and several but shall be limited to the proportionate share, if any, attributed to Lennox.

**FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE**

Lennox's activities and undertakings were conducted in a reasonable fashion, without recklessness, malice or wantonness, and the plaintiff may not recover herein any compensatory, exemplary or punitive damages against Lennox.

**FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE**

Lennox asserts that this Court lacks personal jurisdiction over this action.

**FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE**

Lennox asserts that this Court lacks subject matter jurisdiction over this action.

**FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Lennox gave, made or otherwise extended no warranties, whether express or implied, upon which plaintiff has a right to rely.

11

## FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

Lennox denies specifically that, during the periods of exposure alleged in the Amended Complaint by the plaintiff, it processed, manufactured, designed, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce a substantial and/or any percentage of the asbestos-containing products to which the physically injured plaintiff was caused to come into contact and which plaintiff was caused to breathe, inhale and digest which thereby caused plaintiff's alleged injuries and resulting damages alleged in the Amended Complaint.

## FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed on grounds of improper venue and/or *forum non conveniens*.

## FOR A FIFTIETH AFFIRMATIVE DEFENSE

If the plaintiff sustained the injuries and damages as alleged, such injuries and damages are the result of an idiosyncratic reaction, rather than the result of any negligence or breach of duty attributable in any manner to Lennox.

## FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

The physically injured plaintiff may have significant pre-existing medical histories that were the causative factor of the alleged injuries.

## FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

Lennox asserts that, in all respects, it conducted its operations in a reasonable manner.

## FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE

If the plaintiff sustained the injuries and damages as alleged, such injuries and

12

damages are the result of an operation of nature, rather than the result of want of care or breach of duty by Lennox.

### FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE

Any verdict or judgment against any defendant, including Lennox, is entitled to reduction pursuant to General Obligations Law § 15-108, on the basis of prior settlements and/or compromises.

### FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE

All defenses that have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiff's Amended Complaint.

### FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE

Lennox reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which plaintiff bases its claims for relief, and upon completion of further discovery.

### ANSWER TO CROSS-CLAIMS BY CO-DEFENDANTS

Lennox denies any and all cross-claims for contribution and/or indemnification that have been asserted or may be asserted at any time by co-defendants in this matter.

### CROSS-CLAIM AGAINST CO-DEFENDANTS
### AND THIRD-PARTY DEFENDANTS

That if the plaintiff was caused to sustain personal injuries at the time and place set forth in the Amended Complaint and alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than that of the plaintiff, then the said damage arose out of the carelessness, recklessness, acts, omissions,

13

negligence and breaches of duty and/or warranty and/or contract in-fact or implied-in-law, upon the part of the co-defendants and third-party defendants now or hereafter named herein with indemnification and/or contribution to Lennox as implied-in-fact or implied-in-law; and if Lennox is found liable as to the plaintiff and/or third-party plaintiff(s) for the injuries and damages set forth in the plaintiff's Amended Complaint and/or in any third-party complaint(s), then the said co-defendants and third-party defendants will be liable jointly and severally to Lennox and should indemnify and hold Lennox harmless for the full amount of any verdict or judgment; or in the alternative, Lennox is entitled to contribution, in whole or in part, from each of the co-defendants and third-party defendants now or hereafter named herein, together with the costs and disbursements incurred in the defense of this action.

**WHEREFORE,** Lennox demands judgment dismissing the Amended Complaint herein; or in the alternative demands judgment over and against the co-defendants and third-party defendants now and hereafter named on the basis of indemnification or contribution for all or part of any verdict or judgment, together with its costs and disbursements; and such other and further relief as this Court deems appropriate.

      Dated: New York, New York
           October 17, 2006

                       DARGER & ERRANTE LLP

                       By: Jennifer W. Darger, Esq.
                       Attorneys for Defendant
                       Lennox Industries Inc.
                       116 E. 27th St., 12th Floor
                       New York, NY 10016
                       (212) 452-5300

TO:    Benjamin Darche, Esq.
        WEITZ & LUXENBERG, P.C.
        Attorneys for Plaintiffs
        180 Maiden Lane
        New York, NY 10038
        (212) 558-5500

ALL DEFENSE COUNSEL

15

**VERIFICATION**

STATE OF NEW YORK    )
                               : ss.
COUNTY OF NEW YORK  )

shows:            The undersigned attorney admitted to practice in the Courts of New York State Deponent is a member of the firm of Darger & Errante LLP, counsel for defendant, Lennox Industries Inc., in the within action; deponent has read the foregoing Answer and Cross-Claims of Lennox Industries Inc. and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters deponent believes them to be true. Deponent further states that the reason this verification is made by deponent and not by defendant is because the defendant is a foreign corporation.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: records, reports and correspondence in deponent's file.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

JENNIFER DARGER

Dated: October 17, 2006

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) SS:
COUNTY OF NEW YORK  )

MARY DELIO, being duly sworn, deposes and says:

I am over the age of 18 years and not a party to this action and reside in the County of New York, State of New York. On October _17_ 2006, I served the within Answer, Affirmative Defenses and Cross-Claim, and Answer to All Cross-Claims of Lennox Industries Inc. upon the attorneys for plaintiffs by depositing a true and exact copy of same, enclosed in a post-paid properly addressed envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
MARY DELIO

Sworn to before me this
_17_ th day of _October_ , 2006

_____
NOTARY PUBLIC

PHYLLIS GOODFRIEND
Notary Public, State of New York
No. 31-4799361
Qualified in New York County
Commission Expires Apr. 30, 20 _07_