SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X    NYCAL
IN RE NEW YORK COUNTY                                                I.A.S. Part 39
ASBESTOS LITIGATION                                                  (Freedman, J.)
-----------------------------------------------------------------X
This document Relates to:
CHRISTIAN F. HOLINKA                                                 Index No. 114120-06

          Plaintiff,                                                 **VERIFIED ANSWER AND**
                                                                     **AFFIRMATIVE DEFENSES**
          -against-                                                  **TO VERIFIED COMPLAINT AND**
                                                                     **JURY DEMAND OF DEFENDANT**
A.W. CHESTERTON COMPANY, et al.                                      **BAXTER HEALTHCARE**
                                                                     **CORPORATION**
          Defendants.
-----------------------------------------------------------------X

*FILED*

*NOV 27 2006*

*NEW YORK COUNTY CLERK'S OFFICE*

          Defendant Baxter Healthcare Corporation ("Baxter"), erroneously sued herein as

"Baxter Healthcare Corporation, individually and as successor in interest to American

Hospital Supply Corp. and American Scientific Products," by and through its attorneys,

Drinker Biddle & Reath LLP, as and for its Verified Answer to the Verified Complaint

(the "Complaint"), alleges:

          1.      Paragraph 1 of the Complaint does not contain any allegation which

requires a response.

          2.      Baxter denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 2, 3, and 8-25 of the Complaint.

          3.      Baxter is informed and believes that Plaintiff will consent to a voluntary

dismissal of Baxter International Inc.; therefore paragraphs 6 and 7 of the Complaint

contain allegations which are moot and to which no response is required.

4.    Baxter denies the allegations in paragraphs 4 and 5 of the Complaint, except to state that Baxter is a Delaware corporation with its principal place of business in Deerfield, Illinois and that it is authorized to do business in New York.

## AS AND FOR AN ANSWER TO THE FIRST SECTION OF THE NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7

5.    Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 4-157 of the NYAL – WEITZ & LUXENBURG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No. 7 (the "Standard Asbestos Complaint").

6.    Paragraph 2 of the Standard Asbestos Complaint does not contain any allegation which requires a response, except that Baxter denies the allegations of paragraph 2 insofar as such allegations seek to impute liability to Baxter or to its corporate predecessor(s) and/or successor(s), if any.

7.    Baxter denies each and every allegation in paragraph 3 of the Standard Asbestos Complaint, except to state that Baxter is authorized to do business in New York.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION IN THE NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7

8.    Baxter incorporates by reference, as if fully set forth herein, the answers to paragraphs 1 through 157 of the Standard Asbestos Complaint.

9.    Baxter denies each and every allegation in paragraphs 159-177 of the Standard Asbestos Complaint and controverts the prayer for relief in paragraph 177.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION IN THE
NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT
FOR PERSONAL INJURY NO. 7**

10.    Baxter incorporates by reference, as if fully set forth herein, the answers to

paragraphs 1 through 177 of the Standard Asbestos Complaint.

11.    Baxter denies each and every allegation in paragraphs 179-183 of the

Standard Asbestos Complaint and controverts the prayer for relief in paragraph 183.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION IN THE
NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT
FOR PERSONAL INJURY NO. 7**

12.    Baxter incorporates by reference, as if fully set forth herein, the answers to

paragraphs 1 through 183 of the Standard Asbestos Complaint.

13.    Baxter denies each and every allegation in paragraphs 185-193 of the

Standard Asbestos Complaint and controverts the prayer for relief in paragraph 193.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION IN THE
NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT
FOR PERSONAL INJURY NO. 7**

14.    Baxter incorporates by reference, as if fully set forth herein, the answers to

paragraphs 1 through 193 of the Standard Asbestos Complaint.

15.    Baxter denies each and every allegation in paragraphs 195-204, including

all subparts, of the Standard Asbestos Complaint and controverts the prayer for relief in

paragraph 204.

