SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

CHRISTIAN F HOLINKA

                    Plaintiff(s),

              -against-

A. W. CHESTERTON COMPANY,
AMCHEM PRODUCTS, INC.,
 n/k/a RHONE POULENC AG COMPANY,
 n/k/a BAYER CROPSCIENCE INC.,
ANCHOR PACKING COMPANY,
AQUA-CHEM, INC.,
BAXTER HEATLHCARE CORPORATION,
    Individually and as successor in interest
    AMERICAN HOSPITAL SUPPLY CORP.
and AMERICAN SCIENTIFIC PRODUCTS,
BAXTER INTERNATIONAL INC.,
    Individually and as successor in interest to
    AMERICAN HOSPITAL SUPPLY CORP.,
    and AMERICAN SCIENTIFIC PRODUCTS,
BECKMAN COULTER, INC.,
CBS CORPORATION, a Delaware Corporation,
    f/k/a VIACOM INC. successor by merger to CBS
    CORPORATION,  a Pennsylvania Corporation,
    f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CORNING GLASS,
    f/n/a CORNING INCORPORATED,
E.I. DUPONT DE NEMOURS and COMPANY,
EMPIRE-ACE INSULATION MFT. CORP.,
FISHER SCIENTIFIC INTERNATIONAL INC.,
GARLOCK SEALING TECHNOLOGIES LLC,
    f/k/a GARLOCK, INC.,
INGERSOLL-RAND COMPANY,
J.H. FRANCE REFRACTORIES COMPANY,
KEWAUNEE SCIENTIFIC CORPORATION,
LENNOX INDUSTRIES, INC.
MANORCARE HEALTH SERVICES, INC.,
    d/b/a MANOR CARE, INC.,

KEWAUNEE SCIENTIFIC
CORPORATION'S
<u>VERIFIED ANSWER</u>

Index No: 114120-06



    Individually and as successor to
PRECISION-COSMET COMPANY, INC.,
CENTRAL SCIENTIFIC COMPANY,
    a division of CENCO INCORPORATED;
CENTRAL SCIENTIFIC COMPANY,
    a division of CENCO INSTRUMENTS
CORPORATION,
PREMIER REFRACTORIES, INC.,
    f/k/a ADIENCE, INC.,
    f/k/a BMI,
RAPID-AMERICAN CORPORATION,
RHEEM MANUFACTURING COMPANY, INC.,
    Individually and as successor to
    RHEEM MANUFACTURING COMPANY,
    as successor by merger to CIVESTCO, INC.
UNIVAR USA INC.,
    Individually and as successor to VAN WATERS
    & ROGERS INC., BRAUN CHEMICAL COMPANY
    and WILL SCIENTIFIC, INC.,
VWR INTERNATIONAL, INC.,

                              Defendants.
------------------------------------------------------------------X

       Defendant Kewaunee Scientific Corporation (hereinafter "Kewaunee"), by its counsel, Whiteman Osterman & Hanna LLP, as and for its Answer to the Plaintiff's Verified Complaint, dated September 29, 2006, ("Complaint"), states as follows:

       1.      Kewaunee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 of the Verified Complaint.

2

## AS AND FOR KEWAUNEE'S FIRST AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint fails to state a cause of action against Kewaunee upon which relief may be granted

## AS AND FOR KEWAUNEE'S SECOND AFFIRMATIVE DEFENSE

3. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because Plaintiff's Complaint is devoid of any allegations against Kewaunee.

## AS AND FOR KEWAUNEE'S THIRD AFFIRMATIVE DEFENSE

4. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because Kewaunee acted reasonably and utilized proper methods in the conduct of its operations in conformity with the available knowledge and research of the scientific and industrial communities at all times relevant hereto.

## AS AND FOR KEWAUNEE'S FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because any product allegedly used by Plaintiff, for which Plaintiff claims Kewaunee is legally responsible, had undergone and been subjected to a substantial and unforeseeable change, modification and/or alteration in condition, either by the way of subsequent handling or mishandling, abnormal use, and/or causes outside of Kewaunee's control.

## AS AND FOR KEWAUNEE'S FIFTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims against Kewaunee, if any, are barred in whole or part because any alleged injuries and/or damages sustained by Plaintiff were caused in whole or in part by the contributory negligence and/or culpable conduct and/or assumption of risk of the Plaintiff and not because of any contributory negligence and/or culpable conduct by Kewaunee. Plaintiff's damages, if any, should therefore be diminished in the proportion by which Plaintiff's contributory negligence and/or culpable conduct caused his alleged injuries and/or damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

7.      To the extent any of Plaintiff's claims against Kewaunee, if any, accrued on or before September 1, 1975, such claim or cause is barred in whole or part by Plaintiff's own culpable conduct, contributory negligence and/or assumption of risk.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims against Kewaunee, if any, are barred in whole or in part because there is no privity of contract between Plaintiff and Kewaunee.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims against Kewaunee, if any, are barred in whole or in part because Kewaunee did not manufacture, license, produce, distribute, sell and/or market any asbestos product to Plaintiff which is the subject of this action. To the extent Plaintiff used any Kewaunee products, such products were in conformity with generally recognized state of the art

4

applicable to such products and/or they complied with applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by the State of New York, or by any agency of the United States or the State of New York or by any of Plaintiff's employers.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because Plaintiff's injuries and/or damages, if any, were caused or contributed to by the negligence and/or culpable conduct of others over whom Kewaunee had no control and for whose acts Kewaunee is not responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because Plaintiff knew or reasonably should have known of the hazards and inherent risks thereto and he had actual knowledge of the dangers thereof; that the alleged injuries and damages sustained by Plaintiff arose from and were caused by the reason of such risks voluntary undertaken by the Plaintiff in his activities and said risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because the alleged product(s) used by Plaintiff, his employer(s) and/or co-worker(s) were

