SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X    NYCAL
IN RE NEW YORK COUNTY                                           I.A.S. Part 39
ASBESTOS LITIGATION                                             (Freedman, J.)
-----------------------------------------------------------X

This document Relates to:                                       Index No. 114120-06
CHRISTIAN F. HOLINKA

         Plaintiff,                                      NOTICE OF MOTION
                                                                TO DISMISS DEFENDANT
         -against-                                       BAXTER INTERNATIONAL INC.

A.W. CHESTERTON COMPANY, et al.,                                ORAL ARGUMENT REQUESTED
                                                                ONLY IF OPPOSITION IS FILED
         Defendants.
-----------------------------------------------------------X

[FILED MAR 07 2007 NEW YORK COUNTY CLERK'S OFFICE]

PLEASE TAKE NOTICE that upon the affirmation of Daniel B. Carroll, dated December 4, 2006, and the Affirmation of Marcia S. Melchin, dated November 28, 2006, Baxter International Inc. ("BII") will move this Court, at the IAS Motion Part, room 130 of the New York County Courthouse, 60 Centre Street, New York, New York, on January 4, 2007, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order pursuant to CPLR 3211(a)(7) and (8) dismissing the Verified Complaint as to BII on the grounds that this Court lacks jurisdiction over the person of BII and that plaintiff's Complaint fails to state a claim against BII, and for such other and further relief as may be just, proper, and equitable.

[SUPREME COURT STATE OF NEW YORK APPROVED I.A.S. MOTION SUPPORT OFFICE — ☒ MOT ☐ X-MOT — CLERK'S INITIALS]

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2214(b), answering affidavits, if any, are required to be served upon the undersigned at least seven days before the return date of this motion.

PLEASE TAKE FURTHER NOTICE that oral argument is requested only if timely opposition papers are filed.

Dated: New York, New York
December 4, 2006

DRINKER BIDDLE & REATH LLP

By: _____
Daniel B. Carroll
140 Broadway, 39th Floor
New York, New York 10005
(212) 248-3140

-and-

Brenda N. Buonaiuto
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
(415) 591-7675

Attorneys for Defendant
Baxter International Inc.

To: SEE ATTACHED COUNSEL LIST

SFNJ1 1149005v1

<u>Holinka v. A.W. Chesterton Company, et al.</u>
Index No. 114120/06

SERVICE LIST:

Benjamin Darche, Esq.
Weitz & Luxenberg
180 Maiden Lane
New York, New York 10038-4925
*(counsel for plaintiff)*

Julie Evans, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
150 East 42nd Street
New York, New York 10017-5639
*(counsel for A.W. Chesterton Co.)*

Judith Yavitz, Esq.
Anderson, Kill, Olick & Oshinsky
1251 Avenue of the Americas
New York, New York 10020-1000
*(counsel for Amchem Products, Inc. and Certain Teed Corporation)*

Theodore Eder, Esq.
Segal McCambridge Singer & Mahoney
830 Third Avenue, Suite 400
New York, New York 10022
*(counsel for Anchor Packing Co., Inc. and Garlock Sealing Technologies LLC)*

Cori L. Leavitt, Esq.
Malaby, Carlisle & Bradley LLC
150 Broadway
New York, New York 10038
*(counsel for Aqua-Chem, Inc., CBS Corporation, J.H. France Refractories Co. and Premier Refractories, Inc.)*

Lawrence McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*(counsel for Beckman Coulter, Inc.)*

Joseph Colao, Esq.
Leader & Berkon LLP
630 3rd Avenue, 17th Floor
New York, New York 10017
*(counsel for E.I. DuPont de Nemours and Company)*

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
*(counsel for Fisher Scientific International Inc.)*

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC
2430 Route 34
Manasquan, New Jersey 08736
*(counsel for Ingersoll-Rand Co.)*

Jennifer Darger, Esq.
Darger & Errante LLP
116 East 27th Street, 12th Floor
New York, New York 10016
*(counsel for Lennox Industries, Inc.)*

Linda Yassky, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, New York 10020
*(counsel for Rapid American Corporation)*

Ian Grodman, Esq.
Law Offices of Ian R. Grodman, P.C.
515 Valley Street, Suite 170
Maplewood, New Jersey 07040
*(counsel for Rheem Manufacturing Company, Inc.)*

Jonathan E. Polonsky, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*(counsel for Univar USA, Inc.)*

David F. Abernathy, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
*(counsel for VWR International, Inc.)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
IN RE NEW YORK COUNTY
ASBESTOS LITIGATION
----------------------------------------------------------------X
This document Relates to:
CHRISTIAN F. HOLINKA

        Plaintiff,

        -against-

A.W. CHESTERTON COMPANY, et al.,

        Defendants.
----------------------------------------------------------------X

NYCAL
I.A.S. Part 39
(Freedman, J.)

