SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

CHRISTIAN F. HOLINKA,

                         Plaintiff(s),

            -against-

A.W. CHESTERTON COMPANY, et al.,,

                      Defendants.

-----------------------------------------------------------------X

Index No.: 114120-06

Date Filed: 9/29/06

**ANSWER OF
MANORCARE HEALTH
SERVICES, INC. TO
PLAINTIFF'S VERIFIED
COMPLAINT**

Defendant ManorCare Health Services, Inc. ("ManorCare") by and through its attorneys, Reed Smith LLP, hereby answers the Verified Complaint of Plaintiff Christian F. Holinka ("Plaintiff") dated September 29, 2006 ("Complaint") and the NYAL – Weitz & Luxenberg, P.C. Standard Asbestos Complaint for Personal Injury No. 7, dated June 29, 2004, incorporated therein ("Form Complaint"), and alleges upon information and belief as follows:

### AS TO THE COMPLAINT

1.    The allegation contained in paragraph 1 of the Complaint does not require a response. To the extent a response is required, ManorCare denies the allegations contained in paragraph 1 of the Complaint.

2-17.    The averments contained in paragraphs 2-17 of the Complaint are denied because after a reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

18.    The averments contained in paragraph 18 of the Complaint are denied.

19.    The averments contained in paragraph 19 of the Complaint are denied.

20-25.    The averments contained in paragraphs 20 through 25 of the Complaint are denied because after a reasonable investigation ManorCare is without knowledge or information to form

a belief as to the truth or falsity of the averments. Manor Care denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20 through 25.

Pursuant to Plaintiff's incorporation of the Form Complaint, ManorCare responds to the numbered Paragraphs of the Form Complaint as follows:

### AS TO THE FORM COMPLAINT

1.      The averment contained in paragraph 1 of Plaintiff's Form Complaint is denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averment.

2.      The averment contained in paragraph 2 of Plaintiff's Form Complaint is a conclusion of law to which no response is required.

3.      The averments contained in paragraph 3 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

4-157. The averments contained in paragraphs 4-157 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

### AS AND FOR A FIRST CAUSE OF ACTION

158.    With regard to paragraph 158 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 157 of the Form Complaint as if fully set forth herein.

159.    The averments contained in paragraphs 159 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

160.    The averments contained in paragraphs 160 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

161.    The averments contained in paragraphs 161 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

162.    The averments contained in paragraphs 162 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

163.    The averments in paragraph 163 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

164.    The averments in paragraph 164 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

165.    The averments in paragraph 165 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

166.    The averments in paragraph 166 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

167.    The averments in paragraph 167 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

168.    The averments in paragraph 168 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

169.    The averments in paragraph 169 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

170.    The averments in paragraph 170 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

171.    The averments in paragraph 171 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

172.    The averments in paragraph 172 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

173.    The averments in paragraph 173 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

174.    The averments in paragraph 174 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

175.    The averments in paragraph 175 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

176.    The averments in paragraph 176 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

177.    The averments in paragraph 177 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

## AS AND FOR A SECOND CAUSE OF ACTION

178.    With regard to paragraph 178 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 177 of the Form Complaint as if fully set forth herein.

179.    The averments in paragraph 179 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

180.    The averments in paragraph 180 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

181.    The averments in paragraph 181 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

182.    The averments in paragraph 182 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

183.    The averments in paragraph 183 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

## AS AND FOR A THIRD CAUSE OF ACTION

184.    With regard to paragraph 184 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 183 of the Form Complaint as if fully set forth herein.

185.    The averments in paragraph 185 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

186.    The averments in paragraph 186 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

187.    The averments in paragraph 187 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

188.    The averments in paragraph 188 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

189.    The averments in paragraph 189 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the

averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

190.    The averments in paragraph 190 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

191.    The averments in paragraph 191 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

192.    The averments in paragraph 192 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

193.    The averments in paragraph 193 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

### AS FOR A FOURTH CAUSE OF ACTION

194.    With regard to paragraph 194 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 193 of the Form Complaint as if fully set forth herein.

