SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————————X

CHRISTIAN F. HOLINKA,

                Plaintiffs,

- against -

A.W. CHESTERTON COMPANY., et al.,

                Defendants,

———————————————————————X

Index No.: 114120/06

VERIFIED ANSWER

FILED JAN 04 2007 COUNTY NEW YORK COUNTY CLERK'S OFFICE

    Defendant, **BECKMAN COULTER INC.**, by its attorneys McGivney & Kluger, P.C. answering the Plaintiffs' Verified Complaint upon information and belief, alleges as follows:

    1.    Defendant, **BECKMAN COULTER INC.**, denies any knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "1" of the Plaintiffs' Verified Complaint as it pertains to the remaining defendants in the Verified Complaint.

    2.    Defendant, **BECKMAN COULTER INC.**, does not answer the allegations of Paragraphs "2" "3" "4" "5" "6" and "7" of the Complaint as same do not apply to this defendant.

    3.    Defendant, **BECKMAN COULTER INC.**, denies each and every allegation contained in Paragraph "8" of Plaintiffs' Verified Complaint,

    4.    Defendant, **BECKMAN COULTER INC.**, admits the allegations contained in Paragraph "9" of Plaintiffs' Verified Complaint.

    5    Defendant, **BECKMAN COULTER INC.**, does not answer the allegations of Paragraphs "10" "11" "12" "13" "14" "15" "16" "17" "18" "19" "20" "21" "22" "23" "24" "25" of the Complaint as same do not apply to this defendant.

\* \* \*

### FIRST SEPARATE AFFIRMATIVE DEFENSE

Defendant denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

### SECOND SEPARATE AFFIRMATIVE DEFENSE

Each and every Count of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD SEPARATE AFFIRMATIVE DEFENSE

There is an insufficiency of service of process upon this defendant.

### FOURTH SEPARATE AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every count contained in Plaintiff's Complaint.

### FIFTH SEPARATE AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the defendant with respect to each and every Count contained in Plaintiff's Complaint.

### SIXTH SEPARATE AFFIRMATE DEFENSE

This Court lacks venue over the defendant with respect to each and every Count contained in Plaintiff's Complaint.

### SEVENTH SEPARATE AFFIRMATIVE DEFENSE

This Court is considered a forum non conveniens for the defendant with respect to each and every Count contained in Plaintiff's Complaint.

### EIGHTH SEPARATE AFFIRMATIVE DEFENSE

The causes of action alleged in Plaintiff's Complaint are barred by the applicable Statue of Limitations.

### NINTH SEPARATE AFFIRMATIVE DEFENSE

The Plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

### TENTH SEPARATE AFFIRMATIVE DEFENSE

The claims presented by Plaintiff's Complaint are barred by the contributing fault of Plaintiff's, which fault is greater than that of each defendant or all of the defendants.

### ELEVENTH SEPARATE AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff were caused by the negligence of the Plaintiff and any recovery therefore is barred.

### TWELFTH SEPARATE AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff were caused by the negligence of the plaintiff or Plaintiff and any recovery therefore must be proportionately diminished.

### THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE

Any negligence on the part of defendant was superseded by the new and independent conduct, including negligence of Plaintiff's employer and/or other third parties, who owed a duty to plaintiff and over whom defendant had no control and which conduct defendant could neither anticipate nor reasonably foresee and which superseding conduct was not a consequence of defendant's alleged negligence but which was the efficient cause of the injuries allegedly sustained by Plaintiff.

### FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including, *inter alia*, the conduct and habits of plaintiff and exposure to other particulates in the environment.

### FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff was a habitual smoker, and such smoking caused any lung disease from which the Plaintiff suffered.

### SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE

The defendant had no duty to give instructions to plaintiff or to warn plaintiff of any hazards attendant to the contract with, use of, or exposure to its products containing asbestos, whether known or constructively known by defendant, because those hazards were known by plaintiff and/or other persons who controlled or supervised plaintiff in the course of or incidental to his employment.

### SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE

The Plaintiff's claims, to the extent that they include a prayer for equitable relief, are barred on account of *laches* in that plaintiff failed or neglected to maintain this action in a swift, diligent and timely fashion, all to the detriment of defendant.

### EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE

There was no privity of contract between defendant and plaintiff, so plaintiff may not recover upon any alleged breach of any express or implied warranty.

### NINETEENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff's claims if based upon the allegations of express or implied warranty are barred because no sale of goods occurred.

### TWENTIETH SEPARATE AFFIRMATIVE DEFENSE

Defendant cannot be held liable under principles of strict tort liability because products manufactured and/or products which left defendant's possession did so prior to the enactment of New York law regarding strict liability.

### TWENTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, the plaintiff and/or other persons used this defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to this defendant, and for a purpose for which the products were not intended, manufactured, or designed; Plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and Plaintiff's recovery herein, if any is barred or must be diminished in proportion to the fault attributable to the Plaintiff and/or such other parties and persons.

### TWENTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

An action for breach of warranty was not available to plaintiff during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by defendant.

### TWENTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

No warranty of any kind was extended to plaintiff in this matter.

### TWENTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

If the defendant, its servants or agents made any express warranties (allegations which the defendant specifically denies) then the plaintiff did not rely on the express warranties and, further, there was no such reliance by any person or entity authorized to represent the plaintiff.

### TWENTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

If Defendant or its agents or servants made any warranties express or implied (allegations which the defendant specifically denies) then the defendant denies that it breached any of the warranties.

### TWENTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

If Defendant were liable, negligent or in breach of warranty, all of which it expressly denies, the defendant's liability in any or all of those events has been terminated by the intervening acts, omissions or negligence of others over whom this defendant had neither control, nor the right of control and for whose conduct the defendant is not legally responsible.

### TWENTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

Defendant denies that there was any defect or negligent mining, processing, manufacture, designed, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any asbestos product or material referred to in the Plaintiff's Complaint, but if there was any defect or negligence as alleged, then the defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

### TWENTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE

The utility of the products manufactured by defendant outweighs the danger allegedly involved and, therefore, Plaintiff's claim is barred as a matter of public policy.

### TWENTY-NINTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff's employer or employees were negligent with respect to the matters set forth in the Complaint, and such negligence caused in whole or in part whatever disease, injury or disability, if any, which plaintiff may have sustained, as set forth in the Complaint. Therefore, even is plaintiff is entitled to recover against defendant, which defendant specifically denies, he is not entitled to recover in the amount set forth in the Complaint because defendant is entitled to set off any and all workmen's compensation payments against any judgment which might be rendered in Plaintiff's favor.

### THIRTIETH SEPARATE AFFIRMATIVE DEFENSE

If plaintiff establishes any exposure to defendant's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its product caused Plaintiff's claimed injuries.

### THIRTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

The plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised his claims herein, and accordingly, said claims are barred by operations of law.

### THIRTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiff's Complaint which caused injury to plaintiff. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiff's and/or other persons without this defendant's knowledge and approval redesigned, modified, altered, and used this defendant's products contrary to instruction and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which defendant specifically denies, such defect resulted solely from the redesign, modification, alteration, or other such treatment or change and not from any act or omission by this Defendant. Therefore, said defect, if any, was created by plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that plaintiff allegedly suffered.

### THIRTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive, exemplary or enhanced damages for the following reasons:

(a)    Plaintiff's claim for punitive damages is barred by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

(b) Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as supplied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

(c) Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment.

### THIRTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded against this defendant for any of the alleged actions or omissions of any of these defendant's predecessors because there is not a sufficient degree of identity between this defendant and any of its predecessors to justify such an award.

### THIRTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, the plaintiff failed to make reasonable efforts to mitigate his injuries and damages, if any.

### THIRTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

There was no negligence, gross negligence, willful, wanton or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiff, or malice (actual, legal or otherwise) on the part of this defendant as to the plaintiff of the Plaintiff herein.

### THIRTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

The plaintiff has waived any and all claims which he seeks to assert in this action and is estopped both to assert and to recover upon such claims.

### THIRTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE

If it is determined that plaintiff used asbestos containing products or components of these products were sold by or on behalf of the United States of America, then this defendant is entitled to any sovereign or governmental immunity available to the United States of America.

### THIRTY-NINTH SEPARATE AFFIRMATIVE DEFENSE

If the plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, the causes of action asserted by the plaintiff fail to state a claim upon which relief can be granted, for, if relief be granted, such relief would constitute a taking of this defendant's property for a public use without just compensation, a violation of this defendant's constitutional rights.

