SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN RE: NEW YORK CITY
ASBESTOS LITIGATION

THIS DOCUMENT RELATES TO:

ALL WEITZ & LUXENBERG
ASBESTOS PERSONAL INJURY
CASES IN WHICH FISHER
SCIENTIFIC INTERNATIONAL,
INC. IS NAMED AS A
DEFENDANT

NYCAL
MASTER INDEX NO. 40,000

DEFENDANT FISHER SCIENTIFIC
INTERNATIONAL, INC.'S
STANDARD ANSWER #1 TO WEITZ &
LUXENBERG P.C.'S STANDARD
ASBESTOS COMPLAINT FOR
PERSONAL INJURY NO. 7



Defendant, Fisher Scientific International, Inc. ("Fisher" or "Defendant), files its answer and affirmative defenses to Plaintiffs' Verified Complaint, and would respectfully show the Court the following:

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint, as the allegations relate to this Defendant, and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations.

3. Defendant denies the allegations in Paragraph 3 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations.

4. With respect to Paragraphs 4 through 76, and 79 through 157 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations.

5. With respect to the allegations contained in Paragraphs 77 and 78, Fisher admits it is a duly organized corporation doing business in the State of New York, but denies all remaining allegations contained in those paragraphs not specifically admitted.

FIRST CAUSE OF ACTION



F-KIND-16

printed 12/27/04

6. With respect to Paragraph 158 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 157 with the same force and effect as if hereinafter set forth at length.

7. Defendant denies the allegations in Paragraphs 159 through 177 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations and further denies that any act or omission on the part of Fisher justifies the imposition of exemplary or punitive damages.

## SECOND CAUSE OF ACTION

8. With respect to Paragraph 178 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 177 with the same force and effect as if hereinafter set forth at length.

9. Defendant denies the allegations in Paragraphs 179 through 181 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations.

10. Defendant denies the allegations in Paragraph 182 of the Complaint.

11. Defendant denies the allegations in Paragraph 183 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations, and further denies that any act or omission on the part of Fisher justifies the imposition of exemplary or punitive damages.

## THIRD CAUSE OF ACTION

12. With respect to Paragraph 184 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 183 with the same force and effect as if hereinafter set forth at length.

13. Defendant denies the allegations in Paragraphs 185 through 187, 190, 191 and 193 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations, and further denies that any act or omission on the part of Fisher justifies the imposition of exemplary or punitive damages.

14. Defendant denies the allegations in Paragraphs 188

and 189 of the Complaint.

## FOURTH CAUSE OF ACTION

15.   With respect to Paragraph 194 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 193 with the same force and effect as if hereinafter set forth at length.

16.   Defendant denies the allegations in Paragraphs 195 through 202 and 204 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations, and further denies that any act or omission on the part of Fisher justifies the imposition of exemplary or punitive damages.

17.   Defendant denies the allegations in Paragraph 203 of the Complaint.

## FIFTH CAUSE OF ACTION

18.   With respect to Paragraph 205 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 204 with the same force and effect as if hereinafter set forth at length.

19.   Defendant denies the allegations in Paragraphs 206, 207, 209 through 221, and 223 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants, and, for this reason, denies those allegations, and further denies that any act or omission on the part of Fisher justifies the imposition of exemplary or punitive damages.

20.   Defendant denies the allegations in Paragraphs 208 and 222 of the Complaint.

## SIXTH CAUSE OF ACTION

21.   With respect to Paragraph 224 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 223 with the same force and effect as if hereinafter set forth at length.

22.   With respect to Paragraphs 225 through 232, this Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, for this reason, denies those allegations.

## SEVENTH CAUSE OF ACTION

23.   With respect to Paragraph 233 of the Complaint, Defendant repeats, reiterates and realleges its answers of Paragraphs 1 through 232 with

the same force and effect as if hereinafter set forth at length.

24. Defendant denies the allegations in Paragraph 234 of the Complaint.

25. Defendant denies the allegations in Paragraph 235 of the Complaint as the allegations relate to this Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, for this reason, denies those allegations and further, denies that any act or omission on the part of Fisher justifies the imposition of exemplary or punitive damages.

