SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
IN RE: NEW YORK CITY ASBESTOS LITIGATION     :     NYCAL
------------------------------------------------------------------X     I.A.S. Part 11
This Document Relates To:     :     (Madden, J.)
                              :
FRANK BIANCO, et al.,         :     Index No. 115546-06
                              :
            Plaintiff(s),     :
                              :
  -against-                   :
                              :
A.C. & S., et al.,            :
                              :
            Defendants.       :
------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A JOINT TRIAL

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiffs
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 538-5500

By: Thomas M. Comerford, Esq.

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

A complete recitation of the facts supporting Plaintiffs' motion for trial consolidation pursuant to C.P.L.R. § 602 is set forth in the accompanying Affirmation of Thomas M. Comerford, Esq. (the "Comerford Aff.").

Plaintiffs herein seek an Order, pursuant to C.P.L.R. § 602, granting the consolidated trial of the following nine asbestos-related actions:

| | |
|---|---|
| FRANK BIANCO | Index No. 115546-06 |
| JAMES DIRECTOR | Index No. 115923-06 |
| KARL FELTEN | Index No. 114005-06 |
| HARVEY HELFAND | Index No. 117176-06 |
| CHRISTIAN HOLINKA | Index No. 114120-06 |
| JACK NACHT | Index No. 114274-06 |
| FREDERICK RITZER | Index No. 111328-06 |
| JOSEPH SACCOMANO | Index No. 113299-06 |
| ROBERT SHEPPARD | Index No. 117513-06 |

As demonstrated below, Plaintiffs meet the legal standard required to have this Court grant consolidation of these actions.

1

## ARGUMENT

## PLAINTIFFS MEET THE LEGAL STANDARD REQUIRED TO GRANT CONSOLIDATION

A motion to join cases for trial or for consolidation lies in the "sound discretion of the court." Mars Assoc., Inc. v. New York City Educ. Constr. Fund, 126 A.D.2d 178, 513 N.Y.S.2d 125, 129 (1st Dep't 1987); see also Gadelov v. Shure, 274 A.D.2d 375, 711 N.Y.S.2d 896 (2d Dep't 2000). The ordering of consolidated trials and cases "expresses the modern view of joinder as a means of eliminating multiplicity of actions, trial delay, and expenses of litigation." Mars Assoc., 513 N.Y.S.2d at 129. Unless the party opposing joinder shows prejudice to a substantial right, existence of common issues of fact or law "justify the grant of a motion for joint trial." Williams v. Mascitti, 71 A.D.2d 813, 419 N.Y.S.2d 404, 405 (4th Dep't 1979).

The criteria outlined in Malcolm v. National Gypsum Co., 995 F.2d 346, 351 (2d Cir. 1993), provide a list of eight factors to be considered when the issue of trial joinder is before the Court, none of which is independently dispositive. As demonstrated by the facts set forth in the Comerford Aff. at §§ 27-40, Plaintiffs meet the great majority of the criteria outlined in Malcolm and a joint trial of these nine actions is warranted.

## A. NUMEROUS SIMILARLY-SITUATED COURTS HAVE CONSOLIDATED SIMILAR ASBESTOS CASES

The issue concerning the propriety of joining asbestos cases for trial has repeatedly arisen at the trial level and applications to join such actions have been routinely granted in asbestos litigation.

### 1. Justice Marcy Friedman Consolidated Five Similar Asbestos Actions For A Joint Trial

Justice Marcy Friedman issued a decision granting plaintiffs' motion to join for trial a cluster of five cases transferred in the NYCAL. See Decision/Order, dated October 31, 2001, in Charles Barrett et al., No. 119284/00, annexed to the Comerford Aff. at Exhibit A.

In that action, the plaintiffs, all of whom had mesothelioma, alleged exposure at different sites and in different occupations. Justice Friedman ruled that one plaintiff's working at a different worksite than the others should not bar joinder of his case at trial since "he does allege exposure to the same kinds of asbestos-containing materials (i.e. boilers and gaskets)" as the other plaintiffs. Id. at p.2. Such reasoning should apply to these cases in which there is substantial overlap exists among the remaining defendants, the non-party tortfeasors, as well as the type of products that the nine plaintiffs were exposed to.

3

In opposition to this argument, it can be anticipated that the Defendants will oppose this motion by making the same claim as those defendants before Justice Friedman, namely, that they will somehow be prejudiced by the different information that will be presented with respect to each individual defendant. As Justice Friedman held, in order to prevent any juror confusion, the court can allow the jurors to keep trial notebooks.

