SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK COUNTY<br>ASBESTOS LITIGATION<br><br>—————————————————————<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL MAY 2007 *IN EXTREMIS* CASES<br>IN WHICH MANNINGTON MILLS,<br>INC. IS A NAMED DEFENDANT | NYCAL<br>I.A.S. Part 39<br>(Freedman, J.)<br><br>INDEX NO.  40000/88<br><br>DEFENDANT MANNINGTON<br>MILLS, INC.'S LIST OF EXPERT<br>WITNESSES AND EXHIBITS |

Defendant, Mannington Mills, Inc. ("Mannington Mills" or "Defendant") submits this

trial Expert Witness and Exhibit List in accordance with the discovery time line. Mannington Mills

submits this list reserving its rights to supplement, amend, and/or amplify this list prior to trial.

### EXPERT WITNESSES

1.      John E. Craighead, M.D.

Victor L. Roggli, M.D.

Michael Alan Graham, M.D.

Dr. Roggli, Dr. Craighead, and Dr. Graham are pathologists. They will testify to all matters

pertaining to study and research concerning exposure to asbestos and its effects on the human body;

the exposure to asbestos and the development of lung cancer, mesothelioma and other respiratory

diseases; examination and review of Plaintiff's medical record, history, x-rays and pathology

material; expert opinions as to whether Plaintiff suffers from a respiratory disease and the cause of

such disease, including but not limited to asbestosis, lung cancer, mesothelioma and the basis for

such opinion; and the effects of exposure to chrysotile fibers on the human body. Their opinions will

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

be based upon their review of applicable medical and scientific literature, Plaintiff's(s') medical (including pathological materials), employment and earnings records, and deposition testimony. These witnesses may also review the reports, data and work product of Plaintiff's(s') experts.

2. **Mark F. Durham, CIH**

Mr. Durham is a certified industrial hygienist who has worked extensively for OSHA and as a consultant on industrial hygiene issues. He is further qualified as outlined in his *curriculum vitae*.

Mr. Durham may testify concerning government regulations, publications and other literature regarding asbestos and asbestos-containing products, including vinyl flooring materials, the characteristics and handling of such products; the presence or absence of risks posed by such products in connection with different types of activities; the available literature and studies relating to vinyl flooring products; and the state of thinking and knowledge within the industrial hygiene community regarding the risks, if any, posed by vinyl flooring products, plaintiffs' alleged exposure to asbestos, if any, from Mannington Mills' products, and Mannington Mills' actions with respect to the production and sale of vinyl flooring products.

Mr. Durham will rely upon his experience with and knowledge of asbestos-containing products and activities involving asbestos, and his familiarity with governmental and scientific literature regarding such products and activities. Mr. Durham may also give opinions on the literature, studies, data and opinions relied upon or stated by plaintiff's experts.

3. **J. LeRoy Balzer, Ph.D.**

Dr. Balzer has personal knowledge of relevant facts, but is also an expert based upon his specialized knowledge, skill and training. He is further qualified as outlined in his *curriculum vitae*.

He may evaluate the testing methods employed by plaintiffs' witnesses and any conclusions reached. Dr. Balzer may testify about the size, construction, layout and working environment of

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

facilities similar to those where plaintiff worked. As an industrial hygienist, Dr. Balzer may testify about the nature of the working environment in such locations. He may testify concerning plaintiff's alleged exposure to asbestos, including the relative fiber-year exposures at various places of employment.

He may also testify about his knowledge of the composition and asbestos content, if any, of the products involved in this case, as well as other asbestos-containing products, and may testify concerning the ability of such products to emit asbestos fibers under certain conditions. He may testify about his studies, published and unpublished, of work around asbestos-containing products and the ability of asbestos-containing products to release asbestos fibers. He may testify about the characteristics and health effects, if any, associated with the various forms of asbestos fibers. Dr. Balzer may also testify about the history and use of threshold limit values. He may also testify as to any matter raised by experts called by plaintiffs or co-defendants.

He is also expected to testify about industrial hygiene and the appearance, application, properties and uses of various asbestos-containing products. Additionally, Dr. Balzer is expected to testify about the State of the Art based upon his review of the literature and his own experience.

4.    **John Spencer, C.I.H., C.S.P., R.S.**

Mr. Spencer is a certified industrial hygienist and a certified safety professional. His field of expertise is occupational safety and health. He is further qualified as outlined in his *curriculum vitae.*

He may testify regarding the development and use of threshold limit values and the promulgation of state and federal regulations concerning the use of asbestos and exposure to asbestos in occupational settings. He may also testify regarding the chronology and meaning of governmental or other regulations regarding permissible levels of airborne asbestos fibers. He is expected to testify

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

about plaintiff's alleged exposure to asbestos, including the relative fiber-year exposures at various places of employment.

Mr. Spencer is also expected to testify about the following: the determination of plaintiff's total asbestos exposure, the retrospective exposure analysis; determination of plaintiff's exposure to a particular company's products and to all asbestos products; the identification of fiber types in products encountered by plaintiff; work practices that may involve liberation of asbestos fibers; and quantification of exposure to asbestos in different trades. He may testify about the nature of the working environment in facilities such as those where plaintiff worked. He may also testify about the ability or inability of certain asbestos products identified by the plaintiff to release asbestos fibers and about tests regarding such products. He may further testify about other asbestos products identified by plaintiff that are generally known to be in a working environment similar to those described by plaintiff. He is also expected to testify generally about industrial hygiene and the appearance, application, properties and uses of various asbestos-containing products.

