SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
                                                                :
In Re: NEW YORK CITY ASBESTOS LITIGATION    :    Hon. Joan Madden
                                                                :    (Part 11)
----------------------------------------------------------------x
This Document Relates To:                                :    Index No. 114120-06
                                                                :
CHRISTIAN HOLINKA,                                    :    **AFFIRMATION OF GREG A.**
                                                                :    **DADIKA, ESQ. IN SUPPORT OF**
            Plaintiff                                              :    **MANORCARE HEALTH**
                                                                :    **SERVICES INC.'S MOTION *IN***
            -against-                                             :    ***LIMINE* TO EXCLUDE ALL**
                                                                :    **EVIDENCE RELATING TO**
A.W. CHESTERTON COMPANY, et al.,              :    **PRECISION COSMET**
                                                                :    **COMPANY, INC.**
            Defendants.                                         :
                                                                :
----------------------------------------------------------------x

**GREG A. DADIKA, ESQ.** an attorney duly admitted to practice law before the Courts of this State, affirms, under the penalties of perjury pursuant to CPLR R. 2106, that the following statements are true, except for those made upon information and belief, which we believes to be true:

1.    Defendant ManorCare Health Services Inc. ("ManorCare") respectfully submits the within motion *in limine* seeking to exclude any and all evidence or testimony that ManorCare is the successor-in-interest to an entity allegedly named Precision Cosmet Company, Inc. ("Precision Cosmet").

2.    Plaintiff Holinka alleges in his Complaint that ManorCare is a successor in interest to Precision Cosmet. However, the record is entirely devoid of any facts supporting that allegation. Plaintiff made no mention of a company named Precision Cosmet during his deposition, and there has been no other deposition or documentary evidence produced by Plaintiff Holinka regarding Precision Cosmet.

3. Indeed, in response to ManorCare's First Set of Corporate Interrogatories[1], which requested the identity of any and all facts and/or documents that support or relate to the allegation that ManorCare is a successor in interest to Precision Cosmet, Plaintiff's counsel produced no such evidence and, instead, merely referred ManorCare to a merger agreement between *Cenco* and ManorCare. *See* Interrogatory Response Nos. 11 & 16 of Plaintiff's Responses to Defendant ManorCare Health Services, Inc. First Set of Corporate Interrogatories, a true and correct copy of which is attached hereto as **Exhibit A.**

4. Additionally, after a diligent search, ManorCare has been unable to uncover any corporate records in its possession showing any type of corporate relationship between ManorCare and an entity allegedly known as Precision Cosmet.

5. When, as here, the probative value of evidence is slight and its illegitimate emotional appeal to the jury is great, the evidence should be excluded. *See* Richard T. Farrell, Prince, Richardson on Evidence § 4-206, at p. 145 (11th ed. 1995) (citing *People v. Singer*, 300 N.Y. 120, 89 N.E.2d 710 (1949); *Allen v. Stokes*, 23 N.Y.S.2d 443 (1st Dept. 1940). Since, Plaintiff has failed to set forth a single fact in support of his allegations regarding ManorCare's alleged relationship with Precision Cosmet, any evidence concerning Precision Cosmet has no probative value and would only serve to confuse the jury and prejudice ManorCare. As such, all such evidence should be excluded.

---

[1] These Corporate Identification Interrogatories were served on or about January 11, 2007, in the matter of *Yelin v. A.W. Chesterton Co., et al.*, Index No. 1578-05, which is currently pending in Westchester County, New York. The law firm of Weitz & Luxenberg represents the plaintiff in the *Yelin* matter.

**WHEREFORE**, ManorCare Health Services, Inc. respectfully requests an Order precluding Plaintiff from offering any evidence or testimony that ManorCare is the successor-in-interest to an entity allegedly named Precision Cosmet, and any further relief as this Court may deem just and proper.

