SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
                                                            :
In Re: NEW YORK CITY ASBESTOS LITIGATION  : Hon. Joan Madden
                                                            : (Part 11)
------------------------------------------------------------x
This Document Relates To:                                   : Index No. 114120/06
                                                            :
CHRISTIAN HOLINKA,                                          :
                                                            :
        Plaintiff                                           :
                                                            :
    -against-                                               :
                                                            :
                                                            :
A.W. CHESTERTON COMPANY, et al.,                            :
                                                            :
        Defendants.                                         :
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE PRODUCTS IN ISSUE AS "ASBESTOS PRODUCTS"**

Defendants Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("ManorCare"), Fisher Scientific International Inc. ("Fisher"), VWR International, Inc. ("VWR"), and Univar USA Inc. ("Univar") (collectively, "Defendants") hereby move this Court *in limine* to preclude any reference at trial to the products at issue in this case as "asbestos-containing" or in any other manner that would represent or suggest that those products contained asbestos.

## GOOD CAUSE EXISTS FOR THE COURT TO GRANT THIS MOTION, AS THERE IS NO EVIDENCE THAT THE PRODUCTS AT ISSUE IN THIS CASE CONTAINED ASBESTOS

Plaintiff seeks to recover from Defendants based on a claim that he developed mesothelioma from using Bunsen burner pads[1] and heat-resistant mittens[2] in the various laboratories where he studied, researched, and worked, during a 24-year period between 1960 and 1989. Plaintiff testified that he *believes* – he does not know – that those pads and mittens contained asbestos. He has *no* evidence that the products *in fact* contained asbestos. Rather, the evidence shows:

- Plaintiff does not know whether the pads and mittens he claims to have used contained asbestos;

- Plaintiff cannot recall anything about the appearance of any of the pads and mittens that would allow him to determine who manufactured or supplied the pads and mittens he claims to have used, which might assist in determining whether or not the products contained asbestos;

- Asbestos-containing and non-asbestos containing versions of Bunsen burner pads and of heat-resistant mittens often appear identical;

- Plaintiff does not know who manufactured or supplied any of the pads and mittens he claims to have used;

- Plaintiff cannot identify anyone who knows the identity of the manufacturers or suppliers of the pads and mittens he claims to have used;

- Plaintiff does not have any documents identifying the manufacturers or suppliers of the pads and mittens he claims to have used; and

---

[1] According to Plaintiff, Bunsen burner pads are wire mesh squares, measuring approximately five inches on each side. The pads have heat resistant cores, which are circular and measure approximately three inches in diameter. The pads are used to distribute the heat of a Bunsen burner flame when warming solutions in glass beakers and flasks; the glassware is placed on the pad and over the Bunsen burner.

[2] Heat-resistant mittens are similar to oven mitts.

- None of the Defendants have records of sales of any asbestos-containing pads and mittens to any of the laboratories at issue.

(*See Plaintiff's Response to Defendants' Supplemental Interrogatories and Document Requests*, attached as Exhibit A to *Affirmation of Timothy J. Fraser*, dated August 21, 2007 ("*Fraser Aff.*"); *Deposition of Christian Holinka*, dated February 22, 2007, attached as Exhibit B to *Fraser Aff.*, at 18:24-19:4, 19:13-20, 21:4-8, 21:23-23:3, 33:24-35:4, 38:17-39:6, 39:25-40:4, 40:5-11, 46:2-18, 52:2-14, 52:15-53:10, 56:24-57:7, 59:2-10, 69:13-15, 70:5-71:6, 71:19-25, 72:2-4, 72:11-73:22, 75:11-13, 77:8-11, 79:19-80:2, 83:10-25, 84:2-18, 85:10-12, 85:20-23, 87:12-16, 96:20-97:6, 98:10-23, 100:5-12, 100:17-23, 104:8-21, 107:6-14, 123:9-19, 159:13-16, 159:21-23, 160:6-22, 161:6-162:8, 164:6-166:22, 167:14-169:6, 170:4-6, 170:19-23, 171:4-7, and 173:12-177:20; Defendants' responses to the NYCAL form product identification interrogatories and document requests, attached as Exhibits C-G to *Fraser Aff.*; and Affidavit of Kenneth S. Weinberg, M.Sc., Ph.D., RPIH, at ¶¶ 3-4.)

Plaintiff simply cannot establish that he used asbestos-containing pads and mittens in any of the laboratories. Moreover, none of Plaintiff's experts have opined that the products *in fact* contained asbestos. Nevertheless, Defendants anticipate that Plaintiff will attempt to refer to the products at issue as "asbestos-containing" or as the "asbestos pads" and "asbestos mittens" or to otherwise indicate that the products indeed contained asbestos.

Such conclusory references by Plaintiff – with no supporting evidence – would misrepresent the facts, would mislead and confuse the jury about a material issue in this case, and would result in significant and irreparable injury and prejudice to Defendants. Defendants therefore respectfully request that this Court enter an Order precluding any reference at trial to the products at issue as "asbestos-containing" or in any other manner that would represent or suggest that those products contained asbestos.

*Dated*: August 22, 2007

New York, New York

Respectfully submitted,

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP<br>140 Broadway, 39th Floor<br>New York, New York 10005<br>(212) 284-3140<br>Attorneys for Defendant<br>Baxter Healthcare Corporation<br><br>By: _____<br>Daniel B. Carroll | REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 0850<br>(609) 987-0050<br>Attorneys for Defendant<br>ManorCare Health Services, Inc.<br><br>By: _____<br>Greg A. Dadika |
| HOAGLAND, LONGO, MORAN, DUNST<br>& DOUKAS, LLP<br>40 Paterson Street<br>New Brunswick, New Jersey 08901<br>(732) 545-4717<br>Attorneys for Defendant<br>Fisher Scientific International Inc.<br><br>By: _____<br>Kristy Kulina Lyons | MARKS, O'NEILL, O'BRIEN &<br>COURTNEY, P.C.<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Attorneys for Defendant<br>VWR International, Inc. and Univar USA Inc.<br><br>By: _____<br>Carol M. Tempesta, Esq. |

SFNJ1 1189368v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NYCAL
I.A.S. Part 39

Index No. 114120-06

IN RE: NEW YORK CITY
ASBESTOS LITIGATION
-------------------------------------------

CHRISTIAN F. HOLINKA,

                           Plaintiff,

-against-

A.W. CHESTERTON COMPANY, et al.,

                           Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE PRODUCTS IN ISSUE AS "ASBESTOS PRODUCTS"

DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
(212) 248-3140

Attorneys for Defendant, BAXTER HEALTHCARE, INC.