

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X     NYCAL
IN RE NEW YORK COUNTY                                                I.A.S. Part 39
ASBESTOS LITIGATION                                                 (Freedman, J.)
------------------------------------------------------------X
This document Relates to:                                            Index No. 114120-06
CHRISTIAN F. HOLINKA

       Plaintiff,                                     **BAXTER HEALTHCARE
                                                                    CORPORATION'S RESPONSES
                                                                    TO PLAINTIFF'S PRODUCT
       -against-                                      IDENTIFICATION
                                                                    INTERROGATORIES AND
A.W. CHESTERTON COMPANY, et al.,                                    DOCUMENT REQUESTS**

       Defendants.
------------------------------------------------------------X

       Defendant Baxter Healthcare Corporation ("Baxter"), erroneously sued herein as "Baxter Healthcare Corporation, individually and as successor in interest to American Hospital Supply Corp. and American Scientific Products," by and through its attorneys, Drinker Biddle & Reath LLP, responds to Plaintiff's Product Identification Interrogatories and Document Requests (collectively, the "Requests"), as follows:

### GENERAL OBJECTIONS

       1.    Baxter objects to the extent the Requests are vague, ambiguous, overly broad, and unduly burdensome.

       2.    Baxter objects to the extent the Requests purport to require a response on behalf of any individual or entity other than Baxter.

       3.    Baxter objects to the extent the Requests purport to require any greater or different response than that required by the New York Civil Practice Law and Rules, the NYCAL Amended Case Management Order, or other applicable rules.

       4.    Baxter objects to the extent the Requests call for the production of documents containing trade secret, confidential, and/or proprietary information.

5.      Baxter objects to the extent the Requests call for the production of documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other applicable privileges.

6.      Baxter objects to the extent that the Requests assume facts not established, including that this defendant made, sold, shipped, distributed, installed, or otherwise provided asbestos containing products.

## RESPONSES TO REQUESTS

Baxter incorporates its General Objections into each respective Response below.

**REQUEST NO. 1:**

State if you are aware through information in your own files or in the possession of your local attorney(s), whether any asbestos containing product sold, shipped, distributed, contracted for and/or manufactured by you was at the sites listed on the attached Chart A from Plaintiff's Answers to Defendants' Interrogatories and Request for Production of Documents, and/or was present at sites identified by the plaintiff or any of his co-workers at his/their depositions.

For each site which you are aware that such products were present, specify the type of product, amount of product and time frame in which such products were present.

**RESPONSE:**

Baxter incorporates the General Objections and further states that neither the plaintiff nor any of his co-workers (if any) have been deposed in this action. Subject to and without waiving these objections, Baxter responds: Baxter has no records of any direct sales to the alleged exposure sites listed on the Chart A attached to Plaintiff's Answers to Defendants' Interrogatories and Request for Production of Documents during the relevant time periods. Baxter further states that it is not aware that any product sold, shipped, distributed, contracted for and/or manufactured by Baxter was otherwise present at the alleged exposure sites during the relevant time periods.

- 2 -

**REQUEST NO. 2:**

Identify any documents, invoices, information stored in electronic form such as word processing files and computer databases, photographs, books, contracts, agreements, drawings, approvals, delivery tickets, depositions of past or current employees, studies, memoranda, statements, your own pleadings, stipulations, promotional material, reports, telegrams and any other written, printed, graphic or audio materials of any kind or description, including all non-identical copies thereof, in your possession or control or in the possession and control of your local attorney(s), that indicate that any asbestos containing product manufactured, sold, delivered, shipped, rebranded, contracted for, distributed, installed or retailed by you, your successor or predecessor entities, subdivision or affiliates were present at the sites specified in Question one.

**RESPONSE:**

Baxter incorporates the General Objections.  Subject to and without waiving these objections, Baxter responds:  None.

Dated:  New York, New York
        February 6, 2007

Daniel B. Carroll
DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
Baxter Healthcare Corporation
140 Broadway, 39th Floor
New York, New York 10005
(212) 248-3140

- 3 -

STATE OF NEW JERSEY )
                            ) ss:
COUNTY OF MORRIS     )

Timothy J. Fraser, being duly sworn, deposes and says:

I am over the age of eighteen and I am not a party to this action. On February 7, 2007, I caused a true and correct copy of the foregoing Baxter Healthcare Corporation's Responses to Plaintiff's Product Identification Interrogatories and Document Requests to be served upon the following via Federal Express:

> Benjamin Darche, Esq.
> Weitz & Luxenberg
> 180 Maiden Lane
> New York, New York 10038-4925
> *(counsel for plaintiff)*

On February 7, 2007, I caused a true and correct copy of the foregoing Baxter Healthcare Corporation's Responses to Plaintiff's Product Identification Interrogatories and Document Requests to be served upon the following via first class mail with adequate postage affixed thereto:

> Julie Evans, Esq,
> Wilson, Elser, Moskowitz, Edelman & Dicker
> 150 East 42nd Street
> New York, New York 10017-5639
> *(counsel for A.W. Chesterton Co.)*

> Judith Yavitz, Esq.
> Anderson, Kill, Olick & Oshinsky
> 1251 Avenue of the Americas
> New York, New York 10020-1000
> *(counsel for Amchem Products, Inc. and Certain Teed Corporation)*

> Theodore Eder, Esq.
> Segal McCambridge Singer & Mahoney
> 830 Third Avenue, Suite 400
> New York, New York 10022
> *(counsel for Anchor Packing Co., Inc. and Garlock Sealing Technologies LLC)*

- 4 -

Cori L. Leavitt, Esq.
Malaby, Carlisle & Bradley LLC
150 Broadway
New York,  New York 10038
(counsel for Aqua-Chem, Inc., CBS Corporation, Premier Refractorie
Inc. and J.H. France Refractories Co.)

