SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE NEW YORK CITY ASBESTOS LITIGATION | Hon. Joan A. Madden |
| | INDEX NO. 114120-06 |
| CHRISTIAN HOLINKA, | |
| Plaintiff(s), | AFFIRMATION IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF AND HIS WITNESSES FROM REFERRING TO BUNSEN BURNER PADS AND MITTENS AS "DEFENDANT'S PRODUCTS" BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS DISTRIBUTED THESE PRODUCTS TO THE LABORATORIES AT ISSUE |
| -v.- | |
| A.C. & S., et al | |
| Defendant(s). | |

Kristy Kulina Lyons, an attorney duly admitted to practice before the Courts, of the State of New York, hereby affirms:

1.      I am an associate with the law firm of Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for Defendants Fisher Scientific International Inc.(hereinafter "Fisher Scientific") and, as such, am fully familiar with the facts and circumstances set forth herein.

2.      I submit this affirmation in support of the Defendant's Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("Manor") Fisher Scientific International Inc. ("Fisher"), VWR International, Inc. ("VWR") and Univar USA ("Univar") (collectively, "Defendants")  motion *in limine* to preclude Plaintiff and his

witnesses from referring to Bunsen burner pads and mittens as "defendant's products" because there is no evidence that Defendants distributed these products to the laboratories at issue.

3.      This is an action to recover for personal injuries sustained by Plaintiff, Christian Holinka.

4.      Plaintiff served Plaintiff's Responses to Defendants' Fourth Amended Standard Set of Interrogatories and Request for Production for Documents on defendants Baxter, ManorCare, Fisher Scientific International Inc. ("Fisher"), VWR and Univar (collectively, "Defendants") in October of 2006, a true and complete copy of which is attached as Exhibit A.

5.      Plaintiff served responses to Defendants' supplemental interrogatories and document requests on June 21, 2007, a true and complete copy of which is attached as Exhibit B.

6.      Plaintiff was deposed on February 12 and 22, and on March 1, 2007. A true and complete copy of the transcript from Plaintiff's February 12, 2007 deposition is attached as Exhibit C. A true and complete copy of the transcript from Plaintiff's February 22, 2007 deposition is attached as Exhibit D. A true and complete copy of the transcript from Plaintiff's March 1, 2007 deposition is attached as Exhibit E.

7.      No prior application has been requested for the relief requested herein.

**WHEREFORE,** the Defendants respectfully request an Order to preclude Plaintiff and his witnesses from referring to Bunsen burner pads and mittens as "Defendant's

products" because there is no evidence that Defendants distributed these products to the

laboratories at issue. and further relief as this Court deems just and proper.


Date:   New Brunswick, New Jersey
        August 21, 2007

Kristy Kulina Lyons
HOAGLAND, LONGO, MORAN,
DUNST & DOUKAS, LLP
40 Paterson Street
PO Box 480
New Brunswick, New Jersey 08903

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

IN RE NEW YORK CITY                          Hon. Joan A. Madden
     ASBESTOS LITIGATION
_____
                                             INDEX NO. 114120-06
CHRISTIAN HOLINKA,

                            Plaintiff(s),

         -v.-

A.C. & S., et al.
                        Defendant(s).

_____

MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF AND HIS WITNESSES FROM REFERRING TO BUNSEN BURNER PADS AND MITTENS AS "DEFENDANTS' PRODUCTS" BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS DISTRIBUTED THE BUNSEN BURNER PADS AND MITTENS TO THE LABORATORIES AT ISSUE

HOAGLAND LONGO MORAN DUNST & DOUKAS
Attorneys for Defendant Fisher Scientific International Inc.
40 Paterson Street
New Brunswick, NJ 08901
(732) 545-4717

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion *in limine* of Defendants, Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("Manor") Fisher Scientific International Inc. ("Fisher"), VWR International, Inc. ("VWR") and Univar USA ("Univar") (collectively, "Defendants") seeking an order to preclude Plaintiff and his witnesses from referring to Bunsen burner pads and mittens as "Defendants products" or otherwise indicating that Defendant's supplied these products because there is no evidence that defendants distributed these products to the laboratories at issue and further relief as this Court deems just and proper.

In this action, plaintiff Christian Holinka ("Plaintiff") alleges that Defendants[1] (or their alleged respective predecessors) supplied Bunsen burner pads and heat resistant mittens to various laboratories in which Plaintiff studied, researched and/or worked over a thirty year period. However, as set forth more fully below, Plaintiffs' proofs to date are insufficient for this Court to allow Plaintiffs to make reference to, or enter any evidence in support of its allegation that the Defendant's supplied the products at issue, Bunsen burner pads and mittens. Therefore, Plaintiff should be precluded from referring to pads and mittens as "Defendant's products" or otherwise indicating that Defendant's supplied these products because there is no evidence that Defendant's actually distributed or supplied the pads or mittens which Dr. Holinka claims to have used.

---

[1] However, Univar USA Inc. contends that it is not a successor to the lab supply business of Van Waters & Rogers.

The evidence shows:

- Plaintiff does not know who manufactured or supplied any of the pads or mittens he claims to have used;

- He cannot identify anyone who knows the identity of the manufacturers or suppliers of pads or mittens in any of the labs where he studied or worked;

- Plaintiff does not have any documents identifying those manufacturers or suppliers; and

- None of the Defendants have records of sales of asbestos containing products to any of the labs at issue during the relevant time frame.

At best, Plaintiff can only state that he believes Defendants were "standard suppliers" of products to laboratories in general during the periods when he studied or worked in labs. This falls well short of proving, as Plaintiff must, that Plaintiff was exposed to a product supplied by any particular Defendant. Therefore, Plaintiff and his witnesses should be precluded from referring to Bunsen burner pads and mittens as "Defendant's products" or the like.

