SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x

CHRISTIAN HOLINKA,                                          Index No.: 114120-06

                    Plaintiffs,                  Hon. Joan Madden

    - against –

A.W. CHESTERTON, et al.,                                    **CERTIFICATION**

               Defendants.
-----------------------------------------------------------x

        Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the

courts of New York State, certifies that, upon information and belief and reasonable inquiry, the

contentions contained in the annexed document are not frivolous.

Dated: New York, NY
       August 20, 2007

                        Respectfully submitted,

                        BY: _Carol Tempesta_
                        Carol M. Tempesta

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**
Attorneys For Defendants
**VWR INTERNATIONAL, INC. AND**
**UNIVAR USA INC.**
530 Saw Mill River Rd.
Elmsford NY
(914) 345-3701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x

CHRISTIAN HOLINKA,                                    Index No. 114120-06

                           Plaintiffs,                Hon. Joan Madden

        -against –                                    **AFFIRMATION IN SUPPORT
                                                      OF MOTION**
A. W. CHESTERTON, et al.,                             **IN LIMINE TO PRECLUDE
                                                      BARRY CASTLEMAN AND**
                           Defendants.                **DOUGLAS POHL**

-------------------------------------------------------------x

        Carol M Tempesta, an attorney admitted to practice before the Courts of the State of New

York affirms the truth of the following pursuant to CPLR §2106 upon information and belief

based upon the records maintained in the office of Marks, O'Neill, O'Brien & Courtney, P.C.

attorneys for Defendants VWR International Inc. and Univar USA Inc.

        1.      I am associated with the firm of Marks, O'Neill, O'Brien & Courtney, P.C.,

attorneys for Defendants VWR International, Inc. and Univar USA Inc.

        2.      I respectfully submit this Affirmation in support of Defendants', VWR

International, Inc. ("VWR") and Univar USA Inc. ("Univar"), Baxter Healthcare Corporation

(alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific

Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to

Central Scientific Company, a division of Cenco, Inc.) ("ManorCare") and Fisher Scientific

International Inc. ("Fisher") (collectively, "Defendants"), Inc.'s motion *in limine* to preclude the

testimony of Dr. Barry Castleman and Dr. Douglas Pohl at the trial of this action which is

scheduled to commence on September 12, 2007, before the Honorable Joan Madden.

        3.      On or about April 13, 2007, Plaintiffs served an Expert Witness List in this action,

identifying Dr. Barry Castleman and Dr. Douglas Pohl as potential expert witnesses at trial.

Both Dr. Castleman and Dr. Pohl are being offered as purported state-of-the-art witnesses to testify concerning defendant's historical knowledge of the alleged hazards of asbestos, as well as the levels at which asbestos will produce diseases. As state-of-the-art witnesses, Dr. Castleman and Dr. Pohl purport to place scientific knowledge in a historical context, supposedly focusing on the development of medical and scientific information concerning asbestos-related diseases. Dr. Pohl holds degrees limited to the field of pathology. Dr. Castleman's degrees are limited to chemical engineering, environmental engineering, and public health. Neither Dr. Pohl nor Dr. Castleman is an epidemiologist, toxicologist, or an industrial hygienist. A copy of Plaintiff's Expert Witness List is annexed hereto as Exhibit "A."

4.    Dr. Castleman was previously deposed in connection with the asbestos litigation on April 12, 2004. A copy of Dr. Castleman's Deposition Transcript is annexed hereto as Exhibit "B."

5.    Dr. Pohl was previously deposed in connection <u>Gardea v. Able Supply Co., et al.</u> on Sept. 29, 2005. A copy of the Deposition Transcript is annexed hereto as Exhibit "C".

6.    Dr. Pohl's qualifications as an expert were addressed in <u>Benson v. U.S.</u>, Docket No. 02-CV-6-B-S, District of Maine (May 2002), a copy of which is annexed hereto as Exhibit "D"

7.    As more fully set forth in the annexed memorandum of law, Defendants respectfully move *in limine* to preclude any and all testimony of Dr. Castleman and Dr. Pohl on the grounds that:

      (a)    Dr. Castleman and Dr. Pohl are not qualified to interpret the content of collected articles, or to explain the    underlying scientific principles, because they lacks training    in fields such as medicine, toxicology, epidemiology, engineering and others.

(b)    Dr. Castleman and Dr. Pohl's opinions are not the proper subject of expert testimony. To the extent that they are capable of reciting the opinions or conclusions expressed in collected articles, the jury is just as capable of obtaining the same information without their assistance; and

(c)    The articles upon which Dr. Castleman purports to rely and those defendants expect Dr. Pohl will rely are neither of the kind accepted as the proper basis of expert opinion, nor demonstrably reliable. The articles are unauthenticated hearsay and the doctors' testimony regarding them should not be admitted into evidence.

8.    Dr. Castleman has already been precluded from testifying along these very lines in a number of jurisdictions. A copy of Rutkowski v. Occidental Chem. Corp., No. 83 C 2339, 1989 WL 32030 (N.D. Ill. Feb. 16, 1989) is annexed hereto as Exhibit "E"

9.    Similarly, the Transcript of the proceedings in Polito v. DaimlerChrysler Corp., Index No. 1-2001-008216, filed in the New York Supreme Court, Monroe County, before Justice Raymond E. Cornelius, is annexed hereto as Exhibit "F."

WHEREFORE, it is respectfully requested that for the reasons set forth in the annexed memorandum of law, the motion of Defendants to preclude the testimony of Dr. Barry Castleman and Dr. Douglas Pohl be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York              Respectfully submitted,
       August 20, 2007

                            BY: _____
                                Carol M. Tempesta

                            MARKS, O'NEILL, O'BRIEN
                            & COURTNEY, P.C.
                            Attorneys For Defendants
                            VWR INTERNATIONAL, INC. AND
                            UNIVAR USA INC.
                            530 Saw Mill River Rd.
                            Elmsford NY
                            (914) 345-3701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

CHRTIAN HOLINKA,                                    Index No. 114120-06

                  Plaintiff,           Hon. Joan A. Madden

   -against-

A.W. CHESTERTON et. al.

                  Defendants.

-------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS MOTION *IN LIMINE* TO PRECLUDE THE
### THE TESTIMONY OF BARRY CASTLEMAN AND DOUGLAS POHL

## PRELIMINARY STATEMENT

Defendants, VWR International, Inc. ("VWR") and Univar USA Inc. ("Univar"), Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("ManorCare") and Fisher Scientific International Inc. ("Fisher") (collectively, "Defendants") submit this memorandum of law in support of its motion *in limine* to preclude the testimony of Dr. Barry Castleman and Dr. Douglas Pohl at trial.

Plaintiff's counsel has designated Dr. Barry Castleman and Dr. Douglas Pohl as expert witnesses at trial. Both Dr. Castleman and Dr. Pohl are being offered as purported state-of-the-art witnesses to testify concerning defendants' historical knowledge of the alleged hazards of asbestos, as well as the levels at which asbestos will produce diseases. See Plaintiffs' Expert Witness Lists, Defendant's Affirmation in Support, Exhibit "A." As state-of-the-art witnesses, Dr. Castleman and Dr. Pohl purport to place scientific knowledge in a historical context, supposedly focusing on the development of medical and scientific information concerning asbestos-related diseases. Dr. Pohl holds degrees limited to the field of pathology. Dr. Castleman's degrees are limited to chemical engineering, environmental engineering, and public health. Neither Dr. Pohl nor Dr. Castleman is an epidemiologist, toxicologist or an industrial hygienist.

Dr. Castleman has compiled printed materials allegedly relating to the hazards of asbestos exposure dating back to the late nineteenth-century and, based on his review of these documents, represents that they are capable of interpreting the content of these documents and testifying to their significance with respect to the Defendant's knowledge of the hazards of

asbestos. While Dr. Castleman may have collected an impressive number of articles about asbestos, this demonstrates only that he is a proficient librarian and does not demonstrate that he is qualified to testify concerning the substance of these documents, or to the impact they had when they were published.

Plaintiffs have not specifically identified the materials on which Dr. Pohl relies as a basis for his testimony. Nonetheless, to the extent that he relies on a "library" of research similar to that relied on by Dr. Castleman, testimony by Dr. Pohl should be excluded because it does not demonstrate that he is qualified to testify regarding the content of the documents, the impact they had when they were published, or their significant with respect to the Defendant's knowledge of the hazard of asbestos.

As set forth more fully below, any state-of-the-art expert testimony by Dr. Castleman and Dr. Pohl should be precluded because:

1.  The methodology upon which Dr. Castleman and Dr. Pohl purport to rely is not the kind generally accepted in their field, and therefore does not meet the <u>Frye</u> standard;

2.  Dr. Castleman and Dr. Pohl are not qualified to interpret the content of the articles collected, or to explain the underlying scientific principles, because both witnesses lack training in fields such as toxicology, epidemiology, industrial hygiene and others specialties;

3.  The opinions to be offered by Dr. Castleman and Dr. Pohl are not the proper subject of expert testimony. To the extent that they are capable of reciting the opinions or conclusions expressed in collected articles, the jury is just as capable of obtaining the same information without their assistance; and

4.  The Articles upon which Dr. Castleman purports to rely, and to the extent in which Dr. Pohl relies on similar documents, are neither of the kind accepted as the proper basis of expert opinion, nor demonstrably reliable. The Articles are unauthenticated hearsay and testimony regarding them should not be admitted into evidence.

Based on the foregoing, it is respectfully requested that the motion of Defendants to preclude the testimony of Dr. Barry Castleman and Dr. Douglas Pohl be granted in its entirety.

## STATEMENT OF FACTS

In this products liability case, plaintiff Christian Holinka ("Plaintiff") alleges that Defendants[1] (or their alleged respective predecessors) supplied Bunsen burner pads and heat-resistant mittens to various laboratories in which Plaintiff studied, researched, and/or worked over a thirty year period. Plaintiff claims that his exposure to asbestos fibers contained within those two products caused him to develop mesothelioma.

On April 13, 2007, Plaintiffs served their Expert Witness List indicating that either Dr. Castleman or Dr. Pohl will testify as to state-of-the art issues. The Expert Witness List indicates that Dr. Pohl "may testify as to the propensity of various asbestos containing products to release asbestos dust into the atmosphere, the levels at which asbestos will produce various diseases, as well as the propensity of all fiber types to produce disease." The Expert Witness List further indicates that Dr. Castleman "may testify as to the propensity of various asbestos containing products to release asbestos dust into the atmosphere, as well as the level as which asbestos will produce various diseases." See Defendant's Affirmation in Support, Exhibit "A." The disclosure does not indicate that either Dr. Castleman or Dr. Pohl can or may provide any expert evidence as against any specific Defendant nor does it indicate that either has formulated any expert opinion as to any Defendant specifically, nor has there been any disclosure to date indicating that they can or may provide any expert evidence as against any particular Defendants.

---

[1] However, Univar USA Inc. contends that it is not a successor to the lab supply business of Van Waters & Rogers.

## ARGUMENT

## POINT I

**THE TESTIMONY OF DR. CASTLEMAN AND DR. POHL SHOULD
BE PRECLUDED BECAUSE THEY ARE NOT QUALIFIED TO RENDER
THE EXPERT OPINIONS IDENTIFIED BY PLAINIFFS**

An "expert should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable." Matott v. Ward, 48 N.Y.2d 455, 459,423 N.Y.S.2d 645, 647 (1979). While formal education is not necessary, an expert must be qualified through long observation and actual experience. Price by Price v. New York City Hous. Auth., 92 N.Y.2d 5537 559, 684 N.Y.S.2d 143, 146 (1998) (citation omitted). The scope of an expert's testimony must be limited to his area of expertise. Smith v. Woods Constr. Co., 309 A.D.2d 1155, 1156, 764 N.Y.S.2d 749, 751 (4th Dep't 2003) ("a medical expert is not qualified as a ballistics expert, and a metallurgist may not testify on dynamics and forces.") (citations omitted).

