SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
CHRISTIAN HOLINKA,

                    Plaintiffs,

- against –

A.W. CHESTERTON, et al.,

                    Defendants.
------------------------------------------------------------x

Index No. 114120-06
Hon. Joan Madden

**CERTIFICATION**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: Elmsford, NY
       August 20, 2007

Respectfully submitted,

BY: _____
      Carol M. Tempesta

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**
Attorneys For Defendants
**VWR INTERNATIONAL, INC. AND
UNIVAR USA INC.**
530 Saw Mill River Rd.
Elmsford NY
(914) 345-3701

{NY030567.1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____x

CHRISTIAN HOLINKA,

                    Plaintiff,       Index No.: 114120-06

    -against-                             AFFIRMATION IN SUPPORT OF
                                                   DEFENDANTS' MOTION *IN*
                                                   IN LIMINE TO PRECLUDE
                                                   PLAINTIFFS' COUNSEL FROM
                                                   REFERRING TO THE DEFENDANT
                                                   COLLECTIVELY AS "ASBESTOS
                                                   DEFENDANTS" OR "ASBESTOS
                                                   COMPANIES" OR THE "ASBESTOS
A.W. CHESTERTON et. al.                          INDUSTRY"

                                      Defendants.
_____x

    **CAROL TEMPESTA**, an attorney duly licensed to practice law in the courts of the State, affirms the following under penalties of perjury:

    1.    I am associated with the law firm of Marks, O'Neill, O'Brien & Courtney, P.C. attorneys for defendants VWR International, Inc and Unviar USA Inc and as such, am fully familiar with the facts set forth in this Affirmation.

    2.    I respectfully submit this Affirmation in support of Defendants' motion *in limine* to preclude plaintiff's counsel from referring to Defendants VWR International, Inc., Univar USA Inc., Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("ManorCare") and Fisher Scientific International Inc. ("Fisher"), (collectively, "Defendants") individually or to the defendants collectively as an "asbestos defendant", "asbestos defendants," "asbestos companies, " "the asbestos industry," "conspirators" and/or "co-conspirators".

{NY030567.1}

3. No previous application has been made to this or any other court for the relief sought herein.

Dated: Elmsford, NY
August 20, 2007

By: /s/ Carol Tempesta
Carol Tempesta, Esq.
**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Defendants
**VWR INTERNATIONAL, INC. AND UNIVAR USA INC.**
530 Saw Mill River Rd
Elmsford, NY 10523
(914)345 3701

{NY030567.1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
──────────────────────────────────────── x

CHRISTIAN HOLINKA  ,                                    Index No.: 114120-06
Plaintiffs,

                -against-


A.W. CHESTERTON et al.
                Defendants.
──────────────────────────────────────── x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANTS
TO PRECLUDE PLAINTFFS' COUNSEL FROM REFERRING TO THE DEFENDANTS
COLLECTIVELY AS "ASBESTOS DEFENDANTS" OR "ASBESTOS COMPANIES"
OR "THE ASBESTOS INDUSTRY"**

**PRELIMINARY STATEMENT**

Defendants VWR International, Inc., Univar USA Inc., Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("ManorCare") and Fisher Scientific International Inc. ("Fisher"),(collectively, "Defendants") respectfully submit this memorandum of law in support of their joint motion *in limine*, pursuant to New York Civil Practice Law and Rules §2212, to preclude plaintiff from referring to Defendants individually or to the defendants collectively as an "asbestos defendant", "asbestos defendants," "asbestos companies, " "the asbestos industry," "conspirators" and/or "co-conspirators".

Defendants are entitled to an order precluding plaintiffs from referring to Defendant as individually or to the defendants collectively as an "asbestos defendant",

{NY030567.1}

"asbestos defendants," "asbestos companies, "the asbestos industry," "conspirators" and/or "co-conspirators". Defendants are further entitled to an order preventing plaintiffs' counsel from making similar remarks which intimate that Defendants are asbestos insulation manufacturers, or are in any way associated with an asbestos insulation manufacturing. The use of such broad labels, which are inapplicable and which do not constitute evidence, would improperly invite the jurors to indict the Defendants as co-conspirators in an alleged attempt by asbestos insulation manufacturers to conceal the adverse health effects of asbestos insulation products. This would be materially and irreparably prejudicial to Defendants.

There is a critical distinction between the legal responsibilities of the various defendants in this case and other entities absent from this litigation, which the jury must comprehend. Defendants did not manufacture, sell or distribute asbestos insulation products. The Court should thus enter an order precluding plaintiffs from using these or other similar terms in referring to Defendants.

{NY030567.1}

## FACTS

In this products liability case, plaintiff Christian Holinka ("Plaintiff") alleges that Defendants[1] (or their alleged respective predecessors) supplied Bunsen burner pads and heat-resistant mittens to various laboratories in which Plaintiff studied, researched, and/or worked over a thirty year period. Plaintiff claims that his exposure to asbestos fibers contained within those two products caused him to develop mesothelioma.

