SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x Honorable Joan A Madden
CHRISTIAN HOLINKA
                        Plaintiff,

  - against -

AW CHESTERTON et al.                Index No. 114120-06

              Defendants.    **OMNIBUS**
                                     **MOTION**
                                     **IN LIMINE**

-----------------------------------------------------------x

**OMNIBUS MOTION IN LIMINE**

Defendants VWR International, Inc., Univar USA Inc. Baxter Healthcare Corporation (alleged to be a successor in interest to American Hospital Supply Corp. and American Scientific Products) ("Baxter"), ManorCare Health Services, Inc. (alleged to be a successor in interest to Central Scientific Company, a division of Cenco, Inc.) ("ManorCare"), Fisher Scientific International Inc. ("Fisher"), (collectively, "Defendants") before any proceedings were had in the presence of the jury and prior to the voir dire examination of the jury, file this Motion in Limine, and would respectfully show the Court as follows:

**I.**

1.    To order that Plaintiff, as well as Plaintiff's attorneys, and all other persons involved in this case on their behalf, be instructed not to mention or bring before the jury, either directly or indirectly, upon voir dire, opening statements, interrogation of witnesses, argument, objections before the jury, or any other means or manner, inform the jury or bring to the jury's attention, any of the matters set forth in the paragraphs below, unless and until such matters have

been first called to the Court's attention, out of the presence and/or hearing of the jury, and a favorable ruling has been received as to the admissibility and relevance of such matters.

2.  To order that counsel for Plaintiff be instructed to inform all witnesses called by Plaintiff, not to volunteer, disclose, state or mention to the jury any of the matters set forth in the paragraphs below, unless specifically questioned after a prior ruling by this Court.

3.  To order that the violation of any of these instructions would constitute harm and deprive defendants of a fair and impartial trial, and instruct counsel for Plaintiff that the failure to abide by such order may constitute contempt and necessitate a mistrial.

## II.

These specific actions and/or matters which defendants requests this Court include within the Order in Limine are as follows:

1.  **LIABILITY INSURANCE:** Mentioning or asking any questions, directly or indirectly, about liability insurance because the issue of whether or not DEFENDANTS are protected by liability insurance is immaterial to any issue before the jury and would be prejudicial. *Young v. Knickerbocker Area*, 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't 2001); *Constable v. Matie*, 199 A.D.2d 1004, N.Y.S.2d 10, 1993 (4th Dep't 1993).

2.  **COSTS PAID BY INSURANCE.** Mentioning or offering into evidence that any portion of the costs, investigation, defense or judgment that may be rendered herein will be paid by or was undertaken on behalf of any insurance companies. *Young v. Knickerbocker Area*, 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't 2001); *Constable v. Matie*, 199 A.D.2d 1004, N.Y.S.2d 10, 1993 (4th Dep't 1993).

3.  **CONNECTIONS OF JURORS WITH INSURANCE INDUSTRY:** Inquiring of the jurors as to any connection with the insurance industry. If counsel is sincerely interested in determining whether or not there is any such connection for purposes of exercising strikes, such information is available on the juror information card or a generic inquiry can be made by asking each individual juror his occupation and past occupations. This will provide the relevant information without interjecting insurance into this case. *Graham v. Waite*, 23 A.D.2d 628, 257 N.Y.S.2d 629 (4th Dep't 1965).

4.  **REFERENCES TO INSURANCE EMPLOYEES WHEN QUESTIONING WITNESSES:** Using or referencing the terms "insurance adjuster," "adjuster," "claims man," or

any other term that would lead the jury to believe that liability insurance is or has been involved in this case for the reason that the same improperly interjects insurance into the case. *Young v. Knickerbocker Area;* 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't 2001); *Constable v. Matie,* 199 A.D.2d 1004, N.Y.S.2d 10, 1993 (4th Dep't 1993).

5. **"REGARDLESS OF WHO PAYS":** Interrogating the jury panel as to whether they would answer an issue of damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry for the reason that the same improperly injects the implication of insurance into the suit, or making any such reference in jury argument of similar vein. *Young v. Knickerbocker Area;* 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't 2001); *Constable v. Matie,* 199 A.D.2d 1004, N.Y.S.2d 10, 1993 (4th Dep't 1993).

