SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually,<br><br>         Plaintiff,<br><br>- against -<br><br>A.O. SMITH WATER PRODUCTS CO., et al.,<br><br>         Defendants. | I.A.S. Part 11 (Madden, J.)<br><br>Index No. 115546-06<br><br>**AFFIRMATION OF SANDRA K. STEINMAN IN SUPPORT OF UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S MOTION *IN LIMINE*** |

This document relates to

| | |
|---|---|
| Frank Bianco | Index No. 115546-06 |
| Karl Felten | Index No. 114005-06 |
| Christian Holinka | Index No. 114120-06 |
| Frederick Ritzer | Index No. 111328-06 |
| Joseph Saccomano | Index No. 113299-06 |

    SANDRA K. STEINMAN, an attorney duly admitted to practice before the courts of this state, affirms the following to be true under penalties of perjury:

    1.  I am an attorney with the law firm Anderson Kill & Olick, P.C., counsel in the above-captioned action for defendant Union Carbide Chemicals and Plastics Company, Inc. I am fully familiar with the facts and circumstances set forth herein.

    2.  I respectfully submit this affirmation in support of Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine* for an order seeking Disclosure of Information Regarding Previous Settlements, together with such other and further relief as the Court deems just and proper.

NYDOCS1-870176.1

3. Based on all pleadings herein and argument to be made before this Court, Union Carbide Chemicals and Plastics Company, Inc.'s motion should be granted in its entirety.

WHEREFORE, Union Carbide Chemicals and Plastics Company, Inc. respectfully requests that this Court issue an Order granting Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine*, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 22, 2007

ANDERSON KILL & OLICK, P.C.

By: _____
Sandra K. Steinman
1251 Avenue of the Americas
New York, New York 10020-1182
(212) 278-1000

Attorneys for Union Carbide Chemicals and Plastics Company, Inc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>A.O. SMITH WATER PRODUCTS CO., et al.,<br><br>　　　　　　　　　　　　　　Defendants. | I.A.S. Part 11 (Madden, J.)<br><br>Index No. 115546-06<br><br>**DEFENDANT'S MOTION *IN LIMINE* FOR DISCLOSURE OF INFORMATION REGARDING PREVIOUS SETTLEMENTS** |
| This document relates to<br>　Frank Bianco　　　　Index No. 115546-06<br>　Karl Felten　　　　　Index No. 114005-06<br>　Christian Holinka　　Index No. 114120-06<br>　Frederick Ritzer　　　Index No. 111328-06<br>　Joseph Saccomano　Index No. 113299-06 | |

COMES NOW Defendant Union Carbide Corporation ("Union Carbide"), and moves the Court, *in limine*, for an order requiring Plaintiffs to disclose the amount, date, and source of all previous settlements agreed to or paid in this action.[1]

I. **INTRODUCTION**

There are numerous defendants in this action, most, if not all of whom, will settle with Plaintiffs, leaving only a few defendants remaining entering trial. Since those defendants remaining are entitled to a credit against any potential award of damages due to any prior settlements, defendants have a vested financial interest in all pertinent information regarding those settlement agreements. For this reason, and as expressed

NYDOCS1-870286.1

more fully below, Union Carbide respectfully requests that this Court order Plaintiffs to disclose the amount, date, and source of all previous settlements agreed to or paid in this action, and all pending and anticipated claims or proofs filed by or on behalf of Mr. Helfand with the bankruptcy trusts, including but not limited to, the Manville Personal Injury Settlement Trust, the H.K. Porter Asbestos Trust, the Celotex Asbestos Settlement Trust, the J.T. Thorpe Company Successor Trust, the Shook & Fletcher Asbestos Settlement Trust, the M.H. Detrick Company Asbestos Trust, and the MacArthur Company (Western Asbestos Settlement Trust).

II. **GOOD CAUSE EXISTS TO ORDER PLAINTIFFS TO DISCLOSE ALL PERTINENT INFORMATION REGARDING ALL PAST SETTLEMENT AGREEMENTS AND BANKRUPTCY TRUST CLAIM FORMS IN THIS ACTION**

New York General Obligations Law Section 15-108 provides that plaintiff's recovery from any non-settling tortfeasor shall be reduced or diminished by any amount recovered in good faith settlement. See, e.g., Chen Yen Kao v. Wang, 98 A.D.2d 79, 710, 469 N.Y.S.2d 109 (2d Dep't 1983). Section 15-108 states, in pertinent part:

> When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death... **it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant**, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

---

[1] At this time, there has been no identification of products containing Union Carbide's Calidria asbestos in any of the five cases represented by the above-styled caption. It is on this basis that Union Carbide submits this consolidated motion *in limine*. However, should Plaintiffs offer evidence of product identification that could implicate Union Carbide's Calidria asbestos in any of the five (5) cases, Union Carbide reserves the right to oppose the consolidation of said cases at that time.

NYDOCS1-870286.1                                  2

N.Y. General Obligations Law § 15-108 (McKinney 2007) (emphasis added).

Indeed, Union Carbide has a palpable financial interest in this information. As the Appellate Division, First Department has explained, the purpose of allotting a nonsettling defendant credit for the settlement of other tortfeasors is to ensure that "a tortfeasor who proceeds to verdict is not held responsible for more than his equitable share of the plaintiff's damages... ." In re New York City Asbestos Litig., 188 A.D.2d 214, 218, 593 N.Y.S.2d 43 (1st Dep't 1993) (citing Williams v. Niske, 181 A.D.2d 307, 310 (1st Dep't 1992)).

Accordingly, Union Carbide seeks disclosure of the amounts of previous settlements in this case as it has the right to know the credits to which it is entitled. Similarly, Union Carbide seeks disclosure of any trust claim forms or proof of claims forms filed by or on behalf of Mr. Helfand with any and all bankruptcy trusts. Good cause exists to order Plaintiffs to disclose all information regarding all past settlement agreements and trust claim forms in this action.

III. **CONCLUSION**

For the foregoing reasons, Union Carbide respectfully request that the Court require Plaintiffs to disclose the amount, date, and source of all previous settlements agreed to or paid in this action and any and all trust claim forms or proof of claim forms filed by or on behalf of Mr. Helfand.

Dated: New York, New York
August 22, 2007

Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

Judith A. Yavitz
Sandra K. Steinman

1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Union Carbide Chemicals and Plastics Company, Inc.