SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually,<br><br>Plaintiff,<br><br>- against -<br><br>A.O. SMITH WATER PRODUCTS CO., et al.,<br><br>Defendants. | I.A.S. Part 11 (Madden, J.)<br><br>Index No. 115546-06<br><br>**AFFIRMATION OF SANDRA K. STEINMAN IN SUPPORT OF UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S MOTION *IN LIMINE*** |

This document relates to

| | |
|---|---|
| Frank Bianco | Index No. 115546-06 |
| Karl Felten | Index No. 114005-06 |
| Christian Hollnka | Index No. 114120-06 |
| Frederick Ritzer | Index No. 111328-06 |
| Joseph Saccomano | Index No. 113299-06 |

SANDRA K. STEINMAN, an attorney duly admitted to practice before the courts of this state, affirms the following to be true under penalties of perjury:

1. I am an attorney with the law firm Anderson Kill & Olick, P.C., counsel in the above-captioned action for defendant Union Carbide Chemicals and Plastics Company, Inc. I am fully familiar with the facts and circumstances set forth herein.

2. I respectfully submit this affirmation in support of Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine* for an order seeking to Preclude Evidence Regarding Union Carbide's Corporate Structure or Its Relationship to the Dow Chemical Company, together with such other and further relief as the Court deems just and proper.

NYDOCS1-870178.1

3. Based on all pleadings herein and argument to be made before this Court, Union Carbide Chemicals and Plastics Company, Inc.'s motion should be granted in its entirety.

WHEREFORE, Union Carbide Chemicals and Plastics Company, Inc. respectfully requests that this Court issue an Order granting Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine*, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 22, 2007

                         ANDERSON KILL & OLICK, P.C.

By: _____
Sandra K. Steinman
1251 Avenue of the Americas
New York, New York 10020-1182
(212) 278-1000

Attorneys for Union Carbide Chemicals and Plastics Company, Inc.

NYDOCS1-870178.1                    2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually,<br><br>Plaintiff,<br><br>- against -<br><br>A.O. SMITH WATER PRODUCTS CO., et al.,<br><br>Defendants. | I.A.S. Part 11 (Madden, J.)<br><br>Index No. 115546-06<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING UNION CARBIDE'S CORPORATE STRUCTURE OR IT RELATIONSHIP TO THE DOW CHEMICAL COMPANY** |
| This document relates to<br>Frank Bianco        Index No. 115546-06<br>Karl Felten          Index No. 114005-06<br>Christian Holinka    Index No. 114120-06<br>Frederick Ritzer     Index No. 111328-06<br>Joseph Saccomano  Index No. 113299-06 | |

COMES NOW Defendant Union Carbide Corporation ("Union Carbide"), and moves the Court, *in limine*, for an order prohibiting Plaintiffs from presenting, referring to, or offering evidence or argument at trial, whether through testimony or records, regarding Union Carbide's corporate structure or its relationship to The Dow Chemical Company ("TDCC").[1] By virtue of timing, TDCC is a stranger to these proceedings.

---

[1] At this time, there has been no identification of products containing Union Carbide's Calidria asbestos in any of the five cases represented by the above-styled caption. It is on this basis that Union Carbide submits this consolidated motion *in limine*. However, should Plaintiffs offer evidence of product identification that could implicate Union Carbide's Calidria asbestos in any of the five (5) cases, Union Carbide reserves the right to oppose the consolidation of said cases at that time.

NYDOCS1-870284.1

I.  **INTRODUCTION**

Union Carbide is an industrial company whose major lines of business have included chemicals, plastics, industrial gases, and carbon products. Union Carbide was originally incorporated in the state of New York on November 1, 1917, as Union Carbide and Carbon Company. In 1957, Union Carbide and Carbon Company changed its name to Union Carbide Corporation. On February 6, 2001, Union Carbide became a subsidiary of TDCC.

Union Carbide is being sued in this case as a raw material supplier to certain tape-joint compound and floor tile manufacturers. The type of asbestos Union Carbide sold was called "Calidria," which refers to the fact that it was mined from the New Idria Serpentine Deposit in California. Calidria is a unique short-fiber form of chrysotile asbestos uncontaminated by tremolite. Union Carbide was only in the business of selling asbestos from 1963 to 1984, many years before it became a subsidiary of TDCC. Throughout the time that Union Carbide was in the asbestos business, sales were relatively small. Even as Union Carbide attempted to develop business, Union Carbide remained a relatively small participant with a narrow focus on developing applications suitable for Calidra's unique fibers. At all relevant times, Union Carbide's involvement with its unique Calidria fiber was an extremely small part of its diversified operations which never overlapped with Union Carbide's affiliation with TDCC. As a result, any mention of Union Carbide's current corporate relationship with TDCC is irrelevant to the Calidria supply issues at issue in this case.

NYDOCS1-870284.1                                        2

II. **ARGUMENT**

Under New York law, only relevant evidence is admissible. Evidence is relevant if it has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." People v. Davis, 43 N.Y.2d 17, 27, 400 N.Y.S.2d 735 (1977) (citing Uniform Rules of Evidence Rule 401); see also People v. Aulet, 111 A.D.2d 822, 825, 490 N.Y.S.2d 567 (2d Dep't 1985) (affirming exclusion of evidence as not relevant or probative). In other words, evidence is relevant and admissible if "it has any tendency in reason to prove the existence of any material fact." Am. Motorist Ins. Co. v. Schindler Elevator Corp., 291 A.D.2d 467, 468, 739 N.Y.S.2d 388, 389 (2nd Dep't 2002). Relevancy requires that facts should not be submitted to the jury unless logically and legally relevant to the issues presented for determination at trial. See id. Thus, irrelevant evidence must be excluded. See id.

Evidence, although otherwise relevant, may still not be admissible. A court has the discretion to exclude relevant evidence if "its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury." See People v. Scarola, 71 N.Y.2d 769, 777 (1988).

Union Carbide anticipates that Plaintiffs may attempt to introduce evidence, whether through references in his opening statement or through documents or testimony, that Union Carbide is synonymous with TDCC in an attempt to inflate the jury's impression of the size of the Calidria business or Union Carbide's wherewithal to pay any judgment against it.

However, Plaintiffs can only assert their claims against Union Carbide as that is the entity that sold Calidria asbestos. TDCC currently owns Union Carbide's stock, but this relationship was created many years after the time period relevant to this case, which is the period during which Union Carbide sold Calidria asbestos to certain tape joint compound and floor tile manufacturers, a sales relationship which ended by the 1980's. The current corporate relationship between Union Carbide and TDCC is thus utterly irrelevant to the scope of this action. See Scarola, 71 N.Y.2d at 777. Accordingly, any reference to TDCC should be excluded. TDCC's acquisition of Union Carbide in 2001, many years after the events at issue in this lawsuit, is entirely irrelevant, and references to TDCC would only serve to confuse the jury and prejudice Union Carbide. See id. Moreover, such evidence could mislead the jury and unfairly prejudice their view of the Calidria business by inextricably linking it with TDCC, a vastly larger company that had nothing to do with Calidria operations. See id.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Union Carbide respectfully request that the Court prohibit Plaintiffs from presenting, referring to, or offering evidence or argument regarding its corporate structure or relationship with TDCC.

Dated: New York, New York
August 22, 2007

Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

_____
Judith A. Yavitz
Sandra K. Steinman

1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Union Carbide Chemicals and Plastics Company, Inc.