SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually,<br><br>                        Plaintiff,<br><br>- against -<br><br>A.O. SMITH WATER PRODUCTS CO., et al.,<br><br>                        Defendants. | I.A.S. Part 11 (Madden, J.)<br><br>Index No. 115546-06<br><br>**AFFIRMATION OF SANDRA K. STEINMAN IN SUPPORT OF UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S MOTION *IN LIMINE*** |
| This document relates to<br>   Frank Bianco        Index No. 115546-06<br>   Karl Felten          Index No. 114005-06<br>   Christian Holinka    Index No. 114120-06<br>   Frederick Ritzer     Index No. 111328-06<br>   Joseph Saccomano  Index No. 113299-06 | |

      SANDRA K. STEINMAN, an attorney duly admitted to practice before the courts of this state, affirms the following to be true under penalties of perjury:

      1.    I am an attorney with the law firm Anderson Kill & Olick, P.C., counsel in the above-captioned action for defendant Union Carbide Chemicals and Plastics Company, Inc. I am fully familiar with the facts and circumstances set forth herein.

      2.    I respectfully submit this affirmation in support of Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine* for an order seeking to Exclude All References at Trial to Industrial/Chemical Accidents, together with such other and further relief as the Court deems just and proper.

NYDOCS1-870179.1

3.  Based on all pleadings herein and argument to be made before this Court, Union Carbide Chemicals and Plastics Company, Inc.'s motion should be granted in its entirety.

WHEREFORE, Union Carbide Chemicals and Plastics Company, Inc. respectfully requests that this Court issue an Order granting Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine*, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 22, 2007

                                                              ANDERSON KILL & OLICK, P.C.

                                  By: _____
                                        Sandra K. Steinman
                                        1251 Avenue of the Americas
                                        New York, New York  10020-1182
                                        (212) 278-1000

                                        Attorneys for Union Carbide Chemicals and
                                        Plastics Company, Inc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually,<br><br>         Plaintiff,<br><br>- against -<br><br>A.O. SMITH WATER PRODUCTS CO., et al.,<br><br>         Defendants. | I.A.S. Part 11 (Madden, J.)<br><br>Index No. 115546-06<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ALL REFERENCES AT TRIAL TO INDUSTRIAL/CHEMICAL ACCIDENTS** |

This document relates to

| | |
|---|---|
| Frank Bianco | Index No. 115546-06 |
| Karl Felten | Index No. 114005-06 |
| Christian Holinka | Index No. 114120-06 |
| Frederick Ritzer | Index No. 111328-06 |
| Joseph Saccomano | Index No. 113299-06 |

    COMES NOW Defendant Union Carbide Corporation ("Union Carbide"), and moves the Court, *in limine*, for an order prohibiting Plaintiffs from referring to, offering evidence of, or examining witnesses regarding industrial or chemical accidents.[1] As set forth below, such evidence is irrelevant to the issues in this case and would only inflame the jury and foster prejudice against Union Carbide.

I. **INTRODUCTION**

    Plaintiffs contend that Harvey Helfand developed mesothelioma from exposure to asbestos-containing products made by several companies. Plaintiffs claim that some of those products contained asbestos mined by Union Carbide. Thus, to

prevail against Union Carbide, Plaintiffs must prove that Mr. Helfand's injuries were a result of his exposure to asbestos, that exposure to Union Carbide's Calidria asbestos was a substantial cause of his injuries, and as a result, Union Carbide is now liable for Plaintiffs' injuries.

Union Carbide anticipates that Plaintiffs may attempt to introduce evidence of irrelevant incidents which allegedly involved Union Carbide but which are not related in any way to Union Carbide's alleged liability for asbestos-containing products used by or in the vicinity of Mr. Helfand. By way of illustration, but without limitation, such irrelevant incidents may include:

1. An incident in the 1930's at Gauley Bridge, West Virginia, in which workers died while tunneling through Hawk's Nest Mountain;

2. A 1981 incident in which propylene oxide was released into the Kanawha River in West Virginia;

3. A 1984 incident at Bhopal, India, in which a chemical plant leaked isocyanate gas.

These incidents are wholly unrelated to any of the issues in this case. They are remote as to time, product, premises, and the entities allegedly involved. Evidence purportedly related to these incidents, or other incidents not related to the products or premises at issue, is, therefore, irrelevant, unfairly prejudicial, and inadmissible.

---

[1] At this time, there has been no identification of products containing Union Carbide's Calidria asbestos in any of the five cases represented by the above-styled caption. It is on this basis that Union Carbide submits this consolidated motion *in limine*. However, should Plaintiffs offer evidence of product identification that could implicate Union Carbide's Calidria asbestos in any of the five (5) cases, Union Carbide reserves the right to oppose the consolidation of said cases at that time.

