SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually, | I.A.S. Part 11 (Madden, J.) |
| Plaintiff, | Index No. 115546-06 |
| - against - | **AFFIRMATION OF SANDRA K. STEINMAN IN SUPPORT OF UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S MOTION *IN LIMINE*** |
| A.O. SMITH WATER PRODUCTS CO., et al., | |
| Defendants. | |

This document relates to

| | |
|---|---|
| Frank Bianco | Index No. 115546-06 |
| Karl Felten | Index No. 114005-06 |
| Christian Holinka | Index No. 114120-06 |
| Frederick Ritzer | Index No. 111328-06 |
| Joseph Saccomano | Index No. 113299-06 |

SANDRA K. STEINMAN, an attorney duly admitted to practice before the courts of this state, affirms the following to be true under penalties of perjury:

1.    I am an attorney with the law firm Anderson Kill & Olick, P.C., counsel in the above-captioned action for defendant Union Carbide Chemicals and Plastics Company, Inc. I am fully familiar with the facts and circumstances set forth herein.

2.    I respectfully submit this affirmation in support of Union Carbide Chemicals and Plastics Company, Inc.'s motions *in limine* for an order seeking to limit Plaintiffs' proof at trial, together with such other and further relief as the Court deems just and proper.

NYDOCS1-870174.1

3.    Based on all pleadings herein, the memorandum of law, and argument to be made before this Court, Union Carbide Chemicals and Plastics Company, Inc.'s motion should be granted in its entirety.

WHEREFORE, Union Carbide Chemicals and Plastics Company, Inc. respectfully requests that this Court issue an Order granting Union Carbide Chemicals and Plastics Company, Inc.'s motion *in limine*, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 22, 2007

ANDERSON KILL & OLICK, P.C.

By: _____
    Sandra K. Steinman
    1251 Avenue of the Americas
    New York, New York  10020-1182
    (212) 278-1000

    Attorneys for Union Carbide Chemicals and
    Plastics Company, Inc.

At I.A.S. Part 11 of the Supreme Court
of the State of New York, held in and for
the County of New York on the ____ day
of _____, 2007

**PRESENT:**

**HON. JOAN MADDEN, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CATHARINA BIANCO, as Executrix for the Estate of FRANK BIANCO, and CATHARINA BIANCO, Individually, | I.A.S. Part 11 (Madden, J.) |
| | Index No. 115546-06 |
| Plaintiff, | |
| - against - | |
| A.O. SMITH WATER PRODUCTS CO., et al., | |
| Defendants. | |

This document relates to

| | |
|---|---|
| Frank Bianco | Index No. 115546-06 |
| Karl Felten | Index No. 114005-06 |
| Christian Holinka | Index No. 114120-06 |
| Frederick Ritzer | Index No. 111328-06 |
| Joseph Saccomano | Index No. 113299-06 |

## MOTION *IN LIMINE* AND PROPOSED ORDER OF COURT
## FILED ON BEHALF OF
## UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Union Carbide Chemicals and Plastics Company, Inc., before

any proceedings were had in the presence of the jury and prior to the *voir dire*

examination of the jury, files this Motion *in Limine*, and would respectfully show the Court as follows[1]:

     1.    Union Carbide Chemicals and Plastics Company, Inc. by its attorneys, Anderson Kill & Olick, P.C. respectfully submits and requests:

I.

1.    To order that Plaintiff, as well as Plaintiff's attorneys, and all other persons involved in this case on their behalf, be instructed not to mention or bring before the jury, either directly or indirectly, upon opening statements, interrogation of witnesses, argument, objections before the jury, or any other means or manner, inform the jury or bring to the jury's attention, any of the matters set forth in the paragraphs below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury, and a favorable ruling has been received as to the admissibility and relevance of such matters.

2.    To order that counsel for Plaintiff be instructed to inform all witnesses called by Plaintiff, not to volunteer, disclose, state or mention to the jury any of the matters set forth in the paragraphs below, unless specifically questioned after a prior ruling by this Court.

---

[1]    At this time, there has been no identification of products containing Union Carbide's Calidria asbestos in any of the five cases represented by the above-styled caption. It is on this basis that Union Carbide submits this consolidated motion *in limine*. However, should Plaintiffs offer evidence of product identification that could implicate Union Carbide's Calidria asbestos in any of the five (5) cases, Union Carbide reserves the right to oppose the consolidation of said cases at that time.

3.   To order that the violation of any of these instructions would constitute

harm and deprive UNION CARBIDE CHEMICALS AND PLASTICS

COMPANY, INC. of a fair and impartial trial, and instruct counsel for

Plaintiff that the failure to abide by such order may constitute contempt

and necessitate a mistrial.

II.

