**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
---------------------------------------------------------X
**CHRISTIAN HOLINKA,**

Plaintiff,

-against-

**VWR INTERNATIONAL, INC., et. al.,**

Defendant,

---------------------------------------------------------X

**Index No.: 114120-06**

**NOTICE OF MOTION
FOR SPOLIATION
SANCTIONS**

**Hon. Helen Freedman**

| | |
|---|---|
| **MOTION BY:** | WEITZ & LUXENBERG, P.C.<br>By:  James C. Long, Esq. |
| **DATE and TIME OF HEARING:** | _____ |
| **PLACE OF HEARING:** | Motion Returnable Room 130<br>October 11, 2007, 9:30 a.m<br>Supreme Court of the State of New York<br>60 Centre Street<br>New York, New York 10007 |
| **SUPPORT PAPERS:** | Affirmation of James C. Long, Esq., dated<br>September 10, 2007 with Annexed Exhibits |
| **RELIEF DEMANDED:** | For an Order pursuant to CPLR §3126 holding<br>the defendant, *VWR International, Inc.,*<br>responsible for spoliation. |
| **ANSWERING AFFIDAVITS:** | If required, within seven (7) days prior to<br>return date. |
| **NATURE OF ACTION:** | Asbestos Related Personal Injuries |

Dated: New York, New York

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

September 10, 2007

James C. Long, Jr., Esq.
WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiffs
180 Maiden Lane
New York, New York 10038
(212) 558-5500

To:    **Carol Tempesta, Esq.**
**Marks, O'Neil, O'Brien & Courtney, P.C.**
**530 Saw Mill River Road**
**Elmsford, New York 10523**

**Cc; All Remaining Defendants**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
CHRISTIAN HOLINKA,

                              Plaintiff,                Index No. 114120-06

            - against -                         **MOTION FOR**
                                          **SPOLIATION SANCTIONS**

VWR INTERNATIONAL., INC.


                              Defendant.
-------------------------------------------------------X

    1.    VWR International, Inc, it divisions, and subsidiaries, (hereinafter

"VWR"), have engaged in the spoliation of evidence and thereby prejudiced Plaintiff,

Christian Holinka, in the prosecution of his claim.   VWR was in the sole possession

of records documenting its sale and distribution of asbestos containing products.

These records have subsequently gone missing, been destroyed, and/or have been

"trashed."   VWR had the responsibility to maintain these records and the defendant

should not be permitted to profit from its own negligence or wrongdoing. The

Plaintiff respectfully submits that VWR's pleadings be stricken on the basis of the

spoliation of evidence.


## I. FACTS

A.    <u>VWR is Liable for the Asbestos Products Sold by Central Scientific and the
Laboratory Division of Van Waters & Rogers.</u>

    2.    VWR merged with the Central Scientific Company, (hereinafter

"Central Scientific"), 1998.   *See* <u>Articles of Merger</u>, attached hereto as Exhibit 1.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Central Scientific has a protracted corporate history, which need not be discussed herein, except to note that Central Scientific merged into the Sargent Welch division of VWR. There is no dispute that for the purposes of this lawsuit, VWR retains liability for any asbestos products distributed or sold by Central Scientific from 1976 through the present. Asbestos containing lab products were offered for sale in Central Scientific's catalog's, *see Deposition of David Martin Taylor*, 6/15/07, p. 23-38, 72-79, attached hereto as Exhibit 2; and were identified as a source of asbestos exposure by the Plaintiff at his deposition. *See Deposition of Christian Holinka*, 2/22/07, p.154, 213, attached hereto as Exhibit 3.

3.    VWR does not dispute liability for claims made against the laboratory division of Van Water and Rogers.[1]   Van Waters and Rogers offered asbestos containing products for sale in their catalogs, *see Deposition of Rosemary Fulton* attached hereto as Exhibit 4, and were identified as a source of exposure by the Plaintiff at his deposition. *See Deposition of Christian Holinka*, 2/22/07, p.74, 85, 108-109, 115, 154, 213, attached hereto as Exhibit 3.

B.    Central Scientifics Former President Testified That Documents Were Thrown Away After The Company was on Notice of its Involvement in Asbestos Litigation.