/ / /

/ / /

3

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION IN THE NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7

16.    Baxter incorporates by reference, as if fully set forth herein, the answers to paragraphs 1 through 204 of the Standard Asbestos Complaint.

17.    Baxter denies each and every allegation in paragraphs 206, 207, and 209-223, including all subparts, of the Standard Asbestos Complaint and controverts the prayer for relief in paragraph 223.

18.    Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 of the Standard Asbestos Complaint, except Baxter denies those allegations insofar as such allegations seek to impute liability to this defendant.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION IN THE NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7

19.    Baxter incorporates by reference, as if fully set forth herein, the answers to paragraphs 1 through 223 of the Standard Asbestos Complaint.

20.    The allegations contained in paragraphs 225-232 of the Standard Asbestos Complaint are not directed against this defendant and therefore no response is required, except that Baxter denies the allegations insofar as such allegations seek to impute liability to Baxter.

/ / /

/ / /

4

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION IN THE NYAL – WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7

21.    Baxter incorporates by reference, as if fully set forth herein, the answers to Paragraphs 1 through 232 of the Standard Asbestos Complaint.

22.    As there is no plaintiff husband/wife in this action, the allegations contained in paragraphs 234 and 235 do not apply, and no response is required. To the extent a response is deemed required, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 234 and 235 of the Standard Asbestos Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint, including the Standard Asbestos Complaint, fail to state a claim against Baxter upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged, if any, were caused by the conduct of third parties over which Baxter has no control or right of control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not encounter any product designed, made, labeled, or sold by Baxter.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint, including the Standard Asbestos Complaint, are barred, in whole or in part, due to misuse of the alleged products.

5

## FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint, including the Standard Asbestos Complaint, are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint, including the Standard Asbestos Complaint, conformed at all relevant times to the state-of-the-art for the design and manufacture of such or similar products.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, that Baxter designed, made, labeled, and sold the products referred to in the Complaint, including the Standard Asbestos Complaint, it did so in accordance with applicable federal regulations.

## EIGHTH AFFIRMATIVE DEFENSE

The causes of action arising from implied warranties are barred because plaintiff was not in privity with Baxter.

## NINTH AFFIRMATIVE DEFENSE

If a judgment is entered against Baxter, Baxter is entitled to indemnification and/or contribution.

## TENTH AFFIRMATIVE DEFENSE

The amount of any award on behalf of plaintiff must be reduced in accordance with the laws applicable to payments from collateral source.

///

## ELEVENTH AFFIRMATIVE DEFENSE

Baxter hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case and hereby reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Baxter demands judgment dismissing the Complaint (including the allegations of the Standard Asbestos Complaint) and awarding Baxter costs and attorneys' fees as provided by law and such other and further relief as the Court deems just and proper.

## ANSWER TO ALL CROSS-CLAIMS

Baxter answers the cross-claims of all co-defendants, if any, however asserted or alleged, as follows:

1.  Any and all cross-claims for contribution alleged against Baxter in this action are denied; and

2.  Any and all cross-claims for indemnification alleged against Baxter in this action are denied.

## JURY DEMAND

Baxter demands a trial by jury as to all issues so triable.

Dated: New York, New York
     November 27, 2006

                                      _____

                                      Daniel B. Carroll
                                      DRINKER BIDDLE & REATH LLP
                                      Attorneys for Defendant
                                      Baxter Healthcare Corporation
                                      140 Broadway, 39th Floor
                                      New York, New York 10005
                                      (212) 248-3140

## VERIFICATION

Daniel B. Carroll affirms under penalty of perjury as follows:

1.     I am an attorney-at-law of the State of New York and a partner with the law firm of   Drinker  Biddle  &  Reath  LLP,  attorneys  for  defendant  Baxter  Healthcare Corporation.

2.     I have read the foregoing Verified Answer and know the contents thereof. The same is true to my own knowledge except as to matters stated therein to be alleged upon information and belief; and, as to those matters, I believe them to be true.

3.     The reason that this Verification is made by me rather than by defendant Baxter Healthcare Corporation is that said defendant is a foreign corporation.