5

misused, abused, altered, changed, improperly installed or operated by Plaintiff and/or other persons not in the employ or control of Kewaunee.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because plaintiff lacks personal jurisdiction over Kewaunee.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's warranty claims against Kewaunee, if any, are barred in whole or part because, *inter alia,* Plaintiff failed to give proper or timely notice of any alleged breach of warranty.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because Plaintiff's alleged damages were the result of intervening and/or superseding negligence on the part of one or more third-parties over whom Kewaunee had no control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims against Kewaunee, if any, are barred in whole or part pursuant to Article 16 of the New York Civil Practice Law and Rules ("CPLR") which provides that the liability of Kewaunee, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities

contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

17. In the event Plaintiff recovers a verdict or judgment against Kewaunee, then said verdict or judgment must be reduced pursuant to CPLR 4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, from any collateral sources including, without limitation, any insurance, social security, workers' compensation and/or employee benefit programs.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

18. Any claims by Plaintiff against Kewaunee, if any, under the doctrine of market share liability against Kewaunee are barred in whole or part because, *inter alia*, Kewaunee's share of any such liability (which is expressly denied) would be *de minimis* only.

### AS AND FOR A EIGHTHTEEN AFFIRMATIVE DEFENSE

19. Plaintiff's claims against Kewaunee, if any, are barred in whole are part because Plaintiff and/or Plaintiff's employer was a sophisticated purchaser of the product(s) which allegedly injured Plaintiff.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims against Kewaunee, if any, are barred in whole are part because Plaintiff failed to mitigate any of his alleged injuries and/or damages.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

21. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because, at all times relevant hereto, Kewaunee lacked any knowledge, either actual or constructive, of the alleged dangerous propensities of asbestos or Plaintiff's use thereof.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

22. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because Kewaunee did not make or otherwise provide any type of express or implied warranty to Plaintiff upon which Plaintiffs could reasonably rely.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

23. The Court lacks jurisdiction over Kewaunee because, *inter* alia, service of process was defective under New York's Civil Practice Law and Rules ("CPLR") and/or the laws of the State of North Carolina.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's claims against Kewaunee, if any, are barred in whole or part because of Plaintiff's failure to join necessary and indispensable parties to this action.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims against Kewaunee, if any, are barred in whole or in part by the applicable Statute(s) of Limitations.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims against Kewaunee, if any, are barred in whole or part by the doctrine of laches.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

27.     Kewaunee expressly adopts and incorporates by reference, as if fully set forth here, all affirmative defenses which have been or will be asserted by other defendants and/or third-party defendants in this action as Kewaunee's defenses to the allegations contained in Plaintiff's Complaint. Moreover, Kewaunee expressly adopts and incorporates by reference, as if fully set forth here, any and all other further defenses which become available or appear during discovery proceedings in this action and Kewaunee reserves the right to amend its Answer to assert any such additional affirmative defenses.

## AS AND FOR KEWAUNEE'S CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

28.     Upon information and belief, any damages allegedly sustained by the Plaintiff were caused, in whole or part, by the negligence, breach of contract or warranty, strict liability or any other culpable conduct of the co-defendants herein over whom Kewaunee lacks control.

29.     By reason of the foregoing, if judgment is rendered in favor of the Plaintiff against Kewaunee, then Kewaunee is entitled to judgment for contribution and/or indemnification against the co-defendants herein in the proportion by which their culpable conduct caused Plaintiff's alleged damages.

**WHEREFORE**, Kewaunee Corporation demands judgment dismissing the Plaintiff's Complaint in its entirety together with the costs and disbursements of this action; and for such other and further relief as this Court deems just and proper.

DATED:  Albany, New York
        November 15, 2006

WHITEMAN OSTERMAN & HANNA LLP

BY: _____
    Andrew M. Johnson
    John J. Henry
    Attorneys for Defendant
    Kewaunee Corporation
    One Commerce Plaza
    Albany, New York 12260
    (518) 487-7600

TO:  WEITZ & LUXENBERG, P.C.
     Benjamin Darche, Esq.
     Attorney(s) for Plaintiff
     180 Maiden Lane
     New York, New York  10038
     (212) 558-5500

# VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF ALBANY      )

Andrew M. Johnson, being duly sworn deposes and says:

I am an associate attorney of Whiteman Osterman & Hanna LLP, attorneys for Defendant Kewaunee Scientific Corporation ("Kewaunee"). I am familiar with the relevant facts herein and I have read the foregoing Answer and know the contents thereof, and the same is true to deponent's knowledge, except to those matters therein which are alleged upon information and belief, and deponent believes those matters to be true. The grounds for deponent's belief as to all matters not stated upon deponent's own knowledge is from a review of the Defendant Kewaunee's records and/or consultations with Kewaunee's representatives and/or employees.

This verification is made pursuant to CPLR 3020(d)(3) because Kewaunee is not in the same county where its attorney's office is located.

_____
Andrew M. Johnson

Sworn to before me this
15th day of November, 2006

_____
Notary Public

KAREN S. STODDARD
NOTARY PUBLIC, STATE OF NEW YORK
NO. 6042146
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES 5/15/20 __

W:\11300's\11349\Plead\Verified Answer.doc

11