Index No. 114120-06

**AFFIRMATION OF DANIEL B. CARROLL IN SUPPORT OF MOTION TO DISMISS DEFENDANT BAXTER INTERNATIONAL INC.**

Daniel B. Carroll, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms under penalty of perjury as follows:

1. I am a partner in the law firm of Drinker Biddle & Reath LLP, attorneys for defendant Baxter International Inc. ("BII"), erroneously sued herein as "Baxter International Inc., individually and as successor in interest to American Hospital Supply Corp. and American Scientific Products." I am familiar with the facts of this case, and I submit this Affirmation based on my personal knowledge, in support of BII's Motion to Dismiss.

## BACKGROUND

2. Plaintiff Christian Holinka has sued nearly two dozen corporate entities, including BII and its corporate subsidiary Baxter Healthcare Corporation, claiming injuries and damages resulting from his exposure to asbestos-containing materials allegedly made by defendants. Plaintiff's specific allegations as to BII are limited to

claims that it "was and still is a duly organized domestic corporation doing business in the State of New York" and, alternatively, that it "was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York." See Verified Complaint ("Complaint"), ¶¶ 6-7. A true copy of the Complaint is attached to this Affirmation as **Exhibit A**.

3. BII is not a proper defendant in this case. First, BII has not committed any act that would allow this Court to exercise personal jurisdiction over it. Second, even if this Court had personal jurisdiction over BII, plaintiff still cannot prevail against this defendant, as BII has never manufactured, produced, designed, promoted, marketed, packaged, sold, distributed, or otherwise participated in the chain of distribution of any asbestos-containing product in New York or elsewhere. See accompanying Affirmation of Marcia S. Melchin ("Melchin Aff.") ¶¶ 3, 5. BII is entitled to a dismissal with prejudice of this action.

## LACK OF IN PERSONAM JURISDICTION

4. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the Court has personal jurisdiction over the defendant. Snyder, 200 F.Supp.2d at 249; Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc., 26 F.Supp.2d 593, 597 (S.D.N.Y. 1998). Plaintiff has not and cannot meet his burden as to BII.

5. The Court lacks both general and specific personal jurisdiction as to BII, a Delaware corporation with its principal place of business in Illinois, because it is a

holding company, which does not design, manufacture, market, or sell products. Melchin Aff. ¶¶ 1-2. BII does not and is not qualified to conduct business in New York. Id. ¶¶ 3-4. BII does not own any real or tangible personal property in New York. Id. BII does not pay any taxes in New York. Id. BII does not sell or derive any revenue from the sale of any products in New York. Id. BII is therefore not "doing business" in New York, and general jurisdiction under CPLR 301 does not exist as to BII.

6. Specific jurisdiction over BII also does not exist. CPLR 302(a)(1)-(4) sets forth the criteria for specific jurisdiction over a non-resident, as follows: (1) transacting business in New York or contracting anywhere to supply goods or services in New York if the injury sued upon arises from the same transaction; (2) committing a tortious act in New York; (3) committing a tortious act outside New York that causes injury in New York (provided stated conditions are met); and (4) owning, using, or possessing real property in New York. As established, BII has not and does not meet any of these criteria, and specific jurisdiction under CPLR 302(a)(1)-(4) does not exist as to this defendant.

## BII IS NOT A PROPER ASBESTOS DEFENDANT.

7. Even if this Court had personal jurisdiction over BII, which it does not, this action must be dismissed as to BII because plaintiff cannot state a claim against this defendant.

8. All of plaintiff's claims in this action are based on the alleged manufacture of asbestos-containing products, specifically including autoclaves and Bunsen burners, or

on premises liability theories. To prevail on a products liability claim, the plaintiff must prove that the defendant designed, made, sold, or distributed the product he alleges caused him harm. See, e.g., Robinson v. Reed – Prentice Division of Package Machinery Company, 49 N.Y.2d 471, 478 (1980) ("A cause of action in strict products liability lies where a manufacturer places on the market a product which has a defect that causes injury.") BII is a holding company that has never designed, made, sold, or offered for sale, in any manner, any products, including autoclaves and Bunsen burners. Melchin Aff. ¶¶ 2 and 5. Moreover, BII does not own any real property in New York, and therefore cannot be held liable on plaintiff's premises liability claims. Id. ¶ 4. It is impossible for plaintiff to recover from BII on any of his claims, and the Court should dismiss this action with prejudice as to BII.