195.    The averments in paragraph 195 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

7

196.    The averments in paragraph 196 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

197.    The averments in paragraph 197 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

198.    The averments in paragraph 198 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

199.    The averments in paragraph 199 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

200.    The averments in paragraph 200 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

201.    The averments in paragraph 201 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

202.    The averments in paragraph 202 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

203.    The averments in paragraph 203 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

204.    The averments in paragraph 204 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

## AS AND FOR A FIFTH CAUSE OF ACTION

205.    With regard to paragraph 205 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 204 of the Form Complaint as if fully set forth herein.

206.    The averments in paragraph 206 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

207.    The averments in paragraph 207 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

208.    The averments in paragraph 208 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

209.    The averments in paragraph 209 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

210.    The averments in paragraph 210 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

211.    The averments in paragraph 211 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

212.    The averments in paragraph 212 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

213.    The averments in paragraph 213 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

214.    The averments in paragraph 214 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

215.    The averments in paragraph 215 of Plaintiff's Form Complaint, including subparts (a)-(e), constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

216.    The averments in paragraph 216 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the

averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

217.    The averments in paragraph 217 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

218.    The averments in paragraph 218 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

219.    The averments in paragraph 219 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

220.    The averments in paragraph 220 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

221.    The averments in paragraph 221 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

222.    The averments in paragraph 222 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

223.    The averments in paragraph 223 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the

averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

## AS AND FOR A SIXTH CAUSE OF ACTION

224.    With regard to paragraph 224 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 223 of the Form Complaint as if fully set forth herein.

225.    The averments in paragraph 225 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

226.    The averments in paragraph 226 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

227.    The averments in paragraph 227 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

228.    The averments in paragraph 228 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

229.    The averments in paragraph 229 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

230.    The averments in paragraph 230 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, the

averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

231.   The averments in paragraph 231 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

232.   The averments in paragraph 232 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

## AS AND FOR A SEVENTH CAUSE OF ACTION

233.   With regard to paragraph 233 of the Form Complaint, ManorCare repeats, reiterates, and realleges each and every response to paragraphs 1 through 232 of the Form Complaint as if fully set forth herein.

234.   The averments in paragraph 234 of Plaintiff's Form Complaint are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

235.   The averments in paragraph 235 of Plaintiff's Form Complaint constitute conclusions of law to which no response is necessary.  To the extent a response is required, the averments are denied because after reasonable investigation ManorCare is without knowledge or information to form a belief as to the truth or falsity of the averments.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

236.   This Court lacks jurisdiction over ManorCare.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

237.   Plaintiff's Complaint and Form Complaint fail for lack of service of process on ManorCare.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

238.   Service of Plaintiff's Complaint and Form Complaint is insufficient.

13

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

239.   Insofar as Plaintiff's Complaint and Form Complaint, and each cause of action considered separately, allege a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiff, including contributory negligence and assumption of risk, in the proportion which the culpable conduct attributable to the Plaintiff bears the culpable conduct which cause the damage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

240.   The Complaint and the Form Complaint are barred due to payment, release, and/or accord and satisfaction.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

241.   The Court lacks subject matter jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

242.   The Complaint and Form Complaint are barred due to the application of the Administrative Agreement and/or contract between the parties.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

243.   ManorCare alleges that at the time and place of the incident(s) described in the Complaint and Form Complaint, Plaintiff was operating under the provisions of the applicable Workers' Compensation Acts and that the remedies under such Acts are exclusive and bar this civil action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

244.   The lawsuit was not commenced by the Plaintiff within the time prescribed by law, and the Plaintiff is therefore barred from recovery pursuant to applicable statutes of limitations and/or statues of repose.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

245.    The action is barred by virtue of the four year statute of limitations prescribed by Section 2-725 of the Uniform Commercial Code by virtue of failure of the Plaintiff to give requisite notice to ManorCare under Article 2 of the Uniform Commercial Code, insofar as a cause of action is alleged for breach of warranty or warranties, expressed or implied, as well as by virtue of the absence of privity or of any contractual relationship between the Plaintiff and ManorCare.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

246.    If the Plaintiff sustained damages as alleged, such damages occurred while the Plaintiff engaged in an activity into which the Plaintiff entered knowing the hazard, risk, and danger of the activity, and Plaintiff assumed the risks incidental to and attending the activity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

247.    To the extent that the Plaintiff has failed and neglected to maintain this action in a swift, diligent and timely fashion, the Plaintiff's claims are barred by the doctrines of laches, waiver and/or estoppel.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