### FORTIETH SEPARATE AFFIRMATIVE DEFENSE

If the plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused the injury, the causes of action asserted by the plaintiff fail to state a claim upon which relief can be granted because such relief would constitute a denial by this Court of defendant's constitutional right of equal protection under the law.

### FORTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

This defendant alleges that any sales of asbestos-containing products made by it were made to sophisticated users of such products, and that sale to a sophisticated user of the products bars any claim of liability against this defendant.

### FORTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

If the plaintiff is barred from recovery, the action of his wife is also barred because it is a derivative action.

## FORTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

Defendant avails itself of, and adopts such other defenses raised by any other defendants as may be applicable.

## FORTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

This defendant reserves the right to assert any and/or all applicable affirmative defense which discovery may reveal appropriate.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, **BECKMAN COULTER INC.**, hereby makes claim for contribution against each and every defendant in this action.

## CROSS-CLAIM FOR INDEMNIFICATION

While denying liability to plaintiffs as well as the damages and injuries alleged, if this defendant is found liable to the plaintiffs for damages by reason of the alleged acts complained of, this defendant's alleged negligence was merely constructive, technical and passive or vicarious and plaintiff(s) damages and injuries arose with direct and primary negligence, strict liability, breach of contract and implied warranties of the said co-defendants listed in this action.

## ANSWERS TO ALL CROSS-CLAIMS

This defendant answers all cross-claims of co-defendants, saying:

1. All cross-claims for contribution alleged are denied.
2. All cross-claims for indemnification alleged are denied.

**WHEREFORE**, defendant **BECKMAN COULTER INC.**, requests judgment in its favor dismissing Plaintiffs' Verified Complaint against it together with the costs and disbursements of this action and for any expenses incurred in the defense thereof, including this defendant's attorneys' fees.

**FURTHERMORE**, defendant **BECKMAN COULTER INC.**, demands judgment over and against co-defendants on its cross-claim for the amount of any judgment or verdict which may be obtained herein by the Plaintiffs against this defendant, together with costs and disbursements of this action, plus any and all attorneys' fees, costs of investigation and disbursements.

Dated: New York, New York
December 28, 2006

Yours, etc.

McGIVNEY & KLUGER, P.C.
Attorneys for Defendant
**BECKMAN COULTER INC.**,

By: _____
PHILIP J. O'ROURKE, ESQ.
80 Broad Street, 23rd Floor
New York, New York 10004
212.509.3456
**(Our File: 1154-0004)**

T O: **BELLUCK & FOX LLP**
295 Madison Avenue, 37th Floor
New York, N.Y 10017

11

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                   : ss.:
COUNTY OF NEW YORK )

**PHILIP J. O'ROURKE, ESQ.**, being duly sworn, deposes and says that I am an attorney with the law firm of **McGivney & Kluger, P.C.**, that I have read the foregoing Verified Complaint by **BECKMAN COULTER INC.**, and knows the contents thereof, and that the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true. The sources of my information are phone conversations with agents of the defendant. The reason this verification is made by deponent and not by defendant is because defendant does not reside within the County where their attorneys have an office.

Dated: New York, New York
       December 28, 2006

_____
PHILIP J. O'ROURKE, ESQ.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
: ss.:
COUNTY OF NEW YORK )

Adalberto L. Maurell, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides in the State of New Jersey, that on the 4 day of January 2007, deponent caused to be served the within **VERIFIED ANSWER** upon the following:

**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane
New York, New York 10038

at the above addresses designated for the purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service with the State of New York.

_____
Adalberto L. Maurell

Subscribed and sworn to before me
on this 4 day of January 2007

_____
ELIZABETH R. QUIGLEY
Notary Public, State of New York
No. 43-4952301
Qualified in Richmond County
Certificate filed in New York County
Commission Expires June 19, 2007

13

Index No. 114120/06
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CHRISTIAN F. HOLINKA,

                       Plaintiffs,

-against-

A.W. CHESTERTON COMPANY., *et al.*

                       Defendants

===

**VERIFIED ANSWER**

===

*Attorneys for Defendant:* **BECKMAN COULTER INC.,**

**McGIVNEY & KLUGER, P.C.**
**COUNSELLORS AT LAW**
80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456

14