26. Defendant denies all material allegations in the Complaint not specifically admitted in this Answer.

### FOR A FIRST AFFIRMATIVE DEFENSE

All claims are time barred by the applicable statute of limitations.

### FOR A SECOND AFFIRMATIVE DEFENSE

The causes of action pleaded in the Verified Complaint has not been maintained in a timely fashion, and Plaintiff(s) have neglected the same and should be barred by the doctrine of laches.

### FOR A THIRD AFFIRMATIVE DEFENSE

The Verified Complaint fails to state any cause of action against Fisher upon which relief can be granted.

### FOR A FOURTH AFFIRMATIVE DEFENSE

Insofar as the Verified Complaint may allege a cause of action, the amount of damages recoverable thereon must be diminished by reason of the culpable attributable to Plaintiff(s), including contributory negligence and assumption of risk.

### FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedy is under the Applicable Worker's Compensation Law.

### FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff contributed to his illness by the use, either in whole or in part, of other substances, products, medications and drugs.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff should prove that he sustained injuries and damages as alleged, such injuries and damages resulted from acts or omissions on the part of third parties over whom Fisher had no control or right of control.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

While Fisher denies the allegations of Plaintiff with respect to

negligence, statutory liability, strict liability, injury and damages, to the extent that Plaintiff may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third parties over which Fisher has no control or right of control.

### FOR A NINTH AFFIRMATIVE DEFENSE

The product(s) allegedly causing Plaintiff's alleged injuries was(were) altered after leaving the possession of the manufacturer.

### FOR A TENTH AFFIRMATIVE DEFENSE

As to all causes of action pleaded in the Verified Complaint which are based upon express or implied warranties and/or representations, such causes of action are legally insufficient as against Fisher by reason of Plaintiff's failure to allege privity of contract between Plaintiff(s) and Fisher.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE

In the event that any breach of warranty is proved, Plaintiff(s) failed to give proper and prompt notice of any such breach of warranty to Fisher.

### FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not directly nor indirectly purchase any asbestos-containing products from Fisher and Plaintiff neither received nor relied upon any representation or warranty allegedly made by Fisher.

### FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the causes of action pleaded by Plaintiff failed to accord with the Uniform Commercial Code, Plaintiff's Verified Complaint is time barred.

### FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the Verified Complaint.

### FOR A FIFTEENTH AFFIRMATIVE DEFENSE

At the time of Plaintiff's alleged exposure to asbestos products, Plaintiff possessed all the information necessary to inform Plaintiff of the risks associated with handling and working with asbestos products. Plaintiff was a sophisticated user of such products who needed no further warning or instruction regarding their safe use.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE

While Fisher denies the allegations of Plaintiff with regard to Plaintiff's alleged exposure to asbestos fibers attributable to Fisher such exposure, if any, is so minimal as to be insufficient to establish to a

reasonable degree of probability that Fisher's products were capable of causing the injury or damages alleged, and must be considered speculative as a matter of law.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Where applicable, Fisher preserves its right to object to personal jurisdiction of Plaintiff over Fisher.

### FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Where applicable, Fisher preserves its right to assert that this action otherwise does not belong in this court by reason of improper venue.

### FOR A NINETEENTH AFFIRMATIVE DEFENSE

Where applicable, Fisher preserves its right to assert that this action otherwise does not belong in this court by reason of forum non conveniens or any other lack of factual basis to proceed in this court or otherwise give this court jurisdiction over this matter.

### FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action for punitive damages are barred because such damages are not warranted in this action against Fisher.

### FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's filing of the Verified Complaint was untimely.

### FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's service of the Verified Complaint was untimely and/or improper.

### FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Any aware of punitive damages in this case would violate the due process rights of Fisher under the United States and New York Constitutions because: the standard for determining liability for punitive damages is vague, arbitrary and does not define, with sufficient clarity, the conduct or mental state which gives rise to such a claim; there are no meaningful standards for determining the amount of any punitive damage award under New York or federal law; New York or federal law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages; and there must be bifurcation of the trial as to all punitive damages issues.

### FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiff's Verified Complaint. In addition, Fisher will rely upon any and all other further defenses which become available

or appear during discovery proceedings in this action and hereby specifically reserve the right to amend its answer for the purposes of asserting any such additional defense.

### FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

This defendant does not admit culpability or liability to Plaintiff-decedent(s), but to the extent permitted, is entitled to a setoff of damages based on reimbursement to Plaintiff-decedent from collateral sources pursuant to CPLR § 4545.

### FOR A CROSSCLAIM AGAINST CO-DEFENDANTS FOR CONTRIBUTION

If Fisher should be found liable to Plaintiff which liability is denied, Fisher asserts that their co-defendants are joint tortfeasors with respect to any loss, liability, and expense on account of Plaintiff's demand for judgment.

### FOR A CROSSCLAIM AGAINST CO-DEFENDANTS FOR INDEMNIFICATION

If Fisher should be found liable to Plaintiff, which liability is denied, its liability will be secondary, passive, technical, vicarious, or imputed and that of their co-defendants primary, active and direct.

### ANSWER TO CROSS-CLAIMS BY CO-DEFENDANTS

Fisher denies any and all cross-claims for contribution and/or indemnification that may be asserted at any time by co-defendants against Fisher.

WHEREFORE, Fisher demands judgment dismissing Plaintiff's Verified Complaint with costs and disbursements, and in the event of any judgment over and against Fisher it demands judgement, contribution, and/or indemnity over and against the co-defendants for the amount of any such recovery or a portion thereof, in accordance with the principles of the law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

DATED:  New York, New York
        December 13, 2004

HOAGLAND, LONGO, MORAN, DUNST
& DOUKAS, LLP
Attorneys for Defendant,
Fisher Scientific International, Inc.

BY: _____
        RYAN E. GILBERT

**VERIFICATION**

STATE OF NEW JERSEY   )
                     ) ss:
COUNTY OF MIDDLESEX   )

RYAN E. GILBERT, being duly sworn, deposes and says:

1. I am a licensed attorney-at-law in the State of New York, and an associate in the law firm of Hoagland, Longo, Moran, Dunst & Doukas, attorneys for Defendant, Fisher Scientific International, Inc. Hoagland, Longo, Moran, Dunst & Doukas maintains an office at 156 William St, New York, NY, which is within New York County. This firm also maintains an office at 40 Paterson St., New Brunswick, New Jersey, 08903. This Verification is made by me because the offices of the answering Defendant are not within the County of New York, where the firm has an office.

2. I have read Fisher Scientific International, Inc.'s foregoing Verified Standard Answer #1 to Weitz & Luxenberg P.C.'s Standard Asbestos Complaint for Personal Injury No. 7, its Affirmative Defenses, Cross-claims and Answers to Cross-claims, and know its contents, and that the same is true upon information and belief, and that the source of my information and the grounds for my belief are statements made to me by representatives of the answering Defendant.

_____
RYAN E. GILBERT

Sworn to and subscribed before me
this 14th day of December, 2004.

_____

MARIE FIORELLO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Feb. 17, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

*Master Index No.* 40,000

THIS DOCUMENT RELATES TO:

ALL WEITZ & LUXENBERG ASBESTOS PERSONAL
INJURY CASES IN WHICH FISHER SCIENTIFIC
INTERNATIONAL, INC. IS NAMED AS A DEFENDANT

DEFENDANT, FISHER SCIENTIFIC INTERNATIONAL, INC.'S STANDARD ANSWER #1

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP

*Attorney(s) for*   Defendant, Fisher Scientific International, Inc.
   *Office Address & Tel. No.*  156 Williams Street, 11th Floor
   New York, NY 10038

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* December 14, 2004        Signature ........................................

   Print Signer's Name   RYAN E. GILBERT

| | |
|---|---|
| *Service of a copy of the within* | *is hereby admitted.* |
| *Dated:* | |
| | Ryan E. Gilbert |
| | *Attorney(s) for* Defendant |

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*

☐ NOTICE OF SETTLEMENT   *that an Order of which the within is a true copy will be presented for settlement to the Hon.           one of the judges of the within Court, at*
*on                , at           M.*

*Dated:*

   *Attorney(s) for*

To:              *Office Address & Tel. No.:*

*Attorney(s) for*