Moreover, the court can prevent any potential prejudice at trial by giving instructions and cautions to the jury regarding their proper consideration of evidence as to the parties, through jury charges, and by creating clear special verdict forms and questionnaires. See Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1008 (2d Cir. 1995)("By implementing such measures, Judge Sweet insured that plaintiffs and defendants received a trial by jury that fairly addressed the individual claims while effectively managing the resources of the court and giving the parties the benefit of an efficient and economical trial.") annexed to the Comerford Aff. at **Exhibit B**; see also Justice Friedman's Decision/Order, Barrett et al., at 3, attached to the Comerford Aff. at **Exhibit A**.

### 2. Justice Martin Shulman Has Granted Application To Join Similar Asbestos Actions For A Single Trial On At Least Two Prior Occasions

In two separate actions one year apart, Justice Shulman has granted application to consolidate similar asbestos actions for a single trial based on very similar reasoning as expressed in two written decisions.

In the first action, three co-defendants moved before Justice Shulman for severance and/or to oppose plaintiffs' counsel motion to consolidate eight personal injury/wrongful death actions for joint trial. Importantly, six of the cases were mesotheliomas, one a severe asbestosis case, and one asbestos and lung cancer case. Additionally, four of the Plaintiffs were deceased, four remained terminally ill, none were exposed at one common work site but rather were exposed to similar asbestos materials onboard ships, at shipyards, and construction sites, and their exposure periods ranged from the 1940s to the 1980s. On February 28, 2005, Justice Shulman issued his order consolidating all eight cases, stating that "[t]rying these eight cases at the same time will be difficult, but not insurmountable." See Decision and Order, dated February 28, 2005, in Aliye D. Ak et al., No. 104333/04, ("Ak Decision") at p. 4, attached to Comerford Aff. at **Exhibit C**. He specifically emphasized that sufficient similarities existed between these diverse cases to support a joint trial and further, that the Malcolm factors were not "solely controlling as to the court's exercise of discretion whether or not to grant Plaintiffs' OSC for joint trials." See **Exhibit C**.

5

Similarly, almost exactly one-year later, on January 19, 2006, Justice Shulman consolidated six of nine asbestos cases assigned to him for trial. His reasoning paralleled that of one year previously detailing and again overcoming, even in the face of opposition papers submitted by at least forty-three defendants (!), defendant concerns regarding discovery issues, status of plaintiffs (dead versus alive), common worksites, common exposures, common occupations, overlapping exposure periods, and inclusion of lung cancer with mesothelioma cases. See Decision and Order, dated January 19, 2006, in Philip Altholz et al., No. 102034-05 ("Altholz Decision") at p. 2, attached to the Comerford Aff. at **Exhibit D**.

3. **Justice Robert Lippman Joined Three Asbestos Actions—Two Lung Cancers And One Mesothelioma—For A Single Trial**

On November 14, 2005, Justice Robert Lippman issued an order granting plaintiffs' motion for a joint trial involving three asbestos actions for a single trial. Notedly, Justice Lippman joined these three cases with different asbestos-related diseases; one mesothelioma and two lung cancers. The court noted that "There have been no reversals on that ground by the First Department." See Decision and Order, dated November 14, 2005, in Joseph Tortorella et al., No. 100297/02 ("Tortorella Decision") attached to the Comerford Aff. at **Exhibit E**.

6

4. **Justice Shirley Werner-Kornreich Has Granted Application For Consolidation Of Asbestos Cases On At Least Three Prior Occasions**

At least on three prior occasions, Justice Shirley Kornreich has granted applications for consolidation of asbestos cases. On August 19, 2002, Hon. Kornreich orally ruled to consolidate four asbestos cases for trial. See Oral Ruling, August 19, 2002, in Craig Gilbert et al., No. 104699/01 ("Gilbert Decision") relevant portions attached to the Comerford Aff. at **Exhibit F**. Hon. Kornreich, issuing an oral rather than written ruling-due to a clerk's office error, based her decision on the relevant joinder factors, including (a) similarity of defendants in each case, (b) similarity of disease (i.e. mesothelioma), (c) similarity of proofs, and (d) judicial efficiency. See pp. 74. Additionally, Hon. Kornreich emphasized that the jury would be able to sort through complicated issues in the trial with the help of jury notebooks. See pp. 73-74. On July 8, 2004, Hon. Kornreich again orally ruled to consolidate four asbestos cases for trial. See Oral Ruling, July 8, 2004, in Renow et al., ("Renow Decision") relevant portions attached to the Comerford Aff. at **Exhibit G**. Specifically, Hon. Kornreich ruled that she would separate out two lung cancer cases and try the four remaining mesothelioma cases together as a group. See pp. 15-16, 28.