He may also testify about the responsibility of plaintiff's employers to maintain a safe working environment and to protect employees from injury. Mr. Spencer may be asked to testify about whether particular defendants had a duty to warn plaintiff about the asbestos components contained in some of its machinery. Additionally, Mr. Spencer may testify as to the medical and technical state of the art and scientific knowledge regarding asbestos, asbestos exposure and related industrial hygiene practices based upon his review of the literature and his own experience. He may also testify about state of the art entirely from an industrial hygiene perspective. He will testify about tests he has conducted on certain types of machinery and equipment, and about the results of those tests and any and all opinions (and the basis of such opinions) regarding the results of those tests.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

5.    **Sheldon H. Rabinovitz, Ph.D., C.I.H.**

Dr. Rabinovitz is a toxicologist and a Certified Industrial Hygienist. Dr. Rabinovitz bases his opinions on his education and experience in the field of occupational and environmental health. He obtained a B.S. in chemistry, a M.S. in Occupational and Environmental Health and a Ph.D. physiology and pharmacology with a major in toxicology from Wayne State University Medical School. He is certified in the comprehensive practice of Industrial Hygiene by exam in 1974 and has been recertified four times since. He is further qualified as outlined in his *curriculum vitae*.

He is expected to testify that plaintiff was not exposed to levels of asbestos from handling or cutting vinyl containing floor products made by Mannington Mills or from just being in the vicinity of where others may have handled vinyl containing floor products manufactured by Mannington Mills that could have caused or contributed to his being diagnosed with mesothelioma.

Dr. Rabinovitz will testify that moving and cutting vinyl containing floor products as described by plaintiff would not cause the release of harmful amounts of asbestos. The reason why plaintiff would not have been exposed to significant levels of asbestos from moving and cutting vinyl containing floor products manufactured by Mannington Mills is because the asbestos in those vinyl floor products is completely encapsulated in a binder matrix that is used in making the vinyl floor products. When cut, the fibers are not separated from the binder matrix to any significant extent. He will testify that studies of the removal of old vinyl asbestos containing tile floors have been conducted by various organizations including the Resilient Floor Covering Institute have shown that the breaking of old floor tiles into a few pieces does not result in harmful emissions of asbestos and that some states, such as the State of Washington, do not require that persons removing old vinyl asbestos containing floor tile wear respiratory protection so long as the tiles are removed carefully and they do not break into more than four pieces. He will then testify that the potential asbestos

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

emissions resulting from moving old vinyl asbestos containing tiles from floors where some of the old and sometimes brittle tiles would break into a few pieces would be associated with a greater potential for asbestos emissions then from the cutting of a limited amount of vinyl asbestos containing floor products. He may also testify regarding how air sampling procedures are used to assess and quantify asbestos exposures associated with various operations involving asbestos containing products.

He may also testify regarding the knowledge of the health hazards associated with excessive exposure to asbestos during the time period when Mannington Mills manufactured vinyl-containing floor products. This is based upon his review of the literature and his own experience. Based on the State of the Art regarding the knowledge of the health effects associated with exposure to asbestos, there would be no reason for Mannington Mills to provide warnings regarding potential exposures from handling and using their vinyl containing floor products as it was not thought possible that working with such products could result in an exposure that could cause any asbestos related disease and, in fact, even with today's knowledge, there is no information to suggest that persons could be exposed to harmful levels of asbestos from cutting vinyl containing floor products as plaintiff described.

Dr. Rabinovitz will further testify that the type of asbestos used by Mannington Mills in some of their vinyl-containing floor products was chrysotile and that the results of several epidemiology studies do not show a statistically valid correlation between exposure to chrysotile asbestos and mesothelioma. He may also testify on the history of threshold limit values for asbestos and the levels of exposure to asbestos that are known to be associated with asbestos-caused disease. He may describe the industrial hygiene and medical literature supporting the threshold concept of asbestos related diseases.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

6.    **Dr. Frederick M. Toca, Ph.D., CIH, CSP, MPH**

Dr. Toca is a Certified Industrial Hygienist and President of Atlantic Environmental, Inc., in Dover, New Jersey.  He is a past President (and an elected Fellow) of the American Industrial Hygiene Association.  Dr. Toca has national experience in industrial hygiene, safety, health, and environmental issues.  He is further qualified as outlined in his *curriculum vitae*.

He is expected to testify concerning the field of industrial hygiene, and its tenets, principles and methods.  Dr. Toca is further expected to testify concerning the development, use and interpretation of permissible exposure limits and threshold limit values over time, and with particular reference to asbestos, and the establishment and nature of background levels of asbestos exposure. In this regard, he will testify about the development of knowledge as to the cause and effect relationship between potential asbestos exposures and asbestos-related disease, and the threshold dose responses which must be met to establish a cause-effect relationship between asbestos exposure and asbestos-related diseases, including mesothelioma.  Dr. Toca may also testify about the alleged occupational asbestos exposure of individuals and whether such exposure could be considered a scientifically significant amount of risk for the development of an asbestos-related disease.