Dated: New York, New York
       August 2⧸, 2007

                                  */s/ Greg A. Dadika*
                                 Greg A. Dadika
                                 **REED SMITH LLP**
                                 Princeton Forrestal Village
                                 136 Main Street, Suite 250
                                 Princeton, New Jersey 0850
                                 (609) 987-0050
                                 Attorneys for Defendant
                                 ManorCare Health Services, Inc.

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------X   Index No.: 1578-05

IRMA YELIN, as Proposed Executrix for the Estate of
PHILIP H. YELIN and IRMA YELIN, Individually,

           Plaintiff(s),  **PLAINTIFFS' RESPONSE TO**
                   **DEFENDANT MANORCARE**
   -against-          **HEALTH SERVICES, INC. FIRST**
                   **SET OF CORPORATE**
A.W. CHESTERTON COMPANY, et al.,   **INTERROGATORIES**

           Defendants.

------------------------------------------------------------X

  Plaintiff by and through her attorneys, Weitz & Luxenberg, P.C., pursuant to New York CPLR Article 31 hereby provides written responses to the following corporate identification interrogatories and document demands within the manner prescribed by the New York Civil Practice Law and Rules.

### SPECIFIC INTERROGATORIES AND RESPONSES

**Interrogatory No. 1**: Identify all persons with knowledge of your allegations that ManorCare is a successor in interest to Precision Cosmet Company, Inc.

**Response No. 1**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 2**: For each person identified in Interrogatory No. 1, identify and describe in full factual detail the knowledge of each person.

**Response No. 2**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 3**: Identify all persons with knowledge of your allegations that ManorCare is a successor in interest to Cenco Incorporated.

**Response No. 3**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 4**: For each person identified in Interrogatory No. 3, identify and describe in full factual detail the knowledge of each person.

**Response No. 4**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 5**: Identify all persons with knowledge of your allegations that ManorCare is a successor in interest to Central Scientific Company, a division of Cenco Incorporated.

**Response No. 5**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 6**: For each person identified in Interrogatory No. 6, identify and describe in full factual detail the knowledge of each person.

**Response No. 6**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 7**: Identify all persons with knowledge of your allegations that ManorCare is a successor in interest to Central Scientific Company, a division of Cenco Instruments Corporation.

**Response No. 7**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
EW YORK, N.Y. 10038

**Interrogatory No. 8**: For each person identified in Interrogatory No. 7, identify and describe in full factual detail the knowledge of each person.

**Response No. 8**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 9**: Identify all persons with knowledge of your allegations that ManorCare is a successor in interest to Central Scientific Company, Inc.

**Response No. 9**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 10**: For each person identified in Interrogatory No. 9, identify and describe in full factual detail the knowledge of each person.

**Response No. 10**: The requested information is within the exclusive knowledge and control of the defendant, ManorCare Health Services, Inc.

**Interrogatory No. 11**: Identify all documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Precision Cosmet Company, Inc. For each document identified, attach a copy hereto.

**Response No. 11**: See attached Merger Agreement.

**Interrogatory No. 12**: Identify all documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
EW YORK, N.Y. 10038

successor in interest to, or in any way liable for the products manufactured and/or distributed by, Cenco Incorporated. For each document identified, attach a copy hereto.

**Response No. 12:** See Interrogatory Response No. 11.

**Interrogatory No. 13:** Identify all documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Central Scientific Company, a division of Cenco Incorporated. For each document identified, attach a copy hereto.

**Response No. 13:** See Interrogatory Response No. 11.

**Interrogatory No. 14:** Identify all documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Central Scientific Company, a division of Cenco Instruments Corporation. For each document identified, attach a copy hereto.

**Response No. 14:** See Interrogatory Response No. 11.

**Interrogatory No. 15:** Identify all documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Central Scientific Company, Inc. For each document identified, attach a copy hereto.