Lawrence McGivney, Esq.
McGivney & Kluger, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
(counsel for Beckman Coulter, Inc.)

Joseph Colao, Esq.
Leader & Berkon LLP
630 3rd Avenue, 17th Floor
New York, New York 10017
(counsel for E.I. DuPont de Nemours and Company)

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran, Dunst & Doukas
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
(counsel for Fisher Scientific International Inc.)

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC
2430 Route 34
Manasquan, New Jersey 08736
(counsel for Ingersoll-Rand Co.)

Jennifer Darger, Esq.
Darger & Errante LLP
116 East 27th Street, 12th Floor
New York, New York 10016
(counsel for Lennox Industries, Inc.)

Linda Yassky, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, New York 10020
(counsel for Rapid American Corporation)

Ian Grodman, Esq.
Law Offices of Ian R. Grodman, P.C.
515 Valley Street, Suite 170
Maplewood, New Jersey 07040
*(counsel for Rheem Manufacturing Company, Inc.)*

Jonathan E. Polonsky, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*(counsel for Univar USA, Inc.)*

David F. Abernathy, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
*(counsel for VWR International, Inc.)*

this being their last known address.

_____
Timothy J. Fraser

Sworn to and subscribed before me on
This ___ day of February, 2007

_____
· Notary Public

- 6 -

SF3306v1157825v1

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

CHRISTIAN F. HOLINKA,

Plaintiff(s),

-against-

A.W. CHESTERTON COMPANY, et al.,

Defendants.

-----------------------------------------------------------------X

Index No.: 114120-06

**MANORCARE HEALTH SERVICES, INC.'S RESPONSES TO PRODUCT IDENTIFICATION INTERROGATORIES AND DOCUMENT REQUESTS**

NOW COMES Defendant ManorCare Health Services, Inc., by and through its attorneys, Reed Smith LLP, and in answer of Plaintiff's Product Identification Interrogatories and Document Requests, states as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

ManorCare Health Services, Inc. ("ManorCare" or "Defendant") has not fully completed its investigation or discovery relating to this action or its preparation for trial. All of the responses contained herein are based solely upon the information which is presently available and specifically known to ManorCare. The discovery in this matter is continuing and such further discovery may lead to additional responses in the future.

All the responses are given without prejudice to ManorCare's right to produce or introduce evidence of any subsequently discovered documents, facts, information, or contentions which it may later obtain or recall. ManorCare, therefore, reserves its right to supplement and/or amend any and all responses as additional facts and/or documents are discovered, analyses are made, and investigation and research is completed.

Each response herein is given subject to all appropriate objections, including but not limited to, competence, relevance, materiality, hearsay, lack of foundation, admissibility, form of

the question, and the exclusion of any statement contained herein if any portion of the requests were asked for, or if any statement contained herein was made by, a witness present and testifying in Court. Such objections and rounds are therefore reserved and may be interposed at the time of trial. ManorCare reserves the right to make any evidentiary objections to the introduction into evidence at trial of this case and otherwise of any of these responses or documents produced in response to the demands.

ManorCare objects to each and every interrogatory to the extent that it requires the disclosure of information that (a) was prepared in anticipation of litigation; (b) constitutes privileged attorney-client material; (c) constitutes attorney work product; (d) is subject to any other privilege; and/or (e) is otherwise protected from disclosure.

## INTERROGATORIES

1.      State if you are aware through information in your own files or in the possession of your local attorney(s), whether any asbestos containing product, sold, shipped, distributed, contracted for and/or manufactured by you was at the sites listed on the attached Chart A from Plaintiff's Answers to Defendants' Interrogatories and Request for Production of Documents, and/or was present at sites identified by the plaintiff or any of his co-workers at his/their depositions. For each site that you are aware that such products were present, specify the type of product, amount of product and time frame in which such products were present.

**ANSWER**:

ManorCare objects to this interrogatory as seeking information protected by the attorney-client and/or attorney work product doctrine. Subject to and without waiving its objections, ManorCare responds that after a diligent search and reasonable inquiry, ManorCare has no record or information that it, or any of its alleged predecessor entities, supplied any asbestos-containing products to the sites listed on the attached Chart A from Plaintiff's Answers to Defendant's Interrogatories and Request for Production of Documents. Similarly, ManorCare

has no record or information that it, or any of its alleged predecessor entities, supplied any asbestos-containing products to the sites identified by Plaintiff during his deposition.