## STATEMENT OF FACTS

Plaintiff is a biochemist and a self-employed reproductive medicine consultant to the pharmaceutical industry. *See* Exhibit D, Plaintiff's Dep Vol. II, dated February 22, 2007 at 117:17 – 175:9. Between 1959 and 1989, he spent approximately 24 years studying, researching and working at nine civilian[2] academic, research, and medical

---

[2] Plaintiff also spent time at two United States Army laboratories, from January to February 1957 (Fort Sam Houston, Texas), and from March 1957 to July 1959 (98 General Hospital, Germany). Exhibit C, Plaintiff Dep. Vol. I, dated February 12, 2007, at 25:2 – 26:10. & 31:16 – 32:4. Although he may have been exposed to asbestos-containing products, including building materials, while at those sites, he does not allege that Defendants supplied any of those products. Id at 29:19-22, 31:6-8, 33:18-24, 36:12-17 & 37:7-13.

laboratories:

- Late 1959 to early 1960 – Booth Memorial Hospital, New York;

- Spring 1960 to mid-1962 and January to August 1964 – Research laboratory, University of California, Berkeley;

- January 1960 to Summer 1962 – Undergraduate laboratories, University of California, Berkeley;

- Fall 1962 to Spring 1963 – Hunter College, New York;

- August 1964 to August 1966 – Graduate research laboratory, University of California Berkeley;

- August 1971 to July 1974 – SUNY Stony Brook, New York;

- August 1971 to July 1974 – Columbia University, New York;

- August 1974 to July 1977 – University of Southern California at Los Angeles; and,

- August 1977 to July 1989 – Mt. Sinai Hospital School of Medicine, New York.

*See* Exhibit D, Plaintiff Dep. Vol. II at 67:13 – 68:6, 81:11-18, 79:17 – 80:5, 97:19-21, 99:11 – 100:9, 106:24 – 107:10, 110:16 – 111:23, 117:8-10, 119:21 – 120:12, 120:22 – 121:19, 136:11-20 & 148:20 – 149:5.

Plaintiff claims he used Bunsen burner pads and heat-resistant mittens at all of these laboratories except Hunter College, where he testified he did not use mittens. *See* Exhibit D, Plaintiff Dep. Vol. II at 71:7-17, 80:16 – 81:3, 93:8-14, 95:7-12, 100:25 – 101:4, 107:15-25, 112:5-12, 122:9-16, 133:4-7, 138:16-23 & 151:8-15. Plaintiff, however, does not know who supplied any of the Bunsen burner pads or mittens to any of these laboratories. He cannot identify any of the companies from which any of the laboratories purchased pads and mittens. *See Id*, Plaintiff Dep. Vol. II at 74:24 – 75:4, 78:19-22, 102:11-14, 108:20-23, 127:23-25, 140:14-18, 147:18-20, 156:21-23, 160:17-21, 216:6-13, 229:12 – 230:15, 231:4-7, 231:13-22,

232:3-6, 232:11-13, 232:18-20 & 232:24 – 233:2.  He has no witnesses and no documents to

establish that these Defendants supplied pads or mittens to the labs where he studied or worked.

*See* Exhibit B, Plaintiff's Response to Defendants' Supplemental Interrogatories and Document

Requests.

      Plaintiff's lone product identification evidence consists of his testimony that Defendants

were "standard suppliers" of laboratory products during the relevant time periods, because he

purportedly saw some of the Defendants' catalogs in one or more of the labs.  Yet, Plaintiff does

not have any of the catalogs he claims to have seen. *Id.*  He also testified that other companies'

catalogs were also present at the same time and that he does not know whether those other

companies sold pads and mittens. *See* Exhibit D at Plaintiff Dep. Vol. II at 217:10 – 218:8.

Most importantly, Plaintiff admits he does not know whether the laboratories purchased pads and

mittens from Defendants or from other companies. *Id* at Plaintiff's Dep. Vol. II at 219:6-13,

230:16 – 231:3, 231:8-11, 231:23 – 232:2, 232:7-10, 232:14-17, 232:21-23 & 233:3-5.

> Q.    Do you know who specifically supplied those pads that you
> used as a post-doctoral fellow at the [University of Southern
> California]?
>
> A.    We had standard suppliers, I do not know which individual
> standard supplier supplied them.
>
>                   * * *
>
> Q.    Do you know who specifically supplied those mittens that you
> used at [the University of Southern California]?
>
> A.    No, I do not.
>
>                   * * *
>
> Q.    Can you tell me from your own knowledge which, if any, of
> those major suppliers sold Bunsen burner pads to Mount Sinai, which
> specific companies?
>
> A.    I would not know a specific company.
>
> Q.    Can you tell me which specific companies among those four,
> if any, sold mittens to Mount Sinai?

* * *

A.    No, I could not.

* * *

Q.    Do you know whether or not Mount Sinai bought asbestos Bunsen burner pads from any companies other than the four that you specifically recall the names of?

A.    I do not know.

Q.    Do you know if they bought mittens from any other companies?

A.    I do not know.

* * *

Q.    Do you recall any of the specific companies that sold Bunsen burner pads to the lab that you worked in at Columbia Presbyterian?

A.    No, I don't.

Q.    Do you recall any of the specific companies that sold Bunsen burner pads to the lab that you worked in at SUNY Stony Brook?

A.    No, I don't.

Q.    Do you recall any of the specific companies that sold Bunsen burner pads to the lab where you did your chemistry lab at Hunter College?

A.    No.

Q.    Do you recall any of the specific companies that sold Bunsen burner pads to the laboratory where you did your academic work at the University of California at Berkeley?

A.    No, I don't.  But with there again, it was a large research unit and they used standard suppliers.

Q.    And tell me again who the standard suppliers were that you recall that were used in the large research lab at UC Berkeley.

A.    Fisher Scientific, Van Waters and Rogers, American Scientific, Senco [sic].

Q.    But as you sit here today, can you tell me which specific companies, if any, in that group sold Bunsen burner pads for that lab?

A.    I could not.

Q.    Do you know whether any other companies sold Bunsen burner pads to that lab?

A.    I do not know.

Q.    Do you know whether any other companies sold Bunsen burner pads to the lab at Hunter College?

A.    No, I don't know.

Q.    Do you know if any other companies sold Bunsen burner pads to the lab at SUNY Stony Brook?

A.    No, I don't know.

Q.    Do you know if any other companies sold Bunsen burner pads to the lab at Columbia Presbyterian?

A.    No, I don't.

Q.    As you sit here today can you tell me what specific companies sold Bunsen burner pads to the lab at Booth Hospital?

A.    No, I don't know.

Q.    Do you know if any companies other than the ones that you mentioned earlier as standard suppliers sold Bunsen burner pads to the lab at Booth Hospital?

A.    No, I don't know.

Q.    Let me ask you the same couple questions about mittens: As you sit here now can you identify any specific company that sold Bunsen burner pads used in the lab at Booth hospital?