Neither Dr. Castleman nor Dr. Pohl is qualified to render opinions regarding the dangers of asbestos, safe exposure levels, and levels at which asbestos exposure will cause disease by the degrees that they each hold or by "long observation and actual experience." Price, 92 N.Y.2d at 559, 684 N.Y.S.24 at 146. As stated above, Dr. Castleman is not a medical doctor, toxicologist, epidemiologist or industrial hygienist and has no expertise in risk assessment. See Dr. Castleman's Deposition, April 2004 at p. 15-16, attached hereto as Exhibit "B". Although Dr. Pohl has a medical degree, he is admittedly not an expert in the fields of pulmonology, oncology, epidemiology, or industrial hygiene. See Deposition Testimony of Dr. Douglas A. Pohl, Gardea v. Able Supply Co., et al., Sept. 29, 2005, Defendant's Affirmation in Support,

4

attached hereto as Exhibit "C" at pp.13 – 14.  In a September 2005 deposition in Texas, Dr. Pohl

stated the following:

> Q:    Okay.  You've stated that most of your specialties are in the
> field of pathology and related fields.  I take it you're not an
> oncologist, Doctor?
>
> A:    That's correct.
>
> Q:    And you're not a pulmonologist, correct?
>
> A:    Correct.
>
> Q:    Okay.  You're not a certified B-reader?
>
> A:    That's correct.
>
> Q:    Are you an industrial hygienist, Doctor?
>
> A:    No.
>
> Q:    Epidemiologist?
>
> A:    No.
>
> Q:    Toxicologist?
>
> A:    Toxicology is part of a clinical pathology, so, yes, I'm
> familiar with toxicology.
>
> Q:    Well, my question is:  Would you consider yourself a
> toxicologist?
>
> A:    I'm not a Ph.D. level toxicologist, no.

In fact, Dr. Pohl testified his background is only in pathology:

> Q:    And what specialties do you hold at this time?
>
> A:    I'm a specialist in clinical pathology, anatomic pathology,
> and cytopathology.

See Benson, Defendant's Affirmation in Support, Exhibit "D" at p.11.

Accordingly, the only basis for the opinions by Dr. Castleman and Dr. Pohl is their review of numerous medical, scientific and corporate publications, articles and documents, unpublished information available from the U.S. government archives, the archives of scientists and the archives of institutions that worked for and with asbestos companies.

**A.    Neither Dr. Castleman nor Dr. Pohl Possess The Skills, Training, Education, Knowledge Or Experience To Offer Opinions Regarding Defendant's Knowledge Regarding The Dangers Of Asbestos**

To the extent that Dr. Castleman and Dr. Pohl intend to rely on their review of medical, scientific and other technical articles, publications and documents in rendering opinions regarding the state of the art and Defendant's knowledge regarding the hazards of asbestos, they lack the skills, training education, knowledge or experience to do so.

In fact, Dr. Castleman's testimony has previously been precluded on this basis.  In Rutkowski v. Occidental Chem. Corp., No. 83 C 2339, 1989 WL 32030 (N.D. Ill. Feb. 16, 1989), attached hereto as Exhibit "E," the United States District Court for the Northern District of Illinois granted Defendant's motion *in limine* to bar Dr. Castleman from testifying precisely because Dr. Castleman lacked the "knowledge, skill, experience, training and education" necessary to assist the trier of fact to understand the evidence. Id. at *1.  In Rutkowski, Plaintiffs intended to offer Dr. Castleman – just as Plaintiffs intend here – to testify regarding the existence and availability of numerous articles that discussed the hazards of exposure to asbestos dust and the knowledge defendant had or should have had regarding the dangers of asbestos.  In barring Dr. Castleman's testimony, the Court held that:

> [a]s a librarian of asbestos research, he may well have amassed an impressive library of medical literature on the subject (of asbestos dust and mesothelioma). However, Dr. Castleman lacks the medical background and experience to evaluate and analyze the articles in order to identify which parts of the articles best summarize the authors' conclusions. Furthermore, because he is not a medical expert, Castleman is not qualified to testify as to

> whether the sources which published the articles are well known or
> how the articles were received by members of the medical
> community when they were first published.
>
> * * *
>
> Castleman is not qualified to describe the contents of the articles or
> the conclusions reached by the authors.  Rather, the introduction of
> what promises to be a long list of medical articles on the subject of
> asbestos hazards might unduly prejudice Defendants' case by
> creating, without supporting evidence, the impression in the jury's
> mind that knowledge of asbestos hazards were commonplace at the
> time ....  If Plaintiff desires to create that impression, she should
> proffer a qualified expert witness who will clarify the contents of
> the articles for the jury, describe the sources which published the
> articles, and explain the reaction of the medical community to the
> articles when they were published.

Id. at *1.

Similarly in In re Related Asbestos Case, 543 F.Supp. 1142 (N.D. Cal. 1982), the Court

for the Northern District of California granted defendant's motion to deny Dr. Castleman the

status of an expert witness.  In so holding, the Court stated that:

> [W]e are not persuaded that Mr. Castleman, as a lay person,
> possesses the expertise necessary to read complex, technical
> medical articles and discern which portions of the articles would
> best summarize the authors' conclusions.  Moreover, even if the
> articles did contain discrete summaries of their contents which
> could be read by Mr. Castleman, Plaintiffs concede that Mr.
> Castleman would be unable to describe the reaction of the medical
> community to the articles at the time they were first published.

Id. at 1149.  See also Celotex Corp. v. Tate, 797 S.W.2d 197, 202 (Tex. Ct. App. 1990)

(trial court granted defendant's motion to limit Castleman's testimony to matters concerning

existence of medical articles, as distinguished from testimony concerning interpretation and

contents of those articles); Threadgill v. Manville Corp. Asbestos Disease Compensation Fund

Civ., A. No. 88-161. 1990 WL 294271(D. Del. July 27, 1990) rev'd on other grounds 928 F.2d

1366 (3d Cir. 1991) (court held that trial court properly did not permit Dr. Castleman to testify

that corporation fraudulently concealed its knowledge of asbestos hazards); Burgess v. Abex

Corp., 725 N.E.2d 792, 796 (Ill. App. Ct. 2000) (court held that Dr. Castleman improperly

testified regarding defendant corporations' knowledge of hazards of asbestos and failure to tell

its workers about such hazards).

       Additionally, in the case of Polito v. DaimlerChrysler Corp., Index No. 1-2001-008216,

filed in the New York Supreme Court, Monroe County, Justice Raymond E. Cornelius,

recognizing that Dr. Castleman is not qualified to offer testimony on the subjects about which he

was expected to testify and that many of the documents about which he planned to testify do not

require expert testimony, severely limited Dr. Castleman's testimony at trial. Justice Cornelius

did not permit Dr. Castleman to testify regarding the substance of the documents which he

reviewed or his interpretation of those documents. See Transcript of Proceeding In Re: Polito v.

DaimlerChrysler Corp., Index No. 1-2001-008216, New York Supreme Court., attached hereto

as Defendant's Affirmation in Support, Exhibit "F."

       Interestingly, in Benson v. United States, Chief Justice George Z. Singal of the District of

Maine discredited Dr. Pohl's expert testimony, presumably in his area of expertise, pathology.

See Defendant's Affirmation in Support, Exhibit "D." In that case, Justice Singal stated:

> Plaintiff presented expert testimony by Dr. Douglas Pohl . . . to
> prove that Benson's cheek tumor was the primary source of his
> cancer.

> The Court credits the testimony of Defendant's experts over that of
> Plaintiff's.

Benson v. U.S., Docket No. 02-CV-6-B-S, District of Maine (May 2002), Defendant's

Affirmation in Support, Exhibit "D."



Neither Dr. Pohl nor Dr. Castleman possesses any expertise that qualifies them to interpret and testify about asbestos exposure levels based on historical literature, medical documents and other scientific and technical documents, as well as alleged knowledge by the Defendant regarding the effects of inhalation of asbestos fibers based on those documents.

Accordingly, Dr. Castleman and Dr. Pohl should be precluded from testifying as expert witnesses in this action regarding the issue set out by Plaintiff. See Joachim v. Flanzig, 3 Misc.3d 371, 378-379, 773 N.Y.S.2d 267, 274-75 (Sup. Ct. Nassau Co. 2004) (precluding defendants' expert accountant who had no legal training, education, skill, knowledge or experience from rendering opinion relating to legal relationship between partners in partnership); Postlethwaite v. United Health Services Hosp., Inc., 5 A.D.3d 892, 895, 773 N.Y.S.2d 480, 483 (3d Dep't 2004) (precluding medical expert with expertise in anesthesiology and pharmacology from testifying whether surgeon and gastroenterologist properly diagnosed and treated plaintiff).

**B.    The Testimony of Dr. Castleman and Dr. Pohl Should Be Precluded Because Their Opinions Are Not The Proper Subject Of Expert Testimony**

"[A] predicate for the admission of expert testimony is that its subject matter involves information or questions beyond the ordinary knowledge and experience of the trier of the facts." Matott, 48 N.Y.2d at 459, 423 N.Y.S.2d at 647. "Absent an inability or incompetence of jurors to comprehend the issues and evaluate the evidence, the opinions of experts 'which intrude on the province of the jury to draw inferences and conclusions, are both unnecessary and improper'." Nevins v. Great Atl. and Pac. Tea Co., 164 A.D.2d 807, 807-8, 559 N.Y.S.2d 539, 540 (1st Dep't 1990) (citations omitted). In DeLong v. County of Erie, 60 N.Y.2d 296, 307, 469 N.Y.S.2d 611, 617 (1983), the Court of Appeals stated that the guiding principle in determining the admissibility of expert testimony "is that expert testimony is proper when it would help to

9

clarify an issue calling for professional or technical knowledge, possessed by the expert and

beyond the ken of the typical juror." Id. (citations omitted.)

Here, to the extent that Dr. Castleman and Dr. Pohl intend to rely upon the review of

corporate records, trade publications and other non-medical or scientific articles, journals or

documents in rendering opinions in this case, their testimony should be precluded because the

review of these documents does not require any particular expertise.  Rather, these documents

are easily understood by the jury without the assistance of expert testimony.  See Threadgill v.

Manville Corp. Asbestos Disease Compensation Fund, 1990 WL 294271 *4 (holding that the

trial court properly found that "Dr. Castleman could not give any insight into [the documents he

reviewed] that the jury, in looking at the documents ... can't give").  See also Tassin v. Sears

Roebuck & Co., 946 F. Supp. 1241, 1252-53 (M.D. La. 1996) (holding that documents such as

correspondence and minutes of meetings are not technical, and do not require expert testimony to

make them comprehensible to a jury).

Even if the review of these documents did require some type of expertise, nothing in

either Dr. Castleman's or Dr. Pohl's education, training or experience qualifies them, more than

any layperson, to review and interpret these types of records.  In In re Diet Drugs Prods. Liab.

Litig., No. MDL 1203, 2000 WL 876900 at *9 (E.D. Pa. June 20, 2000), the court, in cases

involving the health risks and benefits of the diet drugs Pondimin and Redux, precluded

plaintiffs' expert witnesses from testifying regarding corporate intent.  The court held that,

although plaintiffs' expert witnesses were qualified in particular scientific disciplines, they did

not have "knowledge or even experience in the manner in which corporations and the

pharmaceutical marketplace react, behave or think regarding their non-scientific goals of

maintaining a profit-making organization that is subject to rules, regulations, standards, customs

and practices among competitors and influenced by shareholders or public opinions." Id. at *9. Likewise, Dr. Castleman and Dr. Pohl do not have any knowledge regarding these topics or any other subjects regarding corporate practices and behaviors that qualify them to testify regarding corporate and trade association documents in this case.

Should Dr. Castleman and Dr. Pohl be permitted to testify about such documents, they would improperly usurp the role of the jury by offering interpretation of lay documents. See Franco v. Muro, 224 A.D.2d 579, 579. 638 N.Y.S.2d 690, 691 (2d Dep't 1996) (holding that the maintenance of walkway to private house was not subject calling for technical knowledge possessed by expert and beyond ken of that typical juror; therefore, to permit expert to testify that walkway was not properly maintained would permit expert to determine ultimate issue in case and usurp function of the jury); In re Diet Drugs Prods. Liab. Litig., No. MDL 1203, 2000 WL 876900 at *9 (ED. Pa. June 20, 2000) (court precluded physicians from offering expert opinions regarding defendants' corporate intent because they were unqualified to render such opinions and it was the role of the jury to review the admissible evidence and determine the issues).

In Tassin, plaintiff's expert witness, who was an engineer, intended to offer the opinion at trial, based on records of the Power Tool Institute, that power tool manufacturers conspired with each other and refused to incorporate safety devices in certain fixed and hand-held tools. The expert witness's opinion was based on his review of thousands of pages of minutes, correspondence and memoranda of the Power Tool Institute. The court held that the expert's testimony was inadmissible because the jury was capable of reviewing the Power Tool Institute documents and reaching its own conclusions regarding them without any need far expert testimony. The court stated that:

> [d]ocuments of this type are not technical and do not require expert
> engineering testimony to make them comprehensible to a jury. For
> this reason, the expert witness's testimony about these documents
> is not necessary to assist the trier of fact to understand a fact in
> issue.