## ARGUMENT

### I.
### PLAINTIFFS' COUNSEL SHOULD BE PRECLUDED FROM REFERRING TO THE DEFENDANTS COLLECTIVELY AS "ASBESTOS DEFENDANTS" OR "ASBESTOS COMPANIES" OR "THE ASBESTOS INDUSTRY"

The appellate courts have granted new trials when prejudicial remarks by counsel may have improperly influenced the jury's verdict. *See Kohlmann v. New York City*, 8 A.D.2d 598, 184 N.Y.S.2d 357 (1st Dept 1959) (New trial must be ordered when counsel misconduct may have substantially influenced the outcome); *Bowen v. Mahoney Coal Com.*, 256 A.D. 485, 10N.Y.S.2d 454 (1st Dept 1939) (New trial required when it is impossible to tell how far counsel's improper statements may have influenced the jury); *Weinberger v. New York City*, 97 A.D.2d 819, 820, 468N.Y.S.2d 697 (2nd Dept 1983) (Court cannot rule out strong possibility that improper remarks influenced verdict); *Minneapolis, St. Paul & S.S.M.RY.Co. v. Moguin*, 283 U.S. 520, 521-22 (1931).

Plaintiff's counsel should be precluded from referring to the defendants, individually as an "asbestos defendant," collectively, as "the asbestos defendants" or "asbestos companies," "conspirators" and/or "co-conspirators". Such labels do not

---

[1] However, Univar USA Inc. contends that it is not a successor to the lab supply business of Van Waters & Rogers.

{NY030567.1}

accurately describe defendants, who allegedly supplied products for use in laboratories, and which are now being pursued primarily because the asbestos insulation manufacturers – such as Johns Manville and Phillip Carey – are all insolvent or in bankruptcy.

The use of such phrases becomes even more offensive when juxtaposed with the reams of documentary evidence and extensive testimony about manufacturers of insulation products. At many trials, as part of their "state of the art" presentation, plaintiffs proffer volumes of documentary evidence against the manufacturer defendants detailing the purported corporate knowledge of the dangers of asbestos and the alleged conspiracy among the manufacturers to conceal the negative health effects of asbestos. There is no evidence that even remotely suggests that Defendants, which never mined, milled or manufactured asbestos insulation products, participated in any such concealment.

To permit plaintiff's counsel to refer to the defendants who have never mined or manufactured asbestos insulation products, as "asbestos companies" or "asbestos defendants" or part of the "asbestos industry" or to refer to them as "conspirator" or "co-conspirators" would be wrong and misleading and would confuse the jurors and cause them to conclude erroneously the Defendants were somehow the same as companies like Owens-Corning, Johns-Manville, Phillip Carey and other miners, manufacturers and distributors of asbestos insulation products. As a result, the jury would become so inflamed by the evidence against the manufacturers of insulation products that it would disregard Defendants defenses and render a liability verdict against Defendants simply because they are defendant in this asbestos case. Plaintiff's counsel should thus be

{NY030567.1}

precluded from using such statements in their opening and closing statement and their examination of witnesses during trial.

Thus, if plaintiff's counsel is permitted to apply labels such as "asbestos companies" to Defendants, the jury will likely wrongfully consider it as part of the alleged "conspiracy". Furthermore, to allow Plaintiff's counsel to refer to such a conspiracy during trial would only result in the confusion of the jury while allowing the Plaintiffs to deliberately inflame the jurors' passions so that they lump all the defendant companies together without regard to the Defendants' individual defenses to liability.

Allowing Plaintiff's counsel to refer to the alleged conspiracy or apply related labels such as "conspirators" and "co-conspirators" would lead the jurors to erroneously evaluate the Defendant's liability as if it were a part of the unknown alleged "conspiracy". As a result, the jury may ignore the Defendant's individual defenses and superimpose any evidence against the other defendants and render a liability verdict against the Defendant's simply because it is a defendant in an asbestos case. Thus, Plaintiffs' counsel should be precluded from using such statements in their opening or closing statements and their examination of witnesses and presentation of evidence during trial.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court grant relief sought herein, together with such other and further relief as this Court deems just and proper.

Dated: August 22, 2007
New York, New York

Respectfully submitted,

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP<br>140 Broadway, 39th Floor<br>New York, New York 10005<br>(212) 284-3140<br>Attorneys for Defendant<br>Baxter Healthcare Corporation<br><br>By: _____<br>Daniel B. Carroll | REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08540<br>(609) 987-0050<br>Attorneys for Defendant<br>ManorCare Health Services, Inc.<br><br>By: _____<br>Greg A. Dadika |
| HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP<br>40 Paterson Street<br>New Brunswick, New Jersey 08901<br>(732) 545-4717<br>Attorneys for Defendant<br>Fisher Scientific International Inc.<br><br>By: _____<br>Kristy Kulina Lyons | MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Attorneys for Defendants<br>VWR International, Inc. and Univar USA Inc.<br><br>By: _____<br>Carol M. Tempesta |

{PH193895.1}

Index No.     114120-06          Year          RJI No.          Hon.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

IN RE: NEW YORK CITY ASBESTOS LITIGATION,

This Document Relates To: CHRISTIAN HOLINKA,

                Plaintiff,

-against-

A.W. CHESTERTON et al.,

                Defendants.,

---

**ORDER TO SHOW CAUSE, CERTIFICATION, MOTION *IN LIMINE* AND AFFIRMATION IN SUPPORT**

---

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Univar USA Inc. and VWR International, Inc.
Office and Post Office Address, Telephone
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

---

To                           Signature (Rule 130-1.1-a)

                           Print name beneath

Attorney(s) for

---

Service of a copy of the within        is hereby admitted.

Dated,

                           Attorneys for:

---

**Please take notice**
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order       of which the within is a true copy will be presented for
settlement to the HON.                        one of the judges
of the within named court, at
on                at        M

Dated,
                           Yours, etc.

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Office and Post Office Address
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

{NY030553.1}