6. **DEFENDANTS COMPANIES' FINANCIAL CONDITION:** Evidence, discussion of, or reference to the defendant companies' financial condition is inadmissible. *Adams v. Acker,* 57 A.D.2d 741, 394 N.Y.S.2d 8 (App. Div., 1st Dep't 1977); *Nicholas v. Island Industrial Park of Patchogue, Inc.,* 46 A.D.2d 804, 361 N.Y.S.2d 39 (App. Div., 2nd Dep't 1974).

7. **PLAINTIFF'S LACK OF INSURANCE:** Mentioning or referencing that Plaintiff does not have insurance to compensate Plaintiff for any injuries and/or damages. CPLR 4545(c); *Greene v. Frontier Central Dist. School Dist.,* 214 A.D.2d 947, 627 N.Y.S.2d 491 (4th Dep't 1995).

8. **EFFECT OF JURY'S ANSWERS:** Mentioning, referencing or inferring anything which might tend to inform the jury of the effect of their answers to the questions posed in the charge, including any comments to the effect that if questions are not answered in a certain way that no recovery would be had. *See Sharrow v. Dick Corp.,* 86 N.Y.2d 54, 629 N.Y.S.2d 980 (1995).

9. **TRADING PLACES:** Suggesting or asking the jurors to place themselves in the position of Plaintiff because this is an improper appeal to passions and sympathies. *Zemiliansky v. United Parcel Service,* 175 Misc. 829, 24 N.Y.S.2d 672 (1940); *Marcoux v. Farm Service and Supplies, Inc.,* 290 F. Supp.2d 457, S.D.N.Y. (2003)

10. **FAMILY OR FRIENDS ALLEGED EXPOSURE TO ASBESTOS OR THEIR ALLEGED ILLNESSES:** Mentioning or referencing the alleged exposure of family members or friends to asbestos-containing products or their alleged illnesses or death as a result of such exposure because the same is irreparably prejudicial and incurable by instruction. Such evidence is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay, and not relevant to any issue in this case. In addition, such testimony allows into evidence rank hearsay and expert medical opinions

which must come from a qualified expert witness. *Candolifi v. New York City Transit Authority*, 156 Misc.2d 964, 595 N.Y.S.2d 656 (N.Y. Civ. Ct. 1992).

11. **ABSENT WITNESS:** Mentioning or making reference to the failure to call any witness that is equally available to all parties or any witness that is not available to or under the control of defendants or tendering, referring to, reading from, offering or exhibiting any *ex parte* statements or reports from any witness who is not then and there present in Court to testify and subject to examination by defendants' counsel. *Getlin v. St. Vincent's Hospital*, 117 A.D.2d 707, 498 N.Y.S.2d 849 (2d Dep't 1986).

12. **PROBABLE TESTIMONY:** Mentioning or stating to the jury the probable testimony of a witness who is absent or unavailable to defendants. Also, mentioning any failure on the part of defendants to call any expert witness employed to express an opinion. *Getlin v. St. Vincent's Hospital*, 117 A.D.2d 707, 498 N.Y.S.2d 849 (2d Dep't 1986).

13. **UNDISCLOSED CO-WORKERS AND WORKSITES:** Mentioning, referencing or offering any evidence regarding exposure to defendants contractors or associated products at work sites not divulged to defendants in the Plaintiffs deposition, work history sheets, or in response to written discovery. In addition, Plaintiff and co-workers should be prevented from testifying about or mentioning work sites, contractors or products not disclosed in their responses to discovery or depositions. This tactic would unfairly surprise defendants by interjecting fact situations not disclosed in discovery.

14. **UNDISCLOSED WITNESS:** Mentioning or calling any witness, expert or factual, whose identity, address and/or substance of testimony has not been properly and timely disclosed in response to discovery requests directed to the same or that has been disclosed in accordance with any applicable standing Orders governing this litigation.

15. **DEPOSITIONS AT WHICH DEFENDANTS WHICH DEFENDANTS WERE NOT PRESENT:** Mentioning or attempting to introduce into evidence testimony from any deposition at which defendants was not represented and, therefore, was not accorded an opportunity for cross-examination, unless counsel can convince the Court that the said deposition is admissible under New York case law.