NYDOCS1-870279.1                    2

II.  **ARGUMENT**

Under New York law, only relevant evidence is admissible. "Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." People v. Davis 43 N.Y.2d 17, 27, 400 N.Y.S.2d 735 (1977); Uniform Rules of Evidence (U.L.A.) Rule 401; Damakily v. Patire, 301 A.D.2d 600, 602, 754 N.Y.S.2d 308, 310 (2nd Dep't 2003). In other words, evidence is relevant and admissible if "it has any tendency in reason to prove the existence of any material fact." Am. Motorist Ins. Co. v. Schindler Elevator Corp., 291 A.D.2d 467, 468, 739 N.Y.S.2d 388, 389 (2nd Dep't 2002) (quoting People v. Scarola, 71 N.Y.2d 769, 777, 530 N.Y.S.2d 83). Relevancy requires that facts should not be submitted to the jury unless they are logically and legally relevant to the issues presented for determination at trial. Thus, irrelevant evidence must be excluded.

Evidence of prior accidents, occurrences, and injuries is relevant only when there is similarity between the issue to be tried and the other accidents, occurrences, or injuries. See Ramirez v. Sears, Roebuck & Co., 653 N.Y.S.2d 944, 946 (2d Dep't 1997); Whiter v. State, 538 N.Y.S.2d 661, 662 (3d Dep't 1989). Plaintiff cannot reasonably contend that the above-mentioned accidents or any other non-asbestos-related incidents meet the similarity requirement under New York law. This case involves Union Carbide's supply of Calidria asbestos to certain tape joint compound and floor tile manufacturers during limited time periods in the 1960's through the 1970's. No incidents involving industrial accidents at Union Carbide plants (including, for instance, the Bhopal incident) have any connection to Plaintiffs' claims

against Union Carbide for its production of Calidria, or happened with any similarity of time, place, condition, or circumstances to any of the claims brought by Plaintiffs in these cases. Any attempt by Plaintiffs to introduce any of these incidents into this trial would serve only to improperly influence the jury with irrelevant evidence. Evidence of these incidents is therefore inadmissible.

Further, even if any of the above-mentioned incidents were in any way relevant to Union Carbide's liability in this case, evidence addressing these incidents should still be excluded as its introduction would be unfairly prejudicial and misleading. See People v. Scarola, 71 N.Y.2d 769, 777 (1988) (determining evidence may be excluded "if its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury"). The probative value of industrial accidents, if any, is extremely low, while the potential prejudice to Union Carbide is significant. Such evidence would allow Plaintiffs to divert the jurors' attention away from the issues in this case and onto other allegedly "bad conduct" of a highly inflammatory nature that would force Union Carbide to defend multiple claims in this action. For these reasons, other courts have refused to admit such irrelevant evidence. See, e.g., Union Carbide Corp. v. Montell, N.V., 28 F. Supp. 2d 833, 838 (S.D.N.Y. 1998) (granting motion in limine in antitrust case to exclude references to Bhopal incident "as the prejudice and confusion that would result from the admission of this evidence, which is only of the slightest relevance, outweighs its probative value."). Allowing any of the above-referenced incidents into evidence would serve no purpose for Plaintiffs but to try to inflame the passions of the jury, and give the jury license to find Union Carbide liable for events wholly unrelated to any asbestos-related claim made by Plaintiffs in this case.

NYDOCS1-870279.1                                4

Furthermore, allowing Plaintiff's to introduce such evidence would force Union Carbide to engage in mini-trials, as there are substantial issues as to whether Union Carbide was even the entity responsible for the above-referenced issues. The Court's time and resources, as well as that of the jury, would be wasted on these ancillary proceedings that would have no bearing on the final outcome of the case, as they are unrelated to Plaintiffs' allegations of asbestos exposure.

Therefore, such evidence should be excluded at trial.

III. **CONCLUSION**

Only evidence relevant to Union Carbide's Calidria asbestos product is relevant to this case. Plaintiffs may try to inject the irrelevant, above-referenced incidents and/or other similar incidents into this trial in hopes of unfairly prejudicing the jury against Union Carbide. Union Carbide, therefore, requests that this Court exclude any references at trial to any of the above-referenced incidents or any other non-asbestos-related incidents.

Dated: New York, New York
August 22, 2007

Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

Judith A. Yavitz
Sandra K. Steinman

1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Union Carbide Chemicals and Plastics Company, Inc.

NYDOCS1-870279.1          6