These specific actions and/or matters which UNION CARBIDE

CHEMICALS AND PLASTICS COMPANY, INC. request this Court include within the

Order *in Limine* are as follows:

1.   **LIABILITY INSURANCE:** Mentioning or asking any questions,
     directly or indirectly, about liability insurance because the issue of
     whether or not UNION CARBIDE CHEMICALS AND PLASTICS
     COMPANY, INC. is protected by liability insurance is immaterial to
     any issue before the jury and would be prejudicial. *Young v.
     Knickerbocker Area;* 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't
     2001); *Constable v. Matie,* 199 A.D.2d 1004, N.Y.S.2d 10, 1993
     (4th Dep't 1993).

     SUSTAINED _____       OVERRULED       _____

2.   **COSTS PAID BY INSURANCE.** Mentioning or offering into
     evidence that any portion of the costs, investigation, defense or
     judgment that may be rendered herein will be paid by or was
     undertaken on behalf of any insurance company. *Young v.
     Knickerbocker Area;* 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't
     2001); *Constable v. Matie,* 199 A.D.2d 1004, N.Y.S.2d 10, 1993
     (4th Dep't 1993).

     SUSTAINED _____       OVERRULED       _____

-3-

3. **CONNECTIONS OF JURORS WITH INSURANCE INDUSTRY**: Inquiring of the jurors as to any connection with the insurance industry. If counsel is sincerely interested in determining whether or not there is any such connection for purposes of exercising strikes, such information is available on the juror information card or a generic inquiry can be made by asking each individual juror his occupation and past occupations. This will provide the relevant information without interjecting insurance into this case. *Graham v. Waite*, 23 A.D.2d 628, 257 N.Y.S.2d 629 (4th Dep't 1965).

SUSTAINED _____      OVERRULED      _____

4. **REFERENCES TO INSURANCE EMPLOYEES WHEN QUESTIONING WITNESSES**: Using or referencing the terms "insurance adjuster," "adjuster," "claims man," or any other term that would lead the jury to believe that liability insurance is or has been involved in this case for the reason that the same improperly interjects insurance into the case. *Young v. Knickerbocker Area;* 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't 2001); *Constable v. Matie*, 199 A.D.2d 1004, N.Y.S.2d 10, 1993 (4th Dep't 1993).

SUSTAINED _____      OVERRULED      _____

5. **"REGARDLESS OF WHO PAYS"**: Interrogating the jury panel as to whether they would answer an issue of damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry for the reason that the same improperly injects the implication of insurance into the suit, or making any such reference in jury argument of similar vein. *Young v. Knickerbocker Area;* 281 A.D.2d 761, 722 N.Y.S.2d 596 (3d Dep't 2001); *Constable v. Matie*, 199 A.D.2d 1004, N.Y.S.2d 10, 1993 (4th Dep't 1993).

SUSTAINED _____      OVERRULED      _____

6. **UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S FINANCIAL CONDITION:** Evidence, discussion of, or reference to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S financial condition is inadmissible. *Adams v. Acker*, 57 A.D.2d 741, 394 N.Y.S.2d 8 (App. Div., 1st Dep't 1977); *Nicholas v. Island Industrial Park of Patchogue, Inc.*, 46 A.D.2d 804, 361 N.Y.S.2d 39 (App. Div., 2nd Dep't 1974)

SUSTAINED _____    OVERRULED _____

7. **PLAINTIFF'S LACK OF INSURANCE:** Mentioning or referencing that Plaintiff does not have insurance to compensate Plaintiff for any injuries and/or damages. CPLR 4545(c); *Greene v. Frontier Central Dist. School Dist.*, 214 A.D.2d 947, 627 N.Y.S.2d 491 (4th Dep't 1995).

SUSTAINED _____    OVERRULED _____

8. **EVIDENCE OF REDUCTION OF COLLATERAL COMPENSATION:** Mentioning, referencing or introducing any evidence that Plaintiff's collateral compensation has been reduced in any amount. CPLR 4545(c); *Humbach v. Goldstein*, 229 A.D.2d 64, 653 N.Y.S.2d 950 (2d Dep't 1997).

SUSTAINED _____    OVERRULED _____

9. **SIZE OF LAW FIRMS:** Mentioning or referencing the number of attorneys or legal assistants or the location of UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S attorneys' law firm.

SUSTAINED _____    OVERRULED _____

10. **OTHER CASES INVOLVING COUNSEL:** Mentioning or commenting to the jury about any other case in which counsel for UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. or counsel for Plaintiff may have been involved.

SUSTAINED _____    OVERRULED _____

11. **DEFENDANTS' ATTORNEYS:** Mentioning that UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S attorneys may represent insurance companies in other litigation.

SUSTAINED _____   OVERRULED   _____

12. **LACK OF CORPORATE REPRESENTATIVE:** Mentioning or referencing the presence or absence of a corporate representative on behalf of UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. New York's Civil Practice Law and Rules specifically provide that a party may prosecute or defend either in person or through an attorney. CPLR 105(c). The presence or absence of a corporate representative has no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable.