4.    In June, 2007, VWR called Dr. David Martin Taylor to testify in another asbestos matter in which the Plaintiff identified Central Scientific products as a source of his exposure. Dr. Taylor joined Central Scientific in 1984 and served as

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

---

[1] VWR and Univar, USA Inc.'s Plan of Distibution, which was recently produced subsequent to an order by the Special Master, demonstrates that Van Waters and Rogers is a division of Univar, Nevertheless, attorneys on behalf of VWR have proffered a stipulation, that, for the purposes of this case VWR will not deny liability for products distributed by the laboratory division of Van Waters & Rogers. That stipulation has not yet been executed.

President from 1985 until 2005. *See Taylor* at p. 9-10. Dr. Taylor personally reviewed complete sales records/invoices after the company was sued in multiple asbestos cases in the early 1980's. *Id. at* 47-48. 61-63. These records were subsequently thrown away after Central Scientific merged with VWR. *Id.* Upon questioning from VWR's attorney, Dr. Talyor testified as follows:

> Q: After you joined the company in 1984, was the company ever named in lawsuits that alleged that someone had been injured as a result of exposure to asbestos in a product that the company had sold?
> A. Yes.
> Q: Approximately how many of those lawsuits did you see in the 1980's ?
> A: I believe three or four.
> Q: Did you have any involvement in responding to or assisting counsel in responding to those suits?
> A: Yes, I did.
> Q: And what was your involvement?
> A: We would search the company records in order to determine as far as it was possible whether we had actually sold asbestos-containing products to the plaintiff.
> Q: During the 1980's when you did this kind of investigation, **did you have intact sales records for the Central Scientific Company** that had been formed to purchase the assets in 1979?
> A: Yes, we did.

*Id. at* 47-48. .
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*

> Q: Were the sales records intact throughout your entire time with the company?
> A: They were no longer intact after the merger with Sargent Welch in 1998. A great number of them were **thrown away** at that point in time.

*Id. at 48.*

5.       There is no question that after Central Scientific was sued in its first asbestos matter the company was put on notice that it should retain its records, including sales invoices. *See DiDomenico v. C & S Aeromatick Supplies, Inc.,* 252 A.D.2d 41, 682 N.Y.S.2d 452 (2d Dep't 1998), (*citing Kirkland v. New York City*

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

*Hous. Auth., supra,* amongst others for the proposition that spoliation sanctions are properly imposed where a party was not yet sued but was on notice of future litigation); *Bear Sterns & Co., Inc. v. Environpower, LLC,* 21 A.D. 3d 855, 804 N.Y.S.2d 54 (1st Dept. 2005)(striking defendant's answer as spoliation sanction where evidence was destroyed after defendant was on notice of plaintiff's claim but prior to commencement of action); *430 Park Avenue Company v. Bank of Montreal,* 9 A.D. 3d 320, 781 N.Y.S.2d 67 (1st Dept. 2004)(upholding the dismissal of certain claims as spoliation sanction where the action had not yet been commenced at time of destruction of evidence) . After it received multiple other suits, it is unfathomable that they would throw away these records. VWR was well aware that Central Scientific was a major distributor of asbestos containing laboratory supplies to schools and labs. *See generally Deposition of Robert Wiegand,* 8/28/07, 87-88; *see also Holinka* at 154, 213, attached hereto as Exhibit 5. The number of scientists, teachers and students who have been exposed to asbestos by this company is almost inconceivable. The discarded documents should have been carefully maintained for the benefit of the litigants who almost certainly would sue the company in the future.

      C.     <u>VWR's Corporate Designee, Rosemary Fulton, Testified that VWR's Records Were Thrown In The Trash.</u>

      6.     VWR's corporate representative, Rosemary Fulton, testified in this action on 8/17/07. She testified that no sales records or invoices reflecting sales prior to 1983, remain in existence for any of the VWR divisions or subsidiaries at issue in this case. These records once existed, but no longer exist. *See Fulton* at 48- 51. In fact, these records were once available in hard copy, and microfiche. *See id* at 38-39,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

48-51. However, sometime after the late 1980's the microfiche records conveniently disappeared, and she has no idea what happened to them. *See id* at 39. During the course of the deposition, Ms. Fulton eventually admitted that VWR's records were thrown in the trash. *See id* at 51.