4.     The sources of my information and the grounds for my belief as to those matters in the foregoing Verified Answer alleged to be upon information and belief are the documents examined by me and the information transmitted by the said defendant in relation to this matter.

Dated: Florham Park, New Jersey
       November 27, 2006

_____
      Daniel B. Carroll

8

STATE OF NEW JERSEY  )
                     ) ss:
COUNTY OF MORRIS     )

Timothy J. Fraser, being duly sworn, deposes and says:

I am over the age of eighteen and I am not a party to this action.  On November 27, 2006,

I caused a true and correct copy of the foregoing Verified Answer and Affirmative Defenses to

Verified Complaint and Jury Demand of Defendant Baxter Healthcare Corporation to be served

upon the following via first class mail with adequate postage affixed thereto:

> Benjamin Darche, Esq.
> Weitz & Luxenberg
> 180 Maiden Lane
> New York, New York 10038-4925
> (counsel for plaintiff)
>
> Julie Evans, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker
> 150 East 42nd Street
> New York, New York 10017-5639
> (counsel for A.W. Chesterton Co.)
>
> Judith Yavitz, Esq.
> Anderson, Kill, Olick & Oshinsky
> 1251 Avenue of the Americas
> New York, New York 10020-1000
> (counsel for Amchem Products, Inc. and Certain Teed
> Corporation)
>
> Theodore Eder, Esq.
> Segal McCambridge Singer & Mahoney
> 830 Third Avenue, Suite 400
> New York, New York 10022
> (counsel for Anchor Packing Co., Inc. and Garlock Sealing
> Technologies LLC)
>
> Cori L. Leavitt, Esq.
> Malaby, Carlisle & Bradley LLC
> 150 Broadway
> New York,  New York 10038
> (counsel for Aqua-Chem, Inc., CBS Corporation, Premier
> Refractories, Inc. and J.H. France Refractories Co.)

Lawrence McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
(counsel for Beckman Coulter, Inc.)

Joseph Colao, Esq.
Leader & Berkon LLP
630 3rd Avenue, 17th Floor
New York, New York 10017
(counsel for E.I. DuPont de Nemours and Company)

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
(counsel for Fisher Scientific International Inc.)

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC
2430 Route 34
Manasquan, New Jersey 08736
(counsel for Ingersoll-Rand Co.)

Jennifer Darger, Esq.
Darger & Errante LLP
116 East 27th Street, 12th Floor
New York, New York 10016
(counsel for Lennox Industries, Inc.)

Linda Yassky, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, New York 10020
(counsel for Rapid American Corporation)

Ian Grodman, Esq.
Law Offices of Ian R. Grodman, P.C.
515 Valley Street, Suite 170
Maplewood, New Jersey 07040
(counsel for Rheem Manufacturing Company, Inc.)

Jonathan E. Polonsky, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
(counsel for Univar USA, Inc.)

David F. Abernathy, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(counsel for VWR International, Inc.)

Corning Glass
Attn: Secretary
One Riverfront Plaza
Corning, NY 14831

Empire-Ace Insulation Mfg. Corp.
c/o The Secretary of State
41 State Street
Albany, NY 12207

Kewaunee Scientific Corporation
2700 West front Street
Statesville, NC 28677

Manorcare Health Services, Inc.
333 N. Summit Street
P.O. Box 10086
Toledo, OH 43699-0086

this being their last known address.

Timothy J. Fraser

Sworn to and subscribed before me on
This 27th day of November, 2006

Notary Public

**GLORIA DEANE**
**A Notary Public Of New Jersey**
**My Commission Expires December 15, 2007**

- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 114120-06

CHRISTIAN E. HOFINKA,

Plaintiff

-against-

A.W. CHESTERTON COMPANY, et al.,

Defendants

**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES
TO VERIFIED COMPLAINT AND JURY DEMAND
OF DEFENDANT BAXTER HEALTHCARE CORPORATION**

DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
(212) 248-3140

Attorneys for Defendants

SFNJ15148116v1