## CONCLUSION

9.   BII does not procedurally or substantively belong in this case and respectfully requests that the Court dismiss the Complaint with prejudice as to BII, grant BII its reasonable fees and costs incurred in bringing this motion, and provide such other relief as it deems just and proper.

Dated:   New York, New York
         December 4, 2006

_____
Daniel B. Carroll

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X  NYCAL
IN RE NEW YORK COUNTY                                           I.A.S. Part 39
ASBESTOS LITIGATION                                             (Freedman, J.)
-------------------------------------------------------------X
This document Relates to:
CHRISTIAN F. HOLINKA                                            Index No. 114120-06

        Plaintiff,                                             **AFFIRMATION OF**
                                                                Marcia S. Melchin
        -against-

A.W. CHESTERTON COMPANY, et al.,

        Defendants.
-------------------------------------------------------------X

**Marcia S. Melchin** affirms under penalty of perjury as follows:

I am Director, Legal Support of Baxter International Inc. ('BII'). I make this affirmation based on my personal knowledge.

1. BII is a Delaware corporation with its principal place of business in the State of Illinois.

2. BII is a holding company, which does not design, manufacture, market or sell products. BII operates solely through subsidiaries such as Baxter Healthcare Corporation.

3. BII does not conduct business in the State of New York.

4. BII is not qualified to do business in the State of New York; it does not own any real or tangible personal property in New York; it does not pay any taxes in New York; it does not sell any products in New York; and it does not derive any revenue from the sale of any products in New York.

5. BII has never designed, manufactured, distributed, sold, or offered for sale, in any manner, autoclaves and/or Bunsen burners.

Dated: Deerfield, Illinois
November 28, 2006

*Marcia Smelchin*
Marcia S. Melchin

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X  NYCAL
IN RE NEW YORK COUNTY                                          I.A.S. Part 39
ASBESTOS LITIGATION                                            (Freedman, J.)
------------------------------------------------------------X
This document Relates to:                                      Index No. 114120-06
CHRISTIAN F. HOLINKA

       Plaintiff,

       -against-                                          **AFFIDAVIT OF SERVICE**

A.W. CHESTERTON COMPANY, et al.,

       Defendants.
------------------------------------------------------------X

STATE OF NEW JERSEY   )
                                   ) ss:
COUNTY OF MORRIS     )

Timothy J. Fraser, being duly sworn, deposes and says:

I am over the age of eighteen and I am not a party to this action. On December 4, 2006, I caused a true and correct copy of the Request for Judicial Intervention to be served upon the following via Federal Express:

       Benjamin Darche, Esq.
       Weitz & Luxenberg
       180 Maiden Lane
       New York, New York 10038-4925
       *(counsel for plaintiff)*

On December 4, 2006, I caused a true and correct copy of the Request for Judicial Intervention to be served upon the following via first class mail with adequate postage affixed thereto:

       Julie Evans, Esq.
       Wilson, Elser, Moskowitz, Edelman & Dicker
       150 East 42nd Street
       New York, New York 10017-5639
       *(counsel for A.W. Chesterton Co.)*

Judith Yavitz, Esq.
Anderson, Kill, Olick & Oshinsky
1251 Avenue of the Americas
New York, New York 10020-1000
*(counsel for Amchem Products, Inc. and Certain Teed Corporation)*

Theodore Eder, Esq.
Segal McCambridge Singer & Mahoney
830 Third Avenue, Suite 400
New York, New York 10022
*(counsel for Anchor Packing Co., Inc. and Garlock Sealing Technologies LLC)*

Cori L. Leavitt, Esq.
Malaby, Carlisle & Bradley LLC
150 Broadway
New York, New York 10038
*(counsel for Aqua-Chem, Inc., CBS Corporation, Premier Refractories, Inc. and J.H. France Refractories Co.)*

Lawrence McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*(counsel for Beckman Coulter, Inc.)*

Joseph Colao, Esq.
Leader & Berkon LLP
630 3rd Avenue, 17th Floor
New York, New York 10017
*(counsel for E.I. DuPont de Nemours and Company)*

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
*(counsel for Fisher Scientific International Inc.)*

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC
2430 Route 34
Manasquan, New Jersey 08736
*(counsel for Ingersoll-Rand Co.)*

Jennifer Darger, Esq.
Darger & Errante LLP
116 East 27th Street, 12th Floor
New York, New York 10016
*(counsel for Lennox Industries, Inc.)*

Linda Yassky, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, New York 10020
*(counsel for Rapid American Corporation)*

Ian Grodman, Esq.
Law Offices of Ian R. Grodman, P.C.
515 Valley Street, Suite 170
Maplewood, New Jersey 07040
*(counsel for Rheem Manufacturing Company, Inc.)*

Jonathan E. Polonsky, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*(counsel for Univar USA, Inc.)*

David F. Abernathy, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
*(counsel for VWR International, Inc.)*

this being their last known address.