248.    Plaintiff's claims are time barred in that Section 214-c of the New York Civil Practice Law and Rules is unconstitutional.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

249.    Plaintiff's claims are barred because the injuries alleged, all of which are denied by ManorCare, were caused by the intervening, interceding and superseding acts of third parties not under the control of ManorCare.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

250.    To the extent that the Plaintiff was injured as alleged in Plaintiff's Complaint and Form Complaint, the injury was proximately caused by the negligence, breach of warranty, and/or strict liability of parties other than ManorCare.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

251.    If it should be proven at the time of trial that ManorCare's product was furnished to the Plaintiff's employer(s) or to the United States Government and that the Plaintiff came into contact with this product, which is specifically denied, then any such product was furnished in strict conformity to the conditions specified or the specifications furnished by the United States Government, other third-parties, and/or the Plaintiff's employer(s).

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

252.    Oral warranties upon which the Plaintiff allegedly relied are unavailable as violative of the provisions of the application statute of frauds.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

253.    ManorCare denies that the asbestos products alleged in the Plaintiff's Complaint and Form Complaint are products within the meaning and scope of the Restatement of Torts Section 402A and, as such, the Complaint and the Form Complaint fail to state a cause of action in strict liability.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

254.    The Plaintiff's Complaint and Form Complaint, and each and every cause of action alleged therein, fails to state a cause of action upon which relief can be granted.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

255.    ManorCare is entitled to the limitation of liability under Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

256.    The Plaintiff did not directly or indirectly purchase any asbestos-containing products or materials from ManorCare, and the Plaintiff neither received nor relied upon any representation or warranty allegedly made by ManorCare.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

257.    The Plaintiff's claims are barred because of the Plaintiff's failure to join necessary and indispensable parties.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

258.    In the event any breach of warranty is proven, Plaintiff failed to give proper and prompt notice of any such breach of warranty to ManorCare.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

259.    The Plaintiff's cause of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

260.    The Plaintiff's demand for punitive damages is barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and the New York State Constitution.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

261.    The Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the

17

Fourteenth Amendment, and Article 1, Section 5 of the New York State Constitution, prohibiting the imposition of excessive fines.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

262.    The Plaintiff contributed to any alleged illness by the use, either in whole or in part, of other substances, products, medications or drugs.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

263.    The injuries allegedly suffered by the Plaintiff, if any, which injuries are specifically denied by ManorCare, were the result of the culpable conduct or fault of third persons for whose conduct ManorCare is not legally responsible, and the damages recovered by the Plaintiff, if any, should be diminished or reduced in proportion to said culpable conduct which caused the damages. Any liability on the part of ManorCare, which liability is specifically denied, is fifty percent or less of the liability of all entities who are the cause of the alleged injuries, if any, and the liability of ManorCare for non-economic loss does not exceed ManorCare's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss pursuant to Civil Practice Law and Rules Sections 1601 through 1603.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

264.    All defenses which have been or will be asserted by other Defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Plaintiff's Complaint and Form Complaint. In addition, ManorCare will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any additional affirmative defenses.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

265.    Upon information and belief, the Plaintiff's employer(s) was a responsible intermediary upon which devolved all responsibility for the use of the products referred to in the Plaintiff's Complaint and Form Complaint.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

266.    The Plaintiff's employer(s) was a sophisticated purchaser upon which devolved all responsibility for the use of the products referred to in the Plaintiff's Complaint and Form Complaint.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint and Form Complaint fail to state in detail the circumstances constituting the alleged misrepresentation, fraud, concealment, deceit and conspiracy.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

267.    If the Plaintiff is unable to identify the manufacturer of the alleged injury-causing product, Plaintiff has failed to state a cause of action upon which relief can be granted because recovery would violate ManorCare's Federal and New York State constitutional rights, including but not limited to its right under the Fifth and Fourteenth Amendments to the U.S. Constitution and Sections 6 and 11 under Article I of the New York State Constitution.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

268.    Each alleged injury and damage to the Plaintiff were caused by superseding or intervening events.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

269.    The Plaintiff is not entitled to recover from ManorCare because any of its products that were used by the Plaintiff were manufactured according to the state-of-the-art, the

state of medical and scientific knowledge, the prevailing industry standards, government regulations and legal rules at the time that they were manufactured, and ManorCare neither knew nor should have known of any foreseeable or significant risk of harm to the Plaintiff.