7

Finally, on June 23, 2005, Hon. Kornreich issued a written decision granting plaintiffs' motion for a joint trial of six cases. See Decision and Order, dated June 23, 2005, in Frank D'Amore, et al., ("D'Amore Decision") attached to the Comerford Aff. at **Exhibit H**. Therein, she ordered the consolidation based, among other reasons, on the fact that "the cases involve overlapping periods of exposure to overlapping product and during overlapping time periods. Many of the same experts will be called to testify as to the medical and State-of-the-Art. Common questions of law and fact, as well as judicial economy, mitigate in favor of a joint trial." Notably, Hon. Kornreich chose to include a case involving a plaintiff's renal cancer stating that "...the Court believes common questions of law and fact outweigh the need for a separate trial..." Id.

### 5. Justice Louis B. York Has Granted Application To Join Similar Asbestos Actions For A Single Trial On At Least Two Prior Occasions

In two separate actions three years apart, Justice York has granted application to consolidate similar asbestos actions for a single trial based on very similar reasoning as expressed in two written decisions.

In the first action, on October 14, 2003, many defendants moved before Justice York for severance and/or to declare his consolidation null and void based upon substantive grounds that the factors required to join actions for trial had not been met, and those defendants additionally moved based upon purported procedural errors. The defendants also argued against a joint trial by claiming that different legal issues existed, thus warranting separate trials. The defendants have argued in the past, and will argue before this Court, that those different legal issues include that: plaintiffs worked in different occupations; have different exposure histories; have been exposed to asbestos in different ways; have different defendants in each of the actions; and that individual issues predominate over the common issues.

In the face of these very same arguments, Justice York appropriately considered the relevant factors upon which joinder is appropriate when he concluded that enough commonalities exist to support joinder. After papers were received from all interested parties, Justice York issued a Decision in which the court joined six of the eight assigned actions for trial. See Decision and Order, dated October 29, 2003, in Richard Bretton, et al., No. 111000/02, ("York Decision I") attached to the Comerford Aff. at **Exhibit I**. In granting a joinder of six actions for trial, Justice York appropriately considered the relevant factors upon which joinder is granted. Ultimately, the court concluded that enough commonalities exist to support joinder, including, (a) the same counsel representing all plaintiffs, (b) overlapping exposure histories, (c) similar State-of-the-Art evidence applicable to the defendants, (d) the existence of defendants within these cases who are litigants in more than one case, (e) and the expert medical testimony regarding asbestos-related disease that will be applicable to all cases. Moreover, the court also addressed the very real consideration that ". . . joint trials will alleviate the crushing caseloads that these mass torts impose upon the courts." See **Exhibit I**.

After Justice York's decision was issued, the defendants filed Notices to Appeal the ruling and concomitantly sought an interim stay of the joint trial before the Appellate Division – First Department. Following argument before Justice Mazzarelli, the Appellate Division denied the request for an interim stay and all of the cases settled before pre-trial jury instructions could be concluded. See Comerford Aff. at **Exhibit J**.

Similarly, three years later, on January 9, 2006, Justice York consolidated five of nine cases assigned to him for trial. His more recent reasoning paralleled his earlier ruling three years previously detailing and again overcoming defendant concerns regarding discovery issues, status of plaintiffs (dead versus alive), overall small number of cases, and judicial efficiency. See Decision and Order, dated January 9, 2006, in Edwin De Jesus et al., Index No. 116431/04 ("York Decision II"), attached to the Comerford Aff. at **Exhibit K**.

### 6. Justice Karen Smith Joined Four Similar Asbestos Actions For A Single Trial

Recently, on January 19, 2005, Justice Karen S. Smith issued an order granting plaintiffs' motion for a joint trial involving four similar asbestos actions for a single trial. As before, defendants opposed plaintiffs motion to consolidate arguing "that the facts so differ as to the type and history of exposure for each plaintiff, that to consolidate them would be prejudicial to the defendants"; that defendants claim is "unique" due to various exposure types and related epidemiological evidence to be presented; and due to unique causation issues individual to particular cases. See Decision and Order, dated January 19, 2005, in Thomas Cullen et al., No. 120249/03 ("Cullen Decision") attached to the Comerford Aff. at **Exhibit L**.