He is also expected to testify regarding the level of asbestos fiber release, if any, from the installation, removal and cleaning of asbestos-containing floor products.  He will testify as to his professional industrial hygiene assessment of the use of flooring products and the negligible risk of asbestos-related disease that these products present. Dr. Toca may also be offered to rebut any evidence of fiber release or exposure offered by individuals and will testify regarding the medical and scientific literature pertaining to these concepts.  He is further expected to testify as to the manner in which experts may use industrial hygiene data, how that data should be interpreted in specific cases and the manner in which industrial hygiene data should be properly considered in

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

evaluating exposures.

Dr. Toca will also testify as to levels of exposure dose, if any, allegedly experienced by the individuals' exposure doses and its importance as a factor in assigning risk retrospectively; the use of industrial hygiene techniques to provide a retrospective engineering estimate of the exposure dose for a particular activity or job and threshold dose response levels for asbestos-related diseases at which the risk is scientifically significant and, depending on the facts provided, whether a given individuals' exposure to a certain asbestos-containing product was or was not a scientifically significant risk, a substantial factor, or a producing cause. Specifically, he will discuss the potential for worker exposure during the installation and removal of flooring products manufactured by Mannington Mills.

7.    **Craig A. Dise, M.D., Ph.D.**

Dr. Craig Dise is a Pathologist and Chairman, Department of Pathology and Co-Director of Laboratories and Attending Pathologists at Morristown Memorial Hospital and Overlook Hospital of Atlantic Health System.   He is further qualified as outlined in his *curriculum vitae.*

Dr. Dise may be called to testify regarding pathology aspects of the case and causation issues. It is expected that Dr. Dise will testify regarding the potential etiologic role of chrysotile asbestos in the development of plaintiff's mesothelioma in view of his reported occupational exposure history to vinyl flooring products which contained asbestos. He will testify that, based upon plaintiff's job duties throughout his career, he would have been exposed only to small quantities of chrysotile asbestos-containing materials in an environment that would not be expected to generate significant quantities of dust subject to inhalation or ingestion. Given the circumstances under which plaintiff was exposed to the alleged vinyl flooring products containing chrysotile asbestos, it is unlikely that he would have been exposed to massive amounts of chrysotile asbestos comparable to those reported

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

for workers engaged in the mining or milling of chrysotile asbestos in whom asbestos-related disease has been studied. His exposure would have been at a level many orders of magnitude lower.

Dr. Dise will rely upon epidemiological and pathologic studies which have shown that amphibole fibers such as crocidolite, amosite and tremolite are more fibrogenic and oncogenic than chrysotile. Further, the incidence of mesothelioma is highest in occupations with the heaviest amphibole exposure. In addition, he will testify that chrysotile asbestos, which contains a smaller fiber, has been reported to have little, if any, association with mesothelioma. Dr. Dise will further testify that, at the level of chrysotile asbestos exposure experienced by plaintiff, the risk of development of mesothelioma would be insignificant and it is unlikely that plaintiff's mesothelioma is a consequence of his exposure to chrysotile asbestos in the flooring products he worked with during his career.

8.    **I. A. Feingold, M. D.**

Dr. Feingold is Chief of Division of Pulmonary and Hyperbaric Medicine, South Miami Hospital. He is a licensed physician and pulmonary specialist. He is further qualified as outlined in his *curriculum vitae.*

Dr. Feingold will testify regarding the epidemiology of asbestos exposure and the diseases caused by such exposure, and concerning issues of his specialty as applicable to the medical issues regarding this case. He will also testify as to whether plaintiff had a condition or illness caused by asbestos exposure. He may also testify on the latency period related to each type of asbestos-related disease and the carcinogenic properties of each different type of asbestos fiber.

Dr. Feingold will generally testify concerning asbestos-related diseases and the effects of exposure to various asbestos-containing products upon persons in occupational settings. He may also testify on whether any asbestos-related disease allegedly suffered by plaintiff was medically or proximately caused by exposure to asbestos-containing flooring materials. He may further testify

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

regarding the propensity of various asbestos fiber types to contribute to mesothelioma or other asbestos-related disease. He may also testify regarding the determination of the relative risks of suffering personal injury or death as a result of exposure to various asbestos-containing products in occupational settings. He may also testify that the appropriate use of flooring products during a human life span cannot produce an appreciable risk of any asbestos-related disease and cannot be a producing cause of any asbestos-related disease.