**Response No. 15:** See Interrogatory Response No. 11.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
EW YORK, N.Y. 10038

- 4 -

**Interrogatory No. 16**: Set forth in full factual detail all information known to you that in any way supports, relates to, or concerns your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Precision Cosmet Company, Inc.

**Response No. 16**: See Interrogatory Response No. 11.

**Interrogatory No. 17**: Set forth in full factual detail all information known to you that in any way supports, relates to, or concerns your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Cenco Incorporated.

**Response No. 17**: See Interrogatory Response No. 11.

**Interrogatory No. 18**: Set forth in full factual detail all information known to you that in any way supports, relates to, or concerns your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Central Scientific Company, a division of Cenco Incorporated.

**Response No. 18**: See Interrogatory Response No. 11.

**Interrogatory No. 19**: Set forth in full factual detail all information known to you that in any way supports, relates to, or concerns your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Central Scientific Company, a division of Cenco Instruments Corporation.

**Response No. 19**: See Interrogatory Response No. 11.

**Interrogatory No. 20**: Set forth in full factual detail all information known to you that in any way supports, relates to, or concerns your allegations that ManorCare is liable for the asbestos-

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

containing products, if any, that were manufactured and/or distributed by Central Scientific Company, Inc.

**Response No. 20**: See Interrogatory Response No. 11.

## DOCUMENTS REQUESTED

**Document Request No. 1**: All documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Precision Cosmet Company, Inc.

**Response No. 1**: See Interrogatory Response No. 11.

**Document Request No. 2**: All documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Cenco Incorporated.

**Response No. 2**: See Interrogatory Response No. 11.

**Document Request No. 3**: All documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Central Scientific Company, a division of Cenco Incorporated.

**Response No. 3**: See Interrogatory Response No. 11.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

**Document Request No. 4**: All documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Central Scientific Company, a division of Cenco Instruments Corporation.

**Response No. 4**: See Interrogatory Response No. 11.

**Document Request No. 5**: All documents, asset purchase agreements, merger documents, stock purchase documents, corporate transactional documents, or any other documents or agreements that in any way support, relate to, or concern your allegations that ManorCare is a successor in interest to, or in any way liable for the products manufactured and/or distributed by, Central Scientific Company, Inc.

**Response No. 5**: See Interrogatory Response No. 11.

**Document Request No. 6**: All documents, correspondence, or communications that in any way support, relate to, or concern your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Precision Cosmet Company, Inc.

**Response No. 6**: See Interrogatory Response No. 11.

**Document Request No. 7**: All documents, correspondence, or communications that in any way support, relate to, or concern your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Cenco Incorporated.

**Response No. 7**: See Interrogatory Response No. 11.

**Document Request No. 8**: All documents, correspondence, or communications that in any way support, relate to, or concern your allegations that ManorCare is liable for the asbestos-containing

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
EW YORK, N.Y. 10038

- 7 -

products, if any, that were manufactured and/or distributed by Central Scientific Company, a division of Cenco Incorporated.

**Response No. 8:** See Interrogatory Response No. 11.

**Document Request No. 9:** All documents, correspondence, or communications that in any way support, relate to, or concern your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Central Scientific Company, a division of Cenco Instruments Corporation.

**Response No. 9:** See Interrogatory Response No. 11.

**Document Request No. 10:** All documents, correspondence, or communications that in any way support, relate to, or concern your allegations that ManorCare is liable for the asbestos-containing products, if any, that were manufactured and/or distributed by Central Scientific Company, Inc.

**Response No. 10:** See Interrogatory Response No. 11.

Dated: February 13, 2007

Weitz & Luxenberg, P.C.
Counsel for Plaintiffs

Patti Burshtyn
180 Maiden Lane, 17th Floor
New York, NY 10038
(212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

- 8 -

FILED
SEP 1 1982 4 30 PM

CERTIFICATE OF OWNERSHIP AND MERGER
MERGING
CENCO INCORPORATED
INTO
MANOR HEALTHCARE CORP.