2.      **Identify any documents, invoices, information stored in electronic form such as word processing files and computer databases, photographs, books, contracts, agreements, drawings, approvals, delivery tickets, depositions of past or current employees, studies, memoranda, statements, your own pleadings, stipulations, promotion material, reports, telegrams and any other written, printed, graphic or audio materials of any kind or description, including all non-identical copies thereof, in your possession or control or in the possession and control of your local attorney(s), that indicate that any asbestos containing product manufactured, sold, delivered, shipped, rebranded, contracted for, distributed, installed or retailed by you, your successor or predecessor entities, subdivision or affiliates were present at the sties specified in Question one.**

**ANSWER**:

See ManorCare's answer to Interrogatory No. 1, which is incorporated herein by reference.

*Dated*: Princeton, New Jersey
March 12, 2007

                                          **REED SMITH LLP**

                          By:    _____
                                          Greg A. Dadika, Esq.
                                          John J. Zefutie, Jr., Esq.
                                          136 Main Street – Suite 250
                                          Princeton Forrestal Village
                                          Princeton, New Jersey 08540
                                          (609) 987-0050
                                          Counsel for Defendant
                                          ManorCare Health Services, Inc.

**VERIFICATION**

STATE OF NEW JERSEY  )
                     )ss:
COUNTY OF MERCER     )

**Greg A. Dadika, Esquire,** being duly sworn deposes and says:  That I am an associate at the firm of Reed Smith LLP, attorneys for Defendant ManorCare Health Services, Inc., that I have read the foregoing responses to discovery and know that the contents thereof are true to the best of my knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.  The reason for this verification is made by counsel and not made by ManorCare is that ManorCare is not located in the county where counsel's offices are located.

The basis of my information and the grounds for my belief are based upon the files contained in my office, and conversations with management of ManorCare Health Services, Inc.

_____
Greg A. Dadika

Subscribed and sworn
To me, this 12th day of
March 2007

_____
Notary Public

WANETA ANN TRELA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 12/8/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X       Index No.: 114120-06

CHRISTIAN F. HOLINKA,                                                **AFFIDAVIT OF SERVICE**

                                        Plaintiff(s),

                        -against-

A.W. CHESTERTON COMPANY, et al.,

                                        Defendants.

----------------------------------------------------------------X

STATE OF NEW JERSEY    )
                       )ss:
COUNTY OF MERCER       )

**GREG A. DADIKA**, being duly sworn, deposes and says:

1.      I am an attorney at law license to practice in the State of New York and an

associate in the law firm of Reed Smith LLP, attorneys for Defendant ManorCare Health

Services, Inc. ("ManorCare") in the above-captioned actin;

2.      I am more than 18 years of age;

3.      I am not a party to this action;

4.      I am a resident of the State of New Jersey; and

5.      That on this 12th day of March, 2007, deponent caused to be served Defendant

ManorCare Health Services, Inc.'s Responses to Product Identification Interrogatories and

Document Requests upon all counsel of record as exhibited in the attached service list.

                                        _____
                                        Greg A. Dadika

Subscribed and sworn
To me, this 12th day of March, 2007

_____
Notary Public

WANETA ANN TRELA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 12/8/2011

Exhibit

E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
This Document Relates To:                         Index No.: 114120-06

CHRISTIAN HOLINKA,

                    Plaintiff

                    -against-                      FISHER SCIENTIFIC COMPANY
                                                   L.L.C.'S RESPONSES TO
                                                   PRODUCT IDENTIFICATION
A.W. CHESTERTON COMPANY, et al,                    INTERROGATORIES

                    Defendants
------------------------------------------------------ x

## GENERAL OBJECTIONS TO INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION

Fisher Scientific Company L.L.C. (hereinafter "Fisher Scientific" or "Defendant") objects to these interrogatories and requests to the extent that they seek information beyond that relevant to the facts of this case and the product purportedly at issue herein.

Fisher Scientific generally objects to Plaintiff's interrogatories and document requests insofar as they seek information and documents that (i) were prepared for or in anticipation of litigation; (ii) constitute privileged attorney - client material; and/or (iii) constitute privileged attorney-work product or are otherwise protected from disclosure.

Fisher Scientific generally objects to Plaintiff's interrogatories and document requests on the ground that they assume matters not established by the evidence.

Fisher Scientific generally objects to Plaintiff's interrogatories and document requests insofar as they seek confidential and/or proprietary information. Fisher Scientific will provide responses which contain confidential or proprietary information once the parties agree upon the terms and conditions of a protective order governing the use of such documents and information.

Fisher Scientific submits these responses in response to Plaintiff's interrogatories and document

requests without conceding the relevancy or materiality of the subject matter of any interrogatory and without prejudice to Fisher Scientific's right to object to further discovery, or to object to the admissibility of any additional proof on the subject matter of any response, at the time of trial.

## INTERROGATORIES

1.     State if you are aware through information in your own files or in the possession of your local attorney(s), whether any asbestos-containing product sold, shipped, distributed, contracted for and/or manufactured by you was at the sites listed on the attached Chart A from Plaintiff's Answers to Interrogatories and Request for Production of Documents, and/or was present at sites identified by the plaintiff or any of his co-workers at his/their depositions.

For each site which you are aware that such products were present, specify the type of product, amount of product and time frame in which such products were present.