A.    No, I cannot identify a specific company.

* * *

Q.    Again, the question is can you identify a specific company that sold mittens to the lab at Booth Hospital?

A.    No, I cannot.

Q.    And do you know whether any company other that the standard suppliers sold mittens to Booth Hospital?

A.    I do not know.

Q.    Can you identify any specific company that sold mittens to any of the labs that you did work in at Cal Berkeley?

A.    No, I cannot.

Q.    Do you know whether anybody other than standard suppliers as you described them sold mittens to the lab at UCal Berkeley?

A.    No, I do not know.

Q.    Do you know who specifically sold mittens to the lab at Hunter College?

A.    No, I don't.

Q.      Do you know whether any companies other than those you recall as the standard suppliers sold at Hunter College mittens?

A.      No, I don't.

Q.      Can you identify the specific company that sold mittens to the lab at SUNY Stony Brook?

A.      No, I don't.

Q.      Do you know whether any other that the standard suppliers did?

A.      I don't.

Q.      Do you know who sold, the specific company who sold mittens to the lab at Columbia Presbyterian?

A.      No, I don't.

Q.      Do you know if any companies other than those you described as the standard suppliers did?

A.      No, I don't.

*See* Exhibit D, Plaintiff Dep. Vol. II at 140:14-18, 147:18-20, 216:6-13, 219:6-13 &

229:12 – 233:5.

Plaintiff's inability to identify any of the companies who supplied the pads and

mittens to the laboratories is not surprising because:

- Plaintiff cannot recall anything about the appearance of any of the pads and

  mittens that would allow him to identify the manufacturers or suppliers. *See*

  Exhibit D, Plaintiff Dep. Vol. II at 126:23 – 127:6, 152:25 – 153:6, 220:21-

  25, 221:7 – 222:10 & 227:9-16, and none, to his recollection, had any logos,

  names or other identifying marks that he could recall, that identified the

  manufacturer or supplier, *Id* at 221:25 – 222:10; *see also Id* at 77:4-7, 126:23

  – 127:6 & 152:25 – 126:6);

- Plaintiff never had responsibility for ordering pads and mittens at any of the laboratories. *See* Exhibit D, Plaintiff Dep. Vol. II at 75:13-16, 78:4-8, 95:4-6, 108:2-6, 115:8-10, 126:5-8, 129:20-22, 133:8-11, 139:19-25 & 153:7-10;

- Plaintiff does not know who had the responsibility for purchasing pads and mittens at any of the laboratories. *See* Exhibit D, Plaintiff Dep. Vol. II at 78:9-11, 90:24, 91:2 & 215:13-14; and Exhibit E, Deposition of Plaintiff, dated March 1, 2007 ("Plaintiff Dep. Vol. III"), at 289:2-5, 290:18-21, 291:24 – 292:2, 293:5-8, 294:17-20, 298:4-8, 300:19-22, 302:20-23, 309:4-6 & 313:11-14), and he never discussed with any of those persons the specific companies from which they ordered those products. Exhibit D at 233:6-16;

- Most of the locations where Plaintiff studied, researched, and worked had centralized supply departments that purchased products, such as pads and mittens, and then distributed them to the various laboratories. Exhibit D at 109:3-6, 115:8 – 116:17 & 125:2-25; *see also Id* at 73:9-13, 84:5-14, 140:19 – 141:2 & 153:11-20;

- Plaintiff cannot identify any person with knowledge of the manufacturers or suppliers of any of the pads and mittens he allegedly used. *See* Exhibit B, Plaintiff's Response to Defendants' Supplemental Interrogatories and Document Requests; and,

- Plaintiff has no documents showing the manufacturers or suppliers of any of the pads and mittens he allegedly used, *Id.*

## ARGUMENT

### PLAINTIFFS' COUNSEL SHOULD BE PRECLUDED FROM REFERRING TO BUNSEN BURNER PADS AND MITTENS AS DEFENDANT'S PRODUCTS BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS ACTUALLY DISTRIBUTED BUNSEN BURNER PADS AND MITTENS AND SUCH STATEMENTS WOULD BE INFLAMMATORY AND UNFAIRLY PREJUDICIAL

The appellate courts have granted new trials when prejudicial remarks by counsel may have improperly influenced the jury's verdict. See Kohlman v. New York City, 8 A.D.2d 598, 184 N.Y.S.2d 357 (1st Dept 1959)(New trial must be ordered when counsel misconduct may have substantially influenced the outcome); Bowen v. Mahoney Coal Corp., 256 A.D. 485, 10 N.Y.S. 2d 454 (1st Dept 1939)(New trial required when it is impossible to tell how far counsel's improper statements may have influenced the jury) Weinberger v. New York City, 97 A.D. 2d 819, 820, 468 N.Y.S.2d 697(2nd Dept 1983) (Court cannot rule out strong possibility that improper remarks influenced verdict).

As discussed above, Plaintiff has not presented any evidence that Defendants distributed the Bunsen burner pads and heat-resistant mittens he allegedly used. Quite simply, Plaintiff cannot identify the companies that supplied pads and mittens to any of the labs where he studied or worked. He has no witness who can identify any of the manufacturers or suppliers of those products. He has no documents showing that any of those laboratories obtained pads and mittens from any of the Defendants. See Exhibit B, Plaintiff's Response to Defendants' Supplemental Interrogatories and Document Requests. He does not even know who ordered those products. Plaintiff has done no more than theorize that Defendants were among the "standard suppliers" of products to laboratories, because, he says, some of the laboratories had catalogs from one or more of

the Defendants. On that basis alone, he speculates that Defendants 'must have' supplied the pads and mittens he used. *See* Exhibit D, Plaintiff Dep. Vol. II at 213:10 – 214:9.

But, the mere presence of catalogs – which may or may not have even listed the products at issue – is insufficient to allow a reasonable inference that the laboratories purchased pads and mittens from Defendants. Moreover, Plaintiff does not even allege that Defendants were the only suppliers to these laboratories, or the only suppliers of laboratory products generally, or of pads and mittens specifically. For example, Plaintiff testified there were catalogs from more than 20 other companies at the Mt. Sinai laboratory when he worked there, and he does not know whether any of those companies sold pads or mittens. *See* Id, Plaintiff Dep. Vol. II at 217:10 – 218:8.

To allow Plaintiffs' counsel to refer to these products as "Defendant's products" would misrepresent the facts and result in the confusion of the jury. The result would be significant and irreparable injury and prejudice to Defendants. Plaintiff should, therefore, be barred from referring to the Bunsen burner pads and heat-resistant mittens he allegedly used as "Defendants products" or the like because there is no evidence that Defendants distributed the Bunsen burner pads or heat-resistant mittens to the laboratories at issue.