Tassin, 946 F. Supp. at 1252. Likewise, the jury in this action is capable of reviewing all of the

corporate, trade association and other non-technical documents and reaching its own conclusions

regarding their meaning and significance in this case.

Dr. Castleman and Dr. Pohl therefore must be precluded from testifying beyond their

competence and where, as here, the jury is capable of reviewing the material collected by Dr.

Castleman and Dr. Pohl to reach their own conclusions regarding state-of-the-art of alleged

corporate knowledge.

## POINT II

### THE TESTIMONY OF DR. CASTLEMAN AND DR. POHL SHOULD BE PRECLUDED BECAUSE THE DOCUMENTS AND INFORMATION ON WHICH THEY RELY ARE NOT A PROPER BASIS FOR EXPERT TESTIMONY

To be admissible, expert opinion evidence must be based on:  (1) personal knowledge of

the facts upon which the opinion rests;  (2) facts and materials in evidence, real or testimonial;

(3) material not in evidence provided that the out-of-court material is derived from a witness

subject to full cross-examination; or (4) material not in evidence provided the out-of-court

material is of the kind accepted in the profession as a basis in forming an opinion and the out-of-

court material is accompanied by evidence establishing its reliability.  See Wagman v. Bradshaw,

292 AD.2d 84, 86-87, 739 N.Y.S.2d 421,423 (2d Dep't 2002).

Here, Drs Castleman and Pohl rely on none of the foregoing.  It is indisputable that they

do not have personal knowledge of the facts upon which they base their opinions, and that their

opinions are not based on out of court material derived from a witness subject to full cross-



examination. Rather, the bases for their opinions are the voluminous documents that they have reviewed.

As set forth more fully below, neither Dr. Castleman nor Dr. Pohl can show that any of the materials or information on which they rely as a basis for their testimony constitutes (a) facts and materials in evidence; or (b) material not in evidence that is the kind accepted in their profession as a basis in forming an opinion and is accompanied by evidence of its reliability.

> **A.    Testimony By Dr. Castleman and Dr. Pohl Should Be Excluded Because They Are Based On Inadmissible Documents And Information Rather Than Admissible Facts And Materials**

The documents and information on which Dr. Castleman and Dr. Pohl will rely in rendering their opinions in this action are inadmissible. The documents are not authenticated and the documents and other information on which they rely are inadmissible hearsay. Accordingly, there is no proper basis for either Dr. Castleman's or Dr. Pohl's testimony and, therefore, it must be excluded.

> **1    The Documents and Materials On Which Dr. Castleman and Dr. Pohl Rely Are Unauthenticated and, Therefore, Inadmissible**

Before a document or other evidence may be admitted into evidence, the authenticity of the evidence must be established. See generally Richard T. Farrell, *Prince, Richardson on Evidence* § 4-203 (11th Ed. 1995) ("The proponent of an item of real evidence must demonstrate its genuineness by clear and convincing evidence, citing *People v. McGee*, 49 N.Y.2d 48, 59,424 N.Y.S.2d 157, 163 (1979) ("authenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it") and People v. Julian, 41 N.Y.2d 340, 343-344, 392 N.Y.S.2d 610, 612 (1977). See also People v. Taya, 96 A.D.2d 1045, 1046,466 N.Y.S.2d 458, 459 (2d Dep't 1983) ("In ascertaining whether a proper foundation has been laid for the introduction of real evidence, accuracy is the focus of the inquiry."). The foundation

necessary to establish authenticity may differ according to the nature of the evidence that is sought to be admitted. McGree, 49 N.Y.2d at 59, 424 N.Y.S.2d at 163.

The documents and materials on which Dr. Castleman and Dr. Pohl base their opinion are unauthenticated and, therefore, inadmissible at trial. See People v. Brown, 216 A.D.2d 737, 738, 628 N.Y.S.2d 835, 836 (3d Dep't 1995) (trial court committed reversible error in admitting photograph where not properly authenticated); People v. Boswell, 167 A.D.2d 928, 929, 562 N.Y.S.2d 289, 290 (4th Dep't 1990) (court held that trial court erred in admitting handwritten note that was not properly authenticated); Brady v. Comprehensive Omnibus Corp., 5 N.Y.S.2d 781 (App. Term 1st Dep't 1938) ("court committed serious error in admitting into evidence the hospital records and X-ray plates without proper authentication").

Specifically, in In Re Mississippi Asbestos Cases, Dr. Castleman testified that he has not verified the authenticity of any of the documents upon which he relies. In that opinion, Dr. Castleman conceded the following:

> Q.  Well, in terms of your testimony with respect to the history of asbestos, the knowledge of potential dangers, the actual dangers caused by asbestos, the information comes from various documents that you've collected over the years and real, correct?
>
> A.  It basically does come from documents and the analysis of those documents, given what I know about the history of the field of occupational medicine as well to understand the personalities, the institutions, the governmental agencies end how it all sort of went together.
>
> Q.  First off the documents, where did you get those from?
>
> A.  Numerous sources. The time that I could remember where all of my documents came from has long passed. They came from Plaintiffs lawyers, they came from defense lawyers, they came from various libraries, things like that.

14



Q.    Have you verified the authenticity of all of these documents you've relied on?

A.    I haven't individually done that. But I have never had any reason to believe that any document that I've been presented with was a fraudulent or falsified document in all of these years.

Q.    How about, do you know whether it's complete or not?

A.    Well, very often they're not complete. You know, they might be page a in a deposition or something like that. I'm not trying to make some kind of world record in the volume of files that I keep on all of this stuff.

Q.    These various documents you've relied on, have you reviewed --have you talked to the authors of these documents?

A.    In some cases I have. In most cases I haven't.

See Dr. Castleman's Deposition Testimony, April 2004, Exhibit "D".

Dr. Castleman, by his own admission, is unable to authenticate the documents upon which he relies. Rather, he blatantly states that he has not verified the authenticity of any of these documents. The fact that he never has had "any reason to believe that any document that [he has] been presented with was a fraudulent or falsified document" is wholly insufficient to satisfy the evidentiary requirements of authentication under New York Law.

Plaintiffs may argue that, at least with respect to those documents that are more than 30 years old, authenticity is established under the ancient document rule. However, under New York law, in order to authenticate a document under the "ancient document" rule, the party seeking to admit the document must show that it is more than 30 years old, "was in the possession of the natural custodian" and is "free from indications of fraud or invalidity." See generally Richard T. Farrell, *Prince, Richardson on Evidence* § 3-124 (11th Ed. 1995). The party who seeks admission of old documents must prove that the documents came from the

proper custodian of records or were otherwise found where expected to be.  Tillman v. Lincoln

Warehouse Corp., 72 A.D.2d 40,44,423 N.Y.S.2d 151, 153 (1st Dep't 1979) (under ancient

document rule, it must be proven that document came from proper custody).  See Martez v.

Fibreboard Corp., 765 F.2d 456,464-465 (5th. Cir. 1985) (under federal ancient document rule,

court excluded from evidence memoranda exchanged between various employees of asbestos

manufacturer concerning health risks associated with asbestos products because plaintiff failed to

introduce evidence that memoranda were found in expected place, *i.e.*, the corporate records of

Owens-Corning; court also excluded minutes of asbestos manufacture's trade organization

because plaintiff failed to satisfy authentication requirements of ancient document rule).

Accordingly, in order for the documents on which Dr. Castleman relies to be admissible

as ancient documents, plaintiffs have to establish that these documents came from their proper

custodians.  Plaintiffs, however, will not be able to make this showing given Dr. Castleman's

testimony that he obtained the documents on which his testimony is based from numerous

sources and "that the time that he could remember where all [his] documents came from has long

passed.  They came from plaintiffs lawyers, they came from defense lawyers, they came from

various libraries, things like that."

To the extent that Dr. Pohl is unable to authenticate documents on which he relies as a

basis for his opinion, his testimony should be similarly precluded.

**2    The Documents and Information On Which Dr. Castleman and Dr.
Pohl Rely Are Inadmissible Hearsay**

The documents and information on which Dr. Castleman and Dr. Pohl rely are

inadmissible because they are hearsay and, in numerous instances, hearsay within hearsay.

People v. Acomb, 87 A.D.2d 1, 6, 450 N.Y.S.2d 632, 635 (4th Dep't 1982) ("hearsay rule

prohibits the use of statements made out of court when offered to prove the truth of the facts

16



asserted in the statement"). <u>See</u>, <u>e.g.</u>, Exhibit "B" of Defendant's Affirmation in Support at pp. 29, 36-37, 40-41, 45-55 (examples of hearsay objections made and sustained in the <u>Polito</u> case, as well as statements by the Court regarding the fact that the documents on which Dr. Castleman relies are also hearsay).

In order for any of the documents or information upon which Dr. Castleman and Dr. Pohl rely to be a proper basis for testimony, Plaintiffs must establish that the documents or information are not hearsay or fall within one of the exceptions to the hearsay rule. <u>See Hornbrook v. Greek Peak/Peak Resorts, Inc.</u>, Index No. 99-1172, 2002 WL 1967928 (Sup. Ct. Tompkins Co. May 29, 2002) (expert witness "may not rely upon the out-of-court records, opinions or impression of treating doctors which were not admitted into evidence under an independent exception to the rule against hearsay"). Plaintiffs have not, and cannot, admit these documents and information under any hearsay exception, and, therefore, Dr. Castleman's and Dr. Pohl's testimony must be precluded.

Plaintiffs may claim that the documents on which Dr. Castleman and Dr. Pohl rely are not hearsay because they are offered not for the truth of the matter asserted but to show that the Defendant had notice of the dangers of asbestos. However, before Plaintiffs can argue that the documents are not hearsay because they are being used to show notice, they must show that Defendant was at least inferentially put on notice by the documents. <u>See George Celotex Corn</u>, 914 F.2d 26, 30 (2d Cir. 1990) (court stated that Philip Carey could not have been put on notice by Hemeon Report because there was no proof at trial that Philip Carey ever saw the unpublished report or that it reasonably should have seen it as part of published literature in the industry). This is another evidentiary hurdle that Plaintiffs will not be able to overcome.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to preclude the testimony of Dr. Castleman and Dr. Pohl or, in the alternative, require that Plaintiffs produce their experts for deposition testimony and that a *Frye* hearing be conducted to determine if Plaintiff's purported expert witnesses may offer the disclosed "state-of-the-art" opinion. No prior request has been made to this or any other Court for the relief requested herein.