16. **DEPOSITION TESTIMONY:** Deposition testimony taken in this case is inadmissible as substantive evidence against defendants unless plaintiff shows the deponent is unavailable or resides more than 150 miles from trial. C.P.L.R. 3117(a)(3)(ii); *Depena v. Metropolitan Ambulance and First Aid Corporation*, 767 N.Y.S.2d 560, 1 Misc.3d 13, 2003 N.Y. Slip Op. 23736; *McGuigan v. Carillo*, 150 Misc.2d 881, 578 N.Y.S.2d 389 (1991).

17. **PERSONAL BELIEFS OR OPINIONS OF COUNSEL FOR PLAINTIFF:** Any statement or remark by Plaintiffs' counsel as to his personal beliefs or opinions (as opposed

to stating what the facts will show or argument regarding the facts in evidence) concerning the equities or justice inherent in Plaintiffs' case, or Plaintiffs' right to recover damages for the reason that the same has been held to be improper argument and comments to the jury.

18. **DISPARAGING OR PREJUDICIAL REFERENCES:** Referencing or making disparaging remarks including use of the terms "murderer," "criminals," "liars," "frauds," "cheats," or any inference that defendants manufactured or generated evidence for the reason that said terms and allegations have been held to be improper and prejudicial appeals to the passions and sympathies of the jury. *Caraballo v. City of New York*, 86 A.D.2d 580, 446 N.Y.S.2d 318 (1st Dep't 1982).

19. **ASBESTOS INDUSTRY:** Referring to defendants "asbestos company" as part of the "asbestos industry", referring to the plaintiff as an "asbestos victim", or the use of other like terms on the grounds such terms are vague, ambiguous and have no common or technical meaning. The use of such terms also has no probative value and will simply inflame the jury. The appellate courts have granted new trials when prejudicial remarks by counsel may have improperly influenced the jury's verdict. *See Kohlmann v. New York City*, 8 A.D.2d 598, 184 N.Y.S.2d 357 (1st Dept 1959) (New trial must be ordered when counsel misconduct may have substantially influenced the outcome); *Bowen v. Mahoney Coal Com.*, 256 A.D. 485, 10N.Y.S.2d 454 (1st Dept 1939) (New trial required when it is impossible to tell how far counsel's improper statements may have influenced the jury); *Weinberger v. New York City*, 97 A.D.2d 819, 820, 468N.Y.S.2d 697 (2nd Dept 1983) (Court cannot rule out strong possibility that improper remarks influenced verdict); *Minneapolis, St. Paul & S.S.M.RY.Co. v. Moguin*, 283 U.S. 520, 521-22 (1931).

20. **IMPROPER OR PREJUDICIAL COMPARISONS:** Referencing in any manner or making prejudicial comparisons between the conduct of defendants and other corporate entities or products such as cigarettes, Ford Pintos, Firestone tires or any other comparison designed to inflame or appeal to the passions of the jury for the reason that such references are improper and may not be cured by an instruction. *People v. Moss*, 215 A.D.2d 594, 626 N.Y.S.2d 835, (App. Div. 2nd Dep't. 1995); *People v. Shelton*, 307 A.D.2d 370, 763 N.Y.S.2d 79, (App. Div. 2nd Dep't. 2003).

21. **SETTLEMENTS OR NEGOTIATIONS:** Mentioning or asking any questions regarding any settlement demands, offers or negotiations between the parties in an effort to resolve this dispute. *Quillen v. Board of Education*, 203 Misc. 320, 115 N.Y.S.2d 122 (Sup. Ct. N.Y. Co. 1952).

22. **IMPROPER AND PREJUDICIAL REFERENCES TO MEDIA:** Mentioning or referencing any media coverage of lawsuits or issues regarding asbestos-related lawsuits for the reason that such evidence is wholly speculative, "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay, and not relevant to any issue in this case.

23.  **INFLAMMATORY PHOTOGRAPHS AND VIDEOTAPES:** Mentioning or informing the jury as to the content of any photographs or videotapes before the same have been presented to counsel for defendants outside of the presence of the jury because the same may be irreparably prejudicial and inflammatory. Additionally, the probative value of such evidence may be greatly outweighed by the prejudice that its exhibition to the jury may cause. *Kingsley v. Mandell Food Stores*, 57 A.D.2d 944, 395 N.Y.S.2d 86 (2d Dep't 1977).