SUSTAINED _____   OVERRULED   _____

13. **EFFECT OF JURY'S ANSWERS:** Mentioning, referencing or inferring anything which might tend to inform the jury of the effect of their answers to the questions posed in the charge, including any comments to the effect that if questions are not answered in a certain way that no recovery would be had. *See Sharrow v. Dick Corp.,* 86 N.Y.2d 54, 629 N.Y.S.2d 980 (1995).

SUSTAINED _____   OVERRULED   _____

14. **TRADING PLACES:** Suggesting or asking the jurors to place themselves in the position of Plaintiff because this is an improper appeal to passions and sympathies. *Zemiliansky v. United Parcel Service,* 175 Misc. 829, 24 N.Y.S.2d 672 (1940); *Marcoux v. Farm Service and Supplies, Inc.,* 290 F. Supp.2d 457, S.D.N.Y. (2003).

SUSTAINED _____   OVERRULED   _____

-6-

15. **FAMILY OR FRIENDS ALLEGED EXPOSURE TO ASBESTOS OR THEIR ALLEGED ILLNESSES:** Mentioning or referencing the alleged exposure of family members or friends to asbestos-containing products or their alleged illnesses or death as a result of such exposure because the same is irreparably prejudicial and incurable by instruction. Such evidence is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay, and not relevant to any issue in this case. In addition, such testimony allows into evidence rank hearsay and expert medical opinions which must come from a qualified expert witness. *Candolifi v. New York City Transit Authority*, 156 Misc.2d 964, 595 N.Y.S.2d 656 (N.Y. Civ. Ct. 1992).

SUSTAINED _____    OVERRULED    _____

16. **NON-PARTY WITNESSES:** Exclusion of all non-party witnesses from the courtroom except for expert witnesses. With regard to expert witnesses, courts have held that it is appropriately within the discretion of the trial court to allow such experts to be present in order to hear testimony that may be pertinent to their own expert opinion. *Cornelius v. Cally*, 158 A.D.2d 331, 551 N.Y.S.2d 20 (App. Div., 1st Dep't 1990); *Drago v. Tishman Construction Corporation of New York*, 2004 WL 1218957 (N.Y. Sup.)

SUSTAINED _____    OVERRULED    _____

17. **PROBABLE TESTIMONY:** Mentioning or stating to the jury the probable testimony of a witness who is absent or unavailable to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.. Also, mentioning any failure on the part of UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. to call any expert witness employed to express an opinion. *Getlin v. St. Vincent's Hospital*, 117 A.D.2d 707, 498 N.Y.S.2d 849 (2d Dep't 1986).

SUSTAINED _____    OVERRULED    _____

-7-

18.   **UNDISCLOSED CO-WORKERS AND WORKSITES:** Mentioning, referencing or offering any evidence regarding exposure to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S products at work sites not divulged to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. in Plaintiff's deposition, work history sheets, or in response to written discovery. In addition, Plaintiff and co-workers should be prevented from testifying about or mentioning work sites, contractors or products not disclosed in their responses to discovery or depositions. This tactic would unfairly surprise UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. by interjecting fact situations not disclosed in discovery.

SUSTAINED _____    OVERRULED    _____

19.   **DEPOSITIONS AT WHICH UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. WERE NOT PRESENT:** Mentioning or attempting to introduce into evidence testimony from any deposition at which UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. were not represented and, therefore, was not accorded an opportunity for cross-examination, unless counsel can convince the Court that the said deposition is admissible under New York case law.

SUSTAINED _____    OVERRULED    _____

20.   **DEPOSITION TESTIMONY:** Deposition testimony taken in this case is inadmissible as substantive evidence against UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. unless Plaintiff shows the deponent is unavailable or resides more than 150 miles from trial. C.P.L.R. 3117(a)(3)(ii); *Depena v. Metropolitan Ambulance and First Aid Corporation*, 767 N.Y.S.2d 560, 1 Misc.3d 13, 2003 N.Y. Slip Op. 23736; *McGuigan v. Carillo*, 150 Misc.2d 881, 578 N.Y.S.2d 389 (1991)

SUSTAINED _____    OVERRULED    _____

-8-

21.  **PERSONAL BELIEFS OR OPINIONS OF COUNSEL FOR PLAINTIFF:** Any statement or remark by Plaintiff's counsel as to his personal beliefs or opinions (as opposed to stating what the facts will show or argument regarding the facts in evidence) concerning the equities or justice inherent in Plaintiff's case, or Plaintiff's right to recover damages for the reason that the same has been held to be improper argument and comments to the jury.

SUSTAINED _____     OVERRULED     _____

22.  **DISPARAGING OR PREJUDICIAL REFERENCES:** Referencing or making disparaging remarks including use of the terms "murderer," "murder", "killer", "kill", "criminals," "liars," "frauds," "cheats," or any inference that UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. manufactured or generated evidence for the reason that said terms and allegations have been held to be improper and prejudicial appeals to the passions and sympathies of the jury. *Caraballo v. City of New York*, 86 A.D.2d 580, 446 N.Y.S.2d 318 (1st Dep't 1982).