7.    Ms. Fulton testified as follows:

> Q: The records reflecting sales that VWR made prior to 1983, do you have them or not?
> A: We do not.
> Q: Okay, I'm asking that because every time I say the word missing, I get an objection from your Counsel. So how would you characterize them – how would you characterize them?
> A: They don't exist. I wouldn't call them missing. I would say they just don't exist today.
> Q: Did they ever exist?
> A: At one point in time I think you could assume that something was on paper.
> Q: And so would it be wrong for me to characterize them as missing?
>
> (Objections omitted)
>
> Q: Well, where are the disposed [of] records?
> A: In the trash.

*Id.* at p. 51.

8.    Ms. Fulton testified that that she had been deposed in numerous asbestos related cases going back to the 1990's. *See id.* at p. 22. In fact, at least by 1987, Van Waters and Rogers/Univar, the same entities at issue here, had been sued in an asbestos related lawsuit. *See Verified Complaint, Brengs v. Asbestos,* et al., Index Number 18158-87, attached hereto as Exhibit 6.   Nevertheless, VWR had no document retention policy prior to 2004. *See id.* at p. 40. Employees were never told to retain documents germane to future asbestos litigation. In fact, Ms. Fulton testified that even she destroyed documents, based on a lack of space. *See id.* at p  46.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

There can be no argument that by the time these documents were haphazardly discarded beginning in the late 1980's that VWR was on notice that documents pertaining to sales of asbestos containing products should be retained for future litigation. *See DiDomenico v. C & S Aeromatick Supplies, Inc.*, 252 A.D.2d 41, 682 N.Y.S.2d 452 (2d Dep't 1998), (*citing Kirkland v. New York City Hous. Auth., supra,* amongst others for the proposition that spoliation sanctions are properly imposed where a party was not yet sued but was on notice of future litigation); *Bear Sterns & Co., Inc. v. Environpower, LLC,* 21 A.D. 3d 855, 804 N.Y.S.2d 54 (1st Dept. 2005)(striking defendant's answer as spoliation sanction where evidence was destroyed after defendant was on notice of plaintiff's claim but prior to commencement of action); *430 Park Avenue Company v. Bank of Montreal,* 9 A.D. 3d 320, 781 N.Y.S.2d 67 (1st Dept. 2004)(upholding the dismissal of certain claims as spoliation sanction where the action had not yet been commenced at time of destruction of evidence) .

D.    VWR's Corporate Designee, Robert Wiegand, Failed, Without Justification to Examine Relevant Documents and Produce them for Plaintiff's Inspection.

9.    Robert Wiegand, VWR's corporate representative and person most knowledgeable with respect to Central Scientific testified in this matter on August 28, 2007. At that time he admitted that he has access to approximately 5 palletized loads of cardboard boxes full of "picking tickets," that represent what the Central Scientific warehouse shipped to customers.  These are the only documents, relevant to Plaintiff's case that Central Scientific has not destroyed.  Mr. Wiegand never

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

searched any of these records to see if they were responsive to the Plaintiff's

document requests. Rather, he merely examined the dates listed on the outside of the

boxes, without looking at a single ticket to see whether it correlated to the actual

"pick ticket," date. Further, upon noting that a summary sheet of the picking tickets

was not in the boxes, he ended his inquiry. These documents were never produced to

the Plaintiff.     Robert Wiegand testified as follows:

> Q. How did you go about performing your
> searches?
> A. We have a bunch of boxes stored here,
> and we looked in those boxes.
> Q. What did the boxes contain?
> A. Mostly it appeared to be what's known
> here as picking tickets which are tickets sent
> to the warehouse to tell the order fillers what
> to pull.
> ***********************************************************
> Q. So what products should be shipped to
> the customer would be listed on this picking
> ticket?
> DEFENSE COUNSEL: Objection to form.
> THE WITNESS: I did not look at each
> individual picking ticket. Again, I was looking
> more for summary sales records. I did not look
> at each individual picking ticket.
> Q. Okay. Where are the summary sales
> records located?
> A. That we did not locate.
> Q. Okay. I guess I'm getting a little bit
> confused. You told me that you were looking
> through picking tickets.
> A. I saw picking tickets in the boxes.
> Q. Okay. There were picking tickets in
> the boxes?
> A. Yes.
> Q. Are there also summary sales records in
> the boxes?
> A. No, there were not.
> ***********************************************************
> ***
> Q. Since you didn't see any in there, what

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

did you do next?