_____
Timothy J. Fraser

Sworn to and subscribed before me on
This 4th day of December, 2006
_____
Notary Public

GLORIA DEANE
A Notary Public Of New Jersey
My Commission Expires December 18, 2007

- 3 -

SFNJ1 1149440v1

STATE OF NEW JERSEY )
) ss:
COUNTY OF MORRIS )

Timothy J. Fraser, being duly sworn, deposes and says:

1. I am over the age of eighteen and I am not a party to this action.

2. On December 4, 2006, I caused a true and correct copy of the foregoing Notice of Motion To Dismiss Baxter International Inc. to be filed with the Court and to be served upon the following via Federal Express:

> Benjamin Darche, Esq.
> Weitz & Luxenberg
> 180 Maiden Lane
> New York, New York 10038-4925
> *(counsel for plaintiff)*

3. On December 4, 2006, I caused a true and correct copy of the foregoing Notice of Motion To Dismiss Baxter International Inc. to be served upon the following via first class mail with adequate postage affixed thereto:

> Julie Evans, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker
> 150 East 42nd Street
> New York, New York 10017-5639
> *(counsel for A.W. Chesterton Co.)*
>
> Judith Yavitz, Esq.
> Anderson, Kill, Olick & Oshinsky
> 1251 Avenue of the Americas
> New York, New York 10020-1000
> *(counsel for Amchem Products, Inc. and Certain Teed Corporation)*
>
> Theodore Eder, Esq.
> Segal McCambridge Singer & Mahoney
> 830 Third Avenue, Suite 400
> New York, New York 10022
> *(counsel for Anchor Packing Co., Inc. and Garlock Sealing Technologies LLC)*

Cori L. Leavitt, Esq.
Malaby, Carlisle & Bradley LLC
150 Broadway
New York, New York 10038
*(counsel for Aqua-Chem, Inc., CBS Corporation, Premier Refractories, Inc. and J.H. France Refractories Co.)*

Lawrence McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*(counsel for Beckman Coulter, Inc.)*

Joseph Colao, Esq.
Leader & Berkon LLP
630 3rd Avenue, 17th Floor
New York, New York 10017
*(counsel for E.I. DuPont de Nemours and Company)*

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
*(counsel for Fisher Scientific International Inc.)*

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC
2430 Route 34
Manasquan, New Jersey 08736
*(counsel for Ingersoll-Rand Co.)*

Jennifer Darger, Esq.
Darger & Errante LLP
116 East 27th Street, 12th Floor
New York, New York 10016
*(counsel for Lennox Industries, Inc.)*

Linda Yassky, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, New York 10020
*(counsel for Rapid American Corporation)*

Ian Grodman, Esq.
Law Offices of Ian R. Grodman, P.C.
515 Valley Street, Suite 170
Maplewood, New Jersey 07040
*(counsel for Rheem Manufacturing Company, Inc.)*

Jonathan E. Polonsky, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*(counsel for Univar USA, Inc.)*

David F. Abernathy, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
*(counsel for VWR International, Inc.)*

this being their last known address.

_____
Timothy J. Fraser

Sworn to and subscribed before me on
This 4th day of December, 2006
*/s/ Patricia M. Ioannou*
Notary Public

**PATRICIA M. IOANNOU**
**NOTARY PUBLIC**
**STATE OF NEW JERSEY**
**MY COMMISSION EXPIRES FEB. 17, 2010**

- 3 -

SFNJ1 1149009v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NYCAL
I.A.S. Part 39

Index No. 114120-06

---

IN RE NEW YORK COUNTY
ASBESTOS LITIGATION
-----------------------------------------------------------

CHRISTIAN F. HOLINKA,

               Plaintiff,

-against-

A.W. CHESTERTON COMPANY, et al.,

               Defendants.

*FILED MAR 07 2007 NEW YORK COUNTY CLERK'S OFFICE*

---

**NOTICE OF MOTION TO DISMISS DEFENDANT
BAXTER INTERNATIONAL INC.**

---

DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
(212) 248-3140

Attorneys for Defendant, Baxter International Inc.