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE**

270.    The Plaintiff is not entitled to recover from ManorCare because it did not manufacture, distribute, or otherwise place into the stream of commerce a product containing asbestos and if Plaintiff establishes that it did so, the amount of asbestos in the product was insignificant and was totally encapsulated.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND A CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS, MANORCARE ALLEGES AS FOLLOWS:**

271.    That if the Plaintiff was caused to sustain injuries or damages at the time and place set forth in the Plaintiff's Complaint and Form Complaint through any carelessness, recklessness and negligence other than Plaintiff's own, then said injuries and damages arose in whole or in part from the negligence, breach of warranty, strict liability in tort and breach of contract of co-Defendants, and if any judgment is recovered herein by the Plaintiff against this answering Defendant, this answering Defendant will be damaged thereby and will be entitled to full or partial indemnity or contribution on the basis of proportionate responsibility in negligence, breach of warranty, strict liability in tort and breach of contract of the co-Defendants.

**WHEREFORE**, ManorCare Health Services, Inc. demands judgment (a) dismissing the Plaintiff's Complaint and Form Complaint, together with the costs and disbursements of this action; (b) awarding judgment for contribution and/or indemnification against the co-Defendants for the full amount of any verdict or judgment or for a proportionate share thereof that the Plaintiff may recover against this answering Defendant; and (c) for such other and further relief as this Court may deem just and proper.

20

# VERIFICATION

STATE OF NEW JERSEY   )
                      )ss:
COUNTY OF MERCER      )

**Greg A. Dadika, Esquire**, being duly sworn deposes and says: That I am an associate at the firm of Reed Smith LLP, attorneys for Defendant ManorCare Health Services, Inc., that I have read the foregoing answer and know the contents thereof and the same is true to the best of my knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true. The reason for this verification is made by counsel and not made by ManorCare Health Services, Inc. is that Manor Care Health Services, Inc. is not located in the county where counsel's offices are located.

The basis of my information and the grounds for my belief are based upon the files contained in my office, and conversations with management of ManorCare Health Services, Inc.

_____
Greg A. Dadika

Subscribed and sworn
To me, this 12ᵀᴴ day of
December, 2006

_____
Notary Public

NATERCIA R. SOUSA
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 26, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

CHRISTIAN F. HOLINKA,

Plaintiff(s),

-against-

A.W. CHESTERTON COMPANY et al.,

Defendants.

------------------------------------------------------------------X

Index No.: 114120-06

Date Filed: 9/29/06

**AFFIDAVIT
OF SERVICE**

STATE OF NEW JERSEY    )
                                         )ss:
COUNTY OF MERCER       )

**GREG A. DADIKA**, being duly sworn, deposes and says:

1.      I am an attorney at law licensed to practice in the State of New York and an associate at the law firm of Reed Smith LLP, attorneys for Defendant ManorCare Health Services, Inc. ("ManorCare") in the above-captioned action;

2.      I am more than 18 years of age;

3.      I am not a party to this action;

4.      I am a resident of the State of New Jersey;

5.      That on this / 2 day of December, 2006, deponent caused to be served Defendant ManorCare's Answer to Plaintiff's Verified Complaint upon the following party by regular mail: Benjamin Darche, Esq., Weitz & Luxenberg, P.C., 180 Maiden Lane, New York, NY 10038, Attorneys for Plaintiff.

_____
Greg A. Dadika

Index No. 114120-06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CHRISTIAN F. HOLINKA,

                                        Plaintiff(s),

                    v.

A.W. CHESTERTON COMPANY, et al.,

                                        Defendants.

ANSWER OF MANORCARE HEALTH SERVICES,
INC. TO PLAINTIFF'S VERIFIED COMPLAINT

REED SMITH LLP
*Counsel for Defendants*
*Office and Post Office Address, Telephone*
599 Lexington Avenue, 29th Floor
New York, New York 10022
(212) 521-5400

To:
Attorney(s)

Service of a copy of the within                    is hereby admitted:

Dated,                                                    20
Attorney(s) for

FILED

DEC 15 2006

NEW YORK
COUNTY CLERK'S OFFICE