11

In granting a joinder of four actions for trial, Justice Smith appropriately considered the relevant factors upon which joinder is granted. The Court concluded that enough commonalities exist to support joinder, including, (a) the same counsel representing all plaintiffs, (b) overlapping exposure histories, (c) similar State-of-the-Art evidence applicable to the defendants, and (d) the existence of defendants within these cases who are litigants in more than one case. Moreover, the court stated that "[c]urative and clarifying instructions from the court, juror notebooks, and special verdict forms should suffice to prevent confusion among the jurors and prejudice to the defendants." See **Exhibit L**.

### B.    APPELLATE PRECEDENT SUPPORTS CONSOLIDATION

Moreover, in addition to the recent decisions addressed above, because of the massive number and the nature of asbestos personal injury actions, all courts, specifically including the First Department, have encouraged the liberal use of consolidation of such cases for trial. The First Department, in approving the joint trial of many more cases than the nine at issue here, has referred to the "potential to reduce the cost of litigation, make more economical use of the trial court's time, and speed the disposition of cases as well as to encourage settlements." In re New York City Asbestos Litig., 188 A.D.2d 214, 593 N.Y.S.2d 43, 50 (1st Dep't), aff'd, 82 N.Y.2d 821 (1993), attached to the Comerford Aff. at **Exhibit M**.

12

C.   THE CMO ANTICIPATES CONSOLIDATION

In addition to the legal support and recent Supreme Court decision addressed above, the Amended Case Management Order in the New York City Asbestos Litigation, which governs these nine cases, expressly provides for the expedited litigation for terminally-ill plaintiffs, who are assigned to "Accelerated Trial Clusters" for trial in May and November of each year. The trial judge to whom cases in these Accelerated Trial Clusters are assigned have similar broad discretion on how to try these cases: "The method of trial of cases assigned to the [in extremis] Clusters will be determined by the Court in light of all applicable legal considerations." Id., Section XIV.C, at p. 30, attached to the Comerford Aff. at **Exhibit N**.

D.   FROM A NATIONAL PERSPECTIVE—CONSOLIDATION IS ALSO FAVORED

Nationally, the consolidation of asbestos cases is the rule rather than the exception. See State ex rel. Mobil Corp. v. Gaughan, 563 S.E.2d 419, 421 (W. Va. 2002) (referring cases involving 7700 plaintiffs and 250 defendants for consolidated liability trial) cert. denied, sub nom. Mobil Corp. v. Adkins, 537 U.S. 944 (2002); In re Hopeman Bros., Inc., 569 S.E.2d 409, 409 (Va. 2002)(consolidating 1300 asbestos cases for single trial); See also In re Ethyl Corp., 975 S.W.2d 606, 611 (Tex. 1998) (refusing to vacate consolidation of 22 cases).

## CONCLUSION

For the reasons set forth in this Memorandum of Law and within Plaintiffs' accompanying Affirmation In Support of Plaintiffs' Motion For Consolidation, it is respectfully submitted that plaintiffs' motion, pursuant to CPLR § 602 for a consolidated trial of these nine actions, be granted in its entirety.

Dated: New York, New York
　　　　June 25, 2007

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　WEITZ & LUXENBERG, P.C.
　　　　　　　　　　　　　　　　　　　　　　180 Maiden Lane, 17th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　　　　　　　　　　　　(212) 558-5500
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

　　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　　Thomas Comerford, Esq.

ALL-STATE LEGAL®

Index No. 115546   Year 20 06

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

IN RE: NEW YORK CITY ASBESTOS LITIGATION

This Document Relates To:

FRANK BIANCO, et al.,

Plaintiffs,

- against -

A.C. and S., et al.,

Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A JOINT TRIAL

**WEITZ & LUXENBERG, PC.**

*Attorneys for*   **Plaintiffs**

180 Maiden Lane
New York, NY 10038
(212) 558-5500

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____   Signature: _____

Print Signer's Name: _____

*Service of a copy of the within* _____ *is hereby admitted.*

Dated: _____

*Attorney(s) for* _____

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on _____ 20 _____

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____