9.    **Douglas Fowler, Ph.D., CIH**

Defendant, Mannington Mills, has disclosed Douglas Fowler as an expert witness. Dr. Fowler is a Ph.D. certified industrial hygienist. He is further qualified as outlined in his *curriculum vitae.*

Dr. Fowler is expected to testify about the following: industrial hygiene and industrial hygiene practices; the determination of decedent's total asbestos exposure; a retrospective exposure analysis; determination of decedent's exposure to a particular company's products and to all asbestos products; the identification of fiber types in products encountered by decedent; work practices that may involve liberation of asbestos fibers; quantification of exposure to asbestos in different trades; an explanation and history of threshold limit values for asbestos; a description of how dust measurements are done at job sites; the levels of exposure to asbestos known to be associated with asbestos-caused diseases; the levels of exposure below which it is thought that asbestos-related diseases will not develop; industrial hygiene literature and medical literature which support that threshold; the work practices in preparing and applying asbestos-containing materials and the amounts of dust emitted by each of those operations; the methods of identifying fiber types in insulation products; the ability of fibers to remain airborne or settle; factors affecting the transport and settlement of fibers; and the effects of control technology on exposures.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

Dr. Fowler can also testify regarding articles that reconstruct the exposures experienced by insulators, shipyard workers and construction trades, and bystanders, including articles by Fleischer-Drinker, Balzer & Cooper, Harries and Selikoff. Dr. Fowler can further testify about state-of-the-art issues pertaining to the development of knowledge concerning the potential health hazards associated with asbestos at various exposure levels.

10. **W. G. Hughson, M.D., Phil., F.R.C.P. (c) F.C.C.P.**

Defendant, Mannington Mills, has also disclosed W.G. Hughson, M.D., Phil., F.R.C.P. (c), F.C.C.P. as an expert witness. He is qualified as outlined in his *curriculum vitae*.

Dr. Hughson is expected to testify about whether decedent's alleged injury was caused by his alleged exposure to asbestos and, if so, whether it was caused by his alleged exposure to certain asbestos-containing products. He is also expected to testify as to the State of the Art based upon his review of medical literature and his own personal experiences. Additionally, Dr. Hughson is expected to testify on issues related to epidemiology and as to the relationship, if any, between exposure to asbestos and diseases claimed by decedent.

11. **Keneth A. Mundt, Ph.D.**

Dr. Mundt is a Principal of ENVIRON International Corporation and also serves as Director of Epidemiology for ENVIRON Health Sciences. Prior to joining ENVIRON, Dr. Mundt served as President and Founder of Applied Epidemiology, Inc. from 1991-2003. He has over 20 years of experience in the application of epidemiological concepts and methods; occupational and environmental exposure to chemicals; cancer, reproductive, cardiovascular, musculoskeletal injury and other health outcomes; quality-based critical reviews (QBCR) of epidemiological literature; expert testimony; epidemiological instruction and training. He is further qualified as outlined in his *curriculum vitae*.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

Dr. Mundt may be asked to testify regarding the following matters: the characteristics, chemical properties and amounts of asbestos and their pathogenic potential; composition of floor tile and sheeting, and use of asbestos therein; the potential for asbestos exposure in an occupational setting; the characteristics and epidemiology of asbestos-related diseases; relevant medical and scientific literature on these subjects; types, characteristics and usages of various types of asbestos; dose-response relationships; and the effect of the wear process on industrial equipment including compressors.

He may also testify regarding latency and the correlation between level of exposure and latency period, including the opinion that mesothelioma needs a trigger, and once triggered, all subsequent exposure has little to no impact, and how this relates to Plaintiff's alleged later exposure to flooring products. Dr. Mundt may also testify from an epidemiological standpoint as to the differences between, and far less potential asbestos exposure from, floor sheeting versus floor tile.

12. **Frank E. Gomer, Ph.D.**

Dr. Gomer is a member of the American Society of Safety Engineers, the Human Factors Engineering and Ergonomics Society, and the Safety Standards Technical Panel for Underwriters Laboratories. He is further qualified as outlined in his *curriculum vitae*.

Dr. Gomer will testify about standards and procedures for workplace hazard management. He will also provide testimony regarding the methodology used to determine whether warnings should be issued, including those relating to asbestos-containing products. He may also testify about Mannington Mills Inc.'s historical standards and practices pertaining to warnings and the appropriateness of same. He may further testify regarding the absence of a need by Mannington Mills Inc. to warn about hazards associated with other companies' products. Lastly, Dr. Gomer may testify

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

about the state of scientific knowledge during the relevant time periods regarding hazards associated

with asbestos exposure, including exposure to low levels of encapsulated asbestos.

### OTHER WITNESSES

Mannington Mills, Inc. reserves the right to either call and/or rely upon the testimony of any

medical expert engaged by joint medical defense counsel on behalf of all of its members.

Mannington Mills, Inc. reserves the right to call any lay or expert witnesses disclosed by any

other party to this action.

Mannington Mills, Inc. reserves the right to call any witnesses identified by any party in

discovery in this case or deposed by any party in this action.

Mannington Mills, Inc. reserves the right to call rebuttal witnesses who need not be listed at

this time.

### DEPOSITIONS AND EXHIBITS

1)    Discovery and de bene esse depositions of plaintiffs, co-workers, and any other

individuals whose testimony is relevant to this case;

2)    All fact witness, co-worker, and employer depositions taken or yet to be taken;

3)    All depositions of doctors, other medical professionals, or experts taken or yet to

be taken;

4)    Plaintiff's and all defendants' interrogatory responses;

5)    Plaintiff's medical records;

6)    Plaintiff's social security and other employment records;

7)    All documents relied upon by any expert in this matter;

8)    Curriculum vitae of each expert witness;

9)    All documents identified by any other party to this action;

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035




10) All documents produced by all parties to this litigation.