MANOR HEALTHCARE CORP., a corporation organized and existing under the laws of the State of Delaware,

DOES HEREBY CERTIFY:

FIRST: That this corporation was incorporated on the first day of September, 1981, pursuant to the General Corporation Law of the State of Delaware.

SECOND: That this corporation owns at least 90% of the outstanding shares of each class of stock of CENCO INCORPORATED, a corporation incorporated on the second day of September, 1948, pursuant to the General Corporation Law of the State of Delaware.

THIRD: That this corporation, by the following resolutions of its Board of Directors, duly adopted by the unanimous written consent of its members on August 30, 1982, filed with the minutes of the board determined to and did merge into itself said CENCO INCORPORATED.

RESOLVED, that MANOR HEALTHCARE CORP. merge, and it hereby does merge into itself said CENCO INCORPORATED, and assumes all of its obligations; and further

RESOLVED, that the merger shall be effective upon the close of business on the date of filing the Certificate of Ownership and Merger with the Secretary of State of Delaware (the "Effective Time of the Merger"); and further

RESOLVED, that the terms and conditions of the merger are as follows:

At the Effective Time of the Merger, without any action on the part of the holders thereof

(i) All shares of Cenco Incorporated Common Stock, $1 par value, owned by MANOR HEALTHCARE CORP. shall be cancelled.

(ii) Each remaining outstanding share of Cenco Incorporated Common Stock, $1 par value, shall be converted into the right to

-2-

receive $16.50 in principal amount of 15 1/2% Subordinated Debentures due 2002 of Manor Care, Inc. (the "Debentures") to be issued under an Indenture dated as of August 1, 1982 between Manor Care, Inc. and The Riggs National Bank of Washington, D.C., except that any holder of such shares who timely shall have filed with CENCO INCORPORATED written objection to the Merger and shall have properly demanded payment for such shares as provided in Section 262 of the General Corporation Law of the State of Delaware shall not be entitled to receive Debentures in exchange for such shares unless and until the right of such holder to receive payment for such shares under said Section shall cease as provided therein; and further

RESOLVED, that all shares of $3 Convertible Preferred Stock (Initial Series) (the "Preferred Stock") of Cenco Incorporated have been called for redemption by the irrevocable deposit of monies sufficient to redeem such Preferred Stock, and any holders of shares of Preferred Stock who convert their shares of Preferred Stock on or after the Effective Time of the Merger shall be entitled to receive $100 in cash, plus accrued dividends from June 15, 1982 to the date of such irrevocable deposit, for each share of Preferred Stock so converted; and further

RESOLVED, that the proper officers of this corporation be and they hereby are directed to notify each stockholder of record of said CENCO INCORPORATED entitled to notice, within 10 days after the effective date of filing of the Certificate of Ownership and Merger, that said Certificate of Ownership and Merger has become effective and that appraisal rights are available for shares of Cenco Incorporated Common Stock, $1 par value; and further

RESOLVED, that the proper officers of this corporation be and they hereby are directed to make and execute a Certificate of Ownership and Merger setting forth a copy of the resolutions to merge said CENCO INCORPORATED and assume its liabilities and obligations, and the date of adoption thereof, and to cause the same to be filed with the Secretary of State and a certified copy recorded in the offices of the Recorder of Deeds of New Castle and Kent Counties and to do all acts and things whatsoever, whether within or without the State of Delaware, which may be anywise necessary or proper to effect said merger; and further

-3-

RESOLVED, that anything herein or elsewhere to the contrary notwithstanding this merger may be terminated and abandoned by the Board of Directors of MANOR HEALTHCARE CORP. at any time prior to the date of filing the merger with the Secretary of State.

IN WITNESS WHEREOF, said MANOR HEALTHCARE CORP. has caused this certificate to be executed by its duly authorized officers this 1st day of Sept. 1982.

MANOR HEALTHCARE CORP.