**RESPONSE:** See General Objections. Defendant further objects to this Interrogatory as vague, overly broad, calls for speculation and invades the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant responds that due to the passage of time, it has no information that any product sold, distributed or manufactured by it was present at the period specified at any of the job sites listed in Chart "A," if such information ever existed. As discovery in this matter is continuing, Defendant reserves its right to supplement this response upon discovery of relevant information.

2.     Identify all documents, invoices, including information stored in electronic form such as word processing files and computer databases, photographs, books, contracts, agreements, drawings, approvals, delivery tickets, depositions of past or current employees, studies, memoranda, statements, your own pleadings, stipulations, promotional material, reports, telegrams and any other written, printed, graphic or audio materials of any kind or description, including all non-identical

copies thereof, in your possession, custody or control, or in the possession, custody or control of your local attorney(s), that indicate that any asbestos-containing product manufactured, sold, delivered, shipped, rebranded, contracted for, distributed, installed or retailed by you, your successor or predecessor entities, subdivision or affiliates were present at the job sites specified in Question one.

**RESPONSE:** See General Objections. Defendant further objects to this Interrogatory as vague, overly broad, calls for speculation and invades the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant responds that due to the passage of time, it has no information that any product sold, distributed or manufactured by it was present at the period specified at any of the job sites referred to in Question 1, if such information ever existed. As discovery in this matter is continuing, Defendant reserves its right to supplement this response upon discovery of relevant information.

Dated:          February 27, 2007

                              HOAGLAND, LONGO, MORAN,
                                DUNST & DOUKAS
                              156 Williams Street - 11th Floor
                              New York, New York 10035
                              Attorneys for Defendant
                              Fisher Scientific Company L.L.C.


                              _____
                              SHAZIA CHAUDHRI DEWIT, ESQ.

## CERTIFICATION

I certify that the foregoing statements made by me in the attached Responses to Plaintiff's Product Identification and Document Requests are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

DATED: _27 February 2007_

_____
Robert J. Forte

Sworn to before me and subscribed in my
Presence this _27th_ day of February, 2007

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Eydeann Notaro, Notary Public
North Fayette Twp., Allegheny County
My Commission Expires June 28, 2007
Member, Pennsylvania Association Of Notaries

### CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I hereby certify that the foregoing statements made by me in the attached interrogatories are true to the best of my knowledge. The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the company, its party, its agents, its servants, employees and attorneys unless privileged. The word usage and sentence structure may be that of the attorney or counsel assisting in the preparation of these answers to interrogatories and thus does not necessarily purport to be the precise language of the executing party.

Furthermore, I hereby certify that the copies of the reports and documents annexed hereto are exact and complete copies of the entire report or reports; that the existence of other documents and reports, either written or oral, are unknown to me or the answering party. If such documents become later known or available, I shall serve them promptly on the propounding party. I am aware that if any of the foregoing statements made by me are willfully false, the executing party is subject to punishment.

On behalf Fisher Scientific Company L.L.C.

Dated:  February 27, 2007



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

                                    :

In Re: NEW YORK CITY ASBESTOS LITIGATION :

———————————————————— :    Index No. 114120-06

This Document Relates To:              :

CHRISTIAN F. HOLINKA,           :   **VWR International, Inc.'s**
                                  :   **Responses to Plaintiff's**
            Plaintiff         :   **Product Identification**
                                  :   **Interrogatories And Document**
          -against-         :   **Requests**

A.W. CHESTERTON COMPANY, et al.   :

            Defendants.      :

———————————————————— :

      NOW COMES Defendant VWR International, Inc., by and through its attorneys,

DRINKER BIDDLE & REATH LLP, and in answer to Plaintiff's Product Identification

Interrogatories And Document Requests, states as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

      VWR International, Inc. ("VWR" or "Defendant") has not fully completed its investigation or discovery relating to this action or its preparation for trial. All of the responses contained herein are based solely upon the information which is presently available and specifically known to VWR. The discovery in this matter is continuing and such further discovery may lead to additional responses in the future.

      All the responses are given without prejudice to VWR's right to produce or introduce evidence of any subsequently discovered documents, facts, information, or contentions which it may later obtain or recall. VWR, therefore, reserves its right to supplement and/or amend any and all responses as additional facts and/or documents are discovered, analyses are made, and investigation and research is completed.

      Each response herein is given subject to all appropriate objections, including but not limited to, competence, relevance, materiality, hearsay, lack of foundation, admissibility, form of the question, and the exclusion of any statement contained herein if any portion of the requests were asked for, or if any statement contained herein was made by, a witness present and testifying in Court. Such objections and grounds are therefore reserved and may be interposed at the time of trial. VWR reserves the right to make any evidentiary objections to the introduction

into evidence at trial of this case and otherwise of any of these responses or documents produced in response to the demands.

VWR objects to each and every interrogatory to the extent that it requires the disclosure of information that (a) was prepared in anticipation of litigation; (b) constitutes privileged attorney-client material; (c) constitutes attorney work product; (d) is subject to any other privilege; and/or (e) is otherwise protected from disclosure.