## CONCLUSION

For the foregoing reasons, it is respectfully request that this Court grant its Motion in Limine to preclude plaintiff and his witnesses from referring to Bunsen burner pads and mittens as "Defendants products" or the like because there is no evidence that Defendants distributed the Bunsen burner pads and mittens to the laboratories at issue and further relief as this Court deems just and proper.

Dated:     New Brunswick, New Jersey
           August 21, 2007

Respectfully submitted,

| | |
|---|---|
| **DRINKER BIDDLE & REATH LLP**<br>140 Broadway, 39th Floor<br>New York, New York 10005<br>(212) 284-3140<br>Attorneys for Defendant<br>Baxter Healthcare Corporation<br><br><br>By: _____<br>Daniel B. Carroll | **REED SMITH LLP**<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 0850<br>(609) 987-0050<br>Attorneys for Defendant<br>ManorCare Health Services, Inc.<br><br><br>By: _____<br>Greg A. Dadika |
| **HOAGLAND, LONGO, MORAN,<br>DUNST & DOUKAS, LLP**<br>40 Paterson Street<br>New Brunswick, New Jersey 08901<br>(732) 545-4717<br>Attorneys for Defendant<br>Fisher Scientific International Inc.<br><br><br>By: _____<br>Kristy Kuline Lyons | **MARKS, O'NEILL, O'BRIEN &<br>COURTNEY, P.C.**<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Attorneys for Defendant<br>VWR International, Inc. and Univar USA<br>Inc.<br><br><br>By: _____<br>Carol M. Tempesta, Esq. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

*Index No.*    114120/06                                    *Year*  2006

THIS DOCUMENT RELATES TO:

CHRISTIAN HOLINKA

Plaintiff(s)

-v-

Mannington Mills Inc., York International Corporation, and Fisher Scientific International, et als.

Defendant(s)

ORDER TO SHOW CAUSE FOR MOTION IN LIMINE TO PRECLUDE PLAINTIFF AND HIS WITNESSES FROM REFERRING TO BUNSEN BURNER PADS AND MITTENS AS "DEFENDANT'S PRODUCTS"

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP

*Attorney(s) for*  Defendant,

*Office Address & Tel. No.*  156 Williams Street, 11th Floor
New York, NY 10038

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*  August 21, 2007                    Signature .....*Kristy Klyos*..................

Print Signer's Name       KRISTY KULINA LYONS

*Service of a copy of the within*          *is hereby admitted.*

*Dated:*                          _____

*Attorney(s) for* Defendant

*PLEASE TAKE NOTICE*

☐
NOTICE OF
ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*

☐
NOTICE OF
SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                          *one of the judges of the within Court,*
*at*
*on*                  *, at*              *M.*

*Dated:*

*Attorney(s) for*

*Office Address & Tel. No.:*

*To:*

*Attorney(s) for*

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
-----------------------------------------------------------------x
In Re: NEW YORK CITY                                NYCAL
ASBESTOS LITIGATION
-----------------------------------------------------------------x     Index No. 114120-06

This Document Applies to:

                                                    PLAINTIFF'S RESPONSES TO
                                                    DEFENDANTS' FOURTH
Christian Holinka                                   AMENDED STANDARD
                                                    SET OF INTERROGATORIES
                                                    AND REQUEST FOR
                                                    PRODUCTION OF DOCUMENTS

-----------------------------------------------------------------x

## PRELIMINARY STATEMENT AND OBJECTIONS

    Plaintiff objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), for the reasons that follow below:

    Plaintiff objects to the Interrogatories to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

    Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter.

    Plaintiff has not completed investigating the facts relating to his case, has not completed his discovery, and has not completed preparing his case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

1

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through his attorneys responds as follows:

**INTERROGATORY ANSWERS**
**For**
**Christian Holinka**

1Q.   State the following:
    (a)   your full name, and all other names by which you have been known;
    (b)   age, and date and place of birth;
    (c)   whether you were an adopted child;
    (d)   present marital status, date of current marriage, spouse's maiden name, date of any prior marriages and the names of any prior spouses, if applicable
    (e)   present home address; and
    (f)   social security number.

1A.   (a)   **Christian Holinka;**
    (b)   **69 years old, 7/7/37 and Schweidnitz, Germany;**
    (c)   **No;**
    (d)   **Divorced;**
    (e)   **299 W 12th Street, Apt 9J, NY, NY 10014;**
    (f)   **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.**

2Q.   State the following with regard to your father and mother:
    (a)   names;
    (b)   current address (if deceased, state last known address);
    (c)   the current condition of each one's health, including any specific medical problems. If either of your parents are deceased, please state for each deceased parent:
        i.     specific physical problems;
        ii.    date and place of death;
        iii.   age and cause of death for each parent.

2A.   (a-c)   **Father: Plaintiff never knew his father. He was killed in WWII.**

    (a)   **Mother: To be provided;**
    (b)   **Olpe, Germany;**
    (c)   **Deceased.**
        i.     **None;**
        ii.    **1996 and Olpe, Germany;**
        iii.   **95 years old, natural causes.**

3Q.   State the following with regard to each of your children:
    (a)   full name;
    (b)   the date of birth;
    (c)   sex;
    (d)   current address (if deceased, state the last known address)
    (e)   social security number;

(f)    whether birth child or adopted child;
(g)    current state of each one's health. If any of your children  are deceased,
       state for each deceased child:
              i.    specific physical problems;
              ii.   date and place of death; and
       iii.age and cause of death for each child.

3A.    None.

4Q.    State the complete address of all places you have resided since birth giving the
inclusive dates of residence for each place named and as to each state:
       (a)    fuel used for heating and cooking;
       (b)    significant home improvements (e.g., additions, reinsulation, re-wiring,
              etc.);
       (c)    number of family units co-occupying said structure.

4A.    I.     See response to Interrogatory 1(e)
              Approx. 1977-present.
              (a)  Gas heating, gas cooking;
              (b)  None.
              (c)  Apartment building.

       II.    Hayward Street, West Hollywood, CA
              Approximately 1974-1977
              (a)  Gas heating, gas cooking;
              (b)  None.
              (c)  Apartment building.

       III.   284 W. 12th Street, NY, NY
              Approximately 1971-1977
              (a)  Electric heating, electric cooking;
              (b)  None.
              (c)  Apartment building.