Dated: Elmsford, NY
      August 22, 2007

Respectfully submitted,

| | |
|---|---|
| **DRINKER BIDDLE & REATH LLP**<br>140 Broadway, 39th Floor<br>New York, New York 10005<br>(212) 284-3140<br>Attorneys for Defendant<br>Baxter Healthcare Corporation<br><br><br>By: _____<br>Daniel B. Carroll | **REED SMITH LLP**<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 0850<br>(609) 987-0050<br>Attorneys for Defendant<br>ManorCare Health Services, Inc.<br><br>By: _____<br>Greg A. Dadika |
| **HOAGLAND, LONGO, MORAN,<br>DUNST & DOUKAS, LLP**<br>40 Paterson Street<br>New Brunswick, New Jersey 08901<br>(732) 545-4717<br>Attorneys for Defendant<br>Fisher Scientific International Inc.<br><br><br>By: _____<br>Kristy Kulina Woods | **MARKS, O'NEILL, O'BRIEN &<br>COURTNEY, P.C.**<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Attorneys for Defendants<br>VWR International, Inc. and Univar USA Inc.<br><br><br>By: _____<br>Carol M. Tempesta, Esq. |

Exhibit A

W E I T Z
&
L U X E N B E R G

A PROFESSIONAL CORPORATION
• LAW OFFICES •

180 MAIDEN LANE  •  NEW YORK, NY 10038-6925
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG
ROBERT J. GORDON ††

EDWARD S. BOSEK
EDWARD BRANIFF ††
JOHN M. BROADDUS £
DANIEL C. BURKE
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
BRIAN BUTCHER ø
DAVID A. CHANDLER
VINCENT CHENG
EILEEN CLARKE
THOMAS COMERFORD ††
ADAM R. COOPER
BENJAMIN DARCHE
CHARLES M. FERGUSON

STUART R. FRIEDMAN
STEVEN J. GERMAN ††§
LAWRENCE GOLDHIRSCH • *
ROBIN L. GREENWALD *
EDWARD J. HAHN *
CATHERINE HEACOX ††
RENEE L. HENDERSON ·
MARIE L. IANNIELLO †
ERIK JACOBS
GARY R. KLEIN ††
JERRY KRISTAL ~‡
DEBBI LANDAU
ROBERTO LARACUENTE *
DIANNE LE VERRIER

HANNAH LIM ††
JAMES C. LONG, JR. ~
VICTORIA MANESIS ††
CURT B. MARSHALL
RICHARD S. McGOWAN * ‡‡ ‡
C. SANDERS McNEW * ø
WILLIAM J. NUGENT
ANGELA PACHECO ø
MICHAEL E. PEDERSON
PAUL J. PENNOCK £
STUART R. PERRY *
ELLEN REDISH * ~
STEPHEN J. RIEGEL
MICHAEL P. ROBERTS

CHRIS ROMANELLI ††
JILLIAN ROSEN
DAVID ROSENBRAND
JIM ROSS ø
SHELDON SILVER *
FRANKLIN P. SOLOMON †
SHERI L. TARR *
JAMES S. THOMPSON ††
JOSHUA VITOW
DOUGLAS D. von OISTE ‡
JOSEPH PATRICK WILLIAMS
NICHOLAS WISE
ALLAN ZELMONG
GLENN ZUCKERMAN

* Of Counsel
ø Also admitted in CT
* Also admitted in FL
‡‡ Also admitted in MA
†† Also admitted in NJ
§ Also admitted in DC
† Also admitted in NJ and CT
~ Also admitted in NJ and PA
~Also admitted in NJ and DC
§ Admitted only in NJ and PA
ø Also admitted in VA and NJ
** Also admitted in DC and TX
£ Also admitted in DC, MD, PA and VA
ø Also admitted in DC and VA
§ Admitted only in CO
‡Admitted only in TX

*Via Regular Mail*                                    April 13, 2007

TO: All Counsel per attached rider

     Re:    Plaintiffs' Expert Witness List
            _____

Dear Counselors:

        Enclosed please find Plaintiffs' Expert Witness List for the May 2007, *in extremis* trial cases.

        Please be advised that plaintiffs reserve their right to (1) amend and/or supplement this list, as necessary and applicable; (2) call witnesses named in defendants' witness lists, answers to interrogatories and depositions; (3) amend and/or supplement this list as to those defendants who have failed to respond to Interrogatories as provided in the Amended Case Management Order; and (4) adopt any witness list set forth by any other plaintiff's firm and call any witness listed thereto.

        If you have any questions regarding this matter, please feel free to contact the undersigned.

                              Sincerely,

                              WEITZ & LUXENBERG, P.C.

                              Richard Cabo Jr.

W-INCH-30

printed 4/12/07

210 LAKE DRIVE EAST, SUITE 101 • CHERRY HILL, NJ 08002 • TEL 856-755-1115 • FAX 856-755-1995
76 SOUTH ORANGE AVENUE, SUITE 201 • SOUTH ORANGE NJ 07079 • TEL 973-761-8995 • FAX 973-763-4020
215 MONARCH STREET, SUITE 202 • ASPEN, CO 81611 • TEL 970-925-6101 • FAX 970-925-6035
100 E. 15TH STREET, SUITE 400 • FORT WORTH, TX 76102 • TEL 817-885-7815 • FAX 817-882-8585

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————————x
IN RE: NEW YORK CITY ASBESTOS LITIGATION

ALL MAY 2007 IN-EXTREMIS CASES


———————————————————————x

Index #: 116650/03

**EXPERT WITNESS
DISCLOSURE
PURSUANT TO
CPLR 3101 (d)**

      **PLEASE BE ADVISED**, that plaintiffs intend at the time of Trial to call to the witness stand, live or by deposition, the following individuals:

*CHARLES AY*

      a)  Mr. Ay is a former asbestos worker/insulator who worked in that trade at various locations including, shipyards, power plants, refineries and commercial construction sites.  He would be called to testify only in those cases in which the plaintiff alleges exposure to asbestos used in connection with pumps, turbines, boilers and related equipment which exposure is challenged by defendant(s) or may be challenged by defendant(s).

      b)  He is certified by the United States Environmental Protection Agency to detect asbestos in place and on the proper removal methods of such asbestos.  His certification and training includes methods of industrial hygiene, detection and identification of asbestos and non-asbestos materials, and on the risks posed by asbestos.

      c)  He received training from the U.S. Navy on methods of asbestos detection and removal on board ships and in shore side facilities.  Mr. Ay may testify as to plaintiff's circumstance, opportunity for exposure and generally to practices, procedures, the types of ships, the types of asbestos products used in shipyards, on board ships, in Marine construction and at industrial sites, including but not limited to refineries and commercial building sites.  He may testify as to the manner in which asbestos containing products were used, the tendencies of asbestos-containing products to release dust into the atmosphere, and the manner of proper removal and disposal.

### BARRY CASTLEMAN, Sc.D

Dr. Castleman is an environmental consultant and may testify as to state-of-the-art issues. Specifically, Dr. Castleman will testify concerning the availability of scientific information as to the hazards of asbestos, when information concerning those hazards became available, the nature of the information that became available, the form of available scientific information and methods of its retrieval. Specifically, Dr. Castleman will trace the history of knowledge of asbestos hazards from the earliest of times, and in the modern era and will talk about the roles of any publications by various trade associations including, but not limited to the Industrial Hygiene Foundation, The National Safety Council, The American Society of Mechanical Engineers and The American Ceramics Society. In addition, Dr. Castleman may testify as to the propensity of various asbestos containing products to release asbestos dust into the atmosphere, as well as the levels at which asbestos will produce various diseases. Dr. Castleman has been deposed and has previously testified on these issues on many occasions and such testimony is available to defendants. Dr. Castleman will also testify as to corporate knowledge of the hazards of asbestos and conduct, including attempts to suppress knowledge and conspiratorial efforts, and trade association's knowledge, conduct and suppression of information. Dr. Castleman's book on the above subjects details the scope of his testimony and is publicly available.

### RICHARD L. HATFIELD

Mr. Hatfield is an industrial hygienist who specializes in the analysis of asbestos in various types of environments. He will testify regarding tests performed relating to the nature and qualification of asbestos that is released as a result of working with asbestos-containing materials. Specifically, Mr. Hatfield will testify regarding the general background levels of asbestos release; bystander levels of exposure of the fiber release; air samples in the personal breathing zone generated from the fiber release; and fiber release and contamination on clothing and other personal contamination. Mr. Hatfield has been deposed and has previously testified on these issues on many occasions and such testimony is available to defendants.

### WILLIAM LONGO, PH.D.

a) Dr. Longo received his Bachelor of Science from the University of Florida in 1977. He received his Masters of Science in Materials Science and Engineering from the University of Florida in 1980 and his Ph.D. in Materials Science and Engineering from the University of Florida in 1983.

b) Dr. Longo is a scientist specializing in the measurement and analysis of materials and determining the constituent ingredients in materials, and characterizing those materials and ingredients. Dr. Longo has examined and tested various asbestos products. Dr. Longo has examined the amount of dust released by mixing and/or manipulating various asbestos-containing products. These analyses include current and past techniques used to measure asbestos content in dust. Dr. Longo may testify on his results from the release of asbestos-containing dust from the various products that he has tested by either, the mixing, application, removal or normal use of those products. Dr. Longo has quantified the asbestos release generated from the aforementioned uses of these materials. Dr. Longo may testify regarding the general background levels of asbestos release, bystander levels of exposure of the fiber release, air samples in the personal breathing zone generated from the fiber release and fiber release and contamination on clothing and other personal contamination. He may compare his result of these dust studies by analysis using both particles per cubic foot, fibers per cc, as well as current and past techniques used to analyze asbestos content in dust. Dr. Longo may testify that the levels of asbestos dust measured during these tests exceeded established TLV's and PEL's in many instances. Dr. Longo may compare and contrast his findings with other scientific findings. Dr. Longo may offer opinions concerning testing which has been performed on behalf of defendants or the lack of testing of defendants' products. Dr. Longo will testify regarding his workplace simulations for gasket removal and installation, brake work and tile work. Dr. Longo will testify consistent with the reports available for each test.

c) Dr. Longo's testimony is based upon his education, expertise, experience, review of literature, digests, case materials, records, notes, pleadings and documents produced in asbestos litigation.

**STEVEN MARKOWITZ, M.D.**

a) Dr. Markowitz is a Professor and Director of the Center of the Biology of Natural Systems at Queens College, City University of New York.

b) Dr. Markowitz, certified by the American Board of Preventative Medicine in Occupational Medicine and by the American Board of Internal Medicine in Internal Medicine will testify based upon his review of Plaintiff's medical records, Plaintiff's interrogatory responses and other materials as outlined in his reports. Dr. Markowitz may testify with regard to Plaintiff's diagnosis. Dr. Markowitz may also testify that plaintiff's diagnosis and symptoms are related to, and caused by, his exposure to asbestos, may testify generally about the plaintiff's medical treatment history; his asbestos exposure history; the nature of his diagnosis, and its causal relationship with the plaintiff's occupational exposure to asbestos. Dr. Markowitz may also testify that plaintiff's diagnosis and symptoms are related to and caused by his exposure to asbestos (including minimal amounts of asbestos) and that each and every exposure contributed to his diagnosis. Additionally, Dr. Markowitz may testify that plaintiff has incurred medical expenses as a result of his asbestos-related disease and that said medical bills are reasonable and necessary. Dr. Markowitz may testify that Plaintiff has required in the past, treatment and/or hospitalization (and the reasonable medical expenses therefore) as a result of his exposure to asbestos, asbestos-related disease.

c) Additionally, Dr. Markowitz may also testify as to the various diagnostic procedures and treatments provided to the plaintiff, as well as his pain and suffering during the course of such diagnostic and treatment modalities and the pain and suffering commonly associated with progression of the processes until the time of his death. Dr. Markowitz may testify that based on epidemiological studies, plaintiff's asbestos-related disease was caused by his exposure to Defendants' asbestos-containing products. Dr. Markowitz may testify regarding exposure levels of asbestos, at what levels asbestos may cause disease, and as to when this was known in the medical and scientific literature. Dr. Markowitz may also testify as to the hazardous nature of asbestos and asbestos-containing products as a result, that such

asbestos and/or asbestos-containing products are unreasonably dangerous. Further, Dr. Markowitz may testify concerning the increased risk of cancer faced by asbestos exposed workers, including brake workers and the epidemiological link between asbestos and cancer. More specifically, Dr. Markowitz may testify about the medical and scientific literature as it relates to the risk of mesothelioma in human beings and animals in relation to exposure to asbestos, and as such literature relates to issues such as "Low Dose"; "Encapsulation"; "Fosterite"; and the propensity for development of mesothelioma as a result of exposure to Chrysotile asbestos. Dr. Markowitz may testify concerning fiber types of asbestos generally and that all types of asbestos fibers are capable of causing all asbestos-related diseases and all forms of asbestos-related cancers.

d) Dr. Markowitz may opine as to the causal relationship between occupational asbestos exposure and disease of latency related thereto, such as mesothelioma. Dr. Markowitz is expected to rely on a number of medical articles, his own clinical and medical experience, and his evaluation of the relevant body of medical literature on this subject. Dr. Markowitz's testimony is based upon his experience, education, expertise, review of the medical, scientific and industrial hygiene literature case materials, pleadings, depositions and documents from this and other asbestos litigation.