24.  **DEFENDANTS' PRIOR CONDUCT:** Mentioning, suggesting or implying that defendants may have been found guilty of any misconduct, criminal liability, or civil liability in the past. The mere suggestion of any such conduct would be incurably prejudicial, even with a timely objection and favorable ruling. *People v. Cunningham*, 763 N.Y.S.2d 328 (3d Dep't 2003).

25.  **PRIOR "BAD ACTS":** Mentioning, referencing or introducing evidence of any prior action and/or omission on the part of defendants that is not directly related to the incident and allegations at issue for the reason that the same is not admissible on the issues of negligence, character or culpable conduct in connection with the event. *People v. Cunningham*, 763 N.Y.S.2d 328 (3d Dep't 2003).

26.  **PRIOR SUITS BY DEFENDANT:** Mentioning or referencing that defendants may have been involved in any prior or ongoing suits or that a party has never been involved in a prior suit. Additionally, evidence of other prior or pending cases "is substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay. *Sedney v. C.O. Blot, C.O.*, 2003 WL 22839801 (S.D.N.Y.) (2003); *Figueroa v. Boston Scientific Corporation*, 2003 W.L. 21488012 (S.D.N.Y.) (2003).

27.  **SUBSEQUENT REMEDIAL MEASURES:** Mentioning, referencing or introducing evidence of any subsequent remedial measures or actions for the reason that the same are not admissible on the issues of negligence or culpable conduct in connection with the event. Evidence of subsequent measures is also not relevant on the issues of gross negligence. *Caprara v. Chrysler Corp.*, 71 A.D.2d 515, 423 N.Y.S.2d 694 (3d Dep't 1979).

28.  **EXPERT TESTMONY REGARDING THE PROPRIETY OF DEFENDANTS:** Mentioning, referencing, or introducing any evidence of expert testimony regarding the propriety of the defendants' conduct based on a review of the defendants' documents. This testimony is not relevant, reliable or scientifically supportable. *DeLong v. County of Erie*, 60 N.Y.2d 296, 469 N.Y.S.2d 611 (1983); *People v. Cronin*, 60 N.Y.2d 430, 470 N.Y.S.2d 110 (1983). In addition, such testimony invades the province of the trier of fact and is merely the theory of its proponent masquerading as testimony. Such testimony is intended to merely tell the jury how they should view the facts presented to the jury. When the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony. *Id.* Expert testimony as to a matter which

is obviously within the common knowledge of jurors is inadmissible because such expert testimony, almost by definition, can be of no assistance. *Id.* Such expert testimony is also impermissible legal duty evidence which is within the province of the Court and would only serve to confuse the jury and would be irreparably prejudicial. *Id.*

29. **EXPERT TESTIMONY IN THE ABSENCE OF SCIENTIFIC PREDICATE EXCLUSION OF VIDEOTAPED DEMONSTRATIONS:** Mentioning, referencing or introducing any evidence of expert testimony that is premised in speculation or surmise and not on demonstrable underlying scientific data or logical inferences therefrom. Reasonable probability cannot be created by the mere utterance of magic words by a person designated as an expert witness. *Epidemiological Proof in Toxic Tort Litigation*, 42 FORDHAM L. REV. 732 (1984). In New York, novel scientific evidence is not admissible unless the proponent of the evidence can make "a threshold showing that the scientific theory and the procedures used to obtain the result have gained general acceptance in the scientific community and the result achieved is accepted by that community as reliable." *People v. Wesley*, 183 A.D.2d 75, 77, 589 N.Y.S.2d 197, 199 (3d Dep't 1992). Defendants requests a hearing outside the presence of the jury, through voir dire examination, to determine whether the opinions of Plaintiff's expert witnesses satisfy these standards for admissibility. *Id.*

30. **EVIDENCE OF ASBESTOSIS CLAIMS, WORKER COMPENSATION CLAIMS INVOLVING ASBESTOSIS REFERENCES TO KNOWLEDGE OF ASBESTOSIS:** Mentioning, referencing, or introducing any evidence of asbestosis claims or knowledge of the dangers of asbestos linked thereto. This is a mesothelioma case. *Norfolk & Western Ry. v. Ayers*, 123 S. Ct. 1210, 1221, 155 L. Ed. 2d 261, 278 (2003). Further, any workers compensations against the companies should not be admissible.