SUSTAINED _____     OVERRULED     _____

23.  **ASBESTOS INDUSTRY:** Referring to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. as "asbestos companies" as part of the "asbestos industry", referring to the Plaintiff as "asbestos victims", or the use of other like terms on the grounds such terms are vague, ambiguous and have no common or technical meaning. The use of such terms also has no probative value and will simply inflame the jury.

SUSTAINED _____     OVERRULED     _____

24.  **IMPROPER OR PREJUDICIAL COMPARISONS:** Referencing in any manner or making prejudicial comparisons between the conduct of UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. and other corporate entities or products such as cigarettes, Ford Pintos, Firestone tires or any other comparison designed to inflame or appeal to the passions of the jury for the reason that such references are improper and may not be cured by an instruction. *People v. Moss*, 215 A.D.2d 594, 626 N.Y.S.2d 835, (App. Div. 2nd Dep't. 1995); *People v. Shelton*, 307 A.D.2d 370, 763 N.Y.S.2d 79, (App. Div. 2nd Dep't. 2003).

SUSTAINED _____     OVERRULED     _____

-9-

25. **SETTLEMENTS OR NEGOTIATIONS:** Mentioning or asking any questions regarding any settlement demands, offers or negotiations between the parties in an effort to resolve this dispute. *Quillen v. Board of Education*, 203 Misc. 320, 115 N.Y.S.2d 122 (Sup. Ct. N.Y. Co. 1952).

SUSTAINED _____     OVERRULED     _____

26. **STIPULATIONS:** Mentioning or referencing the refusal of either party to enter into a stipulation prior to trial. *See People v. Hills*, 140 A.D.2d 71, 532 N.Y.S.2d 269 (2d Dep't 1988).

SUSTAINED _____     OVERRULED     _____

27. **SELF-SERVING EVIDENCE OR DOCUMENTS GENERATED BY OR ON BEHALF OF PLAINTIFF:** Mentioning or introducing any evidence or other documentation generated by or on behalf of Plaintiff or Plaintiff's counsel for the reason that the same is self-serving, unreliable and inadmissible hearsay.

SUSTAINED _____     OVERRULED     _____

28. **APPEALS TO GENDER, RACIAL, ETHNIC OR AGE UNITY:** Making any statement which could be considered a plea to gender, racial or age unity because the same is irreparably prejudicial and incurable by instruction. *Bowen v. Mahoney Coal Corp.*, 256 A.D. 485, 10 N.Y.S.2d 454 (1st Dep't 1939).

29. **IMPROPER AND PREJUDICIAL REFERENCES TO MEDIA:** Mentioning or referencing any media coverage of lawsuits or issues regarding asbestos-related lawsuits for the reason that such evidence is wholly speculative, "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay, and not relevant to any issue in this case.

SUSTAINED _____     OVERRULED     _____

-10-

**30.    REFERENCES TO MEDIA ARTICLES OR REPORTS:**
Mentioning, referencing or introducing any evidence of media
reports regarding this case or any other asbestos-related lawsuit
because the same are inadmissible hearsay, notoriously unreliable,
self-serving and irreparably prejudicial.

SUSTAINED _____        OVERRULED        _____

**31.    INFLAMMATORY PHOTOGRAPHS AND VIDEOTAPES:**
Mentioning or informing the jury as to the content of any
photographs or videotapes before the same have been presented
to counsel for UNION CARBIDE CHEMICALS AND PLASTICS
COMPANY, INC. outside of the presence of the jury because the
same may be irreparably prejudicial and inflammatory. Additionally,
the probative value of such evidence may be greatly outweighed by
the prejudice that its exhibition to the jury may cause. *Kingsley v.
Mandell Food Stores*, 57 A.D.2d 944, 395 N.Y.S.2d 86 (2d Dep't
1977).

SUSTAINED _____        OVERRULED        _____

**32.    DEFENDANT'S PRIOR CONDUCT:**  Mentioning, suggesting or
implying that UNION CARBIDE CHEMICALS AND PLASTICS
COMPANY, INC. may have been found guilty of any misconduct,
criminal liability, or civil liability in the past.  The mere suggestion of
any such conduct would be incurably prejudicial, even with a timely
objection and favorable ruling. *People v. Cunningham*, 763
N.Y.S.2d 328 (3d Dep't 2003).

SUSTAINED _____        OVERRULED        _____

**33.    PRIOR "BAD ACTS":**  Mentioning, referencing or introducing
evidence of any prior action and/or omission on the part of UNION
CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. that is
not directly related to the incident and allegations at issue for the
reason that the same is not admissible on the issues of negligence,
character or culpable conduct in connection with the event. *People
v. Cunningham*, 763 N.Y.S.2d 328 (3d Dep't 2003).