**A. Nothing.**

Q. So you didn't see any summary sales
records, and you didn't look through the picking
tickets?

MS. TEMPESTA: Objection to form.

THE WITNESS: No, I did not look
through the picking tickets.
••••••••••••••••••••••••••••••••••••••••••••••••••••

**Q. Did anybody look at the picking
tickets?**

**A. Not individually. We did not look at
any individual pick ticket.**

**Q. Were any of the picking tickets looked
at?**

**A. No.**

**Q. So there were no sales records and
nobody looked at the picking tickets; is that
correct?**

**A. That's correct. We saw there were
picking tickets, but we did not look at each one**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*

Q. Why didn't you go through them?

A. Again, I was only looking for summary
sales records in a format that I could read
better than an individual picking ticket.

Q. Was it too hard to go through the
picking tickets?

MS. TEMPESTA: Objection to form.

THE WITNESS: It would be, it would be
**very difficult.**

**BY MS. BURSHTYN:**

**Q. What would you have to do?**

**A. Look at each one individually.**

Q. What did the picking tickets look like?

A. An eight and a half piece of paper.

*Weigand*, at 26-32 , *emphasis added.*

10. Plaintiff's deposition notice and Requests for Production clearly called

for the Defendant to produce any and all documents related to the sale of asbestos

containing products by Central Scientific. VWR's attempt to thwart justice and

deprive Mr. Holinka of a means to prove his case must be punished. In *DiDomenico*

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

*v. C & S Aeromatick Supplies, Inc.*, 252 A.D.2d 41, 682 N.Y.S.2d 452 (2d Dep't 1998), the Court noted that the willful failure to disclose duly demanded information is alone, a basis, upon which Courts may strike the pleadings of a party. "Generally, wilfullness can be inferred from a party's repeated failure to respond to demands and/or to comply with disclosure orders coupled with inadequate excuses for its defaults" *Id.*    In this case, that standard has been met.

11.    Not only did Robert Wiegand fail to examine evidence that may be crucial to Plaintiff's case, this evidence was never produced to the Plaintiff. Further, the results of searches performed by Rosemary Fulton were withheld and only produced at deposition when they were discovered by Plaintiff's counsel, or upon the specific direction of the Special Master.

## II. **LEGAL ARGUMENT**

12.    The facts and circumstances surrounding VWR's egregious loss, destruction, and/ or failure to produce evidence require that the Court sanction this defendant. VWR's disposal of documents and subsequent attempt to mislead both this court and the Plaintiff demands the company be held responsible for spoliation of evidence. VWR has engaged in a consistent campaign of destruction of evidence in an attempt to circumvent the judicial system. These actions have clearly been calculated to avoid liability for the sale and distribution of asbestos containing products. While the intentional nature of the document losses detailed herein is painfully obvious, the court need not even reach the issue of intent. The court need only find that VWR negligently maintained records germane to this litigation, and the

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

plaintiff was thereby prejudiced, to hold defendant responsible for spoliation of evidence. There can be no doubt that this standard has been met.

### A. VWR Has Intentionally or Negligently Spoliated Evidence and Severe Sanctions Are Appropriate

13.    "Spoliation is the destruction of evidence." *Kirkland v. New York City Housing Authority*, 236 A.D.2d 170, 173, 666 N.Y.S.2d 609, 611 (1st Dep't 1997) (*citations* omitted). Under New York law, spoliation sanctions are appropriate where a litigant, *intentionally* or *negligently* disposes of crucial items of evidence before his adversary has an opportunity to inspect them. *See id.*

14.    In *Kirkland,* the lower court refused to dismiss a third-party complaint, ruling that it would have been too severe a sanction, where the spoliation had not been committed in bad faith. *Kirkland*, 236 A.D.2d 173. In what represented a departure from the then prevailing view of spoliation in New York, the Appellate Division First Department reversed and dismissed the third-party complaint. Thus, the court recognized an emerging trend to impose spoliation sanctions for *unintentional* conduct, particularly in product liability cases, holding that the dismissal of the offending party's pleading is not too harsh a sanction, because of the critical nature of the evidence that was destroyed. *See Kirkland, 236 A.D.2d at 173-174, emphasis added.* In so doing, the First Department reasoned that in determining sanctions for spoliation, whether negligent or intentional, the emphasis should be upon the significance of the evidence that was destroyed and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

the degree of prejudice suffered by the offended party, in contrast to the emphasis placed upon the level of culpability under <u>CPLR 3126</u>. *See id. at 174*.