11) In addition, the following Mannington Mills-specific exhibits:

| No. | Date | Identification |
|---|---|---|
| 01 | 1977.05.23 | Bulletin #30 (attaching Letter to All Retailers and Flooring Contractors) |
| 02 | 1978.01.00 | 1978 Product Catalog (excerpt) |
| 03 | 1978.02.14 | Memorandum Regarding Airborne Asbestos in Installation |
| 04 | 1978.03.20 | Roll Insert Included with Packed Finished Rolls |
| 05 | 1978.03.21 | Do-It-Yourself Installation Handbook |
| 06 | 1978.04.28 | Employee Information Bulletin #78-6 |
| 07 | 1978.04.28 | Bulletin #39 (attaching Memorandum to All Retailers and Flooring Contractors) |
| 08 | 1979.01.00 | 1979 Product Catalog (excerpt) |
| 09 | 1979.10.09 | Letter From GAF enclosing MSDS |
| 10 | 1979.12.00 | SRI International, "Monitoring for Airborne Asbestos Fibers: Sheet Vinyl Floor Covering" |
| 11 | 1979.12.00 | SRI International, "Comparison Testing Monitoring for Airborne Asbestos Fibers:  Sheet Vinyl Floor Covering, Wet Versus Dry Scraping" |
| 12 | 1980.00.00 | RFCI, "Recommended Work Procedures for Resilient Floor Coverings" |
| 13 | 1980.01.00 | 1980 Product Catalog (excerpt) |
| 14 | 1981.01.00 | 1981 Product Catalog (excerpt) |
| 15 | 1982.00.00 | RFCI, "Recommended Work Practices for Resilient Floor Coverings" |
| 16 | 1982.01.00 | 1982 Product Catalog (excerpt) |
| 17 | 1982.08.00 | Roll Insert (Applause) |

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

| 18 | 1982.11.00 | Roll Insert |
|----|------------|-------------|
| 19 | 1982.12.00 | Roll Insert (Beauflaire) |
| 20 | 1983.01.00 | 1983 Product Catalog (excerpt) |
| 21 | 1983.03.00 | Canadian Asbestos Information Centre, "Questions and Answers: Asbestos-containing Flooring Products" |
| 22 | 1983.03.00 | Canadian Asbestos Information Centre, "Technical Facts: Asbestos-containing Flooring Products" |
| 23 | 1983.10.00 | Professional Installation Guide |
| 24 | 1983.10.00 | Roll Insert |
| 25 | 1983.10.00 | Roll Insert (Acclaim and Applause) |
| 26 | 1984.01.00 | 1984 Product Catalog (excerpt) |
| 27 | 1984.01.00 | Roll Insert (Beauflaire) |
| 28 | 1984.01.00 | Roll Insert (Applause and Acclaim) |
| 29 | 1984.01.00 | Roll Insert (various products) |
| 30 | 1984.06.00 | The Professional Installers Guide to Applause and Acclaim |
| 31 | 1985.01.00 | 1985 Product Catalog (excerpt) |
| 32 | 1986.01.00 | 1986 Product Catalog (excerpt) |
| 33 | 1987.00.00 | RFCI, "Recommended Work Procedure for Resilient Floor Coverings" |
| 34 | 1987.01.00 | 1987 Product Catalog (excerpt) |
| 35 | 1987.00.00 | Roll Insert (various products) |
| 36 | 1987.00.00 | "The Perfect Fit Floor Kit" |
| 37 | 1988.01.00 | 1988 Product Catalog (excerpt) |
| 38 | 1988.00.00 | Roll Insert (Permiflex) |
| 39 | 1988.00.00 | Custom-Spec Installation Sheet |

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

| | | |
|---|---|---|
| 40 | 1988.08.08 | Memo Regarding Asbestos Monitoring During Floor Removal - Lancaster Results |
| 41 | 1988.08.23 | Memo Regarding Asbestos Monitoring During Vinyl Floor Removal |
| 42 | 1989.00.00 | Professional Installation Guide |
| 43 | 1989.00.00 | Installing Resilient Floor Coverings – Trainer's Manual |
| 44 | 1989.00.00 | Installing Resilient Floor Coverings – Instructor's Manual |
| 45 | 1989.00.00 | Installing Resilient Floor Coverings – Student Workbook |
| 46 | 1989.01.00 | 1989 Product Catalog (excerpt) |
| 47 | 1990.00.00 | Professional Installation Training Handbook |
| 48 | 1990.00.00 | Professional Installation Guide |
| 49 | 1990.01.00 | Roll Insert (Permiflex) |
| 50 | 1990.00.00 | The Profession Installer's Guide to Permiflex |
| 51 | 1990.00.00 | RFCI, "Removal of Resilient Floor Coverings" – Instructor's Manual |
| 52 | 1990.03.30 | ENVIRON, "Evaluation of Worker Exposure to Airborne Fibers During the Removal of Resilient Sheet Vinyl Floor Covering Using Recommended Work Practices" |
| 53 | 1990.07.00 | RFCI, "Recommended Work Practices for the Removal of Resilient Floor Coverings" |
| 54 | 1990.09.00 | RFCI, "Work Practices for the Removal of Resilient Floor Covering" (video) |
| 55 | 1990.11.30 | ENVIRON, "Review and Analysis of Studies that Monitored Exposures During Removal of Asbestos-Containing Resilient Floor Covering Materials" |
| 56 | 1991.06.15 | Residential Products Installation Guide |