By _____
James H. Rempe
Senior Vice President

ATTEST:

By _____
Assistant Secretary

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

**SUZANNE M. RATCLIFFE**, being duly sworn, deposes and says: deponent is not a party to the action is over 18 years of age, and resides in New York.

On November 8, 2006, deponent served **Plaintiffs' Response To Defendant ManorCare Health Services, Inc. First Set Of Corporate Interrogatories** upon:

All counsel on attached rider sending a true copy thereof via Federal Express to the office of the above. Deponent knew the person so served to be an employee mentioned therein.

_____
SUZANNE M. RATCLIFFE

Sworn to before me this
13th day of February 2007

_____
Notary Public

RONNI FRIEDBERG
Notary Public, State Of New York
No. 01FR6061196
Qualified In Westchester County
Commission Expires July 16, 2007

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Cynthia Weiss Antonucci, Esq.
HARRIS, BEACH LLP
805 Third Avenue, 20th Floor
New York, NY 10022
PH: (212) 687-0100
FX: (212) 687-0659
Attorney for Defendant:
    **KENTILE FLOORS, INC.**

Joseph Carlisle, Esq.
MALABY, CARLISLE & BRADLEY LLC
150 Broadway
New York, NY 10038
PH: (212) 791-0285
FX: (212) 791-0286
Attorney for Defendant:
    **J.H. FRANCE REFRACTORIES CO.**

Greg Dadika, Esq.
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, SUITE 250
Princeton, NJ
PH: (609) 984-0050
FX: (609) 951-0824
Attorney for Defendant:
    **MANORCARE HEALTH SERVICES, INC.,**
        **d/b/a MANOR CARE, INC.,**
            **Individually and as successor to PRECISION-COSMET COMPANY, INC.**
    **CENTRAL SCIENTIFIC COMPANY, a division of CENCO INCORPORATED**
    **CENTRAL SCIENTIFIC COMPANY, a division of CENCO INSTRUMENTS CORPORATION**

Paul A. Scrudato, Esq.
SCHIFF HARDIN & WAITE
623 Fifth Avenue, Suite 2800
New York, NY 10022
PH: (212) 753-5000
FX: (212) 753-5044
Attorney for Defendant:
    **OWENS-ILLINOIS, INC.**

Linda Yassky, Esq.
SONNENSCHEIN NATH & ROSENTHAL
1221 Avenue of the Americas
New York, NY 10020
PH: (212) 398-5297
FX: (212) 768-6800
Attorney for Defendant:
    **RAPID AMERICAN CORPORATION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X   Index No.: 1578-05
IRMA YELIN, as Executrix of the Estate of
PHILIP H. YELIN and IRMA YELIN, Individiually


                    Plaintiff(s),


                    -against-

AMCHEM PRODUCTS INC., et al.,

                    Defendant(s).

------------------------------------------------------------------X
                    Service List
                    *As of 1-10-07*

Judith Yavitz, Esq.
ANDERSON, KILL, OLICK & OSHINSKY
1251 Avenue of the Americas
New York, NY 10020-1000
PH: (212) 278-1000
FX: (212) 278-1733
Attorney for Defendant:
    AMCHEM PRODUCTS, INC.,
        n/k/a RHONE POULENC AG CO.,
        n/k/a BAYER CROPSCIENCE INC.
    UNION CARBIDE CORP.

Theodore Eder, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY
830 3rd Avenue, Suite 400
New York, NY 10022
PH: (212) 651-7500
FX: (212) 651-7499
Attorney for Defendant:
    ANCHOR PACKING CO.
    GARLOCK SEALING TECHNOLOGIES LLC
        f/k/a GARLOCK, INC.

Thuy Bui, Esq.
DRINKER, BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, NY 10017
PH: (212) 812-2100
FX: (212) 980-1894
Attorney for Defendant:
    CENTRAL SCIENTIFIC CO.
    VWR INTERNATIONAL, INC.
    SARGENT-WELCH SCIENTIFIC CO.