## INTERROGATORIES

**Q1.** State if you are aware through information in your own files or in the possession of your local attorney(s), whether any asbestos containing product, sold, shipped, distributed, contracted for and/or manufactured by you was at the sites listed on the attached Chart A from Plaintiff's Answers to Defendant's Interrogatories and Request for Productions of Documents, and/or was present at the sites identified by the plaintiff or any of his co-workers at his/their depositions. For each site which you are aware that such products were present, specify the type of product and time frame in which such products were present.

**ANSWER**

VWR objects to this interrogatory as seeking information protected by the attorney-client and/or attorney work product doctrine. Subject to and without waiving its objections, VWR responds that after a diligent search and reasonable inquiry, VWR has no record or information that it supplied any asbestos-containing products to the sites listed on the attached Chart A from Plaintiff's Answers to Defendant's Interrogatories and Request for Productions of Documents. To date, Plaintiff has not been deposed nor have any of Plaintiff's co-workers. VWR is therefore unable to respond to that portion of the interrogatory.

**Q2.** Identify any documents, invoices, information stored in electronic form such as word processing files and computer databases, photographs, books, contracts, agreements,

- 2 -

drawings, approvals, delivery tickets, depositions of past or current employees, studies, memoranda, statements, your own pleadings, stipulations, promotional material, reports, telegrams and any other written, printed, graphic or audio materials of any kind or description, including all non-identical copies thereof, in your possession or control or in the possession and control of your local attorney(s), that indicate that any asbestos containing product manufactured, sold, delivered, shipped, rebranded, contracted for, distributed, installed or retailed by you your successor or predecessor entities, subdivision or affiliates were present at the sites specified in Question one.

**ANSWER**

    See VWR's answer to Interrogatory No. 1, which is incorporated herein.

DATED:    New York, New York
             February 8, 2007

                         DRINKER BIDDLE & REATH LLP

                         By: _____

                         Thuy T. Bui
                         140 Broadway
                         39th Floor
                         New York, NY 10005
                         (212) 248-3140
                         Attorneys for Defendant
                         VWR International, Inc.

TO:    All parties on attached service list

- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CHRISTIAN F. HOLINKA,                          : Index No. 06-114120

               Plaintiff,                :

      -against-                                :

                          :     **AFFIDAVIT OF SERVICE**

A.W. CHESTERTON COMPANY, et. al.,               :

              Defendants.                :

---

STATE OF NEW YORK    )
                      ) ss:
COUNTY OF NEW YORK  )

      Tenisha Herell, being duly sworn, deposes and says:

      1.  I am over the age of eighteen years, and am not a party to this action.

      2.  On the 8th day of February 2007, I served a true copy of the foregoing VWR International, Inc.'s Responses to Plaintiff's Product Identification Interrogatories and Document Requests by regular mail to all parties on the attached Service List that being their last known address, by depositing a copy in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the U.S. Post Office within the State of New York.

                                                 *Tenisha Herell*
                                                 TENISHA HERELL

Sworn to before me this
8th day of February, 2007

*Linda Sussman*
NOTARY PUBLIC

                      Linda Sussman
             Notary Public, State of New York
                 No. 01SU4902869
               Qualified in Bronx County
          Commission Expires Aug. 17, 2008

SFNY 107565v1

**Christian F. Holinka Service List**

| | |
|---|---|
| Benjamin Darche, Esq.<br>WEITZ & LUXENBERG, P.C.<br>180 Maiden Lane<br>New York, New York 10038-4925<br>**Attorneys for Plaintiffs** | Julie Evans, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker<br>150 East 42nd Street<br>New York, NY 10017-5639<br>Phone # (212) 490-3000<br>Fax # (212) 490-3038<br>**Counsel For A.W. Chesterton Co.** |
| Judith Yavitz, Esq.<br>Anderson, Kill, Olick & Oshinsky<br>1251 Avenue of the Americas<br>New York, NY 10020-1000<br>Phone # (212) 278-1000<br>Fax # (212) 278-1733<br>**Counsel for Amchem Products, Inc., n/k/a**<br>**Rhone Poulenc Ag Co., n/k/a Bayer**<br>**Cropscience Inc., and Certain Teed**<br>**Corporation** | Cori L. Leavitt, Esq.<br>William Bradley, Esq.<br>Joseph Carlisle, Esq.<br>Mary Ellen Connor, Esq.<br>Malaby, Carlisle & Bradley LLC<br>150 Broadway<br>New York, NY 10038<br>Phone # (212) 791-0285<br>Fax # (212) 791-0286<br>**Counsel for Aqua-Chem, Inc., CBS**<br>**Corporation, a Delaware Corp., f/k/a**<br>**Viacom Inc., successor by merger to CBS**<br>**Corporation, a Pennsylvania Corp., f/k/a**<br>**Westinghouse Electric Corp., Premier**<br>**Refractories, Inc. f/k/a Adience/BMI and**<br>**J.H. France Refractories Co.** |
| Theodore Eder, Esq.<br>Chris Gannon, Esq.<br>Segal McCambridge Singer & Mahoney<br>830 Third Avenue, Suite 400<br>New York, NY 10022<br>Phone # (212) 651-7500<br>Fax # (212) 651-7499<br>**Counsel for Anchor Packing Co., Inc., and**<br>**Garlock Sealing Technologies LLC f/k/a**<br>**Garlock, Inc.** | Lawrence McGivney, Esq.<br>Monakee Griffin, Esq.<br>McGivney & Kluger, P.C.<br>80 Broad Street, 23rd Floor<br>New York, NY 10004<br>Phone # (212) 509-3456<br>Fax # (212) 509-4420<br>**Counsel for Beckman Coulter, Inc.** |
| Carol M. Tempesta, Esq.<br>Marks, O'Neill, O'Brien & Courtney, P.C.<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Phone #(914) 345-3701<br>Fax # (914) 345-3743<br>**Counsel for Corning Glass, k/n/a Corning**<br>**Incorporated** | Joseph Colao, Esq.<br>Helen Chung, Esq.<br>Leader & Berkon LLP<br>630 3rd Avenue, 17th Floor<br>New York, NY 10017<br>Phone # (212) 486-2400<br>Fax # (212) 486-3099<br>**Counsel for E.I. Dupont De Nemours and**<br>**Company** |