       IV.    Berkeley, CA
              Plaintiff resided in this city at different student housing apartment
              buildings.
              Approximately 1961-1971
              (a)  Does not remember.
              (b)  None.
              (c)  Apartment buildings.

       V.     Queens, NY. Plaintiff rented a room and does not remember exact
              address.
              Approximately 1956-1961

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

4

          (a) **Oil heat and Oil cooking.**
          (b) **None.**
          (c) **Apartment building.**

**VI.**    **All over West and East Germany. Plaintiff was a war refugee.**
          **Approximately 1937-1956**
          (a) **N/A.**
          (b) **N/A.**
          (c) **N/A.**

**5Q.**    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

    (a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;

    (b)    date(s) of test, examination and/or treatment;

    (c)    symptoms complained of at the time, if any;

    (d)    any diagnosis made;

    (e)    treatment or examination given and reason for treatment or examination; and

    (f)    any drugs or medications prescribed.

**5A.**    **The decedent consulted the following doctors, nurses and health care providers:**

**I.**    (a)  **Dr. Robert Taub**
          **161 Fort Washington Avenue, Suite 9-922**
          **New York, NY 10032**
    (b-f) **See medical records.**

**II.**    (a)  **Dr. Robert Myers (Internist)**
          **115 East 61st Street**
          **New York, NY 10021**
    (b-f) **See medical records**

**6Q.**    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

    (a)    name and address of the facility;

    (b)    dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and

    (c)    reason for visit to the facility.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

5

6A.   Although it is possible that plaintiff may have been treated or examined in other institutions, at the present time plaintiff is aware of the following institutions and treatment rendered.

I.      (a) St. Lukes-Roosevelt Hospital
            100 Tenth Avenue, NY, NY 10019
        (b-c) See medical records.

II.     (a) NY Presbyterian Hospital, Columbia University Med Center-
            161 Fort Washington Avenue, NY, NY 10032
        (b-c) See medical records.

7Q.   State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

7A.   Plaintiff has experienced and is currently experiencing a number of asbestos-related symptoms due to his mesothelioma, related biopsies, surgery and chemotherapy including, but not limited to back pain, coughing, severe pain, severe difficulty breathing, sleeplessness, decreased appetite, shortness of breath, fatigue, intense mental and emotional distress and all related sequelae.   At this time, plaintiff is unable to state the precise date each of the various symptoms might have first occurred.

8Q.   Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefore.

8A.   Plaintiff's back pain, coughing, severe pain, severe difficulty breathing, sleeplessness, decreased appetite, weight loss, shortness of breath, fatigue, intense mental and emotional distress and all related sequelae have rendered him completely unable to lead a normal life.

9Q.   Have you ever had any biopsies or tissue samples taken?  If so, please state for each such procedure:

        (a)   the name of the physician performing such procedure;
        (b)   the address where such procedure was performed;
        (c)   the date when such procedure was performed; and
        (d)   the results, conclusions, and/or diagnosis arising from such procedure.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

6

9A.   (a-d)  Plaintiff has had biopsies performed at the medical facilities listed in the responses to Interrogatories 5 and 6 but medical records may reflect additional locations.

10Q.   Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:

    (a)   the dates and places;
    (b)   the reasons;
    (c)   the results and/or diagnosis resulting therefrom;
    (d)   the location of all chest X-ray films and CT Scans; and provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

10A.   (a-c)  Plaintiff has had chest x-rays and CT Scans performed at the locations listed in answers 5 and 6, but the medical records may or may not reflect other locations.

    (d)   X-rays and CT Scans should be in the possession of the respective doctors.

    (e)   Authorizations provided.

11Q.   Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work.  If so, state the date(s), place(s), and circumstances thereof.

    (a)   acids
    (b)   aluminum
    (c)   arsenic
    (d)   barium
    (e)   beryllium
    (f)   butanol
    (g)   cadmium
    (h)   carborundum
    (i)   chloroethylene
    (j)   chlorine

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

7

(k)     chromate

(l)     chromite

(m)     chromium

(n)     coal dust (coal)

(o)     coal tar

(p)     cotton dust

(q)     epoxy

(r)     ethanol

(s)     grinding dust

(t)     iron

(u)     isocyanates

(v)     isopropanol

(w)     lead

(x)     live chickens

(y)     manganese

(z)     nickel

(aa)    nitrogen dioxide

(bb)    nuclear radiation

(cc)    ozone

(dd)    petroleum distillates

(ee)    phosgene

(ff)    radiation

(gg)    silica

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

8

(hh)   titanium

(ii)   toluene

(jj)   welding smoke or fumes

(kk)   zylene

(ll)   zinc.

**11A.   Plaintiff does not recall being exposed to any of these substances on a
regular basis.**

12Q.   Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or
any other tobacco substance, from birth to the present time?  If so, state the following:

(a)   the brand and type of tobacco product(s) used (e.g., filter, non-filter,
chewing tobacco);

(b)   the dates during which you used each such product;

(c)   the amount of the product used per day, during each period of time (e.g., 2
packs of cigarettes per day);

(d)   whether you have ever been told by a physician that you are or were
suffering from any disease or illness caused by or contributed to by
tobacco; and

(e)   whether you were ever advised by any physician or any other person that
use of tobacco products could adversely affect your health and whether
you were ever advised to stop using tobacco products, and if so, identify
each physician or person who gave you any such advice, the dates on
which the advice was given, and state exactly what, if anything, you did in
response to that advice.

**12A.   (a-e) Plaintiff never smoked.**

13Q.   For each spouse and member of your household, from your birth to the present
time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any
other tobacco substance, and if so, state the following:

(a)   the brand and type of tobacco product(s) used (e.g., filter, non-filter,
chewing tobacco); and

(b)   the dates during which they used each such product.

**13A.   No one in plaintiff's household ever smoked.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

9

14Q.   Do you presently consume or have you in the past consumed alcoholic beverages. If so, state the following:

     (a)    the type of alcoholic beverages consumed;
     (b)    the dates during which you consumed each such alcoholic beverage;
     (c)    the amount of such beverage you consumed each day; and
     (d)    whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages.