### JACQUELINE MOLINE, M.D.,MSc

a) Dr. Moline, Board Certified in Internal Medicine and Preventative Medicine, with an Occupational Medicine specialty, may testify based upon her clinical experience as a physician, as well as her research in the field.

b) Dr. Moline, certified by the American Board of Preventative Medicine in Occupational Medicine and by the American Board of Internal Medicine in Internal Medicine will testify based upon his review of Plaintiff's medical records, Plaintiff's interrogatory responses and other materials as outlined in his reports. Dr. Moline may testify with regard to Plaintiff's diagnosis. Dr. Moline may also testify that plaintiff's diagnosis and symptoms are related to, and caused by, his exposure to asbestos, may testify



generally about the plaintiff's medical treatment history; his asbestos exposure history; the nature of his diagnosis, and its causal relationship with the plaintiff's occupational exposure to asbestos. Dr. Moline may also testify that plaintiff's diagnosis and symptoms are related to and caused by his exposure to asbestos (including minimal amounts of asbestos) and that each and every exposure contributed to his diagnosis. Additionally, Dr. Moline may testify that plaintiff has incurred medical expenses as a result of his asbestos-related disease and that said medical bills are reasonable and necessary. Dr. Moline may testify that Plaintiff has required in the past, treatment and/or hospitalization (and the reasonable medical expenses therefore) as a result of his exposure to asbestos, asbestos-related disease.

c) Additionally, Dr. Moline may also testify as to the various diagnostic procedures and treatments provided to the plaintiff, as well as his pain and suffering during the course of such diagnostic and treatment modalities and the pain and suffering commonly associated with progression of the processes until the time of his death. Dr. Moline may testify that based on epidemiological studies, plaintiff's asbestos-related disease was caused by his exposure to Defendants' asbestos-containing products. Dr. Moline may testify regarding exposure levels of asbestos, at what levels asbestos may cause disease, and as to when this was known in the medical and scientific literature. Dr. Moline may also testify as to the hazardous nature of asbestos and asbestos-containing products as a result, that such asbestos and/or asbestos-containing products are unreasonably dangerous. Further, Dr. Moline may testify concerning the increased risk of cancer faced by asbestos exposed workers, including brake workers and the epidemiological link between asbestos and cancer. More specifically, Dr. Moline may testify about the medical and scientific literature as it relates to the risk of mesothelioma in human beings and animals in relation to exposure to asbestos, and as such literature relates to issues such as "Low Dose"; "Encapsulation"; "Fosterite"; and the propensity for development of mesothelioma as a result of exposure to Chrysotile asbestos. Dr. Moline may testify concerning fiber types of asbestos generally and that all types of asbestos fibers are capable of causing all asbestos-related diseases and all forms of asbestos-related cancers.

 

d) Dr. Moline may opine as to the causal relationship between occupational asbestos exposure and disease of latency related thereto, such as mesothelioma. Dr. Moline is expected to rely on a number of medical articles, her own clinical and medical experience, and her evaluation of the relevant body of medical literature on this subject. Dr. Moline testimony is based upon her experience, education, expertise, review of the medical, scientific and industrial hygiene literature case materials, pleadings, depositions and documents from this and other asbestos litigation.

### ELAINE PANITZ, MD, MPH, FACP, FCPM

a) Dr. Panitz received her bachelor's degree from Vassar College in 1968. She received her medical degree from Harvard in 1972 and her Master's in Public health from Wisconsin in 1998.

b) Dr. Panitz, certified by the American Board of Preventative Medicine in Occupational Medicine and by the American Board of Internal Medicine in Internal Medicine will testify based upon his review of Plaintiff's medical records, Plaintiff's interrogatory responses and other materials as outlined in his reports. Dr. Panitz may testify with regard to Plaintiff's diagnosis. Dr. Panitz may also testify that plaintiff's diagnosis and symptoms are related to, and caused by, his exposure to asbestos, may testify generally about the plaintiff's medical treatment history; his asbestos exposure history; the nature of his diagnosis, and its causal relationship with the plaintiff's occupational exposure to asbestos. Dr. Panitz may also testify that plaintiff's diagnosis and symptoms are related to and caused by his exposure to asbestos (including minimal amounts of asbestos) and that each and every exposure contributed to his diagnosis. Additionally, Dr. Panitz may testify that plaintiff has incurred medical expenses as a result of his asbestos-related disease and that said medical bills are reasonable and necessary. Dr. Panitz may testify that Plaintiff has required in the past, treatment and/or hospitalization (and the reasonable medical expenses therefore) as a result of his exposure to asbestos, asbestos-related disease.



c) Additionally, Dr. Panitz may also testify as to the various diagnostic procedures and treatments provided to the plaintiff, as well as his pain and suffering during the course of such diagnostic and treatment modalities and the pain and suffering commonly associated with progression of the processes until the time of his death. Dr. Panitz may testify that based on epidemiological studies, plaintiff's asbestos-related disease was caused by his exposure to Defendants' asbestos-containing products. Dr. Panitz may testify regarding exposure levels of asbestos, at what levels asbestos may cause disease, and as to when this was known in the medical and scientific literature. Dr. Panitz may also testify as to the hazardous nature of asbestos and asbestos-containing products as a result, that such asbestos and/or asbestos-containing products are unreasonably dangerous. Further, Dr. Panitz may testify concerning the increased risk of cancer faced by asbestos exposed workers, including brake workers and the epidemiological link between asbestos and cancer. More specifically, Dr. Panitz may testify about the medical and scientific literature as it relates to the risk of mesothelioma in human beings and animals in relation to exposure to asbestos, and as such literature relates to issues such as "Low Dose"; "Encapsulation"; "Fosterite"; and the propensity for development of mesothelioma as a result of exposure to Chrysotile asbestos. Dr. Panitz may testify concerning fiber types of asbestos generally and that all types of asbestos fibers are capable of causing all asbestos-related diseases and all forms of asbestos-related cancers.

d) Dr. Panitz may opine as to the causal relationship between occupational asbestos exposure and disease of latency related thereto, such as mesothelioma. Dr. Panitz is expected to rely on a number of medical articles, her own clinical and medical experience, and her evaluation of the relevant body of medical literature on this subject. Dr. Panitz testimony is based upon her experience, education, expertise, review of the medical, scientific and industrial hygiene literature case materials, pleadings, depositions and documents from this and other asbestos litigation.

_**DOUGLAS POHL, M.D., Ph.D.**_

a) Dr. Pohl may testify as to the general medical concepts relating to asbestos diseases, their causation and the issue of the state-of-the-art of knowledge about the dangers of asbestos.

b) Specifically, Dr. Pohl will testify concerning the availability of scientific information as to the hazards of asbestos, when information concerning those hazards became available, the nature of the information that became available, the form of available scientific information and methods of its retrieval. Specifically, Dr. Pohl will trace the history of knowledge of asbestos hazards from the earliest of times, and in the modern era.

c) In addition, Dr. Pohl may testify as to the propensity of various asbestos containing products to release asbestos dust into the atmosphere, the levels at which asbestos will produce various diseases, as well as the propensity of all fiber types to produce disease. Dr. Pohl has been deposed and has previously testified on these issues on many occasions and such testimony is available to defendants. Dr. Pohl will also testify as to corporate knowledge of the hazards of asbestos and conduct, including attempts to suppress knowledge and conspiratorial efforts, and trade association's knowledge, conduct and suppression of information.

d. Dr. Pohl's testimony is based upon his experience, education, expertise, review of the medical, scientific and industrial hygiene literature case materials, pleadings, depositions and documents from this and other asbestos litigation.

Dated:     New York, New York
           April 13, 2007


                                        WEITZ & LUXENBERG, PC
                                        Attorneys for Plaintiff
                                        180 Maiden Lane
                                        New York, New York 10038
                                        (212) 558-5100

                                        By: _____
                                             ERIK JACOBS


To:     All Defendants per Attached Rider

 

As of 3/8/07

## May 07 In-Extremis Service Rider

NANCY MCDONALD, ESQ.
McELROY, DEUTCH & MULVANEY
1300 MOUNT KEMBEL AVENUE
MORRISTOWN, NJ  07962-2075
PHONE # (973) 993-8100
FAX # (973) 425-0161
COUNSEL FOR A.O. SMITH WATER PRODUCTS CO., AND EATON CORPORATION, as successor in interest to CUTLER HAMMER, INC.

JULIE EVANS, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
150 EAST 42ND STREET
NEW YORK, NY  10017-5639
PHONE # (212) 490-3000
FAX # (212) 490-3038
JULIE.EVANS@WILSONELSER.COM
COUNSEL FOR A.W. CHESTERTON CO., AVIATION MANUFACTURING CORPORATION, individually and as successor in interest to SPENCE HEATER, AND UNION PUMP CO.

JUDITH YAVITZ, ESQ.
ANDERSON, KILL, OLICK & OSHINSKY
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020-1000
PHONE # (212) 278-1000
FAX # (212) 278-1733
JYAVITZ@ANDERSONKILL.COM
COUNSEL FOR AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG CO., n/k/a BAYER CROPSCIENCE INC., CERTAIN TEED CORPORATION,  AND UNION CARBIDE CORP.

ARTHUR G. COHEN, ESQ.
GORDON & SILBER, P.C.
355 LEXINGTON AVENUE
NEW YORK, NY 10017
PHONE # (212) 834-0600
FAX# (212) 490-0035
COUNSEL FOR AMERICAN BILTRITE COMPANY, AMERICAN BILTRITE, INC., individually and as successor to AMTICO FLOORS, AMTICO, a division of AMERICAN BILTRITE, ANDPREFERRED UTILITIES MANUFACTURING CORPORATION

FRANCIS F. QUINN, ESQ.
LAVIN, O'NEIL RICCI, CEDRONE & DISIPIO
420 LEXINGTON AVENUE, SUITE 2900
GRAYBAR BUILDING
NEW YORK, NY 10170
PHONE # (212) 319-6898
FAX # (212) 319-6932
COUNSEL FOR AMERICAN HONDA MOTOR CO., GENERAL MOTORS CORP., NISSAN NORTH AMERICA, INC., TOYOTA MOTOR CORP., AND INTERNATIONAL TRUCK and ENGINE CORP., 3M

ROBERT M. GOODMAN, ESQ.
GREENBAUM, ROWE, SMITH & DAVIS LLP
6 BECKER FARM RD
ROSELAND, NJ 07068
PHONE (973) 535-1600
FAX (973) 535-1698
COUNSEL FOR AMERICAN HONDA MOTOR CO., INC.

MICHAEL GRIDER, ESQ.
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 PEACHTREET STREET, NE
SUITE 2400
ATLANTA, GA 30308
PHONE # (404) 815-2400
FAX # (404) 815-2424
COUNSEL FOR AMTICO INTERNATIONAL, INC.

PEGGY CHATEAUNEUF
MCCARTER & ENGLISH
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07102
PHONE # (973) 622-4444
FAX # (973) 624-7070
COUNSEL FOR AMERICAN OPTICAL CORP., AND EIS BRAKE PARTS DIVISION, AND STANDARD MOTOR PRODUCTS INC.

 

As of 3/8/07

YVETTE HARMON, ESQ.
PHILIP GOLDSTEIN, ESQ.
MCGUIRE WOODS LLP
1345 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NY 10105
PHONE # (212) 548-2100
FAX # (212) 715-2315
YHARMON@MCGUIREWOODS.COM
COUNSEL FOR AMERICAN STANDARD, INC., BELL & GOSSETT CO., ITT INDUSTRIES, INC., ITT INDUSTRIES, INC., as
successor to BELL & GOSSETT COMPANY and as successor to KENNEDY VALVE MANUFACTURING CO., INC., and as
successor to GRINNELL VALVE CO., INC.

THEODORE EDER, ESQ.
CHRIS GANNON, ESQ.
ROB KENNEY, ESQ.
McCAMBRIDGE SINGER & MAHONEY
830 THIRD AVENUE, SUITE 400
NEW YORK, NY 10022
PHONE # (212) 651-7500
FAX # (212) 651-7499
TEDER@SMSM.COM
COUNSEL FOR ANCHOR PACKING CO., BW/IP INTERNATIONAL, INC., f/k/a BORG WARNER INDUSTRIAL PRODUCTS,
successor to BYRON JACKSON PUMPS, BYRON JACKSON PUMPS, H.B. FULLER CO.,THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY, GARLOCK SEALING TECHNOLOGIES LLC f/k/a GARLOCK, INC., AND GARDNER DENVER, INC.

ART BROMBERG, ESQ.
WEINER LESNIAK LLP
629 PARSIPPANY ROAD
P.O. BOX 438
PARSIPPANY, NJ 07054-0438
PHONE # (973) 403-1100
FAX # (973) 403-0010
ABROMBERG@WEINERLESNIAK.COM
COUNSEL FOR BMCE, INC. f/k/a UNITED CENTRIFUGAL PUMP, AND PEERLESS INDUSTRIES, INC.