31. **PRECLUDE ANY FACT WITNESS TESTIMONY THAT PLAINTIFF WOULD HAVE FOLLOWED A WARNING HAD HE BEEN WARNED OF PURPORTED ASBESTOS HAZARDS:** In general, ordinary witnesses, as opposed to expert witnesses, may only testify as to facts and not opinion. <u>Giraldez v. City of NY</u>, 625 N.Y.S. 2d 517 (1st Dept. 1995). The opinion rule requires the ordinary lay witness to confine his or her testimony to a report of facts, and in the absence of a probative need, exclude his inferences, conclusions or opinions. Firsch, NEW YORK EVIDENCE §361. (2nd ed. 1977).

32. **EVIDENCE OF FEAR OF CANCER OR INCREASED RISK OF DISEASE:** Mentioning, referencing or introducing any evidence of fear of cancer or increased risk of disease for the reasons that any "fear of cancer or increased risk" evidence is not based on sound scientific principles and it is, therefore, irrelevant. Under prevailing case law, in order to maintain a cause of action for fear of developing cancer, a plaintiff must establish that he was both exposed to the disease-causing agent and that there was a rational basis for his fear of contracting the disease. *Wolff v. A-One Oil, Inc.*, 216 A.D.2d 291, 627 N.Y.S.2d 788 (2d Dep't 1995).

33. **CASE REPORTS**: Referencing, mentioning and introducing evidence of case reports, case report compilations (for example, the Australian Mesothelioma Register Report), or expert opinions based on such reports to prove causation. Case reports by their very nature are unreliable indicators of causation. Additionally, such case reports are irrelevant, unduly prejudicial, and hearsay, which is likely to confuse the issues and mislead the jury. *See, e.g., Casey v. Ohio Med. Prods.*, 877 F. Supp. 1380, 1385 (N.D. Cal. 1995) (noting that "case reports are not reliable scientific evidence of causation, because they simply describe[] reported phenomena without comparison to the rate at which the phenomena occur in the general population or in a defined control group; do not isolate and exclude potentially alternative causes; and do not investigate or explain the mechanism of causation"); *Hollander v. Sandoz Pharms Corp.*, 289 F.3d 1193, 1211 (10th Cir. 2002); cert. denied, 537 U.S. 1088 (2002) (holding that it was "not unreasonable" for the district court to characterize case reports as "unreliable evidence of causation"); *In re Breast Implant Litig.*, 11 F.Supp.2d 1217, 1227 (D. Colo. 1998) ("To the extent that there are case or anecdotal reports noting various symptoms or signs in breast implanted women, without controls, these suggest only a potential, untested hypothesis that breast implants may cause their disease"); *Wade-Greaux v. Whitehall Labs, Inc.*, 874 F. Supp. 1441, 1481 (D.V.I. 1994), aff'd, 46 F.3d 1120 (3d Cir. 1994) (excluding case reports and expert testimony based thereon because such reports are merely "anecdotal information of chance association"); *Hall v. Baxter Healthcare*, 947 F.Supp. 1387, 1411 (D. Or. 1996) ("case reports and case studies are universally regarded as an insufficient scientific basis for a conclusion regarding causation because case reports lack controls").

34. **REFERENCES TO OR EVIDENCE OF ALLEGED DUTY ON THE PART OF DEFENDANTS TO PROVIDE WARNINGS IN THE ABSENCE OF THE REQUISITE PREDICATE**: Mentioning, referencing or introducing any evidence of any alleged failure to provide adequate warnings in the absence of the requisite predicate showing of knowledge at the time of dissemination of the product for the reason that in the absence of such a predicate there is no such duty, any such evidence is not relevant, and the probative value of such evidence is greatly outweighed by its prejudicial effect. *Opera v. Hyva, Inc.*, 86 A.D.2d 373; 450 N.Y.S.2d 615 (4th Dep't 1982).