SUSTAINED _____        OVERRULED        _____

-11-

34. **PRIOR SUITS BY DEFENDANT:** Mentioning or referencing that UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. may have been involved in any prior or ongoing suits or that a party has never been involved in a prior suit. Additionally, evidence of other prior or pending cases "is substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of delay. *Sedney v. C.O. Blot, C.O.,* 2003 WL 22839801 (S.D.N.Y.) (2003); *Figueroa v. Boston Scientific Corporation,* 2003 W.L. 21488012 (S.D.N.Y.) (2003).

SUSTAINED _____     OVERRULED _____

35. **SUBSEQUENT INCIDENTS:** Mentioning or commenting to the jury that there were incidents or claims subsequent to the date of the incident at issue for the reason that evidence of the same is not relevant on the issue of negligence and would be irreparably prejudicial. Further, evidence of subsequent incidents is not relevant on the issues of gross negligence and is inadmissible. *Caprara v. Chrysler Corp.,* 71 A.D.2d 515, 423 N.Y.S.2d 694 (3d Dep't 1979).

SUSTAINED _____     OVERRULED _____

36. **SUBSEQUENT REMEDIAL MEASURES:** Mentioning, referencing or introducing evidence of any subsequent remedial measures or actions for the reason that the same are not admissible on the issues of negligence or culpable conduct in connection with the event. Evidence of subsequent measures is also not relevant on the issues of gross negligence. *Caprara v. Chrysler Corp.,* 71 A.D.2d 515, 423 N.Y.S.2d 694 (3d Dep't 1979).

SUSTAINED _____     OVERRULED _____

37. **REGULATORY OR STATUTORY MEASURES:** Mentioning, referencing or introducing evidence of any regulatory or statutory measures in the absence of a predicate outside of the presence of the jury of the applicability (time and scope) of the statute or regulation to the incident at issue and a clear violation of the statute. *Gayle v. New York,* 256 A.D.2d 541, 682 N.Y.S.2d 426 (2d Dep't 1998).

SUSTAINED _____     OVERRULED _____

-12-

38. **EVIDENCE OF CONGRESSIONAL STAFF REPORTS:**
Mentioning, referencing or introducing evidence of Congressional
staff reports because the same are inadmissible hearsay, inherently
unreliable and the probative value of the reports is greatly
outweighed by the prejudicial value of the evidence. *McKinnon v.
Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981) (excluding Consumer
Products Safety Commission reports "because they contain double
hearsay"); *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19,
21-23 (6th Cir. 1984) (per curiam) (excluding Congressional
subcommittee report because its official nature could mislead the
jury into giving it more weight than it deserves); *Denny v.
Hutchinson Sales Corp.*, 649 F.2d 816, 821 (10th Cir. 1981) ("the
lack of formal procedures and an opportunity to cross-examine
witnesses are proper factors in determining the trustworthiness" of
findings in a report); *Fowler v. Firestone Tire & Rubber Co.*,
92 F.R.D. 1 (N.D. Miss. 1980) (Congressional Committee report
was not "the product of an adversary proceeding," one of the
several factors weighing against its admissibility).

SUSTAINED _____        OVERRULED _____

39. **EXPERT TESTIMONY REGARDING THE PROPRIETY OF
UNION CARBIDE CHEMICALS AND PLASTICS COMPANY,
INC.'S CONDUCT:** Mentioning, referencing or introducing any
evidence of expert testimony regarding the propriety of UNION
CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S
conduct based on a review of UNION CARBIDE CHEMICALS AND
PLASTICS COMPANY, INC.'S documents. This testimony is not
relevant, reliable or scientifically supportable. *DeLong v. County of
Erie*, 60 N.Y.2d 296, 469 N.Y.S.2d 611 (1983); *People v. Cronin*, 60
N.Y.2d 430, 470 N.Y.S.2d 110 (1983). In addition, such testimony
invades the province of the trier of fact and is merely the theory of
its proponent masquerading as testimony. Such testimony is
intended to merely tell the jury how they should view the facts
presented to the jury. When the jury is equally competent to form
an opinion about the ultimate fact issues or the expert's testimony
is within the common knowledge of the jury, the trial court should
exclude the expert's testimony. *Id.* Expert testimony as to a matter
which is obviously within the common knowledge of jurors is
inadmissible because such expert testimony, almost by definition,
can be of no assistance. *Id.* Such expert testimony is also
impermissible legal duty evidence which is within the province of
the Court and would only serve to confuse the jury and would be
irreparably prejudicial. *Id.*