15.    The Appellate Division Second Department adopted this view of spoliation in *DiDomenico v. C & S Aeromatick Supplies, Inc.*, 252 A.D.2d 41, 682 N.Y.S.2d 452 (2d Dep't 1998), holding that "[s]eparate and apart from <u>CPLR 3126</u> sanctions is the evolving rule that a spoliator of key physical evidence is properly punished by the striking of its pleading.  This sanction has been applied even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided it was on notice that the evidence might be needed for future litigation." *DiDomenico, 252 A.D.2d at 53*. (*citing Kirkland v. New York City Hous. Auth., supra*, amongst others); *Bear Sterns & Co., Inc. v. Environpower, LLC, 21 A.D. 3d 855, 804 N.Y.S.2d 54 (1st Dept. 2005)(striking* defendant's answer as spoliation sanction where evidence was destroyed after defendant was on notice of plaintiff's claim but prior to commencement of action*); 430 Park Avenue Company v. Bank of Montreal, 9 A.D. 3d 320, 781 N.Y.S.2d 67 (1st Dept. 2004)(*upholding the dismissal of certain claims as spoliation sanction where the action had not yet been commenced at time of destruction of evidence*) .  The Third Department has followed *Kirkland,* also, extending spoliation sanctions to the negligent destruction of critical evidence, specifically including the striking of a pleading. See, e.g., *25 Puccia v. Farley, 261 A.D.2d 83, 85, 699 N.Y.S.2d 576, 577 (3d Dep't 1999)* (noting that this was a case of first impression in the Third Department).

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

## B. Spoliation Sanctions Should Be Determined By The Court Prior To Trial

16.    The determination of spoliation sanctions need not await trial, as it can be, and should be, resolved now by the Court, as a matter of law. _See Squitieri v. City of New York,_ 248 A.D.2d 201, 203 (1st Dep't 1998). Specifically, the Court may determine spoliation sanctions as an issue of law. See, e.g., *27 _Cummings v. Central Tractor Farms & Country, Inc.,_ 281 A.D.2d 792, 793, 722 N.Y.S.2d 285 (3d Dep't 2001) (granting sanctions on summary judgment motion); _DiDomenico v. C & S Aeromatick Supplies, Inc.,_ 252 A.D.2d 41, 682 N.Y.S.2d 452 (2d Dep't 1998) (sanctions granted on motion for summary judgment); _Squitieri,_ 248 A.D.2d at 203. Plaintiff has demonstrated that VWR had a duty to preserve its records, and it is undisputed that the VWR failed to do so. Moreover, the Defendant has provided no explanation why it failed to preserve crucial records. The prejudice to the Plaintiff is clear. The Defendants' entire motion for summary judgment is based upon their claim that Mr. Holinka cannot conclusively state which company supplied lab products to his job sites. They cavalierly declare in their motion for summary judgment that they too have no evidence reflecting sales of asbestos products to Mr. Holinka's job sites. Conveniently, VWR neglects to inform the Court that they maintained no records for the relevant time periods, and admittedly disposed of these records after asbestos litigation had been filed against the company, its subsidiaries, and divisions.   VWR's attempt to use its own lack of documentary evidence as both a shield and a sword should not be rewarded.   It is respectfully submitted that the Plaintiff should be entitled to a determination of the spoliation issue prior to trial.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

C. <u>Relief is Appropriate in Favor of the Plaintiff Against VWR</u>

17.    CPLR §3126 provides that a court may, in its discretion, impose a wide range of penalties upon a party which spoliates evidence. In egregious cases, such as this one, harsh sanctions have often been imposed. The statute proposes penalties including, striking the spoliator's pleadings and deciding the disputed issue in favor of the prejudiced party. *CPLR §3126.*    Courts also have the discretion to impose a lesser sanction tailored to cure the prejudice created by the spoliation. Such sanctions may include an adverse inference charge to the jury. *See generally* <u>*Armour v. Gaffey,*</u> *3 App. Div. 121, 126, 51 N.Y. S. 846, 848, (3rd Dept. 1898)* <u>*affirmed*</u> *165 N.Y. 630, 59 N.E. 1118 (1901).*

1. <u>Plaintiff Requests that the Court Strike VWR's Answer</u>

18.    If spoliation relief is not granted, VWR would gain an obvious advantage over the Plaintiff as a result of the missing evidence. It is respectfully submitted that the most equitable and, therefore, appropriate remedy would be to strike Defendant, VWR's answer.