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

| 57 | 1991.08.01 | Bulletin #66 to All Distributors |
| 58 | 1992.01.01 | Removal of Resilient Floor Coverings – Training Course Student Manual (Texas) |
| 59 | 1995.08.00 | RFCI, "Recommended Work Procedures for the Removal of Resilient Floor Coverings" |
| 60 | 1995.08.00 | RFCI, "Update on Recommended Work Practices and Revised OSHA Standards" (with attachments) |
| 61 | 1995.11.02 | Letter Regarding New OSHA Asbestos Standard Recommended Work Practices Training Availability |
| 62 | 1998.00.00 | Professional Installation Guide |
| 63 | 1999.00.00 | Professional Installation Guide |
| 64 | 2000.07.00 | "Resilient Plant Tour" (video) |
| 65 | 0000.00.00 | "Installing Customspec Accents" (video) |
| 66 | 0000.00.00 | Letter Regarding Products |
| 67 | 0000.00.00 | Notification |
| 68 | 000.00.00 | RFCI, "Training Course on the Removal of Asbestos-Containing Floor Coverings" |

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

## RESERVATION OF RIGHTS

Mannington Mills, Inc. reserves the right:

1)      To amend or supplement this witness and exhibit list should any new information become available;

2)      To call witnesses named in the other parties' witness lists, Answers to Interrogatories, or in depositions; and

3)      To call witnesses or rely on testimony by witnesses appearing on the witness lists of other parties participating in the NYCAL May 2007 *in extremis* trial cluster.

4)      Mannington Mills objects to the use of any deposition testimony against it where it did not have proper notice and a motive and opportunity to cross-examine the witness. If, however, the Court nevertheless were to permit all or a portion of those depositions to be introduced at trial, Mannington Mills reserves the right to introduce any of the depositions listed on the plaintiff's witness list if the plaintiff does not do so.


DATED:      New Brunswick, New Jersey
            May 8, 2007

                                        *Laura A Siclari*
                                        LAURA A. SICLARI, ESQ.
                                        HOAGLAND, LONGO, MORAN,
                                        DUNST & DOUKAS
                                        Attorneys for Defendant
                                        Mannington Mills, Inc.
                                        40 Paterson Street - PO Box 480
                                        New Brunswick, New Jersey  08903

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

TO:  ALL COUNSEL

## AFFIDAVIT OF SERVICE

I, Barbara Leftow, being duly sworn deposes and says she is an employee of Hoagland, Longo, Moran, Dunst & Doukas, LLP, the attorneys for defendant, Mannington Mills, Inc.

On the 8th day of May 2007, a list of Fact Witnesses was mailed via DHL to Belluck & Fox and Weitz & Luxenberg, and one copy to Plaintiffs' counsel and the following attorneys on the attached service lists by first-class mail, postage prepaid.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Barbara Leftow

Sworn to me this 8th day of
May, 2007

_____
NOTARY PUBLIC

DENISE A. BORINO
A Notary Public Of New Jersey
My Commission Expires July 07, 2008.

Hoagland, Longo,
Moran, Dunst
& Doukas, LLP
Attorneys at Law

156 Williams Street
11th Floor
New York, NY 10035

## JACK NACHT Defense Counsel List

Arthur Cohen, Esq.
Gordon & Silber
355 Lexington Avenue
New York, NY 10017

Judith Yavitz, Esq.
Anderson, Kill & Olick & Oshinsky P.C.
1251 Avenue of the Americas
New York, NY 10020-1000

Theodore Eder, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd
830 Third Avenue,  Suite 400
New York, NY 10022

Mr. William J. Bradley
Malaby, Carlisle & Bradley, LLC
150 Broadway, Suite 600
New York, NY 10038

Ms. Suzanne Halbardier
Barry, McTiernan & Moore
Two Rector Street
14th Floor
New York, NY 10006

John Bridger, Esq.
Strong, Pipkin, Nelson, Bissell & Ledyard, LLP
1111 Bagby, Suite 2300
Houston, TX 77002-2546

Michael A. Tanenbaum, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102-5311

Patrick J. Dwyer, Esq.
Smith, Stratton, Wise, Heher & Brennan
2 Research Way
Princeton, NJ 08540

Lisa M. Pascarella, Esq.
Pehlivanian & Braaten, LLC
Paynter's Ridge Office Park

Page 2

2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

Daniel McNamara, Esq.
DeCicco, Gibbons & McNamara, P.C.
14 East 38th Street
New York, NY 10016

Cynthia Weiss Antonucci, Esq.
Harris Beach, LLP
805 3rd Avenue 20th floor
New York, NY 10022-7513

Paul Scrudato, Esq.
Schiff Hardin & Waite LLP
623 Fifth Avenue, Suite 2800
New York, NY 10022