| | |
|---|---|
| Steve Kevelson, Esq.<br>One Cozine Avenue<br>Brooklyn, NY 11201<br>Phone # (718) 649-4900<br>Fax # (718) 649-4902<br>**Counsel for Empire Ace Insulation MFG. Corp.** | Marc S. Gaffrey, Esq.<br>Hoagland, Longo, Moran, Dunst & Doukas<br>40 Patterson Street<br>P.O. Box 480<br>New Brunswick, NJ 08903<br>Phone # (732) 545-4717<br>Fax # (732) 545-4579<br>**Counsel for Fisher Scientific International Inc.** |
| Lisa M. Pascarella, Esq.<br>Pehlivanian, Braaten & Pascarella, LLC<br>2430 Route 34<br>Manasquan, NJ 08736<br>Phone # (732) 528-8888<br>Fax # (732) 528-4445<br>**Counsel for Ingersoll-Rand Co.** | Andrew M. Johnson, Esq.<br>Whiteman Osterman & Hanna LLP<br>One Commerce Plaza<br>Albany, NY 11260<br>Phone # (518) 487-7600<br>Fax # (518) 487-7777<br>**Counsel for Kewaunee Scientific Corporation** |
| Jennifer Darger, Esq.<br>Vincent A. Errante, Jr., Esq.<br>Darger & Errante LLP<br>116 East 27th Street, 12th Floor<br>New York, NY 10016<br>Phone # (212) 452-5300/5303<br>Fax # (212) 452-5301<br>**Counsel for Lennox Industries, Inc.** | Linda Yassky, Esq.<br>Sonnenschein Nath & Rosenthal<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Phone # (212) 398-5297<br>Fax # (212) 768-6800<br>**Counsel for Rapid American Corporation** |
| Ian Grodman, Esq.<br>Law Offices of Ian R. Grodman, P.C.<br>515 Valley Street, Suite 170<br>Maplewood, NJ 07040<br>Phone # (973) 313-2424<br>Fax # (973) 313-9712<br>**Counsel for Rheem Manufacturing Company, Inc., Individually and as successor to Rheem Manufacturing Company, as successor by merger to Civestco, Inc.** | Jonathan E. Polonsky, Esq.<br>Thelen Reid & Priest LLP<br>875 Third Avenue<br>New York, NY 10022<br>Phone # (212) 603-2000<br>Fax # (212) 603-2001<br>**Counsel for Univar USA Inc., Individually and as successor to Van Waters & Rogers Inc., Braun Chemical Company and Will Scientific, Inc.** |

John J. Zefutie, Jr., Esq.
Greg A. Dadika, Esq.
Reed Smith LLP
136 Main Street
Princeton Forrestal Village
Princeton, NJ 08540
Phone # (609) 987-0050
Fax # (609) 951-0824
**Counsel for Manorcare Health Services, Inc., d/b/a Manor Care, Inc., individually and as successor to Precision-Cosmet Company, Inc., Central Scientific Company, a division of Cenco Incorporated; Central Scientific Company, a division of Cenco Instruments Corporation**

- 3 -

SFNY1 107565v1



Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In Re: NEW YORK CITY ASBESTOS LITIGATION

|  |  |
|---|---|
| | : |
| | : |
| | : Index No. 114120-06 |
| This Document Relates To: | : |
| CHRISTIAN F. HOLINKA, | : **Univar USA Inc.'s Responses** |
| | : **to Plaintiff's Product** |
| Plaintiff | : **Identification Interrogatories** |
| | : **And Document Requests** |
| -against- | : |
| A.W. CHESTERTON COMPANY, et al. | : |
| Defendants. | : |
| | : |

NOW COMES Defendant Univar USA Inc., by and through its attorneys, DRINKER

BIDDLE & REATH LLP, and in answer to Plaintiff's Product Identification Interrogatories And

Document Requests, states as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Univar USA Inc. ("Univar" or "Defendant") has not fully completed its investigation or discovery relating to this action or its preparation for trial. All of the responses contained herein are based solely upon the information which is presently available and specifically known to Univar. The discovery in this matter is continuing and such further discovery may lead to additional responses in the future.