**14A. Plaintiff consumes alcoholic beverages on social/weekend occasions only.**

15Q.   Have you ever been a member of the Armed Forces of the United States?  If so, state the following:

     (a)    the branch of the service, serial number, and highest rank held;
     (b)    the beginning and ending dates of your military service;
     (c)    the type of discharge that you received; and
     (d)    whether you sustained any injuries or incurred any illness during military service.
     (e)    if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

**15A.    (a) U.S. Army, RA 12508772 SP 4;**
**        (b) 11/27/56-8/31/59;**
**        (c) Honorable;**
**        (d) None;**
**        (e) N/A.**

16Q.   As to each and every employer (including military service) you have had form the time you were first employed to the present, set forth the following:

*(Use the attached Chart A)*

Include on the chart all employers where you have worked, and all job sites, <u>regardless</u> of whether or not you believe you were exposed to asbestos during the employment. Also include the source of any product identification information provided on Chart A.

**16A.    See attached; defendants are also directed to plaintiff's social security printout which will be obtainable from RecordTrak.**

17Q.   Please state the following with respect to each Asbestos-Containing Product identified on Chart A:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

10

(a) the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

(b) the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

(c) the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

**17A.    (a-c)    Plaintiff was exposed to a variety of different asbestos-containing product while working as a Researcher and while as a student in several laboratories in NY and CA.  These include asbestos-containing autoclaves and Bunsen burners.  These products were manufactured, distributed, sold and/or contracted for use by parties named as defendants in plaintiff's lawsuit as well as companies previously named in other asbestos cases who are not presently subject to the jurisdiction of this Court because of bankruptcy.  Further identification of the defendants' products may be established by various co-workers of the plaintiff.  Additionally, product identification may be established from invoices obtained from the defendant-manufacturers themselves.**

18Q.    If you have retired from your employment, set forth the following:

        (a)    whether said retirement was voluntary or involuntary;

        (b)    the effective date of said retirement;

        (c)    the name of your employer at the time of retirement;

        (d)    the reason for your retirement;

        (e)    whether your retirement was related to any claimed asbestos-related injury; and

        (f)    the amount of pension and/or retirement benefits you are receiving or entitled to receive.

**18A.    Plaintiff is currently self-employed.**

19Q.    State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity.  If so, state the following;

        (a)    As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:

        i.    Name of employer;

        ii.    Dates of employment;

        iii.    Asbestos-related jobsite and address where Bankrupt Entity's products were being used;

        iv.    Dates you were at the jobsite;

        v.    Job duties at the particular jobsite;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

11

vi.   Bankrupt Entity's asbestos-containing materials or products to
      which you were exposed;

vii.  Other companies using Bankrupt Entity's asbestos-containing
      materials or products at the jobsite; and

viii. Whether you received any warnings with respect to the use of said
      product and the nature of those warnings.

(b) If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-
    Containing Products at any time other than in the scope of your employment, state
    for each such exposure:

    i.   the date, location and circumstances; and

    ii.  the type of product and the name of the manufacturer,   distributor,
         and miner.

**19A.   (a-b) See answer to Interrogatory 20.**

20Q.   If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing
products at any time other than in the scope of your employment, state for each such exposure:

    (a)   the date, location and circumstances; and

    (b)   the type of product and the name of the manufacturer, distributor, and
          miner.

**20A.   (a-b)   No.**

21Q.   Have you ever been a member of any labor union? If so, state:

    (a)   the name and address of each local, national and international labor union;

    (b)   the inclusive dates of your membership; and

    (c)   any positions you have held with each such labor union, and the dates
          during which you held such positions.

**21A.   No.**

22Q.   State whether you have ever seen or received any information, instruction,
direction, warning, or directive, from any source whatsoever, concerning alleged dangers of
exposure to asbestos or asbestos-containing products, and if so, identify:

    (a)   each such warning, directive, notification, direction, instruction, or
          information;

    (b)   the means by which such was given to you;

    (c)   the source and the date on which it was received by you; and

    (d)   your response or reaction, including any complaints made or changes in
          work habits.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

12

**22A.   Plaintiff was never warned of the harmful effects of exposure to asbestos during the period he was exposed to asbestos.**

23Q.   State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

      (a)    the period of time during which said items were available;
      (b)    what instructions were given with regard to the use of each of said items;
      (c)    whether you used said items and the dates of your use;
      (d)    whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

**23A.   Plaintiff does not recall using masks during the period he was exposed to asbestos.**

24Q.   If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

      (a)    date of commencement of any loss or impairment;
      (b)    the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;
      (c)    if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;
      (d)    your total earnings for the period of three years prior to the commencement of any loss or impairment;
      (e)    the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;
      (f)    the date on which any loss or impairment ended; and
      (g)    your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

**24A.   Plaintiff anticipates significant lost earnings as a result of his condition.  Such lost earnings will easily be several hundred thousand dollars. Plaintiff cannot presently calculate the amount of his lost earnings with precision, but anticipates doing so through consultation with expert testimony.**

25Q.   Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment?  If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

13

**25A.   No.**

26Q.   For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

   (a)   the name, address, sex, age and relationship; and
   (b)   the amounts you contributed during the last ten years for support and assistance.

**26A.   (a-b)  N/A.**

27Q.   State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

**27A.   Plaintiff's counsel is presently coordinating this information, which will be forwarded upon receipt; defendants are also directed to records received from RecordTrak.**

28Q.   Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by attorney-client privilege) in the above-captioned matter.

**28A.   Objection. Unduly broad and vague. Subject to the objection, Plaintiff responds as follows: At this time, plaintiff has no such written statements, recordings, or video tapes which relate to the facts of this lawsuit, and has no basis for knowing of any witnesses except for those previously listed.**

29Q.   Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to disability or your medical condition? If so, state the following:

   (a)   the date and place where each such claim was made;
   (b)   the name and nature of the entity with which the claim was made;
   (c)   any identifying number, such as a docket or petition number, for each claim;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

14

(d)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

(e)    the nature of the claim;

(f)    whether you were examined by a physician and if so, the name and address of that physician;

(g)    the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;

(h)    the name and address of any attorney who represented you with regard to such claims; and

(i)    whether you are presently receiving such benefits.

**29A.  (a-i)  No.**

30Q.  State the following with regard to your asbestos-related legal action:

(a)    Did you file an asbestos-related claim in more than one jurisdiction;

(b)    Identify all of the jurisdiction(s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

(c)    Did you file your asbestos-related claim(s) under more than one Index Number; and

(d)    Provide all of the Index Numbers for all of your asbestos-related claim(s), including all multiple Index Numbers for claims filed in New York County.