THUY T. BUI, ESQ.
TIMOTHY FRASER, ESQ.
DRINKLE BIDDLE & REATH, LLP
140 BROADWAY, 39TH FLOOR
NEW YORK, NY 10005
PHONE # (212) 248-3140
FAX # (212) 248-3141
COUNSEL FOR BAXTER HEALTHCARE CORPORATION, individually and as successor in interest to AMERICAN SUPPLY
CORP. and HOSPITAL SUPPLY CORP. and AMERICAN SCIENTIFIC PRODUCTS., AND BAXTER INTERNATIONAL INC.,
individually and as successor in interest to AMERICAN HOSPITAL SUPPLY CORP., and AMERICAN SCIENTIFIC
PRODUCTS., AND VWR INTERNATIONAL, INC.

SUZANNE HALBARDIER, ESQ.
ROBERT GORIS, ESQ.
BARRY, MCTIERNAN & MOORE
2 RECTOR STREET, 14TH FLOOR
NEW YORK, NY 10006
PHONE # (212) 608-8999
FAX # (212) 608-8902
SHALBARDIER@BMMFIRM.COM
COUNSEL FOR BLACKMAN PLUMPING SUPPLY COMPANY, INC., DOMCO PRODUCTS TEXAS, LP, individually and as
successor to AZROCK INDUSTRIES, INC., AND DOMCO, INC., AND UTICA BOILERS, INC., individually and as successor to
UTICA RADIATOR CORP.

ANNA DILONARDO, ESQ.
WEINER LESNIAK, LLP
888 VETERAN'S MEMORIAL HIGHWAY, SUITE 540
HAUPPAUGE, NY 11788
PHONE # (631) 232-6130
FAX # (631) 232-6184
ADILONARDO@WEINERLESNIAK.COM
COUNSEL FOR BORG-WARNER CORP., n/k/a BURNS INTERNATIONAL SERVICES CORP., LOCKHEED MARTIN CORP.,
individually, as successor by merger to LOCKHEED CORP., AND ROBERT A. KEASBEY CO.

2

 

As of 3/8/07

JOSEPH D'AVANZO, ESQ.
PHILLIP A. TUMBARELLO, ESQ.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
3 GANNETT DRIVE
WHITE PLAINS, NY 10604-3407
PHONE # (914) 323-7000
FAX # (914) 323-7001
JOSEPH.DAVANZO@WILSONELSER.COM
PHILLIP.TUMBARELLO@WILSONELSER.COM
COUNSEL FOR BOEING CO., individually and as successor in interest to rockwell and as successor by merger to NORTH
AMERICAN AVIATION and ROCKWELL-STANDARD CORPORATION

JEFFREY LEAVELL, S.C.
723 SOUTH MAIN STREET
RACINE, WI 53403
PHONE # (262) 633-7322
FAX # (262) 633-7323
COUNSEL FOR BONSTONE, INC.

ROBERT D. DONOHUE, ESQ.
DONOHUE & PARTNERS, P.C.
90 BROAD STREET, SUITE 1502
NEW YORK, NEW YORK 10004
PHONE (212) 972-5252
FAX (212) 697-2737
WWW.DPLAW-PC.COM
COUNSEL FOR BONSTONE MATERIALS CORPORATION

STUART R. SCHROEDER, ESQ.
THE SCHROEDER GROUP, S.C.
CROSSROADS CORPORATE CENTER
20800 SWENSON DRIVE, SUITE 475
WAUKESHA, WI 53186
PHONE # (262) 798-8220
FAX # (262) 798-8232
COUNSEL FOR BONSTONE MATERIALS CORPORATION

EDWARD WILBRAHAM, ESQ.
JOHN HOWARTH, ESQ.
WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET, SUITE 3100
PHILADELPHIA, PA 19103
PHONE # (215) 564-4141
FAX # (215) 564-4385
EWILBRAHAM@WLBDEFLAW.COM
COUNSEL FOR BUFFALO PUMPS, INC.

JOHN J. FANNING, ESQ.
ROSA LEE, ESQ.
CULLEN & DYKMAN
177 MONTAGUE STREET
BROOKLYN, NY 11201
PHONE # (718) 855-9000
FAX # (718) 935-1509
JFANNING@CULLENANDDYKMAN.COM
COUNSEL FOR BURNHAM, LLC as successor to BURNHAM CORP., BURNHAM CORPORATION, individually and as
Successor-In-Interest to FEDERAL BOILER and RADIATOR CO. GOULDS PUMPS, INC., AND MARIO & DIBONO
PLASTERING CO., INC., LESLIE CONTROLS, INC.

CORI L. LEAVITT, ESQ.
WILLIAM BRADLEY, ESQ.
JOSEPH CARLISLE, ESQ.
MARY ELLEN CONNOR, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
WBRADLEY@MCBLLC.ORG
COUNSEL FOR CBS CORPORATION, a Delaware Corp., f/k/a/ VIACOM INC., successor by merger to CBS CORPORATION,
a Pennsylvania Corp., f/k/a WESTINGHOUSE ELECTRIC CORP., CLEAVER BROOKS CO., J.H. FRANCE REFRACTORIES
CO., MORSE/DIESEL, INC., SUPERIOR BOILER WORKS, INC., WARREN PUMPS, INC., WEIL-MCLAIN, a division of THE
MARLEY CO., VIKING PUMP, INC., ALLWOOD DOOR CO., AQUA-CHEM, INC., PREMIER REFRACTORIES, INC. f/k/a
ADIENCE/BMI, SEARS-ROEBUCK, AND KEWAUNEE SCIENTIFIC CORPORATION

3

 

As of 3/8/07

FRANK A CECERE, ESQ.
AHMUTY, DEMERS & MCMANUS
200 I.U. WILLETS ROAD
ALBERTSON, NY 11507
PHONE # (516) 294-5433
FAX # (516) 625-4712
FRANK.CECERE@ADMLAW.COM
COUNSEL FOR CARRIER CORP., as successor in interest to BRYANT HEATING & COOLING SYSTEMS, AND TISHMAN
REALTY & CONSTRUCTION CO., INC., YORK INDUSTRIES, INC.

ANDREW CZEREPAK, ESQ.
CONSOLIDATED EDISON
FOUR IRVING PLACE
NEW YORK, NY 10003
PHONE # (212) 460-2164 or 2158
FAX # (212) 780-6483
COUNSEL FOR CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

CAROL M. TEMPESTA, ESQ.
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
530 SAW MILL RIVER ROAD
ELMSFORD, NEW YORK 10523
PHONE # (914) 345-3701
FAX # (914) 345-3743
COUNSEL FOR CORNING GLASS, k/n/a CORNING INCORPORATED

KIRSTEN A. KNEIS, ESQ.
MICHAEL WALLER, ESQ.
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
ONE NEWARK CENTER, 10TH FLOOR
NEWARK, NJ 07102
PHONE # (973) 848-4000
FAX # (973) 848-4001
KIRSTEN.KNEIS@KLGATES.COM
COUNSEL FOR CRANE CO., JENKINS VALVES, INC., AND SCHNEIDER ELECTRIC CO.

LAWRENCE MCGIVNEY, ESQ.
MONAKEE GRIFFIN, ESQ.
MCGIVNEY & KLUGER, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004
PHONE 212 509-3456
FAX 212 509-4420
LMCGIVNEY@MCGIVNEYANDKLUGER.COM
COUNSEL FOR COURTER & COMPANY INCORPORATED, PATTERSON PUMP CO., TACO, INC., TREADWELL CORP.,
GEORGE A. FULLER COMPANY, THE FAIRBANKS CO., AND SID HARVEY INDUSTRIES, INC., Individually and as
successor to or f/k/a/ SID HARVEY SALES CO., AURORA PUMP CO., ZURN INDUSTRIES, INC., BECKMAN COULTER, INC.,
ALGOMA HARDWOODS, INC., Individually and as successor in interest to ALGOMA PLYWOOD & VENEER CO., AND
STOCKHAM VALVES, as a division of THE CRANE VALVE GROUP

JOHN J. KOT, ESQ.
WATERS, MCPHERSON & MCNEIL
300 LIGHTING WAY, 7TH FLOOR
SECAUCUS, NJ 07096
PHONE # (201) 863-4400
FAX # (201) 863-2866
JKOT@LAWWMM.COM
COUNSEL FOR DB RILEY, INC., ELLIOTT TURBOMACHINERY CO., AND TURNER CONSTRUCTION CO.

JOHN BRIDGER, ESQ.
STRONG PIPKIN BISSELL & LEDYARD LLP
1111 BAGBY, SUITE 2300
HOUSTON, TEXAS 77002-2546
PHONE # (713) 651-1900
FAX # (713) 651-1920
COUNSEL FOR DOMCO PRODUCTS TEXAS, LP, Individually and as successor to AZROCK

4

 

As of 3/8/07

PETER C. SEGAL, ESQ.
PETER LANGENUS, ESQ.
SCHNADER HARRISON SEGAL & LEWIS LLP
140 BROADWAY, SUITE 3100
NEW YORK, NY 10005
PHONE # (212) 973-8000
FAX # (212) 972-8798
COUNSEL FOR DUNHAM-BUSH, INC., FORT KENT HOLDINGS, INC., F/K/A DUNHAM-BUSH, INC., AND WILLIAMSBURG
STEEL PRODUCTS CO., INC., AND WJW STEEL PROPERTIES LTD.

WILLIAM MUELLER, ESQ.
CLEMENTE, DICKSON & MUELLER
218 RIDGEDALE AVENUE
MORRISTOWN, NJ 07961
PHONE # (973) 455-8008
FAX # (973) 455-8118
WMUELLER@CMT-LAW.COM
COUNSEL FOR DURABLA MANUFACTURING COMPANY

WILLIAM GALLAGHER, ESQ.
RACHEL FLEMING-CAMPBELL, ESQ
MCMAHON, MARTINE & GALLAGHER
90 BROAD STREET
NEW YORK, NY 10004
PHONE # (212) 747-1230
FAX # (212) 747-1239
WGALLAGHER@MMGLAWYERS.COM
COUNSEL FOR EASTERN REFRACTORIES CO., INC., AND TISHMAN REALTY & CONSTRUCTION CO., INC.

JAMES P. CONNORS, ESQ.
JONES HIRSCH CONNORS & BULL P.C.
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
PHONE # (212) 527-1350
FAX # (212) 527-1680
COUNSEL FOR ECR INTERNATIONAL CORP., f/k/a DUNKIRK RADIATOR CORP.

STEVE KEVELSON, ESQ.
ONE COZINE AVENUE
BROOKLYN, NY 11201
PHONE # (718) 649-4900
FAX # (718) 649-4902
COUNSEL FOR EMPIRE ACE INSULATION MFG. CORP.

DIANE MILLER, ESQ.
MARIN GOODMAN, LLP
40 WALL STREET
NEW YORK, NY 10005
TEL: (212) 661-1151
FAX: (212) 661-1141
COUNSEL FOR THE FAIRBANKS CO., AND ZY-TECH GLOBAL INDUSTRIES, INC.

CHARLES S. BIERNER, ESQ.
WOLF, BLOCK, SCHORR & SOLIS-COHEN, LLP
250 PARK AVENUE
NEW YORK, NY 10177
PHONE # (212) 986-1116
FAX # (212) 986-0604
COUNSEL OF FEDERAL PUMP CORPORATION

MARK FEINSTEIN, ESQ.
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
757 THIRD AVENUE
NEW YORK, NY 10017
PHONE # (212) 593-6700
FAX # (212) 593-6970
COUNSEL FOR FORD MOTOR COMPANY, AND GENERAL MOTORS CORP.

 

As of 3/8/07

MICHAEL A. TANENBAUM, ESQ.
SEDWICK, DETERT, MORAN & ARNOLD LLP
THREE GATEWAY CENTER, 12th FLOOR
NEWARK, NJ 07102-5311
PHONE: (973) 242-0002
FAX:: (973) 242-8099
MICHAEL.TANENBAUM@SDMA.COM
COUNSEL FOR FOSTER WHEELER, L.L.C., FMC CORPORATION, individually and as successor through acquisition of
CHICAGO PUMP CO. & NORTHERN PUMP CO., GENERAL ELECTRIC CO., AND MCNALLY INDUSTRIES, INC. as successor
to the NORTHERN PUMP COMPANY, EXXON MOBIL CORP.

CHRISTOPHER HANNAN, ESQ.
KELLEY JASONS MCGOWAN SPINELLI & HANNA, LLP
120 WALL STREET
30TH FLOOR
NEW YORK, NY 10005
PHONE: 212-344-7400
FAX: 212-344-7402
CHANNAN@KJMSH.COM
COUNSEL FOR FMC CORPORATION, individually and as successor through acquisition of CHICAGO PUMP CO. &
NORTHERN PUMP CO.