35. **EVIDENCE OR EXHIBITS NOT INCLUDED ON PLAINTIFF'S EXHIBIT LIST**: Mentioning, referencing or introducing any evidence, documents or exhibits that Plaintiff's counsel failed to timely produce to defendants and/or failed to list on Plaintiff's list of exhibits. Any reference to documents not previously produced would seriously hinder the lab supply defendant's ability to defend itself. Such improper references could not be cured by objections of counsel or instructions by the Court.

36. **SUMNER SIMPSON PAPERS AND DOCUMENTS FROM OTHER COMPANIES**: Mentioning, referencing or introducing any evidence, documents or exhibits regarding the "Sumner Simpson Papers," "Ames" documents, Saranac

documents, correspondence and corporate records of such companies as Johns-Manville, U.S. Gypsum, Owens-Illinois, Raybestos and Owens-Corning Fiberglas and other corporate documents of corporations other than defendants for the reason that the same represent an improper attempt to impute the knowledge of asbestos miners and manufacturers of asbestos-containing products to defendants which is a manufacturer of valves and pumps and other industrial equipment rather than a miner or manufacturer of asbestos-containing products. Additionally, such evidence is irrelevant and irreparably prejudicial. *In Re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831 (1992)

37. **EXHIBITS WHICH HAVE NOT BEEN PREVIOUSLY TENDERED TO COUNSEL AND A RULING OBTAINED FROM THE COURT:** Mentioning, referencing or showing to the jury any exhibit or document not previously tendered to the Court and a ruling obtained as to its admissibility. The Court should prohibit reference to any such evidence, even if relevant, unless the Court has found that its probative value is not substantially outweighed by its prejudicial effect.

38. **EVIDENCE OR REFERENCES TO PRODUCTS MANUFACTURED USED OR SOLD AFTER LAST DATE OF ALLEGED EXPOSURE:** Mentioning, referencing or introducing any evidence of products manufactured, used or sold after the last date of exposure as alleged by Plaintiff, because any such evidence is not relevant to any issue in this case, and the prejudice inherent in such evidence greatly outweighs the probative value, if any, of such evidence. More specifically, evidence concerning products manufactured, used or sold, after the date of the last alleged exposure of Plaintiff, "is substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay. *Caprara v. Chrysler Corp.*, 71 A.D.2d 515, 523 N.Y.S.2d 694 (3d Dep't 1979).

39. **EVIDENCE AFTER PLAINTIFF'S ALLEGED LAST EXPOSURE TO ASBESTOS:** Mentioning, referencing or introducing into evidence post-exposure documents sent to or written by defendants or other defendants and/or their predecessor entities, or general articles from the scientific or medical community in an attempt to show that particular defendants had a "knowledge" of health hazards connected with plaintiff's employment. Such evidence should be excluded as irrelevant. *Bolm v. Trumph Corp.*, 422 N.Y.S.2d 969, 975 (4th Dep't 1979); *In Re Eighth Judicial District Asbestos Litigation*, 576 N.Y.S.2d 757 (Erie County 1991).

40. **EVIDENCE OR REFERENCES TO PRODUCTS AND LITERATURE PRODUCED BY OTHER MANUFACTURERS:** Mentioning, referencing or introducing any evidence of products and literature generated by other manufacturers or contractors because the same is not relevant to the issues in this case and constitutes inadmissible hearsay.

41. **EVIDENCE OR REFERENCES TO OTHER PRODUCTS AND/OR EQUIPMENT MANUFACTURED BY DEFENDANTS :** Mentioning, referencing or introducing any evidence of other products which may have been manufactured by defendants but

are not at issue in this case, including documents listed on plaintiff's exhibit list, because same is not relevant to the issues in this case and will create undue prejudice, confuse the issues and/or mislead the jury. *People v. Davis*, 43 N.Y.2d 17, 27, 371 N.E.2d 456 (1977); *People v. Primo*, 96 N.Y.2d 351, 753 N.E.2d 164 (2001).