SUSTAINED _____        OVERRULED _____

-13-

40.   **EXPERT TESTIMONY IN THE ABSENCE OF SCIENTIFIC
      PREDICATE EXCLUSION OF VIDEOTAPED
      DEMONSTRATIONS:** Mentioning, referencing or introducing any
      evidence of expert testimony that is premised in speculation or
      surmise and not on demonstrable underlying scientific data or
      logical inferences therefrom. Reasonable probability cannot be
      created by the mere utterance of magic words by a person
      designated as an expert witness. *Epidemiological Proof in Toxic
      Tort Litigation,* 42 FORDHAM L. REV. 732 (1984). In New York,
      novel scientific evidence is not admissible unless the proponent of
      the evidence can make "a threshold showing that the scientific
      theory and the procedures used to obtain the result have gained
      general acceptance in the scientific community and the result
      achieved is accepted by that community as reliable." *People v.
      Wesley,* 183 A.D.2d 75, 77, 589 N.Y.S.2d 197, 199 (3d Dep't
      1992). UNION CARBIDE CHEMICALS AND PLASTICS
      COMPANY, INC. request a hearing outside the presence of the
      jury, through *voir dire* examination, to determine whether the
      opinions of Plaintiff's expert witnesses satisfy these standards for
      admissibility. *Id.*

      SUSTAINED _____      OVERRULED      _____

41.   **EVIDENCE OF ASBESTOSIS CLAIMS, WORKER
      COMPENSATION CLAIMS INVOLVING ASBESTOSIS
      REFERENCES TO KNOWLEDGE OF ASBESTOSIS:** Mentioning,
      referencing, or introducing any evidence of asbestosis claims or
      knowledge of the dangers of asbestos linked thereto. This is a
      mesothelioma case. *Norfolk & Western Ry. v. Ayers,* 123 S. Ct.
      1210, 1221, 155 L. Ed. 2d 261, 278 (2003).

      SUSTAINED _____      OVERRULED      _____

42.   **EVIDENCE OF FEAR OF CANCER OR INCREASED RISK OF
      DISEASE:** Mentioning, referencing or introducing any evidence of
      fear of cancer or increased risk of disease for the reasons that any
      "fear of cancer or increased risk" evidence is not based on sound
      scientific principles and it is, therefore, irrelevant. Under prevailing
      case law, in order to maintain a cause of action for fear of
      developing cancer, a plaintiff must establish that he was both
      exposed to the disease-causing agent and that there was a rational
      basis for his fear of contracting the disease. *Wolff v. A-One Oil,
      Inc.,* 216 A.D.2d 291, 627 N.Y.S.2d 788 (2d Dep't 1995).

      SUSTAINED _____      OVERRULED      _____

-14-

43.    **CASE REPORTS:** Referencing, mentioning and introducing evidence of case reports, case report compilations (for example, the Australian Mesothelioma Register Report), or expert opinions based on such reports to prove causation. Case reports by their very nature are unreliable indicators of causation. Additionally, such case reports are irrelevant, unduly prejudicial, and hearsay, which is likely to confuse the issues and mislead the jury. *See, e.g., Casey v. Ohio Med. Prods.*, 877 F. Supp. 1380, 1385 (N.D. Cal. 1995) (noting that "case reports are not reliable scientific evidence of causation, because they simply describe[] reported phenomena without comparison to the rate at which the phenomena occur in the general population or in a defined control group; do not isolate and exclude potentially alternative causes; and do not investigate or explain the mechanism of causation"); *Hollander v. Sandoz Pharms Corp.*, 289 F.3d 1193, 1211 (10th Cir. 2002); cert. denied, 537 U.S. 1088 (2002) (holding that it was "not unreasonable" for the district court to characterize case reports as "unreliable evidence of causation"); *In re Breast Implant Litig.*, 11 F.Supp.2d 1217, 1227 (D. Colo. 1998) ("To the extent that there are case or anecdotal reports noting various symptoms or signs in breast implanted women, without controls, these suggest only a potential, untested hypothesis that breast implants may cause their disease"); *Wade-Greaux v. Whitehall Labs, Inc.*, 874 F. Supp. 1441, 1481 (D.V.I. 1994), aff'd, 46 F.3d 1120 (3d Cir. 1994) (excluding case reports and expert testimony based thereon because such reports are merely "anecdotal information of chance association"); *Hall v. Baxter Healthcare*, 947 F.Supp. 1387, 1411 (D. Or. 1996) ("case reports and case studies are universally regarded as an insufficient scientific basis for a conclusion regarding causation because case reports lack controls").

SUSTAINED _____        OVERRULED        _____

44.    **REFERENCES TO OR EVIDENCE OF ALLEGED DUTY ON THE PART OF UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. TO PROVIDE WARNINGS IN THE ABSENCE OF THE REQUISITE PREDICATE:** Mentioning, referencing or introducing any evidence of any alleged failure to provide adequate warnings in the absence of the requisite predicate showing of knowledge at the time of dissemination of the product for the reason that in the absence of such a predicate there is no such duty, any such evidence is not relevant, and the probative value of such evidence is greatly outweighed by its prejudicial effect. *Opera v. Hyva, Inc.*, 86 A.D.2d 373; 450 N.Y.S.2d 615 (4th Dep't 1982).