19.    It is well settled that where a party alters, loses, or destroys key evidence the court should dismiss the pleadings of the party responsible for the spoliation. <u>*Horace Mann Ins. Co. v. E.T. Appliances, Inc.,*</u> *290 A.D.2d 418, 419, 736 N.Y.S.2d 79, 80 (2d Dep't 2002)* (quoting *Squitieri,* 248 A.D.2d at 203-204). See also, <u>*Thornhill v. A.B. Volvo,*</u> *304 A.D.2d 651, 652, 757 N.Y.S.2d 598 (2d Dep't 2003)* (dismissing plaintiff's complaint for failure to preserve a product

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

despite intention at the time to bring an action); *Anderson v. Schwartz*, 179 Misc. 2d 1001, 1003-1004, 687 N.Y.S.2d 232, 234 (N.Y. Sup. Ct. Queens Cty 1999) (holding dismissal of the plaintiff's complaint to be proper where plaintiff had access to the product, which was in the hands of the City, his employer, but failed to preserve the product for inspection by the manufacturer. Since the seminal decision in *Kirkland*, the New York courts have repeatedly imposed drastic sanctions for negligent spoliation of crucial evidence in numerous cases. See, e.g., *Cutroneo v. Dryer*, 12 A.D.3d 811, 813, 784 N.Y.S.2d 247, 249 (3d Dep't 2004); *Amaris v. Sharp Electronics Corp.*, 304 A.D.2d 457, 758 N.Y.S.2d 637 (1st Dep't 2003); *Behrbom v. Healthco Int'l, Inc.*, 285 A.D.2d 573, 728 N.Y.S.2d 96 (2d Dep't 2001); *Cummings v. Central Tractor Farms & Country, Inc.*, 281 A.D.2d 792, 722 N.Y.S.2d 285 (3d Dep't 2001); *Puccia v. Farley*, 261 A.D.2d 83, 85, 699 N.Y.S.2d 576, 577(3d Dep't 1999); *DiDomenico v. C & S Aeromatick Supplies, Inc.*, 252 A.D.2d 41, 682 N.Y.S.2d 452 (2d Dep't 1998); *Squitieri v. City of New York*, 248 A.D.2d 201 (1st Dep't 1998).

20.    In fact, "[c]ourts have routinely stricken the pleadings of a "spoliator" whose destruction of proof has resulted in a severe handicap to its opponents, regardless of whether the destruction was wilful or simply negligent." *DiDomenico v. C & S Aeromatick Supplies, Inc.*, 252 A.D.2d 41, 43, 682 N.Y.S.2d 452, 453 (2d Dep't 1998). Here, VWR lost, misplaced, threw away, or simply failed to look for records of not one, but two, separate divisions which sold and distributed asbestos products. These asbestos products were identified at the deposition by the Plaintiff. Nevertheless, the Plaintiff's ability to present a jury

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

with documentary evidence supporting his claim has been forever lost. Moreover, VWR now has the audacity to claim that no records support the Plaintiff's memory, and thus summary judgment must be granted in its favor. This is certainly an argument which VWR will echo at trial if it is not sanctioned. The prejudice is clear. Striking the Defendant's pleading is the most appropriate remedy.