Linda Yassky, Esq.
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020-1089

HELFAND Counsel List


McCarter & English, LLP
4 Gateway Center
100 Mulberry Street
PO Box 652
Newark, NJ 07101-0652


Ms. Nancy McDonald, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
PO Box 2075
Morristown, NJ 07962-2075


Julie Evans, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
150 East 42nd Street
New York, NY 10017


Joseph Carlisle, Esq.
Malaby, Carlisle & Bradley, LLC
150 Broadway, Suite 600
New York, NY 10038


Bivona & Cohen, P.C.
88 Pine Street
New York, NY 10005


Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005


Phillip J. Morin, III, Esq.
LeBoeuf, Lamb, Green & MacRae, Esqs.
125 West 55th Street
New York, NY 10019-5389


Ms. Yvette Harmon
McGuire Woods, LLP - NY
1345 Avenue of the Americas, 7th Fl.
New York, NY 10105-0106


Nicoletti, Gonson & Bielet, LLP
546 Fifth Avenue, 20th Floor
New York, NY 10036

Judith Yavitz, Esq.
Anderson, Kill & Olick & Oshinsky P.C.
1251 Avenue of the Americas
New York, NY 10020-1000

John Fanning, Esq.
Cullen & Dykman
177 Montague Street
Brooklyn, NY 11201

McGivney & Kluger, PC
80 Broad Street, 23rd Floor
New York, NY 10004

McCarter & English, LLP
City Place One
185 Asylum Street
Hartford, CT 06103

McCarter & English - NY
245 Park Avenue, 27th Floor
New York, NY 10167-2801

Mattson, Madden & Leith
33 Bleeker Street
Millburn, NJ 07041

Thomas Rhatigan, Esq.
Costello Shea & Gaffney
44 Wall Street
New York, NY 10005

Francis Leonard, Esq.
Consolidated Edison
Four Irving Place
New York, NY 10003

Flemming, Zulack & Williamson
One Liberty Plaza, 35th Floor
New York, NY 10006-1404

Harris & Suconeck
570 West Mt. Pleasant Avenue
Livingston, NJ 07039

Andrew P. Fishkin, Esq.
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY 10022

William F. Mueller, Esquire
Clemente, Dickson & Mueller
218 Ridgedale Ave
Box 1296
Morristown, NJ 07962

McMahon, Martine & Gallagher
90 Broad Street
New York, NY 10004

Malaby, Carlisle & Bradley, LLC
150 Broadway, Suite 600
New York, NY 10038

Budd, Larner, Rosenbaum, Greenberg & Sade, P.C.
150 John F. Kennedy Parkway
CN 1000
Short Hills, NJ 07078-0999

Wolf Block
250 Park Avenue
New York, NY 10177

Arent Fox
1050 Connecticut Avenue, NW
Washington, DC 20036-5339

Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

Joseph Ghurgin, Esq.
Herzfeld & Rubin
40 Wall Street
New York, NY 10004

McDermott, Will & Emery
340 Madison Ave, 17th Fl.
New York, NY 10173

Ms. Suzanne Halbardier
Barry, McTiernan & Moore
Two Rector Street
14th Floor
New York, NY 10006

Gregg Borri, Esq.
61 Broadway, Suite 2125
New York, NY 10006

Marin Goodman, LLP
40 Wall Street
57th floor
New York, NY 10005

Wilbraham, Lawler & Buba
1818 Market Street, Suite 3100
Philadelphia, PA 19103

James Smith, Esq.
Smith Abbot, LLP
115 Broadway, 19th Floor
New York, NY 10006

Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
420 Lexington Avenue, Room 2900
Graybar Building
New York, NY 10170-2903

Newman, Fitch, Altheim, Myers, P.C.
14 Wall Street, 22nd fl.
New York, NY 10005

Thomas Maimone, Esq.
Maimone & Associates, PLLC
170 Old Country Road - Suite 609
Mineola, NY 11501

Margolis Edelstein
Sentry Office Plaza
Suite 200
216 Haddon Avenue
PO Box 2222
Westmont, NJ 08108

Mr. Russell A. Pepe, Esq.
Harwood Lloyd, LLC
130 Main Street
Hackensack, NJ 07601

Waters, McPherson & McNeill
300 Lighting Way, 7th Floor
PO Box 1560
Secaucus, NJ 07096

Linda Yassky, Esq.
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020-1089

John S. Rand, Esq.
Clark, Gagliardi & Miller, P.C.
Inns of Court Building
99 Court Street
White Plains, NY 10601

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP - Newark
33 Washington Street
Newark, NJ 07102

Phillips, Lytle, Hitchcock, Blaine & Huber, LLP
3400 Marine Midland Center
Buffalo, NY 14203

Schnader, Harrison, Segal & Lewis, LLP
140 Broadway, Suite 3100
New York, NY 10005

Daniel Moretti, Esq.
Landman, Corsi, Ballaine & Ford
One Gateway Center, Suite 400
Newark, NJ 07102-5311

Jonathan Polonsky, Esq.
Thelen, Reid & Priest
875 Third Avenue
New York, NY 10022

Mr. Frank Cecere
Ahmuty, Demers & McManus
200 I.U. Willets Road
Albertson, NY 11507