All the responses are given without prejudice to Univar's right to produce or introduce evidence of any subsequently discovered documents, facts, information, or contentions which it may later obtain or recall. Univar, therefore, reserves its right to supplement and/or amend any and all responses as additional facts and/or documents are discovered, analyses are made, and investigation and research is completed.

Each response herein is given subject to all appropriate objections, including but not limited to, competence, relevance, materiality, hearsay, lack of foundation, admissibility, form of the question, and the exclusion of any statement contained herein if any portion of the requests were asked for, or if any statement contained herein was made by, a witness present and testifying in Court. Such objections and grounds are therefore reserved and may be interposed at the time of trial. Univar reserves the right to make any evidentiary objections to the introduction

into evidence at trial of this case and otherwise of any of these responses or documents produced in response to the demands.

Univar objects to each and every interrogatory to the extent that it requires the disclosure of information that (a) was prepared in anticipation of litigation; (b) constitutes privileged attorney-client material; (c) constitutes attorney work product; (d) is subject to any other privilege; and/or (e) is otherwise protected from disclosure.

## INTERROGATORIES

**Q1.**    State if you are aware through information in your own files or in the possession of your local attorney(s), whether any asbestos containing product, sold, shipped, distributed, contracted for and/or manufactured by you was at the sites listed on the attached Chart A from Plaintiff's Answers to Defendant's Interrogatories and Request for Productions of Documents, and/or was present at the sites identified by the plaintiff or any of his co-workers at his/their depositions. For each site which you are aware that such products were present, specify the type of product and time frame in which such products were present.

**ANSWER**

Univar objects to this interrogatory as seeking information protected by the attorney-client and/or attorney work product doctrine. Subject to and without waiving its objections, Univar responds that after a diligent search and reasonable inquiry, Univar has no record or information that it supplied any asbestos-containing products to the sites listed on the attached Chart A from Plaintiff's Answers to Defendant's Interrogatories and Request for Productions of Documents. To date, Plaintiff has not been deposed nor have any of Plaintiff's co-workers. Univar is therefore unable to respond to that portion of the interrogatory.

**Q2.**    Identify any documents, invoices, information stored in electronic form such as word processing files and computer databases, photographs, books, contracts, agreements,

- 2 -

drawings, approvals, delivery tickets, depositions of past or current employees, studies, memoranda, statements, your own pleadings, stipulations, promotional material, reports, telegrams and any other written, printed, graphic or audio materials of any kind or description, including all non-identical copies thereof, in your possession or control or in the possession and control of your local attorney(s), that indicate that any asbestos containing product manufactured, sold, delivered, shipped, rebranded, contracted for, distributed, installed or retailed by you your successor or predecessor entities, subdivision or affiliates were present at the sites specified in Question one.

**ANSWER**

   See Univar's answer to Interrogatory No. 1, which is incorporated herein.


DATED:    New York, New York
          February 8, 2007


                                   DRINKER BIDDLE & REATH LLP

                                   By: _____
                                       Thuy T. Bui
                                       140 Broadway
                                       39th Floor
                                       New York, NY 10005
                                       (212) 248-3140
                                       Attorneys for Defendant
                                       Univar USA Inc.


To:    All parties on attached service list.



- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CHRISTIAN F. HOLINKA,                           : Index No. 06-114120
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :
                                                :     **AFFIDAVIT OF SERVICE**
                                                :
A.W. CHESTERTON COMPANY, et. al.,               :
                                                :
                        Defendants.             :

---

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

    Tenisha Herell, being duly sworn, deposes and says:

    1.  I am over the age of eighteen years, and am not a party to this action.

    2.  On the 8th day of February 2007, I served a true copy of the foregoing Univar USA

Inc.'s Responses to Plaintiff's Product Identification Interrogatories and Document Requests by

regular mail to all parties on the attached Service List that being their last known address, by

depositing a copy in a postpaid properly addressed wrapper in an official depository under the

exclusive care and custody of the U.S. Post Office within the State of New York.


                                                    _Tenisha Herell_
                                                    TENISHA HERELL

Sworn to before me this
8th day of February, 2007

_Linda Sussman_
NOTARY PUBLIC

                    Linda Sussman
              Notary Public, State of New York
                    No. 01SU4902889
                 Qualified in Bronx County
SFNY 107564v1    Commission Expires Aug. 17, 2009