**30A.  (a-d) New York State Supreme Court, County of New York, index number 114120-06.**

31Q.  State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity. If so, for each claim state the following:

(a)    the date and place where each such claim was made;

(b)    the name and nature of the entity with which the claim was made;

(c)    any identifying number, such as a docket or petition number, for each claim;

(d)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

(e)    the nature of the claim;

(f)    whether you were examined by a physician and if so, the name and address of that physician; and

(g)    whether you received any compensation as a result of such claim, but not the amount.

**31A.  No.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

15

32Q.   State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

32A.   No.

33Q. Have you or your spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding?  If so, please state:

a)    whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;
b)    the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;
c)    the nature of the charges or claims and, if you or your spouse were a witness, the subject matter of the testimony; and
d)    the disposition of the case.

33A.   (a-d) No.

34Q.   Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or "No" only.

34Q.   No.

35Q.   Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

35A.   N/A.

36Q.   Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

36A.   Himself.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B)(2)(b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below.  The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.  The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

16

1.   All documents identified in your answers to these interrogatories.

   **R.1.   All the documents in our possession are attached.**

2.   All documents relating to the plaintiff's job qualifications and professional licenses held.

   **R.2.   To the extent that any exist, they will be provided.**

3.   All documents relating to the plaintiff's membership in any labor trade association or professional organization.

   **R.3.   To the extent that any exist, they will be provided.**

4.   All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualification, promotions, reductions or disciplinary actions.

   **R.4.   To the extent that there are an available, RecordTrak has been provided with a duly executed authorization.**

5.   All documents relating to any claim or demand ever made by the plaintiff or the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

   **R.5.   To the extent that any exist, they will be provided.**

6.   All documents in the plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

   **R.6.   Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

7.   All documents relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromates, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

17

**R.7.    Plaintiff does not have any responsive documents.**

8.    All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products, and/or asbestos-containing materials.

**R.8.    To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

9.    All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

**R.9.    Plaintiff does not have any responsive documents.**

10.    All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without any order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

**R.10.    Objection.  Attorney/client privilege; work product privilege.  To the extent that this request does not invade any such privilege, plaintiff does not have any such material.**

11.    All records relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

**R.11.    Plaintiff does not have any responsive documents.**

12.    All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including he date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

18

**R.12.   Objection.  Attorney/client privilege; work product privilege.  To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

13.   All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

**R.13.   To the extent that they exist, they will be provided.**

14.   Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

**R.14.   To be provided; Defendants are also directed to RecordTrak.**

15.   Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

**R.15.   RecordTrak has authorizations for all available medical records.**

16.   All tissue specimens, tissue slides, and x-ray films pertaining to the plaintiff.

**R.16.   RecordTrak has authorizations for all available medical records.**

17.   Copies of plaintiff's income tax records for the last ten years as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims.  If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

**R.17.   RecordTrak has authorizations for all available income tax records.**

18.   Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

**R.18.   To the extent that any exist, they will be provided.**

19.   All photographs, charts, drawings, diagrams or other graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

19

**R.19.  To the extent that any exist, they will be provided.**

20.    All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims that he was exposed to asbestos.

**R.20.  To the extent that any exist, they will be provided.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

21.   Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

**R.21.   Plaintiff has no responsive documents in his possession.**

22.   Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

**R.22.   To the extent that any exist, they will be provided.**

Dated: New York, New York          Respectfully submitted

10/3, 2006

WEITZ & LUXENBERG, P.C.

Attorneys for Plaintiff

By: _____
Ben Darche, Esq.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

21

## EXHIBIT A

Bankrupt Entity includes, without limitation: UNR Industries, Inc., Johns-Manville Co., Amatex Corp., Waterman Steamship Corp., Wallace & Gale Co., Forty-Eight Insulations, Inc., PACOR, Prudential Lines, Inc., Standard Insulations, Inc., US Lines, Nicolet, Inc., Gatke Corp., Chemetron Corp., Raytech, Delaware Insulations, Celotex Corp., Hillsborough Holdings, National Gypsum Co., Standard Asbestos Mfg. & Insul., Eagle-Picher, H.K. Porter Co., Cassiar Mines, Keene Corp., American Shipbuilding, Inc., Lykes Brothers Steamship, Rock Wool Mfg., SGL Carbon, M.H. Detrick, Brunswick Fabricators, Fuller-Austin Insul., Harnischfeger Corp., Joy Technologies, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe Enterprises, E.J. Bartells, Owens Corning, Armstrong World Industries, G-1 Holdings (GAF Corp.), W.R. Grace, Skinner Engine Co., USG (US Gypsum) Corp., Federal Mogul, Eastco Industrial Safety Corp., Washington Group Int'l, Inc., Bethlehem Steel, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, American Club, Huxley Development Corp., Harbison-Walker Refractories Co., Continental Producers Corp., A.P. Green Indus., Shook & Fletcher, Atra Group, Inc. (Synkoloid), and ACandS, Inc; C.E. Thurston.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

CHART A

EMPLOYER/JOBSITE HISTORY FOR
CHRISTIAN HOLINKA

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Coworkers, BY Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| See Social Security Printout for details. | 1977-1989 | Mount Sinai School of Medicine, NY, NY. | 1977-1989 | Chemist | See responses to Interrogatories Number 17 and 20. | See responses to Interrogatories Number 17 and 20. |
| See Social Security Printout for details. | 1974-1977 | USC- Biological Science Lab, Los Angeles, CA. | 1974-1977 | Chemist | See responses to Interrogatories Number 17 and 20. | See responses to Interrogatories Number 17 and 20. |
| See Social Security Printout for details. | 1971-1974 | Columbia University – Columbia Presbyterian Hospital, NY, NY. | 1971-1974 | Chemist | See responses to Interrogatories Number 17 and 20. | See responses to Interrogatories Number 17 and 20. |
| See Social Security Printout for details. | 1971-1974 | SUNY Stony Brook- Biological Science Lab – Stony Brook, NY | 1971-1974 | Chemist | See responses to Interrogatories Number 17 and 20. | See responses to Interrogatories Number 17 and 20. |
| See Social Security Printout for details. | 1960-1966 | UC Berkeley, Physiology Research Lab, Berkeley, CA. | 1960-1966 | Chemist | See responses to Interrogatories Number 17 and 20. | See responses to Interrogatories Number 17 and 20. |

* ACM - Asbestos Containing Materials or Products.
** Identify brand and manufacturer names, if known.