DAVE SPEZIALI, ESQ.
SPEZIALI, GREENWALD & HAWKINS, P.C.
P.O. BOX 1086
1981 WINFLOW RD.
WILLIAMSTOWN, NJ 08094
PHONE # (856)728-3600
FAX # (856)728-3996
TRIAL COUNSEL FOR FOSTER WHEELER L.L.C., AND GENERAL ELECTRIC CO.

GREGG BORRI, ESQ.
LAW OFFICES OF GREGG J. BORRI, ESQ.
61 BROADWAY, SUITE 2125
NEW YORK, NY 10006
PHONE # (212) 980-8866
FAX # (212) 208-0969
COUNSEL FOR GEORGIA PACIFIC CO.

PATRICK J. DWYER, ESQ.
SMITH, STRATTON, WISE, HEHER & BRENNAN
2 RESEARCH WAY
PRINCETON, NEW JERSEY 08540
PHONE # (609) 924-6000 or 6683
FAX # (609) 987-6651
COUNSEL FOR GOODRICH CORPORATION, f/k/a THE B.F. GOODRICH COMPANY, individually, and as successor in
interest to THE CLEVELAND PNEUMATIC COMPANY, a Division of the PNEUMO ABEX CORP., a wholly owned subsidiary
of ABEX, INC.

SCOTT R. EMERY, ESQ.
LYNCH DASKAL EMERY LLP
264 WEST 40TH STREET
NEW YORK, NEW YORK 10018
PHONE # (212) 302-2400
FAX # (212) 302-2210
EMERY@LAWLYNCH.COM
COUNSEL FOR GOODYEAR CANADA, INC., GOODYEAR TIRE & RUBBER CO., AND DAIMLER CHRYSLER CORPORATION

PETER STASZ, ESQ.
H.B. SMITH COMPANY, INC.
47 WESTFIELD INDUSTRIAL PARK RD.
WESTFIELD, MA 01085
PHONE # (413) 568-3148
FAX # (413) 568-0525
GENERAL COUNSEL H.B. SMITH CO., INC.

RICHARD MENCHINI, ESQ.
HOLLAND & KNIGHT LLP
195 BROADWAY 24TH FLOOR
NEW YORK, NY 10007
PHONE# (212) 513-3200
FAX# (212) 385-9010
COUNSEL FOR HARRIS CORPORATION, f/k/a HARRIS-INTERTYPE CO., HARRIS CORPORATION, individually, and as
successor to HARRIS-SEYBOLD-POTTER CO. and PREMIER-POTTER CO., AND HARRIS-INTERTYPE COMPANY

6

 

As of 3/8/07

MICHAEL E. HUTCHINS, ESQ.
MICHAEL W. KITCHENS, ESQ.
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1360 PEACHTREE STREET N.E  SUITE 1150
ATLANTA, GA 30309
PHONE # (404) 260-6102
FAX # (404) 260-6081
COUNSEL FOR HEIDELBERG USA, INC., AND HEIDELBERG USA, INC., as successor in interest to MERGENTHALER
LINOTYPE CO.

DONALD PUGLIESE, ESQ.
McDERMOTT, WILL & EMERY
340 MADISON AVENUE
NEW YORK, NY 10020
PHONE # (212) 547-5400
FAX # (212) 547-5444
COUNSEL FOR HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC. / BENDIX

JOSEPH COLAO, ESQ.
HELEN CHUNG, ESQ.
LEADER & BERKON LLP
630 3RD AVENUE, 17TH FLOOR
NEW YORK, NY 10017
PHONE # (212) 486-2400
FAX # (212) 486-3099
JCOLAO@LEADERBERKON.COM
COUNSEL FOR IMO INDUSTRIES, INC., AND E.I. DUPONT DE NEMOURS AND COMPANY

LISA M. PASCARELLA, ESQ.
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736
PHONE # (732) 528-8888
FAX # (732) 528-4445
LP@PEHLI.COM
COUNSEL FOR INGERSOLL-RAND CO.

JOHN S. RAND, ESQ.
CLARK, GAGLIARDI & MILLER, P.C.
99 COURT STREET
WHITE PLAINS, NY 10601
PHONE # (914) 946-8900
FAX (914) 946-8960
JRAND@CGMLAW.COM
COUNSEL FOR INTERNATIONAL PAPER COMPANY, individually and as successor to CHAMPION INTERNATIONAL
CORPORATION, as successor to UNITED STATES PLYWOOD CORPORATION

CHRISTIAN J. SOLLER ESQ.
ALAN MURAIDEKH, ESQ.
HODGSON RUSS, LLP
677 BROADWAY
ALBANY NY 12207
PHONE # (518) 465-2333
FAX # (518) 465-1567
COUNSEL FOR JELD-WEN, INC., AND MORGAN MANUFACTURING COMPANY.

DANIEL J. MCNAMARE, ESQ
DeCICCO, GIBBONS & McNAMARA, P.C.
14 EAST 38TH STREET, 5TH FLOOR
NEW YORK, NY 10016
PHONE # (212) 447-1222
FAX # (212) 689-0153
COUNSEL FOR KAISER GYPSUM COMPANY, INC.

CYNTHIA WEISS ANTONUCCI, ESQ.
HARRIS, BEACH LLP
805 THIRD AVENUE, 20TH FLOOR
NEW YORK, NY 10022
PHONE # (212) 687-0100
FAX # (212) 687-0659
CANTONUCCI@HARRISBEACH.COM
COUNSEL FOR KENTILE FLOORS, INC., AND PACCAR, INC., individually and through its division, PETERBILT MOTORS
CO.

 

As of 3/8/07

RICHARD MARIN, ESQ.
MARIN GOODMAN, LLP
40 WALL STREET
NEW YORK, NY 10005
TEL: (212) 661-1151
FAX: (212) 661-1141
RMARIN@MARINGOODMAN.COM
COUNSEL FOR KEELER/DORR-OLIVER BOILER CO.

JOHN A. SMYTH, III, ESQ.
MAYNARD, COOPER & GALE, P.C.
1901 SIXTH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2618
PHONE # (205) 254-1000
FAX # (205) 254-1999
JSMYTH@MAYNARDCOOPER.COM
COUNSEL FOR KENNEDY VALVE MANUFACTURING CO., INC.

ELISA M. PUGLIESE, ESQ
KEYSPAN
LEGAL DEPARTMENT
175 EAST OLD COUNTRY ROAD
HICKVILLE, NEW YORK 11801
PHONE # (516) 545-4161
FAX # (516)545-5029
COUNSEL FOR KEYSPAN GENERATION LLC, f/k/a LONG ISLAND POWER AUTHORITY

MARC S. GAFFREY, ESQ.
LAURA SICLARI, ESQ.
JOAN WEISBLATT, ESQ.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS
40 PATTERSON STREET
P.O. BOX 480
NEW BRUNSWICK, NJ 08903
PHONE # (732) 545-4717
FAX # (732) 545-4579
MGAFFREY@HOAGLANDLONGO.COM
COUNSEL FOR KOHLER CO., YORK INTERNATIONAL, AND YORK INTERNATIONAL, INC., as successor in interest to
LUXAIRE, INC., AND MANNINGTON MILLS, INC., MANNINGTON CARPETS, INC., FISHER SCIENTIFIC INTERNATIONAL INC.

JENNIFER DARGER, ESQ.
VINCENT A. ERRANTE, JR., ESQ.
DARGER & ERRANTE LLP
116 EAST 27TH STREET, 12TH FLOOR
NEW YORK, NY 10016
PHONE # (212) 452-5300/5303
FAX # (212) 452-5301
COUNSEL FOR LENNOX INDUSTRIES, INC.

SARAH FANG, ESQ.
LANDMAN, CORSI BALLAINE & FORD P.C.
ONE GATEWAY CENTER, SUITE 400
NEWARK, NJ 07102-5388
PHONE # (973) 623-2700
FAX # (973) 623-4496
COUNSEL FOR LONG ISLAND RAILROAD, d/b/a MTA LONG ISLAND RAILROAD (LIRR)

MICHAEL A. CERUSSI, ESQ.
THOMAS M. CRISPI, ESQ.
CERUSSI & SPRING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
PHONE # (914) 948-1200
FAX # (914-948-1579
MCERUSSI@CERUSSILAW.COM
CO-COUNSEL FOR 3M

TOM MAIMONE, ESQ.
MAIMONE & ASSOCIATES PLLC
170 OLD COUNTRY ROAD - SUITE 502
MINEOLA, NY 11501
PHONE # (516) 390-9595
FAX # (516) 877-0321
COUNSEL FOR MACK TRUCKS, INC.

8

 

As of 3/8/07

KEVIN L. KELLY, ESQ.
BRADLEY J. LEVIEN, ESQ.
MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS
39 BROADWAY, SUITE 950
NEW YORK, NY 10006
PHONE # (212) 968-8300
FAX # (212) 968-9840
BLEVIEN@DEFENSECOUNSEL.COM
COUNSEL FOR MANSFIELD PLUMBING PRODUCTS, LLC.

KEVIN L. KELLY, ESQ.
BRADLEY J. LEVIEN, ESQ.
MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS
39 BROADWAY, SUITE 950
NEW YORK, NY 10006
PHONE # (212) 968-8300
FAX # (212) 968-9840
BLEVIEN@DEFENSECOUNSEL.COM
COUNSEL FOR MANSFIELD PLUMBING PRODUCTS, LLC.

GREG A. DADIKA, ESQ.
REED SMITH LLP
136 MAIN STREET, SUITE 250
PRINCETON FORRESTAL VILLAGE
PRINCETON, NJ 08540
PHONE (609) 987-0050
FAX # (609) 951-0824
COUNSEL FOR MANORCARE HEALTH SERVICES, INC., d/b/a MANOR CARE, INC., individually and as successor to
PRECISION-COSMET COMPANY, INC., CENTRAL SCIENTIFIC COMPANY, a division of CENCO INCORPORATED;
CENTRAL SCIENTIFIC COMPANY, a division of CENCO INSTRUMENTS CORPORATION

JAMES WILLIAMS, ESQ.
EPSTEIN BECKER & GREEN
250 PARK AVENUE
NEW YORK, NY 10017
PHONE # (212) 351-4580
FAX # (212) 661-0989
COUNSEL FOR MIDLAND ROSS CORP.

SYLVIA K. LEE, ESQ.
KENT & MCBRIDE, P.C.
420 LEXINGTON AVENUE
THE GRAYBAR BUILDING
SUITE 2900  29TH FLOOR
NEW YORK, NY 10170
PHONE # (212) 588-3460
FAX # (212) 588-9818
COUNSEL FOR NATIONAL BOILER WORKS, INC.

BARBARA HOPKINS KELLY , ESQ.
WILSON, ELSER MOSKOWITZ, EDELMAN & DICKER, LLP
33 WASHINTON STREET
NEWARK, NEW JERSEY 07102-5003
PHONE # - (973) 624-0800
FAX # - (973) 624-0799
COUNSEL FOR OAKFABCO, INC.

JAN MICHAEL RYFKOGEL, ESQ.
ANDREW SAPON, ESQ.
BIVONA & COHEN, P.C.
88 PINE STREET
NEW YORK, NY  10005
PHONE # (212) 363-3100
FAX # (212) 363-9824
COUNSEL FOR O'CONNOR CONSTRUCTORS & CO., INC. f/k/a THOMAS O'CONNOR & CO., INC., COMPUDYNE
CORPORATION, successor to YORK SHIPLEY, INC., AND ALUMINUM COMPANY OF AMERICA (ALCOA)

PAUL A. SCRUDATO, ESQ.
SCHIFF HARDIN & WAITE
623 FIFTH AVENUE, SUITE 2800
NEW YORK, NY 10022
PHONE # (212) 753-5000
FAX # (212) 753-5044
PSCRUDATO@SCHIFFHARDIN.COM
COUNSEL FOR OWENS-ILLINOIS, INC., AND THE STROBER ORGANIZATION, INC.

9

 

As of 3/8/07

KATHLEEN COLLINS, ESQ.
PORT AUTHORITY OF NEW YORK AND NEW JERSEY
225 PARK AVENUE SOUTH
NEW YORK, NEW YORK 10003
PHONE # (212) 435-3565
FAX # (212) 435-3834
COUNSEL FOR THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

JAMES SMITH, ESQ.
SMITH ABBOT
115 BROADWAY, 19TH FLOOR
NEW YORK, NY 10006
PHONE # (212) 981-4501
FAX # (212) 981-4502
COUNSEL FOR PNEUMO ABEX CORP., Individually and as successor in interest to ABEX CORP.