42. **EVIDENCE OR REFERENCES TO AN ALLEGED BAN ON ASBESTOS:** Mentioning, referencing or introducing any evidence of the Environmental Protection Agency ("EPA") hearings on asbestos, the testimony presented at the EPA hearings and the EPA's alleged "ban" of products containing asbestos. Such references are inaccurate and irreparably prejudicial. The EPA has not banned asbestos. Asbestos is still in use in various forms and the EPA's attempt to ban asbestos was specifically overruled in *Corrosion Proof Fittings v. Environmental Protection Agency*, 947 F.2d 1201 (5th Cir 1991).

43. **BREACH OF WARRANTY:** Strict liability in tort has assumed implied warranties in personal injury actions. Express warranties require specific factual showings before they are applicable to this case. Accordingly, defendants seeks an order in limine (1) requiring a factual basis to establish an express warranty before mention of the same can be made to the jury; and (2) precluding any reference to implied warranties. *Mastrangelo v. Howmedica, Division of Pfizer Hospital Product Group, Inc.*, 903 F.Supp 439 (1995).

44. **REFERENCE TO OR EVIDENCE OF ANY PURPORTED DUTY OR FAILURE ON THE PART OF DEFENDANTS TO PROVIDE WARNINGS DIRECTLY TO PLAINTIFF (LEARNED INTERMEDIARY DOCTRINE):** Mentioning, referencing or introducing any evidence of an alleged duty or failure on the part of defendants to provide warnings directly to Plaintiff for the reason that the same is an incorrect statement of the law, constitutes a legal issue within the province of the Court, and the prejudice inherent in such evidence greatly outweighs the probative value, if any, of such evidence and would only serve to confuse the jury. Furthermore, the probative value of evidence concerning a failure to provide warnings directly to Plaintiff is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay. Although a manufacturer may be incapable of providing warnings directly to Plaintiff, the jury may place unfair emphasis on such a failure and effectively impose a duty on defendants which does not exist in law. The existence of such a duty lies with the Court and is not within the province of the jury.

45. **POST-TRIAL MATTERS:** Mentioning or commenting to the jury that the judge or an appellate court may have a right, duty or ability to alter or change the ultimate verdict of the jury in this cause or to review the verdict in any manner.

46. **DESTROYED RECORDS:** Mentioning, implying or suggesting to the jury that defendants has destroyed records about asbestos to keep them from being seen by counsel in this case or in any other case without first offering proof for the Court that defendants has in fact purposely destroyed any such record. Plaintiffs'

attempt to do this before the jury would be so prejudicial that defendants could not receive a fair trial.

47. **CORPORATE AMERICA:** Mentioning or offering into evidence any comments or insinuations that corporate America is evil as represented by the recent activities of Enron and World Com. Any such reference would be highly prejudicial, totally irrelevant to this case, and would be used only to prejudice the Defendants.

48. **PRECLUDE THE CONSIDERATION OF PUNITIVE DAMAGES AND EVIDENCE RELATING TO RECKLESS OR CONCERTED ACTION:** Plaintiffs have not produced any evidence that any acts by defendants rise to the level of moral culpability as to justify the imposition of punitive damages. See Conway v. Brooklyn Union Gas Co., 189 A.D.2d 851, 852 (2d Dep't 1993). The imposition of punitive damages is only appropriate where "'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome." Maltese v. Westinghouse Elec. Corp., 89 N.Y.2d 955, 957 (N.Y. 1997); Saarinen v. Kerr, 84 N.Y.2d 494, 501 (1994)). In asbestos litigation, product identification alone, without proof of "reckless disregard for the workers' safety," is insufficient to justify the imposition of punitive damages. Id; see also In re New York City Asbestos Litig., 173 Misc. 2d 121, 130 (Sup. Ct. 1997). As plaintiff has presented no evidence that would meet this standard, it is respectfully requested that the Court enter an Order precluding the imposition of punitive damages.

49. **PERMIT OFFSET AGAINST ANY VERDICT:** Plaintiffs brought these actions against several defendants. Upon information and belief, certain defendants have settled with the Plaintiffs for damages at issue in this litigation. Under General Obligations Law Section 15-108, the jury should apportion liability to these settling defendants and their names should appear on the jury verdict sheet. Also pursuant to General Obligations Law Section 15-108, any verdict should be offset in an amount equal to the jury's apportionment of liability to these settling defendants or the individual defendant's settlement amount, whichever amount is greater.