SUSTAINED _____        OVERRULED        _____

-15-

45. **EVIDENCE OR EXHIBITS NOT INCLUDED ON PLAINTIFF'S EXHIBIT LIST:** Mentioning, referencing or introducing any evidence, documents or exhibits that Plaintiff's counsel failed to timely produce to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. and/or failed to list on Plaintiff's list of exhibits. Any reference to documents not previously produced would seriously hinder UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.'S ability to defend themselves. Such improper references could not be cured by objections of counsel or instructions by the Court.

SUSTAINED _____    OVERRULED _____

46. **USE OF EXHIBITS AND DOCUMENTARY EVIDENCE DURING *VOIR DIRE* OR OPENING STATEMENT:** Mentioning, referencing or showing to the jury during *voir dire* or opening statements exhibits and documents which detail potential evidence which may not be admissible in evidence. Opening statements should only provide a brief statement of the nature of Plaintiff's claims, what the Plaintiff expects to prove and the relief sought.

SUSTAINED _____    OVERRULED _____

47. **EXHIBITS WHICH HAVE NOT BEEN PREVIOUSLY TENDERED TO COUNSEL AND A RULING OBTAINED FROM THE COURT:** Mentioning, referencing or showing to the jury any exhibit or document not previously tendered to the Court and a ruling obtained as to its admissibility. The Court should prohibit reference to any such evidence, even if relevant, unless the Court has found that its probative value is not substantially outweighed by its prejudicial effect.

SUSTAINED _____    OVERRULED _____

-16-

48. **EVIDENCE AFTER PLAINTIFF'S ALLEGED LAST EXPOSURE TO ASBESTOS:** Mentioning, referencing or introducing into evidence post-exposure documents sent to or written by UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. or other defendants and/or their predecessor entities, or general articles from the scientific or medical community in an attempt to show that particular defendants had a "knowledge" of health hazards connected with plaintiff's employment. Such evidence should be excluded as irrelevant. *Bolm v. Trumph Corp.*, 422 N.Y.S.2d 969, 975 (4th Dep't 1979); In Re Eighth Judicial District Asbestos Litigation, 576 N.Y.S.2d 757 (Erie County 1991).

SUSTAINED _____     OVERRULED     _____

49. **EVIDENCE OR REFERENCES TO OTHER PRODUCTS AND/OR EQUIPMENT MANUFACTURED BY UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.:** Mentioning, referencing or introducing any evidence of other products which may have been manufactured by UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. but are not at issue in this case, including documents listed on Plaintiff's exhibit list, because same is not relevant to the issues in this case and will create undue prejudice, confuse the issues and/or mislead the jury. *People v. Davis*, 43 N.Y.2d 17, 27, 371 N.E.2d 456 (1977); *People v. Primo*, 96 N.Y.2d 351, 753 N.E.2d 164 (2001).

SUSTAINED _____     OVERRULED     _____

50. **EVIDENCE OR REFERENCES TO AN ALLEGED BAN ON ASBESTOS:** Mentioning, referencing or introducing any evidence of the Environmental Protection Agency ("EPA") hearings on asbestos, the testimony presented at the EPA hearings and the EPA's alleged "ban" of products containing asbestos. Such references are inaccurate and irreparably prejudicial. The EPA has not banned asbestos. Asbestos is still in use in various forms and the EPA's attempt to ban asbestos was specifically overruled in *Corrosion Proof Fittings v. Environmental Protection Agency*, 947 F.2d 1201 (5th Cir 1991).

SUSTAINED _____     OVERRULED     _____

51. **REFERENCES TO OR EVIDENCE OF LEGAL DUTY ISSUES:**
Mentioning, referencing or introducing any evidence of alleged legal
duty issues for the reason that the existence and scope of any legal
duty is a legal issue for the Court, would serve to confuse the jury,
and would be irreparably prejudicial.

SUSTAINED _____    OVERRULED    _____

52. **BREACH OF WARRANTY:** Strict liability in tort has assumed
implied warranties in personal injury actions. Express warranties
require specific factual showings before they are applicable to this
case. Accordingly, UNION CARBIDE CHEMICALS AND
PLASTICS COMPANY, INC. seek an order *in limine* (1) requiring a
factual basis to establish an express warranty before mention of the
same can be made to the jury; and (2) precluding any reference to
implied warranties. *Mastrangelo v. Howmedica, Division of Pfizer
Hospital Product Group, Inc.*, 903 F.Supp 439 (1995).