### 2. Plaintiff Requests that the Court Grant Partial Summary Judgment against VWR.

21.     The sanctions for spoliation should afford appropriate relief that will prevent or avoid the prejudice. As with the more traditional application of CPLR §3126, there is, of course, a range of possible sanctions within the discretion of the court. Although the Plaintiff argues that here, the destruction of records was wilful and severely prejudiced the Plaintiff, thus the striking of VWR's pleading is appropriate, the Court may choose to impose a lesser sanction. In that instance, the Plaintiff respectfully requests that the Court grant partial summary judgment to the Plaintiff on the issue of liability. Courts may impose this sanction where, as here, the destroyed evidence is relevant to the Plaintiff's case, and is crucial to its prosecution. *See Hilfiger, USA v. Commonwealth Trucking, 300 A.D. 2d 58, 59-60, 752 N.Y.S.2d 446, 447-448 (1st Dept. 2002).* The destruction of VWR's records has impaired the Plaintiff's ability to prove his case. VWR now attempts to benefit from the loss and destruction of these records, by filing a summary judgment motion contending that the source of the laboratory products cannot be conclusively proven. The Plaintiff must solely rely upon eyewitness testimony in proving his case. The missing sales records and invoices could have conclusively

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

established the presence of VWR's asbestos containing products at Mr. Holinka's job sites. VWR should not be permitted to benefit from its misconduct. Partial summary judgment on the issue of liability is an appropriate remedy.

### 3. Plaintiff Requests that the Court Deliver an Adverse Inference Instruction to the Jury

22.     If the Court is unwilling to impose the severest of sanctions recited above, there are other less drastic remedies available. Under the circumstances, it would be an abuse of discretion to deny spoliation relief to the Plaintiff entirely. The Plaintiff respectfully submits that the severity of the loss of records and Defendant's unabashed attempt to profit from its misdeed requires a more severe sanction. However, if the Court believes that the appropriate remedy is one which is more narrowly tailored, the Plaintiff requests that the Court deliver an adverse inference charge to the jury.

23.     It is a well settled principle that "where it appears that a party has destroyed an instrument or document, the presumption arises that if it had been produced it would have been against his interest or in some essential particulars unfavorable to his claims under it...." *See Farulla v. Ralph A. Freundlich*, 155 *Misc. 262,278, 279 N.Y.S. 228, 245-246 ( NY Cty 1935), quoting Armour v. Gaffey, 30 App. Div. 121, 126, 51 N.Y. S. 846, 848, (3rd Dept. 1898) affirmed 165 N.Y. 630, 59 N.E. 1118 (1901); see also Matter of Eno's Will, 196 App.Div. 131, 163, 187 N.Y.S. 756, 779 (1st Dept. 1921).* Where, as here, relevant documents have been wantonly or carelessly destroyed, the Courts have found it appropriate to charge the jury that they may assume that the missing documents contained

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

information that was adverse to the spoliator. *See generally  Balskonis v. HRH Construction Corp.*, 1 A.D. 3d 120, 121, 767 N.Y.S.2d 9, 11(1st Dept 2003); *Melendez v. City of New York*, 2 A.D.3d 170, 171, 768 N.Y.S.2d 461, 461-462 (1st Dept. 2003); *Hilfiger, USA v. Commonwealth Trucking*, 300 A.D. 2d 58, 752 N.Y.S.2d 446 (1st Dept. 2002); *Tawedros v. St. Vincent's Hospital of New York*, 281 A.D.2d 184, 721 N.Y.S.2d 237 (1st Dept. 2001).

24.    VWR has sought to avoid the consequences of its sale and/or distribution of asbestos containing products through engaging in a concerted campaign to destroy evidence. Such abuse of the judicial system cannot be permitted and spoliation sanctions must be imposed. The delivery of adverse inference charge to the jury is an appropriate remedy.

### III. CONCLUSION

25.    VWR has wilfully or at the very least, negligently, destroyed evidence relating to its sale, and distribution of asbestos containing products. This has not happened on one occasion. Rather, it is a pattern which has repeatedly occurred. Central Scientific's records were destroyed. Van Water's and Rogers records were thrown away. Further, the defendant has refused to search the only records which do remain in existence. This series of acts has prejudiced Christian Holinka's claim against the Defendant. Consequently, only the Court can provide the Plaintiff with relief that will readjust the bounds of fairness. For the forgoing reasons Plaintiff respectfully requests that spoliation sanctions be imposed.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs
180 Maiden Lane
New York, NY 10038
(212)558-5500

By: _____
James Long, Esq.