Thomas G. Carruthers, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square, 34th Floor
New York, NY 10036

Lustig & Brown, LLP
Centerpointe Corporate Park
400 Essjay Road, Suite 200
Buffalo, NY 14231-9077

John Ronca, Jr., Esq.
Ronca, Hanley, Nolan & Zaremba, LLP
Five South Regent Street, Suite 517
Livingston, NJ 07039

Arthur Lash, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540

Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Lester, Schwab, Katz & Dwyer, Esqs. - NY
120 Broadway
New York, NY 10271-0071

Elisa Pugliese, Esq.
Keyspan Legal Department
175 East Old Country Road
Hicksville, NY 11801

Anthony Marino, Esq.
Garrity, Graham Favetta & Flinn
One Lackawanna Plaza
PO Box 4205
Montclair, NJ 07042

Nowell, Amoroso, Klein, Bierman, P.A.
155 Polifly Road
Hackensack, NJ 07601

Pehlivanian & Braaten, LLC
Paynter's Ridge Office Park
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

Harris Beach, LLP
805 3rd Avenue 20th floor
New York, NY 10022-7513

Gollatz, Griffin, Ewing & McCarthy, P.C.
Four Penn Center, Suite 200
1600 JFK Blvd.
Philadelphia, PA 19103

Connell, Foley
85 Livingston Avenue
Roseland, NJ 07068-1765

Ms. Anna M. DiLonardo
Weiner Lesniak LLP
888 Veterans Memorial Hwy
Suite 540
Hauppauge, NY 11788

*Joe Williams*

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

**Index No. 115546/06**

-----------------------------------------------------------------

**NYCAL**

In Re: New York City Asbestos Litigation

*EXPERT WITNESS RESPONSE*

-----------------------------------------------------------------

This Document Relates To:

FRANCIS BIANCO AND CATHARINA BIANCO

V.

MANSFIELD PLUMBING PRODUCTS, LLC, ET AL.

-----------------------------------------------------------------

***S I R S:***

    ***PLEASE TAKE NOTICE*** that Defendant, MANSFIELD PLUMBING PRODUCTS, LLC, by and through its attorneys, MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, 25 Newbridge Road, Suite 200, Hicksville, New York as and its response to Plaintiff's Demand for Expert Witness Information, hereby sets forth, upon information and belief, as follows:

    1.)    Defendant expects to call upon Frederick William Boelter, CIH, PE as an expert witness at the trial of this matter.

    2.)    Mr. Boelter is expected to testify as to his opinions with respect to the issue of the lack of causal connection between Plaintiff's possible exposure to MANSFIELD PLUMBING PRODUCTS, LLC'S products which allegedly contained asbestos and the development of mesothelioma.

    3.)    Mr. Boelter's opinion and testimony will be based upon his review of the deposition transcript of Plaintiff FRANCIS BIANCO and all prior relevant pleadings served herein.

    4.)    Mr. Boelter's opinion will also be based upon his inspection of and testing of

MANSFIELD PLUMBIN PRODUCTS LLC'S products which may have contained asbestos and his inspection of the manufacturing plant where such products were in the past produced, as well as his field testing of the products and laboratory testing of the products in issue.

5.)    It is expected that Mr. Boelter's testimony will be to the effect that the MANSFIELD PLUMBING PRODUCTS, LLC'S products to which the Plaintiff may have been exposed were manufactured in such a manner that they did not create a hazard to MR. BIANCO'S health; that they did not cause and/or contribute to an environmental condition in which MR. BIANCO was exposed to asbestos fibers; that the products in question did not cause or contribute to MR. BIANCO's development of mesiothelioma; that it is not reasonable to believe that MR. BIANCO, while in the course of his professional duties, while carrying out his duties in accordance with reasonable industry standards was exposed to asbestos as a result of the use and/or exposure to MANSFIELD PLUMBING PRODUCTS, LLC'S low pressure water valves for residential use as the products in question were manufactured with any and all asbestos embedded, encompassed and/or encapsulated within a hardened substance, which did not cause the emission of asbestos fibers into the environment such as to have caused and/or created the development of mesothelioma or any other asbestos-related injuries, disease or illness that when reasonable industry standards were followed, and the MANSFIELD PLUMBING PRODUCTS, LLC'S products were safe and effective for their intended use in the industry, and that they were manufactured according to reasonable industry standards and practices.

6.)    A copy of Mr. Boelter's curriculum vitae is annexed as **Exhibit "A."**

7.)     *PLEASE TAKE FURTHER NOTICE* that the Responding Defendant reserves the right to amend, supplement, revise and/or up-date the above responses throughout the course of pre-trial discovery and up to and including the time of trial.

Dated:  Hicksville, New York
        August 13, 2007

                        Yours, etc.

                        _____
                        MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS
                        BY LESLIE MCHUGH
                        *Attorney for Defendant*
                        *MANSFIELD PLUMBING PRODUCTS, LLC*
                        25 Newbridge Road, Suite 200
                        Hicksville, NY 11801
                        (516) 939-9200
                        File # 000196.000001

TO:
WEITZ & LUXENBERG, PC
*Attorney for Plaintiffs*
180 Maiden Lane
New York, NY  10038