**Christian F. Holinka Service List**

| | |
|---|---|
| Benjamin Darche, Esq.<br>WEITZ & LUXENBERG, P.C.<br>180 Maiden Lane<br>New York, New York 10038-4925<br>**Attorneys for Plaintiffs** | Julie Evans, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker<br>150 East 42nd Street<br>New York, NY 10017-5639<br>Phone # (212) 490-3000<br>Fax # (212) 490-3038<br>**Counsel For A.W. Chesterton Co.** |
| Judith Yavitz, Esq.<br>Anderson, Kill, Olick & Oshinsky<br>1251 Avenue of the Americas<br>New York, NY 10020-1000<br>Phone # (212) 278-1000<br>Fax # (212) 278-1733<br>**Counsel for Amchem Products, Inc., n/k/a**<br>**Rhone Poulenc Ag Co., n/k/a Bayer**<br>**Cropscience Inc., and Certain Teed**<br>**Corporation** | Cori L. Leavitt, Esq.<br>William Bradley, Esq.<br>Joseph Carlisle, Esq.<br>Mary Ellen Connor, Esq.<br>Malaby, Carlisle & Bradley LLC<br>150 Broadway<br>New York, NY 10038<br>Phone # (212) 791-0285<br>Fax # (212) 791-0286<br>**Counsel for Aqua-Chem, Inc., CBS**<br>**Corporation, a Delaware Corp., f/k/a**<br>**Viacom Inc., successor by merger to CBS**<br>**Corporation, a Pennsylvania Corp., f/k/a**<br>**Westinghouse Electric Corp., Premier**<br>**Refractories, Inc. f/k/a Adience/BMI and**<br>**J.H. France Refractories Co.** |
| Theodore Eder, Esq.<br>Chris Gannon, Esq.<br>Segal McCambridge Singer & Mahoney<br>830 Third Avenue, Suite 400<br>New York, NY 10022<br>Phone # (212) 651-7500<br>Fax # (212) 651-7499<br>**Counsel for Anchor Packing Co., Inc., and**<br>**Garlock Sealing Technologies LLC f/k/a**<br>**Garlock, Inc.** | Lawrence McGivney, Esq.<br>Monakee Griffin, Esq.<br>McGivney & Kluger, P.C.<br>80 Broad Street, 23rd Floor<br>New York, NY 10004<br>Phone # (212) 509-3456<br>Fax # (212) 509-4420<br>**Counsel for Beckman Coulter, Inc.** |
| Carol M. Tempesta, Esq.<br>Marks, O'Neill, O'Brien & Courtney, P.C.<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Phone #(914) 345-3701<br>Fax # (914) 345-3743<br>**Counsel for Corning Glass, k/n/a Corning**<br>**Incorporated** | Joseph Colao, Esq.<br>Helen Chung, Esq.<br>Leader & Berkon LLP<br>630 3rd Avenue, 17th Floor<br>New York, NY 10017<br>Phone # (212) 486-2400<br>Fax # (212) 486-3099<br>**Counsel for E.I. Dupont De Nemours and**<br>**Company** |

SFNY 107564v1

| | |
|---|---|
| Steve Kevelson, Esq.<br>One Cozine Avenue<br>Brooklyn, NY 11201<br>Phone # (718) 649-4900<br>Fax # (718) 649-4902<br>**Counsel for Empire Ace Insulation MFG. Corp.** | Marc S. Gaffrey, Esq.<br>Hoagland, Longo, Moran, Dunst & Doukas<br>40 Patterson Street<br>P.O. Box 480<br>New Brunswick, NJ 08903<br>Phone # (732) 545-4717<br>Fax # (732) 545-4579<br>**Counsel for Fisher Scientific International Inc.** |
| Lisa M. Pascarella, Esq.<br>Pehlivanian, Braaten & Pascarella, LLC<br>2430 Route 34<br>Manasquan, NJ 08736<br>Phone # (732) 528-8888<br>Fax # (732) 528-4445<br>**Counsel for Ingersoll-Rand Co.** | Andrew M. Johnson, Esq.<br>Whiteman Osterman & Hanna LLP<br>One Commerce Plaza<br>Albany, NY 11260<br>Phone # (518) 487-7600<br>Fax # (518) 487-7777<br>**Counsel for Kewaunee Scientific Corporation** |
| Jennifer Darger, Esq.<br>Vincent A. Errante, Jr., Esq.<br>Darger & Errante LLP<br>116 East 27th Street, 12th Floor<br>New York, NY 10016<br>Phone # (212) 452-5300/5303<br>Fax # (212) 452-5301<br>**Counsel for Lennox Industries, Inc.** | Linda Yassky, Esq.<br>Sonnenschein Nath & Rosenthal<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Phone # (212) 398-5297<br>Fax # (212) 768-6800<br>**Counsel for Rapid American Corporation** |
| Ian Grodman, Esq.<br>Law Offices of Ian R. Grodman, P.C.<br>515 Valley Street, Suite 170<br>Maplewood, NJ 07040<br>Phone # (973) 313-2424<br>Fax # (973) 313-9712<br>**Counsel for Rheem Manufacturing Company, Inc., Individually and as successor to Rheem Manufacturing Company, as successor by merger to Civestco, Inc.** | Jonathan E. Polonsky, Esq.<br>Thelen Reid & Priest LLP<br>875 Third Avenue<br>New York, NY 10022<br>Phone # (212) 603-2000<br>Fax # (212) 603-2001<br>**Counsel for Univar USA Inc., Individually and as successor to Van Waters & Rogers Inc., Braun Chemical Company and Will Scientific, Inc.** |

- 2 -

John J. Zefutie, Jr., Esq.
Greg A. Dadika, Esq.
Reed Smith LLP
136 Main Street
Princeton Forrestal Village
Princeton, NJ 08540
Phone # (609) 987-0050
Fax # (609) 951-0824
**Counsel for Manorcare Health Services,
Inc., d/b/a Manor Care, Inc., individually
and as successor to Precision-Cosmet
Company, Inc., Central Scientific Company,
a division of Cenco Incorporated; Central
Scientific Company, a division of Cenco
Instruments Corporation**

- 3 -