23

As of 9/29/06

## Christian F. Holinka Service Rider

JULIE EVANS, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
150 EAST 42ND STREET
NEW YORK, NY 10017-5639
PHONE # (212) 490-3000
FAX # (212) 490-3038
JULIE.EVANS@WILSONELSER.COM
COUNSEL FOR A.W. CHESTERTON CO.

JUDITH YAVITZ, ESQ.
ANDERSON, KILL, OLICK & OSHINSKY
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020-1000
PHONE # (212) 278-1000
FAX # (212) 278-1733
JYAVITZ@ANDERSONKILL.COM
COUNSEL FOR AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG CO., n/k/a BAYER CROPSCIENCE INC., AND
CERTAIN TEED CORPORATION.

CORI L. LEAVITT, ESQ.
WILLIAM BRADLEY, ESQ.
JOSEPH CARLISLE, ESQ.
MARY ELLEN CONNOR, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
WBRADLEY@MCBLLC.ORG
COUNSEL FOR AQUA-CHEM, INC.,  CBS CORPORATION, a Delaware Corp., f/k/a/ VIACOM INC., successor by merger to
CBS CORPORATION, a Pennsylvania Corp., f/k/a WESTINGHOUSE ELECTRIC CORP., PREMIER REFRACTORIES, INC.
f/k/a ADIENCE/BMI AND J.H. FRANCE REFRACTORIES CO.

THEODORE EDER, ESQ.
CHRIS GANNON, ESQ.
SEGAL McCAMBRIDGE SINGER & MAHONEY
830 THIRD AVENUE, SUITE 400
NEW YORK, NY 10022
PHONE # (212) 651-7500
FAX # (212) 651-7499
COUNSEL FOR ANCHOR PACKING CO., INC., AND GARLOCK SEALING TECHNOLOGIES LLC f/k/a GARLOCK, INC.

LAWRENCE MCGIVNEY, ESQ.
MONAKEE GRIFFIN, ESQ.
MCGIVNEY& KLUGER, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004
PHONE  212 509-3456
FAX  212 509-4420
LMCGIVNEY@MCGIVNEYANDKLUGER.COM
COUNSEL FOR BECKMAN COULTER, INC.

JOSEPH COLAO, ESQ.
HELEN CHUNG, ESQ.
LEADER & BERKON LLP
630 3RD AVENUE, 17TH FLOOR
NEW YORK, NY 10017
PHONE # (212) 486-2400
FAX # (212) 486-3099
JCOLAO@LEADERBERKON.COM
COUNSEL FOR E.I. DUPONT DE NEMOURS AND COMPANY

STEVE KEVELSON, ESQ.
ONE COZINE AVENUE
BROOKLYN, NY 11201
PHONE # (718) 649-4900
FAX # (718) 649-4902
COUNSEL FOR EMPIRE ACE INSULATION MFG. CORP.

1

As of 9/29/06

MARC S. GAFFREY, ESQ.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS
40 PATTERSON STREET
P.O. BOX 480
NEW BRUNSWICK, NJ  08903
PHONE # (732) 545-4717
FAX # (732) 545-4579
MGAFFREY@HOAGLANDLONGO.COM
COUNSEL FOR FISHER SCIENTIFIC INTERNATIONAL INC.

LISA M. PASCARELLA, ESQ.
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736
PHONE # (732) 528-8888
FAX # (732) 528-4445
LP@PEHLI.COM
COUNSEL FOR INGERSOLL-RAND CO.

JENNIFER DARGER, ESQ.
VINCENT A. ERRANTE, JR., ESQ.
DARGER & ERRANTE LLP
116 EAST 27TH STREET, 12TH FLOOR
NEW YORK, NY 10016
PHONE # (212) 452-5300/5303
FAX # (212) 452-5301
COUNSEL FOR LENNOX INDUSTRIES, INC.

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
PHONE # (212) 398-5297
FAX # (212) 768-6800
LYASSKY@SONNENSCHEIN.COM
COUNSEL FOR RAPID AMERICAN CORPORATION

IAN GRODMAN, ESQ.
LAW OFFICES OF IAN R. GRODMAN, P.C.
515 VALLEY STREET, SUITE 170
MAPLEWOOD, NJ 07040
PHONE # - (973) 313-2424
FAX # - (973) 313-9712
COUNSEL FOR RHEEM MANUFACTURING COMPANY, INC., individually and as successor to RHEEM MANUFACTURING
COMPANY, as successor by merger to CIVESTCO, INC.

JONATHAN E. POLONSKY, ESQ.
THELEN REID & PRIEST LLP
875 THIRD AVENUE
NEW YORK, NY 10022
PHONE # (212) 603-2000
FAX # (212) 603-2001
COUNSEL FOR UNIVAR USA INC.,  individually and as successor to VAN WATERS & ROGERS INC., BRAUN CHEMICAL
COMPANY and WILL SCIENTIFIC, INC.

MICHELLE GRADY, ESQ.
DRINKER, BIDDLE
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932-1047
PHONE # (973) 360-1100
FAX # (973) 360-9831
COUNSEL FOR VWR INTERNATIONAL, INC.

BAXTER HEALTHCARE CORPORATION, individually and as successor in interest to AMERICAN HOSPITAL SUPPLY
CORP.  and AMERICAN SCIENTIFIC PRODUCTS
1 BAXTER PARKWAY
DEERFIELD, IL 60015

BAXTER INTERNATIONAL INC., individually and as successor in interest to AMERICAN HOSPITAL SUPPLY
 CORP., and AMERICAN SCIENTIFIC PRODUCTS
ONE BAXTER PARKWAY
DEERFIELD, IL 60015

2

As of 9/29/06

CORNING GLASS, k/n/a CORNING INCORPORATED
ATTN:  SECRETARY
ONE RIVERFRONT PLAZA
CORNING, NY 14831

KEWAUNEE SCIENTIFIC CORPORATION
2700 WEST FRONT STREET
STATESVILLE, NC 28677

MANORCARE HEALTH SERVICES, INC., d/b/a MANOR CARE, INC., individually and as successor to PRECISION-COSMET
COMPANY, INC., CENTRAL SCIENTIFIC COMPANY, a division of CENCO INCORPORATED; CENTRAL SCIENTIFIC
COMPANY, a  division of CENCO INSTRUMENTS CORPORATION
333 N. SUMMIT STREET
P.O. BOX 10086
TOLEDO, OH 43699-0086