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
PHONE # (212) 398-5297
FAX # (212) 768-6800
LYASSKY@SONNENSCHEIN.COM
COUNSEL FOR RAPID AMERICAN CORPORATION

LORI ELLIOT GUZMAN, ESQ.
HUTTON & WILLIAMS
RIVERFRONT PLAZA EAST TOWER
951 EAST BYRD STREET"
RICHMOND, VA 23219
PHONE #(804) 788-8362
FAX # (804) 788-8218
COUNSEL FOR REYNOLDS METALS CO. as successor in interest to ATLANTIC ASBESTOS CORP.

IAN GRODMAN, ESQ.
LAW OFFICES OF IAN R. GRODMAN, P.C.
515 VALLEY STREET, SUITE 170
MAPLEWOOD, NJ 07040
PHONE # - (973) 313-2424
FAX # - (973) 313-9712
COUNSEL FOR RHEEM MANUFACTURING COMPANY, INC., Individually and as successor to RHEEM MANUFACTURING
COMPANY, as successor by merger to CIVESTCO, INC.

LORING FENTON, ESQ.
GREENBERG TRAURIG, LLP
MET LIFE BUILDING
200 PARK AVENUE
NEW YORK, NY 10166
PHONE # (212) 801-9200
FAX # (212) 801-6400
FENTONL@GTLAW.COM
TRIAL COUNSEL FOR ROBERT A. KEASBEY CO.

ZACHARY W. CARTER, ESQ.
DORSEY & WHITNEY LLP
250 PARK AVENUE
NEW YORK, NY 10177-1500
PHONE # (212) 415-9345
FAX # (212) 953-7201
CARTER.ZACHARY@DORSEY.COM
TRIAL COUNSEL FOR ROBERT A. KEASBEY CO.

DANIEL MORETTI, ESQ.
LANDMAN CORSI BALLAINE & FORD
120 BROADWAY, 27TH FLOOR
NEW YORK, NY 10271
PHONE # (212) 238-4800
FAX # (212) 238-4848
COUNSEL FOR SEQUOIA VENTURES, INC. f/k/a BECHTEL CORP.

10

 

As of 3/8/07

NORMAN J. GOLUB, ESQ.
MARSHALL, CONWAY & WRIGHT, P.C.
116 JOHN STREET
NEW YORK, NY 10038
PHONE # (212) 619-4444
FAX # (212) 962-2647
COUNSEL FOR SLANT/FIN CORPORATION

JASON L. BECKERMAN, ESQ.
COZEN O'CONNOR
45 BROADWAY, 16TH FLOOR
NEW YORK, NY 10006
PHONE # (212) 509-9400
FAX # (212) 509-9492
COUNSEL FOR STARRETT CORPORATION

PAUL JOSEPHS, ESQ.
FABIANI & COHEN LLP
570 LEXINGTON AVE.
NEW YORK, NEW YORK 10022
PHONE # (212) 644-4420
FAX # (212) 752-8053
JOSEPHSP@FCLLP.COM
COUNSEL FOR TISHMAN LIQUIDATING CORP.

JONATHAN E. POLONSKY, ESQ.
THELEN REID & PRIEST LLP
875 THIRD AVENUE
NEW YORK, NY 10022
PHONE # (212) 603-2000
FAX # (212) 603-2001
COUNSEL FOR UNIVAR USA INC.,  Individually and as successor to VAN WATERS & ROGERS INC., BRAUN CHEMICAL
COMPANY and WILL SCIENTIFIC, INC.

ANTHONY J. MARINO, ESQ.
GARRITY, GRAHAM, FAVETTA & FLYNN
ONE LACKAWANNA PLAZA
MONTCLAIR, NJ 07042-8205
PHONE # (973) 509-7500
FAX # (973) 509-0414
COUNSEL FOR UNITED CONVEYOR CORP.

JOSEPH A. CHURGIN, ESQ
HERZFELD & RUBIN, P.C.
40 WALL STREET
NEW YORK, NY 10005
PHONE # (212) 471-8500 / (212) 471-8519
FAX # (212) 344-3333
COUNSEL FOR VOLKSWAGON OF AMERICA, INC.

FRANK MONTBACH, ESQ.
ELLEN MARGOLIS, ESQ.
MOUND, COTTON, WOLLAN & GREENGRASS
1 BATTERY PARK PLAZA
NEW YORK, NY 10004
PHONE# (212) 804-4200
FAX # (212) 344-8066
COUNSEL FOR VIAD CORP., as successor in interest to GRISCOM RUSSEL CO.

JAMES S. NOWAK, ESQ.
KENNEY, SHELTON, LIPTAK & NOWAK, LLP
SUITE 510 RAND BUILDING
14 LAFAYETTE SQUARE
BUFFALO, NY 14203
PHONE # (716) 853-3801
FAX # (716) 853-0265
COUNSEL FOR WAYNE COMBUSTION SYSTEMS F/K/A WAYNE HOME EQUIPMENT

ERIK K. LINDEMANN, ESQ./ JOHN D. ZAREMBA, ESQ.
CLAUSEN MILLER P.C.
ONE CHASE MANHATTAN PLAZA
NEW YORK, NEW YORK 10005
PHONE # (212) 805-3900
FAX # (212) 805-3939
COUNSEL FOR WAYNE COMBUSTION SYSTEMS F/K/A WAYNE HOME EQUIPMENT

11

 

As of 3/8/07

GENEVIEVE MacSTEEL, ESQ.
PHILIP GOLDSTEIN, ESQ.
MCGUIRE WOODS LLP
1345 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NY 10105
PHONE # (212) 548-2100
FAX # (212) 715-2315
COUNSEL FOR WEYERHAEUSER CO.

PETER C. SEGAL, ESQ.
PETER LANGENUS, ESQ.
SCHNADER, HARRISON, SEGAL & LEWIS LLP
140 BROADWAY, SUITE 3100
NEW YORK, NY 10005-1101
PHONE # (212) 973-8000
FAX # (212) 972-8798
COUNSEL FOR WILLIAMSBURG STEEL PRODUCTS CO., INC., AND WJW STEEL PROPERTIES LTD.

JOHN RONCA, JR. ESQ.
RONCA, MCDONALD & HANLEY
5 SOUTH REGENT STREET, SUITE 517
LIVINGSTON, NJ 07039
PHONE # (973) 994-2030
FAX # (973) 994-2113
COUNSEL FOR YORK INDUSTRIES CORP.

ACE JUTE PACKING COMPANY
218 E. CHESTNUT STREET
HANOVER , PA 17331

ALGOMA DOOR, INC.
C/O WENDELL E ELLSWORTH
2634 HILLSIDE HEIGHTS
GREEN BAY, WI 54311

AMERI-DOOR, INC., as successor-in-interest to and f/k/a ALGOMA DOOR, INC.
C/O WENDELL E ELLSWORTH
2634 HILLSIDE HEIGHTS
GREEN BAY, WI 54311

ATLANTIC STEEL BOILER CORPORATION
22ND STREET & WASHINGTON AVENUE
PHILADELPHIA, PA 19147

AMERICAN FINANCIAL GROUP, INC., f/k/a AMERICAN PREMIER UNDERWRITERS, INC., individually and as successor in
liability to NEW YORK CENTRAL RAILROAD
1 EAST 4TH STREET, SUITE 919
CINCINNATI, OH 45202-3717

AMERICAN PREMIER UNDERWRITERS
C/O BURNS WHITE HICKTON
2400 5TH AVENUE
BLDG. 120
PITTSBURGH, PA 15222

AMERICAN PREMIER UNDERWRITERS, INC.
1 EAST 4TH STREET, SUITE 919
CINCINNATI, OH 45202-3717

CONSOLIDATED RAIL CORPORATION
CT CORPORATION SYSTEM
1635 MARKET STREET
PHILADELPHIA, PA 19103

CLAYTON INDUSTRIES, INC.
41 STATE STREET
ALBANY , NY 12207

DAVIS & WARSHOW, INC.
57-22 49TH STREET
MASPETH, NY 11378

DUSING ASSOCIATES, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST AND  F/K/A DUSING & HUNT, INC.
(1ST DIR.) FREDERICK C. DUSING
393 HUMBOLD & PARKWAY
BUFFALO, NY 14208

12

 

As of 3/8/07

EIGEN SUPPLY CO., INC.
236 WEST 17 STREET
NEW YORK, NY 10011-5302

GIANT SUPPLY CORP.
20 BROOKLYN AVENUE
MASSAPEQUA, NY 11758

GLAUBER PLUMBING SUPPLY CO., INC.
DREYER & TRAUB
90 PARK AVENUE
NEW YORK, NY 10016

GLAUBER, INC.
DREYER & TRAUB
90 PARK AVENUE
NEW YORK, NY 10016

GREENPOINT FRIEDLAND STEEL CORP.
UNKNOWN AT PRESENT TIME

GREENPOINT STEEL WAREHOUSE CORP.
C/O BENJAMIN HEFFNER
60 WALL STREET
NEW YORK, NY 10005

H.C. OSWALD SUPPLY CO., INC.
120 EAST 124 STREET
NEW YORK, NY 10035

HARCO LABORATORIES, INC., AS SUCCESSOR BY MERGER TO HARRIS INDUSTRIES, INC.
733 SUMMER STREET
STAMFORD, CT 06901

HEIDELBERG USA, INC., as successor in interest TO HARRIS CORPORATION, and as successor to HARRIS-SEYBOLD-
POTTER COMPANY and PREMIER-POTTER COMPANY
3391 TOWN POINT DRIVE
SUITE 400
KENNESAW, GA 30144

HONDA MOTOR CO LTD.
2-1-1 MINAMI AOYAMA, MINATO-KU
TOKYO 107-8556- JAPAN

HONDA MOTOR PARTS SERVICE CO, LTD.
NO. 27-8, 6-CHOME JINGUMAE
SHIBUYA-KU 150
TOKYO, JAPAN

HONDA MOTOR PARTS SERVICE CO., LTD.
NO. 27-8, 6-CHOME JINGUMAE
SHIBUYA-KU 150
TOKYO, JAPAN

I. BURACK, INC.
FANNY BURACK (1ST DIR.)
46 SOUTH 14TH AVENUE
MOUNT VERNON, NY 10550

INTERNATIONAL HEATING AND AIR CONDITIONING CORPORATION, as successor in interest to
INTERNATIONAL HEATER COMPANY
THE CORPORATION TRUST CO.
277 PARK AVENUE
NEW YORK, NY 10017

J.A. GREEN CONSTRUCTION CORP.
UNKNOWN AT PRESENT TIME

MARSHFIELD DOOR SYSTEMS, INC.
1401 EAST FOURTH STREET
MARSHFIELD , WI 54449-7780

MAZDA MOTOR CORP.
7755 IRVINE CENTER
IRVINE, CA 92618

 

As of 3/8/07

MAZDA MOTOR CORP.
3-1 SHINCHI, FUCHU-CHO
AKI-GUN, HIROSHIMA

MORGAN MANUFACTURING COMPANY
523 OREGON STREET
P.O. BOX 2446
OSHKOSH, WI 54903

PUMA GENERAL CONTRACTING, INC.
GERARD GRACI
312 PRESTON AVENUE
STATEN ISLAND, NY 10312

QUIMBY EQUIPMENT CO., INC.
35 CENTRAL DRIVE
EAST FARMINGDALE, NEW YORK 11735
PHONE# (631)454-8411
FAX # (631) 454-8417

SEALITE CORP., INC.
112 OLD CONNECTICUT PATH E
WAYLAND, MA 01778

SQUARE D COMPANY
1415 SOUTH ROSELLE ROAD
PALATINE, IL 60067-7399

THE BETHLEHEM CORPORATION, f/k/a THE FEDERAL BOILER COMPANY (no good - no forwarding address)
25TH AND LENNOX STREETS
EASTON, PA 18045

THE BETHLEHEM CORPORATION
41 STATE STREET
ALBANY, NY 12207

VENTNORE ASBESTOS CO., INC.
SECRETARY OF STATE
41 STATE STREET
ALBANY, NY 12207

VOLKSWAGON A.G.
BERLINER RING 1
D-38436
WOLFSBURG, GERMANY

VOLKSWAGON, as successor in interest to AUDI
JOSEPH S. FOLZ
3800 HAMLIN RD.
AUBURN HILLS, MI 48326