50. **CONSIDERATION OF BANKRUPT DEFENDANTS:** Additionally, New York Courts have held that a solvent tortfeasor in a personal injury or wrongful death lawsuit whose percentage of fault is less than fifty percent should not absorb the liability for non-economic losses of a tortfeasor that has filed for bankruptcy. Anthony Tancredi v. A.C.&S., Inc., 2002 Slip.Op. 22712, 750 N.Y.S.2d 469 (Sup. Ct. NY County, 2002), aff'd, In re New York City Asbestos Litigation, 6 A.D. 3d 352, 775 N.Y.S. 2d 520 (1st Dept. 2004). The general legislative intent of Article 16 is to remedy the inequities created by joint and several liability on low-fault, deep pocket defendants. Therefore, the above Court concluded that jurisdiction in CPLR Section 1601(1) includes personal jurisdiction and that the culpability of a bankrupt, non-party tortfeasor will be included when calculating the defendant-tortfeasors' exposure under the CPLR unless plaintiff proves that he cannot obtain

personal jurisdiction over the bankrupt or its estate. Here we have no such a showing by the Plaintiffs, and therefore the bankrupt entities at issue in this litigation should be included on the verdict sheet and their liability considered.

Defendants incorporate the Motions in Limine filed on behalf of any co-Defendants in this case.

### III.

The Defendants also move the Court to order that each of the above matters are generally inadmissible, irrelevant and highly prejudicial to defendants and would deny defendants the right to a fair trail even if a timely objection was made and sustained.

### IV.

Defendants also move the Court that should any matters set forth above become material, relevant or admissible, that Plaintiff should bring such matters to the Court's attention outside the presence of the jury and should receive a favorable ruling thereon before mentioning those items before the jury. Failure of the Court to grant this motion will allow opposing counsel and their client a free hand to inject such inadmissible and prejudicial matters as listed above before the jury, and that even an objection, timely and properly sustained, would not prevent the injury defendants would suffer.

**No prior request has been made in this or any other Court for the relief requested herein.**

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that the Court grant this motion in its entirety and enter an order suppressing all of the above-enumerated items until such time as those items have first been presented to the Court outside the hearing and presence of the jury and the Court has made its ruling on the admissibility thereof.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court grant relief sought herein, together with such other and further relief as this Court deems just and proper.

Dated: August 22, 2007
New York, New York

Respectfully submitted,

| | |
|---|---|
| **DRINKER BIDDLE & REATH LLP**<br>140 Broadway, 39th Floor<br>New York, New York 10005<br>(212) 284-3140<br>Attorneys for Defendant<br>Baxter Healthcare Corporation<br><br>By: _____<br>Daniel B. Carroll | **REED SMITH LLP**<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 0850<br>(609) 987-0050<br>Attorneys for Defendant<br>ManorCare Health Services, Inc.<br><br>By: _____<br>Greg A. Dadika |
| **HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**<br>40 Paterson Street<br>New Brunswick, New Jersey 08901<br>(732) 545-4717<br>Attorneys for Defendant<br>Fisher Scientific International Inc.<br><br>By: _____<br>Kristy Kulina Lyons | **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**<br>530 Saw Mill River Road<br>Elmsford, NY 10523<br>Attorneys for Defendants<br>VWR International, Inc. and Univar USA Inc.<br><br>By: _____<br>Carol M. Tempesta |

{PH193895.1}

Index No.    114120-06    Year    RJI No.    Hon.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN RE: NEW YORK CITY ASBESTOS LITIGATION,

This Document Relates To: CHRISTIAN HOLINKA,

                Plaintiff,

-against-

A.W. CHESTERTON et al.,

                Defendants.,

### ORDER TO SHOW CAUSE, CERTIFICATION AND OMNIBUS MOTION *IN LIMINE*

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Univar USA Inc. and VWR International, Inc.
Office and Post Office Address, Telephone
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

To    Signature (Rule 130-1.1-a)

        Print name beneath

Attorney(s) for

Service of a copy of the within    is hereby admitted.

Dated,

        Attorneys for:

**Please take notice**
☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order    of which the within is a true copy will be presented for
settlement to the HON.    one of the judges
of the within named court, at
on    at    M

Dated,
        Yours, etc.

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Office and Post Office Address
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701