SUSTAINED _____    OVERRULED    _____

53. **REFERENCE TO OR EVIDENCE OF ANY PURPORTED DUTY
OR FAILURE ON THE PART OF UNION CARBIDE CHEMICALS
AND PLASTICS COMPANY, INC. TO PROVIDE WARNINGS
DIRECTLY TO PLAINTIFF (LEARNED INTERMEDIARY
DOCTRINE):** Mentioning, referencing or introducing any evidence
of an alleged duty or failure on the part of UNION CARBIDE
CHEMICALS AND PLASTICS COMPANY, INC. to provide
warnings directly to Plaintiff for the reason that the same is an
incorrect statement of the law, constitutes a legal issue within the
province of the Court, and the prejudice inherent in such evidence
greatly outweighs the probative value, if any, of such evidence and
would only serve to confuse the jury. Furthermore, the probative
value of evidence concerning a failure to provide warnings directly
to Plaintiff is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, misleading the jury, and by
considerations of delay. Although a manufacturer may be
incapable of providing warnings directly to Plaintiff, the jury may
place unfair emphasis on such a failure and effectively impose a
duty on UNION CARBIDE CHEMICALS AND PLASTICS
COMPANY, INC. which does not exist in law. The existence of
such a duty lies with the Court and is not within the province of the
jury.

SUSTAINED _____    OVERRULED    _____

-18-

54. **HEARSAY STATEMENTS OR CONVERSATIONS WITH MEDICAL PERSONNEL:** Mentioning or referencing any statements made to Plaintiff by medical personnel or conversations with any doctor or other medical practitioner for the reason that the same are inadmissible hearsay and constitute improper opinion evidence.

    SUSTAINED _____    OVERRULED    _____

55. **PRETRIAL MATTERS:** Mentioning any action by the Court in ruling upon any matter prior to the actual trial of this case or that the pleadings or other matters filed by UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. were in a particular form or of a particular nature.

    SUSTAINED _____    OVERRULED    _____

56. **POST-TRIAL MATTERS:** Mentioning or commenting to the jury that the judge or an appellate court may have a right, duty or ability to alter or change the ultimate verdict of the jury in this cause or to review the verdict in any manner.

    SUSTAINED _____    OVERRULED    _____

57. **DESTROYED RECORDS:** Mentioning, implying or suggesting to the jury that the UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. have destroyed records about asbestos to keep them from being seen by counsel in this case or in any other case without first offering proof for the Court that UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. have in fact purposely destroyed any such record. Plaintiff's attempt to do this before the jury would be so prejudicial that UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. could not receive a fair trial.

    SUSTAINED _____    OVERRULED    _____

58. **COMMITMENT TO DAMAGES:** That counsel for Plaintiff be prohibited from making any inquiry of the jury panel as to whether they could award damages in any specific amount or in any specific range as it is improper to exclude any juror based upon any supposed reluctance to award a sum of money unilaterally established by Plaintiff's counsel.

SUSTAINED _____    OVERRULED _____

59. **CORPORATE AMERICA:** Mentioning or offering into evidence any comments or insinuations that corporate America is evil as represented by the recent activities of Enron and World Com. Any such reference would be highly prejudicial, totally irrelevant to this case, and would be used only to prejudice the Defendants.

SUSTAINED _____    OVERRULED _____

60. **THIS MOTION:** Mentioning that this Motion *in Limine* has been filed and/or granted in whole or in part. 63 A.L.R.3d 311, § 4a (Lexis 2003).

SUSTAINED _____    OVERRULED _____

UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.

incorporates the Motions *in Limine* filed on behalf of any co-Defendants in the cases to

which this Motion applies.

UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.

reserve their right to supplement these motions *in limine* after Plaintiff has designated

the expert witnesses and trial exhibits they intend to use at trial against UNION

CARBIDE CHEMICALS AND PLASTICS COMPANY, INC..

III.

UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. also

move the Court to order that each of the above matters are generally inadmissible,

-20-

irrelevant and highly prejudicial to UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. and would deny UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. the right to a fair trail even if a timely objection was made and sustained.

IV.

UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. also move the Court that should any matters set forth above become material, relevant or admissible, that Plaintiff should bring such matters to the Court's attention outside the presence of the jury and should receive a favorable ruling thereon before mentioning those items before the jury. Failure of the Court to grant this motion will allow opposing counsel and their client a free hand to inject such inadmissible and prejudicial matters as listed above before the jury, and that even an objection, timely and properly sustained, would not prevent the injury UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. would suffer.

No prior request has been made for the herein requested relief.

-21-

WHEREFORE, PREMISES CONSIDERED, UNION CARBIDE

CHEMICALS AND PLASTICS COMPANY, INC. prays that the Court grant this motion

in its entirety and enter an order suppressing all of the above-enumerated items until

such time as those items have first been presented to the Court outside the hearing and

presence of the jury and the Court has made its ruling on the admissibility thereof.

Dated: New York, New York
      August 22, 2007

ANDERSON KILL & OLICK, P.C.

Judith A. Yavitz
Sandra K. Steinman

Attorneys for Union Carbide Chemicals and
Plastics Company, Inc.
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

-22-