Dated:    New York, New York
September 10, 2007

Mail to:    Carol Tempesta, Esq.
            Marks, O'Neill, O'Brien & Courtney, P.C.
            530 Saw Mill River Road
            Elmsford, New York 10523

    Cc;     All Remaining Defendants.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

Index No.: 114120/06

------------------------------------------------------------

—X

CHRISTIAN HOLINKA

**AFFIRMATION**

Plaintiff,

-against-

VWR INTERNATIONAL INC,

Defendants

------------------------------------------------------------

---X

JAMES LONG, an attorney duly admitted to practice

law before the Courts of the State of New York, affirms, under the penalties of

perjury pursuant to CPLR § 2106, that the following statements are true,

except for those made upon information and belief:

1. I am an attorney at law licensed to practice in the State of New

York. I am associated with the law firm of Weitz & Luxenberg, P.C., counsel for

plaintiff in this action. I am fully familiar with the facts and circumstances of this

action.

2. I am above the age of eighteen and not a party to this action.

3. I have served a copy of this motion on the Defendant and all

remaining parties.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 1 of 2

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs
180 Maiden Lane
New York, NY 10038
(212)558-5500

By: James Long, Esq.

Dated:    New York, New York
September 10, 2007

Mail to:        Carol Tempesta, Esq.
                Marks, O'Neill, O'Brien & Courtney, P.C.
                530 Saw Mill River Road
                Elmsford, New York 10523

Cc;             All Remaining Defendants.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 2 of 2

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                                    )ss.:
COUNTY OF NEW YORK)

Shane Clark, being duly sworn, deposes and says: deponent is not a party to the action is over 18 years of age and resides in New York.

On September 11, 2007, deponent served a **Motion for Spoliation Sanctions**, upon: **VWR INTERNATIONAL, INC., et. al.,**

Sent to all counsel on attached rider and sending a true copy thereof via hand delivery to New York Supreme Court at 60 Centre Street New York, New York 10007. Deponent knew the person so served to be an employee mentioned therein.

_____
Shane Clark

Sworn to before me this
11th day of September 2007

_____
Notary Public

**BARBARA A. PARENTE**
Notary Public, State of New York
No. 43-4825778
Qualified in Richmond County
Commission Expires October 31, 20___

As of 8/29/07

## Christian F. Holinka trial Service Rider

JUDITH YAVITZ, ESQ.
ANDERSON, KILL, OLICK & OSHINSKY
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020-1000
PHONE # (212) 278-1000
FAX # (212) 278-1733
JYAVITZ@ANDERSONKILL.COM
COUNSEL FOR AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG CO., n/k/a BAYER CROPSCIENCE INC., AND
UNION CARBIDE CORP.

TIMOTHY FRASER, ESQ.
DRINKLE BIDDLE & REATH, LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932-1047
PHONE # (973) 360-1100
FAX # (973) 360-9831
COUNSEL FOR BAXTER HEALTHCARE CORPORATION, Individually and as successor In Interest to AMERICAN SUPPLY
CORP. and HOSPITAL SUPPLY CORP. and AMERICAN SCIENTIFIC PRODUCTS., AND BAXTER INTERNATIONAL INC.,
Individually and as successor In Interest to AMERICAN HOSPITAL SUPPLY CORP., and AMERICAN SCIENTIFIC
PRODUCTS.

MARC S. GAFFREY, ESQ.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS
40 PATTERSON STREET
P.O. BOX 480
NEW BRUNSWICK, NJ 08903
PHONE # (732) 545-4717
FAX # (732) 545-4579
MGAFFREY@HOAGLANDLONGO.COM
COUNSEL FOR FISHER SCIENTIFIC INTERNATIONAL INC.

GREG A. DADIKA, ESQ.
REED SMITH LLP
136 MAIN STREET, SUITE 250
PRINCETON FORRESTAL VILLAGE
PRINCETON, NJ 08540
PHONE (609) 987-0050
FAX # (609) 951-0824
COUNSEL FOR MANORCARE HEALTH SERVICES, INC., d/b/a MANOR CARE, INC., Individually and as successor to
PRECISION-COSMET COMPANY, INC., CENTRAL SCIENTIFIC COMPANY, a division of CENCO INCORPORATED;
CENTRAL SCIENTIFIC COMPANY, a division of CENCO INSTRUMENTS CORPORATION

CAROL M. TEMPESTA, ESQ.
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
530 SAW MILL RIVER ROAD
ELMSFORD, NEW YORK 10523
PHONE # (914) 345-3701
FAX # (914) 345-3743
COUNSEL FOR VWR INTERNATIONAL, INC.

1